IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br>A Delaware Corporation,<br>    Defendant. | Civil Action No. 05-10990 DPW |

DEFENDANT HARMAN'S MEMORANDUM IN SUPPORT OF ITS
RULE 12(B)(2) & (3) MOTION TO DISMISS

## PRELIMINARY STATEMENT

Harman International Industries, Incorporated ("Harman") is a Delaware corporation with its principal place of business in Northridge, California and its corporate headquarters in Washington, D.C. Harman has no presence in Massachusetts and thus is not subject to personal jurisdiction in the Commonwealth, and the Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Moreover, eight weeks before the Massachusetts Institute of Technology ("MIT") commenced this action, Harman commenced an identical action against MIT in the United States District Court for the Northern District of Illinois. Accordingly, under the well-settled "first-to-file" rule, and without regard to the issue of personal jurisdiction, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

## INTRODUCTION

Harman filed and served a declaratory judgment complaint against MIT in the Northern District of Illinois seeking invalidity, non-infringement and unenforceability of U.S. Patent No. 5,177,685 (the "'685 patent") on March 14, 2005, eight weeks before MIT filed this lawsuit.[1] *See* Ex. 1, Complaint in *Harman v. MIT*, No. 05 C 1481 (N.D. Ill. Mar. 14, 2005) (the "Illinois lawsuit"); Ex. 2, Corrected Affidavit of Service. Harman's Illinois lawsuit followed the breakdown of nearly two years of negotiations that began when MIT first asserted the '685 patent against Harman's customer Porsche. *See* Ex. 3, R. Swartz 03/24/03 letter to Dr.

---

[1] MIT has moved to dismiss Harman's complaint, contending the Illinois court lacks subject matter jurisdiction because there was no actual case or controversy. Harman believes that MIT's motion to dismiss lacks merit and is unavailing given the parties extensive negotiation history and MIT's accusations on infringement and threats of litigation. Accordingly, Harman has not attached those pleadings to this memorandum, but will supplement this filing at the Court's request.

1

Wiedeking. Harman filed its lawsuit in Illinois because substantial events related to the parties' dispute occurred in Illinois.

Rather than assert a counterclaim in Harman's Illinois lawsuit, MIT instituted a second lawsuit here using the counterclaim (infringement) as the basis for its complaint. MIT's 9-paragraph complaint was filed in Massachusetts the day before its responsive pleading was due in Illinois, and makes no mention of Harman's first-filed Illinois lawsuit despite MIT's admission that its Massachusetts "patent infringement action [is] on the identical issues raised by Harman's [Illinois] complaint." *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex*, 249 F. Supp. 2d 12, 15 (D. Mass. 2002) (refusing to transfer first-filed declaratory action to district where second-filed infringement action was pending) (citing *Genentech,* 998 F.2d at 937-38).

Nor does MIT explain how Harman—who MIT alleges is "a Delaware corporation with corporate headquarters [in] ... Washington, D.C. and a principal place of business [in]...Northridge, C[alifornia]"—is subject to jurisdiction in Massachusetts. Complaint ¶ 2; *See In re Lupron Marketing & Sales Practices Litigation*, 245 F. Supp. 2d 280, 287 (D. Mass. 2003) (Plaintiff bears the burden to prove personal jurisdiction). As the sole basis for this Court's jurisdiction over Harman, MIT pleads "on information and belief, [that] at least *two* of Harman's subsidiaries and/or divisions are located within this district." *See* Complaint ¶ 3. To the contrary, however, only *one* of Harman's subsidiaries is a Massachusetts corporation – MIT is mistaken regarding the other. Ex. 4 at ¶ 9, Declaration of Robert Hart. And, MIT can not tie even that one Harman Massachusetts subsidiary to infringement of the '685 patent because that subsidiary has no connection whatsoever to Harman's automotive navigation system products at issue or to MIT's lawsuit. Rather, that subsidiary manufactures and sells luxury home theater audio products. Ex. 4 at ¶¶ 7-8.

2

## ARGUMENT

I. **There Is No Personal Jurisdiction Over Harman In This District Because Harman Does Not Have Sufficient Minimum Contacts With Massachusetts.**

MIT must "proffer evidence showing that the court [has] jurisdiction" over Harman. *Andresen v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003) (no jurisdiction over parent where parent corporation exercised insufficient pervasive control over subsidiary to satisfy strict standard of sham or alter-ego for veil-piercing under Massachusetts law). MIT cannot show, as required by its burden of proof, that Harman "was present in Massachusetts (the traditional basis for jurisdiction) or had such connections with the state or with the events within the state pertinent to the claim as to permit the constitutional exercise of jurisdiction under a state long arm statute." *Id.*; *see also Swiss United States v. Swiss Amer. Bank, Ltd.*, 274 F.3d 610, 619-24 (1st Cir. 2001) (no jurisdiction over parent without showing of alter-ego liability); *Radionics, Inc. v. Elekta Instrument AB*, 11994 WL 175028 (D. Mass. 1994) (dismissing for lack of jurisdiction based on unrelated subsidiary's presence in forum where, as here, plaintiff "failed to show a connection between [parent's] local business dealings and this infringement action") (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112 (1987)). Simply put, there are no facts that allow MIT to make that showing.

Nowhere in Massachusetts does Harman "manufacture[], use[], offer[] to sell, [or] sell[] products" relating to "its suite of products...involved in this litigation: automobile navigation system products such as its 'TrafficPro.'" Complaint ¶ 8; MIT. Br. at 4 (identifying products at issue); Ex. 4 at ¶ 7-10. And, "[m]ere foreseeability that defendant's [Harman's] products might enter the forum state's market is not enough." *Radionics*, 11994 WL at *1 (citation omitted). None of Harman's subsidiaries that sell automotive navigation systems is present in

Massachusetts, as MIT seems to have acknowledged when it informed the Illinois Court that Harman's "evidence [is] variously located (it appears) in California, Michigan and Germany" and that "Harman's witnesses are most likely to be from either Washington D.C. or California." Actually, Harman's fact witnesses and evidence regarding infringement are located in Germany and Michigan. Ex. 4 at ¶ 3-8.

Defendant Harman International Industries, Incorporated is a Delaware corporation with corporate headquarters in Washington, D.C., and a principal place of business in Northridge, CA. Ex. 4 at ¶ 3. Harman, a leading manufacturer, distributor, and retailer of consumer electronic products, prides itself on making the best audio and video products in the world. Perhaps best known for its audio equipment, Harman also makes and sells automobile navigation system products for consumers and for original equipment manufacturers ("OEMs"), also known as automobile manufacturers. Harman manufactures and sells automotive navigation systems through its German subsidiary Harman Becker Automotive Systems, GmbH. Within the U.S., Harman markets and sells automotive navigation systems through its subsidiary Harman Becker Automotive Systems, Inc., having offices in Farmington Hills, Michigan. Harman's research and development efforts for automotive navigation systems is located in Hamburg, Germany. Harman does not make, use, sell, offer for sale or import any automobile navigation system products in Massachusetts. Ex. 4 at ¶ 4.

Only one of Harman's subsidiaries, Lexicon, Inc. ("Lexicon") is incorporated in Massachusetts. Ex. 4 at ¶ 7-10. Contrary to MIT's assertions (most likely due to an error in a D&B Business Report) Madrigal Audio Laboratories, Inc. ("Madrigal") is incorporated in Delaware. *Id.* Even if Madrigal were in Massachusetts, Madrigal does not make, use, sell or offer for sell any products. Previously, Madrigal sold high end, home theater audio and visual

products under the Madrigal® and Proceed® brand names and high end, home theater audio electronic products (amplifiers, controllers, preamplifiers and DVD/CD disk players) under the Mark Levinson® brand name. *Id.* On July 1, 2003, the assets of Madrigal were transferred to Lexicon, Inc. and the Proceed® brand name was discontinued. *Id.* Accordingly, Madrigal does not have a principal place of business and is, merely, a shell corporation for tax purposes. Lexicon makes high end loud speakers marketed under the Revel® brand; high end, home theater audio electronic components (digital audio processors, power amps, receivers, and DVD/CD disk players) marketed under the Lexicon® brand name; and high end, home theater audio electronic products (amplifiers, controllers, preamplifiers and CD players) sold under the Mark Levinson® brand name. *Id.* [HART DECL.] Neither subsidiary is involved with Harman's navigation systems products.

Harman's ownership of one subsidiary in Massachusetts "does not alone create jurisdiction over the parent." *Andresen*, 349 F.3d at 12. Instead, MIT must overcome the "presumption of corporate separateness" with "clear evidence that the parent in fact controls the activities of the subsidiary." *United Electrical, Radio, and Machine Workers of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1091 (1st Cir. 1992) (no jurisdiction over parent where no showing that parent itself, not subsidiary purposefully availed itself of benefits of Massachusetts).

Even if that Harman subsidiary were somehow connected to this lawsuit (which it is not), jurisdiction over the parent, Defendant Harman International Industries, Incorporated, still does not exist: "[e]ven where a non-resident parent [Harman] owns the controlling share of a subsidiary doing business in Massachusetts, personal jurisdiction does not exist unless the stringent Massachusetts veil-piercing test is satisfied." *In re Lupron*, 245 F. Supp. 2d at 298-99

(no jurisdiction over non-resident parent due to presence of unrelated subsidiary in forum state) (citing *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 618-19, 233 N.E. 2d 748 (Mass. 1968)). MIT "bears the burden of proving existence of personal jurisdiction" and has not even attempted to satisfy that test. *Id.* at 287 (citing *U.S.S. Yachts Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990)). Because Harman's Massachusetts subsidiary is a separately managed company and an altogether separate entity, MIT cannot meet its burden. Ex. 4 at ¶ 7-10.

But, Harman has not "ignored the corporate independence of the subsidiary by using the subsidiary as a sham proxy to conduct its own business." *Lupron*, 245 F. Supp. 2d at 298-99; Ex. 4 at ¶ 7-10. And, MIT can make no "suggestion that [Harman] itself 'operates' within Massachusetts" because Harman does not. *Lupron*, 245 F. Supp. 2d at 298; Ex. 4. at ¶ 4. Nor can MIT "suggest[] that [Harman] itself…has 'attempted to participate in the Commonwealth's economic life'" because Harman has not. *Id.* MIT cannot show "a connection between [Harman's] local business dealings and this infringement action" because there is none. *Radionics*, 1994 WL 175028 at *1 (dismissing for lack of jurisdiction based on unrelated subsidiary's presence in forum because the plaintiff had "not even suggested that [the subsidiary] manufactures, markets, sells or distributes the [parent's] products…."); Ex. 4. at ¶ 4-10.

II. **MIT's Second-Filed Lawsuit Here Should Be Dismissed In Favor Of Harman's First-Filed Illinois lawsuit.**

The Federal Circuit, the First Circuit and this Court all agree that Harman's "first-filed declaratory action is entitled to precedence as against [MIT's] later-filed patent infringement action." *Genentech*, 998 F.2d at 938 (vacating dismissal of first-filed action); *see also Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are

proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred...."); *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex*, 249 F. Supp. 2d 12, 15 (D. Mass. 2002) ("where two identical actions are pending concurrently in two federal courts, the first-filed action is generally preferred, even if it is a request for a declaratory judgment") (citing *Genentech*, 998 F.2d at 937-38). Harman's, not MIT's, choice of forum is entitled to substantial weight because Harman filed first and because substantial events occurred in Illinois. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (discussing deference to plaintiff's choice of forum); *Genentech*, 998 F.2d at 936.

Nor does MIT's own convenience establish that MIT's choice of forum "is clearly more convenient" than Illinois where Harman filed first. *Coffey*, 796 F.2d at 219-20. Either way, MIT's lawsuit here is improper. MIT cannot dispute that Harman filed its Illinois lawsuit first or that MIT filed this lawsuit eight weeks later. *See* Ex. 1. Nor can MIT dispute that it sought, and Harman granted, three extensions of time for MIT to file its response in Illinois. And, MIT cannot dispute that rather than assert a counterclaim in Harman's Illinois lawsuit, MIT instituted this second lawsuit using the counterclaim (infringement) as the basis for its complaint. *See* Complaint ¶ 8; *see Genentech*, 998 F.2d at 937-38; Fed. R. Civ. P. 13(a) (party shall state as "a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). MIT cannot dispute, because MIT admits, that both actions are "pending from the same transaction" and raise "identical issues."

Not even MIT's pending motion in Illinois tempers the preference for Harman's first-filed Illinois lawsuit. This Court has rejected each of MIT's allegations, as set forth in its Illinois pleading—

- "[C]onvenience of the parties or the witnesses;"
- Allegations that the second action is *more* convenient;
- "[F]iling its suit in the midst of ongoing negotiations and then concealing the existence of that suit 'solely for the tactical purpose of forum shopping'"

—and found that none justifies departing from the first-to-file rule. *Biogen, Inc. v. Shering AG.*, 954 F. Supp. 391, 397-98 (D. Mass 1996) (refusing to dismiss a first-filed declaratory action for patent non-infringement in favor of a second-filed infringement case) (citing *Genentech*, 998 F.2d at 937-38).

This Court has refused to even entertain a second-filed infringement action "except upon a clear showing of facts" that demonstrate "oppressiveness and vexation" or "make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative or legal problems." *GSI Lumonics, Inc. v. BioDiscovery, Inc.*, 112 F. Supp. 2d 99, 104-05 (D. Mass. 2000) (quoting *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 728 (1st Cir. 1996) (internal quotation marks omitted); *see also Irragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 15, 17 (1st Cir. 2000) ("mere suggestion of greater financial strain is meaningless"). And, this Court further noted that factors which "relate to ... domicile, the location of employees and witnesses, and the location of corporate officers, among others ... fall well short of any oppressiveness or vexation that would compel this Court to" disregard the strong presumption in favor of the first-filed case. *Id.*

There is no "compelling circumstance" sufficient for MIT to overcome the presumption in favor of the Illinois lawsuit that Harman filed first. *See Genentech*, 998 F.2d at 937-38. This Court, therefore, should dismiss MIT's later-filed lawsuit.

## CONCLUSION

For these reasons, Defendant Harman International Industries, Inc.'s Rule 12(b)(2) & (3) Motion to Dismiss should be granted.

Dated: June 10, 2005                                Respectfully submitted,

                                                    _____
                                                    Robert J. Muldoon, Jr., BBO# 359480
                                                    James W. Matthews, BBO# 560560
                                                    **SHERIN AND LODGEN LLP**
                                                    101 Federal Street
                                                    Boston, MA 02110
                                                    *Attorneys for Plaintiff*

                                                    William A. Streff Jr., P.C.
                                                    Michelle A. H. Francis
                                                    Jamal M. Edwards
                                                    **KIRKLAND & ELLIS LLP**
                                                    200 East Randolph Drive
                                                    Chicago, IL 60601
                                                    (312) 861-2000 (phone)
                                                    (312) 861-2200 (fax)
                                                    *Of Counsel*

00070497.DOC /