UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-10990-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT**

Plaintiff, Massachusetts Institute of Technology ("MIT") and Defendant, Harman International Industries, Inc. ("Harman"), submit this joint statement in accordance with Local Rule 16.1(D), and the Court's Order of July 7, 2004, in advance of the Scheduling Conference before the Court on August 4, 2005, at 3:00 p.m. Counsel for the parties conferred on July 19, 2005 and thereafter.

**I.    Proposed Agenda for Scheduling Conference**

MIT and Harman agree on the following agenda items:

A.    Harman's Motion to Dismiss

B.    The discovery and trial schedule set forth below

C.    *Markman* Hearing Timing

D.    Any remaining procedural issues, including Harman's desire to bifurcate liability and damages.

E.    Harman will be "prepared to respond to [MIT's settlement] proposal," per L.R. 16.1(C) and the July 7, 2005 Order for Joint Statement. Accordingly, Harman has not yet done

so privately to MIT. While MIT welcomes settlement discussions and has made a reasonable settlement proposal to Harman, MIT does not believe the parties should be discussing settlement proposals in open court.

## II. Parties' Positions / Proposed Pretrial Schedules

### A. MIT's Position

MIT proposes a standard one-year discovery and pre-trial schedule, in accordance with Local rules 16.1(d)(1) and (2). This case is not overly complicated – there is one defendant and one patent in issue. Harman has been aware of the patent for nearly two years and, having initiated the patent litigation during license negotiations, certainly has represented it is prepared to move forward and wants an expedited resolution of this matter.

Now, however, Harman wants to delay discovery, but there is no reason to delay discovery from proceeding. The parties agree that they have a patent dispute – they only disagree on the forum. It is unclear why Harman seeks to take advantage of that forum dispute to prevent any discovery from moving ahead *in either forum*. Harman has represented that it will agree that any discovery taking place in this case can be used equally in the Chicago case, if that case ends up prevailing.

MIT, having properly filed this case in Massachusetts, has served its initial disclosures and its first set of discovery requests, as is its right. Discovery in the Chicago case, in the meantime, cannot begin until the Chicago court rules on MIT's motion to dismiss or transfer that case to Boston. Harman has told MIT it intends to ask this Court to stay discovery here. (Notably, Harman has not filed a formal motion to stay discovery.) Discovery should move ahead, because there is simply no reason to delay discovery entirely while the courts resolve the venue issue.

Harman also informs MIT that it intends to ask that this Court bifurcate discovery, whenever it begins, into two phases – liability and damages – another delaying tactic intended to increase the cost of the litigation to MIT. In this case, there simply is no need for bifurcation, because MIT merely seeks a royalty on Harman's sales, and all the jury will need to do is decide the amount of that royalty. Indeed, bifurcation would only increase the costs of this litigation here, because depositions of individuals would have to be taken multiple times, and in a second case, the jury would have to be entirely reeducated on the background facts. Moreover, the Federal Circuit has recognized that the issue of willful infringement may properly turn on the strength and believability of the defendant's defense on the merits. Bifurcation is not necessary or appropriate here.

Finally, the parties disagree on when this Court should schedule a *Markman* hearing, if it decides that such a hearing would be helpful in this case. MIT proposes that such a hearing be held, if necessary, after expert discovery has been completed, so that only issues in this case that need to be narrowed will be addressed, and at a time when a hearing would be of most use to the Court and the parties. Harman's proposal for a hearing earlier in the case will only lead to multiple hearings based on an incomplete or partial record.

### B.     Harman's Position

Harman is not attempting to delay the progress of this case. Harman has endeavored to be reasonable and efficient. Harman believes that moving forward with discovery in this case before the Court resolves Harman's pending motion to dismiss will be wasteful and inefficient. Waiting until the Court resolves the pending motion to dismiss will not prejudice either party. The parties' respective motions to dismiss are both fully briefed and before the two courts for a ruling. Harman believes it is appropriate to allow the courts to resolve forum issues *first,* instead

of proceeding precipitously in MIT's second-filed case.

As instructed by Local Rule 16.1(D)(1)(b), Harman has taken "into account the desirability of conducting phased discovery." During the two years it negotiated with MIT, Harman provided MIT with several invalidating references as part of its *prima facie* case of invalidity of the patent-in-suit. Likewise, Harman presented sound preliminary grounds for its non-infringement and unenforceability positions. In the event that Harman is successful in establishing either the invalidity, unenforceability or non-infringement of the patent-in-suit, Harman believes that considering liability issues first will conserve resources and expedite the proceedings.

Finally, Harman believes that an early *Markman* claim construction hearing will assist the Court in understanding the technology at issue and will serve to streamline fact and expert discovery. The parties have already negotiated for two years, including exchanging claim charts and claim construction arguments. Construing the claims early will narrow the issues and will allow the parties to focus discovery on only those claim terms that are really at issue. Delaying claim construction will result in needless discovery and motion practice. MIT speculates that an early hearing will result in "multiple hearings based on an incomplete or partial record," however, the parties' two years of negotiations—including exchanging claim construction positions—suggests otherwise.

C.  **Joint Proposed Schedule**

Pursuant to Rule 26(f) and Local Rules 16.1(d)(1) and (2), the parties' proposed discovery and motion schedule is listed in the table below.

The parties have made every effort to agree on joint dates, where possible. Where the dates are bolded, the parties have not been able to come to agreement.

For purposes of this schedule, Harman's proposed dates assume discovery commences August 4, 2005. The parenthetical time frames reflect Harman's inclusion of the afforded time for each item should the Court decide to stay discovery until the forum issues are decided.

| **Discovery/Motion** | **MIT's Proposed Deadline** | **Harman's Proposed Deadline** |
|---|---|---|
| **Exchange Initial Disclosures under FRCP 26** | **MIT has already served its FRCP 26 disclosures, and initiated discovery** | **September 4, 2005 (30 days after discovery commences)** |
| **Amend Pleadings Under FRCP 15** | October 4, 2005 | October 4, 2005 (60 days after discovery commences) |
| **Add Parties under FRCP 19 or 20** | November 4, 2005 | November 4, 2005 (90 days after discovery commences) |
| **MIT provides disclosure of asserted claims and preliminary infringement contentions** | November 4, 2005 | November 4, 2005 (90 days after discovery commences) |
| **Harman provides preliminary invalidity contentions** | December 19, 2005 | December 19, 2005 (45 days after disclosure of asserted claims) |
| **Exchange proposed terms and claim elements for construction and preliminary claim constructions** | January 4, 2006 | January 4, 2006 (20 days after preliminary invalidity contentions) |

| | | |
|---|---|---|
| **Identification of Opening Experts for Issues on which party bears the Burden of Proof** | March 17, 2006 | March 17, 2005<br>(15 days after close of fact discovery) |
| **Identification of Rebuttal Experts** | April 14, 2006 | April 14, 2006<br>(30 days after close of fact discovery) |
| **Close of Fact Discovery** | April 21, 2006 | April 21, 2006<br>(180 days after discovery commences) |
| **Opening Expert Reports for Issues on which party bears the Burden of Proof** | May 19, 2006 | May 19, 2006<br>(60 days after close of fact discovery) |
| **Rebuttal Expert Reports and Start of Expert Depositions** | June 16, 2006 | June 16, 2006<br>(30 days after opening expert reports) |
| **Close of Expert Discovery** | July 14, 2006 | July 14, 2006<br>(45 days after rebuttal reports) |
| ***Markman* Hearing, If The Court Deems One Necessary** | **July 2006** | **February 2006** |
| **Dispositive Motions and *Daubert* Motions** | August 25, 2006 | August 25, 2006<br>(60 days after close of expert discovery) |
| **Oppositions to Dispositive Motions and *Daubert* Motions** | September 15, 2006 | September 15, 2006<br>(30 days after dispositive motions) |
| **Exchange exhibit list, witness list, uncontested facts, proposed *voir dire*** | October 6, 2006 | October 6, 2006<br>(90 days from close of expert discovery) |
| **Exchange and file any Pre-trial Memorandum, Motions *in Limine*, and proposed Jury Instructions** | October 27, 2006 | October 27, 2006<br>(60 days after exchange of exhibits) |
| **Final Pre-Trial Conference** | November 2006 | November 2006 |
| **Trial** | At the Court's Convenience | At the Court's Convenience |

**III.    Certifications of Counsel**

The certifications of Plaintiff and Defendant and their respective counsel pursuant to Local Rule 16.1(D)(3) are attached.  See Attachment A and B.

**IV.    Trial by Magistrate**

The parties do not consent to trial by Magistrate Judge.

Dated: August 1, 2005

Massachusetts Institute of Technology,

*By its attorneys,*

/s/ Steven M. Bauer
Steven M. Bauer, BBO #542531
Kimberly A. Mottley, BBO #651190
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9600

Respectfully submitted,

Harman International Industries, Inc.,

*By its attorneys*,

/s/ Robert J. Muldoon
Robert J. Muldoon, BBO #359480
James W. Matthews, BBO #560560
Edward S. Cheng, BBO #634063
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

William A. Streff Jr., P.C.
Michelle A. H. Francis
Jamal M. Edwards
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)
*Of Counsel*

## EXHIBIT A

### Plaintiff's Certification Pursuant to Local Rule 16.1(D)(3)

The undersigned counsel and authorized party representative of Plaintiff Massachusetts Institute of Technology hereby certify that they have conferred: (a) with a view to establish a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

| | |
|---|---|
| /s/ Steven M. Bauer | /s/ Karin K. Rivard |
| Steven M. Bauer, BBO #542531 | Karin K. Rivard, Esq. |
| PROSKAUER ROSE LLP | Assistant Director and Counsel |
| One International Place | MIT Technology Licensing Office |
| Boston, MA 02110 | Room NE25-230 |
| (617) 526-9600 | Five Cambridge Center, Kendall Square |
| | Cambridge, MA 02142-1493 |

Dated: July 29, 2005

Dated: July 20, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | Civil Action No. 05-10990-DPW |

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) OF DEFENDANT
HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED

     The undersigned, Defendant Harman International Industries, Inc. and its counsel, hereby certify that the defendant and its counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation, and (b) to consider the resolution of the litigation through the use of alternative dispute resolution, including those outlined in L.R. 16.4.


Harman International Industries, Incorporated

_/s/ Robert P. Hart_

Robert P. Hart
Chief Intellectual Property Counsel
Harman International Industries, Incorporated
8500 Balboa Blvd.
Northridge, CA 91329
(818) 895-3433
(818) 920-0677 Fax

Harman International Industries, Incorporated

_/s/ Robert J. Muldoon, Jr._

Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Edward S. Cheng, BBO# 634063
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

00075934.DOC /