UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>    Defendant. | Civil Action No.: 05-10990 DPW |

**REQUEST FOR STATUS CONFERENCE IN VIEW OF
DISMISSAL OF HARMAN'S CHICAGO ACTION**

    Per the Court's directive at the August 4, 2005 hearing, Plaintiff, Massachusetts Institute of Technology ("MIT") is pleased to report that on August 15, 2005, Judge Holderman dismissed the action filed by Defendant Harman International Industries, Inc. ("Harman") in the Northern District of Illinois. A copy of the decision is attached for the Court's convenience as Exhibit 1 hereto.

    Accordingly, MIT respectfully requests that this Court deny Harman's Motion to Dismiss the present action, and set a date for a status conference to discuss scheduling for this case.

| | |
|---|---|
| August 18, 2005 | Respectfully Submitted,<br><br>Massachusetts Institute of Technology,<br><br>By its Attorneys,<br><br>/s/ Steven M. Bauer<br>Steven M. Bauer (BBO# 542531)<br>Kimberly A. Mottley (BBO# 651190)<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, Massachusetts 02110-2600<br>Phone: 617-526-9600<br>Fax:   617-526-9899 |

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 1481 | DATE | 8/15/2005 |
| CASE TITLE | Harman Int'l Indus. vs. Massachusetts Inst. of Tech. | | |

**DOCKET ENTRY TEXT:**

Defendant Massachusetts Institute of Technology's Motion to Dismiss, or in the Alternative Transfer Plaintiff Harman Industries' Complaint (Dkt. No. 9) is granted in that this court declines to exercise jurisdiction over this case under the Declaratory Judgment Act. This action is hereby dismissed.

■[ For further details see text below.]                              Notices mailed by judge's staff.

## STATEMENT

Before this court is defendant Massachusetts Institute of Technology's ("MIT") Motion to Dismiss, or in the Alternative Transfer Plaintiff Harman International Industries' Complaint. The motion requests that this court dismiss the pending declaratory judgment action filed by plaintiff Harman International Industries ("Harman") for lack of subject matter jurisdiction, decline to hear the action as an exercise of this court's discretion, or, finally, transfer this case to the United States District Court for the District of Massachusetts, where a later-filed affirmative action filed by MIT on the identical issues is now pending. For the following reasons, this court declines to exercise jurisdiction over this case under the Declaratory Judgment Act.

MIT is organized under the corporate laws of Massachusetts with its principal place of administration in Cambridge, Massachusetts. MIT is the exclusive owner of U.S. Patent No. 5,177,685 ("'685 patent"). Harman is a Delaware corporation with it corporate headquarters in Washington, D.C. and principal place of business in Northridge, California. Beginning in 2003, Robert Swartz, ("Swartz"), an independent contractor assisting MIT in licensing some of its technology, began disucssions with Harman about licensing the '685 patent. On December 12, 2003, Swartz and officials from Harman met to discuss the '685 patent. That meeting was held at Swartz's office in Deerfield, Illinois, which is within this judicial district. It is unrebutted that at that meeting Swartz made "veiled" threats of suit against Harman by referencing a well-known patent attorney in Chicago. (Resp., Ex. 6 ¶ 13.) Discussions continued through 2004. In November of 2004, MIT, through an opinion of counsel, explained in detail its accusations of infringement on the part of Harman. Specifically, the opinion stated: "Harman's products infringe at least 24 claims of [MIT's] Patent." (Resp., Ex 11 at 2.) It is unrebutted that at this meeting Swartz again threatened a suit against Harman, and that Swartz said MIT's "attorneys were chomping at the bit" to get this case. (Resp., Ex. 6 ¶¶ 22-23.) The final meeting between the parties was held on March 14, 2005, in Cambridge, Massachusetts. Representatives from Harman attended as before, as did Swartz, and for the first time senior members of MIT attended. The meeting was not successful, but it is undisputed that at the end of the meeting, Harman's executives shook hands with MIT' representatives and stated that they would get back to MIT about discussing the potential for taking a license to the '685 patent "within a week or two." (Mot. To Dism., Ex. A ¶ 10.) On the same day, March 14, 2005, Harman filed this lawsuit. On May 12, 2005, MIT filed suit against Harman in the United States District Court for the District of Massachusetts, alleging that certain Harman products infringe the '685 patent.

An actual controversy existed between the parties at the time this action was filed due to MIT's express charges of infringement, *Genetech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 936 (Fed. Cir. 1993) ("When the patentee has explicitly charged that a current activity of the declaratory plaintiff is an infringement, 'certainty has rendered apprehension irrelevant, and one need say no more.'") (abrogated on other grounds)(citations omitted), and Swartz's veiled threats of litigation,

## STATEMENT

*Arrowhead Indus. Water, Inc.* v. *Ecolochem, Inc.*, 846 F.2d 731, 737-38 (Fed. Cir. 1988).

Nevertheless, this court exercises its discretion to dismiss this case. "Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction." *Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc.* 395 F.3d 1324, 1332 (Fed. Cir. 2005) (citation omitted). The discretion to decline jurisdiction must, however, be exercised "in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (7th Cir. 1996)(citation omitted). Harman's first-filed action should be allowed to proceed, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Genetech*, 998 F.2d at 937. Factors that a court may consider when exercising its discretion to hear a declaratory judgment action include the convenience to the parties, as well as the preemptive or anticipatory nature of the suit. *Electronics For Imaging, Inc. v. Coyle,* 394 F.3d 1341, *1347-48* (Fed. Cir. 2005); *Serco Services Co. v. Kelley Co.*, 51 F.3d 1037 at 1039-40 (Fed. Cir.1995) (explaining that it was proper for the district court to consider the preemptive nature of a suit as a factor in declining jurisdiction of a declaratory judgment action). This court agrees with MIT that when considering all the relevant factors, including the location of the parties, the relevant witnesses and documents, as well as the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, this case should be dismissed.

This court finds significant the fact that on the same day that Harman filed this lawsuit it led MIT to believe that negotiations would continue. To be clear, this court believes that Harman's suit may have been within the scope of the Declaratory Judgment Act if while leaving the March 14, 2005 meeting it had made clear to MIT that further negotiations would be fruitless, but this is not what Harman did. Harman took affirmative steps to indicate to the patentee that negotiations may still be successful, and only after leading MIT to believe that negotiations were continuing did Harman file this suit under the Declaratory Judgment Act. These actions support MIT's contention that Harman filed this lawsuit as a negotiation tactic. *Serco Services Co.,* 51 F.3d at 1039-40 (explaining that it was proper for the district court to consider the preemptive nature of a suit as a factor in declining jurisdiction of a declaratory judgment action); *EMC Corp.* 89 F.3d at 814. Even if Harman has no intention of continuing negotiations, Harman's conduct is not consistent with the purposes of the Declaratory Judgment Act, which exists to "provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Electronics For Imaging,* 394 F.3d at 1346. When an alleged infringer takes part in negotiations and indicates to the patentee that such negotiations may still be fruitful, that alleged infringer is not suffering from delay and uncertainty, but is, in fact, creating delay and uncertainty. After creating a delay, it does not fulfill the purposes of the Declaratory Judgment Act for the alleged infringer to capitalize on the delay by filing suit in its favored forum at the expense of the patentee, nor is the Declaratory Judgment Act served when it is used to strengthen a party's bargaining position, as was done here. *See EMC Corp.* 89 F.3d at 814.

Furthermore, the overall convenience to the parties supports dismissing this action. Neither party is located in this district, though MIT has relied upon the services of Swartz, who resides here. For the parties, a transfer to Massachusetts should increase convenience because MIT is located there while Harman, located in California, will not be significantly more inconvenienced. Witnesses are scattered between California, Detroit, Washington, D.C. and Germany for Harman, and Massachusetts and possibly Canada for MIT. Again, a transfer to Massachusetts would increase convenience to MIT's witnesses, and would not significantly increase inconvenience to Harman's witnesses, all of whom would have to travel significant distances in any event. Finally, the convenience of documentary evidence is similar to that of the parties and wittness with Harman's evidence being located in Germany and the Detroit area, and MIT's being located primarily in Massachusetts. Again, Massachusetts will be signficantly more convenient to MIT, and not much more inconvenient, if at all, to Harman. Thus, convenience to the litigants, supports declining to hear this declaratory judgment action. This "relative convenience of the parties [is] 'sound reason' not to continue 'this' declaratory suit. *Serco Services*, 51 F.3d at 1040.

Accordingly, for the convenience to the litigants and because exercising jurisdiction over this action would not serve the purposes of the Declaratory Judgment Act, this case is dismissed.

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| HARMAN INT'L IND | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 05 C 1481 |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY | |

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.


IT IS HEREBY ORDERED AND ADJUDGED that defendant Massachusetts Institute of Technology's motion to dismiss, or in the alternative transfer plaintiff Harman Industries' Complaint [9] is granted in that this court declines to exercise jurisdiction over this case under the Declaratory Judgment Act. This action is hereby dismissed.


Michael W. Dobbins, Clerk of Court

Date: 8/15/2005                  /s/ Marjorie A. King, Deputy Clerk