## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, )<br><br>Plaintiff, )<br><br>v. )<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, )<br><br>Defendant. ) | Case No(s).: 05-10990 DPW<br>Hon. Douglas P. Woodlock |

## HARMAN'S ANSWER, COUNTERCLAIMS & RELIANCE ON JURY DEMAND/JURY DEMAND

### ANSWER

Defendant Harman International Industries, Incorporated ("Harman"), by and through its attorneys Kirkland & Ellis LLP and Sherin and Lodgen LLP, answers Plaintiff Massachusetts Institute of Technology's ("MIT") complaint as follows:

### Parties

1.     Plaintiff MIT is an educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts with a principal place of administration in Cambridge, Massachusetts.

**ANSWER:**    Harman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 and thus denies each allegation of Paragraph 1.

2.     On information and belief, Defendant Harman is a Delaware corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C. 2004, and a principal place of business at 8500 Balboa Blvd., Northridge, CA 91329.

**ANSWER:**    Harman admits that Harman International Industries Incorporated is a Delaware Corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C., 20004, and a principal U.S. place of business at 8500 Balboa Blvd., Northridge, CA 91329.

3.    On information and belief, at least two of Harman's subsidiaries and/or divisions are located within this district.

**ANSWER:**    Harman admits that it has one subsidiary, Lexicon, Inc., a Massachusetts corporation is located in this judicial district.  Another subsidiary, Madrigal Laboratories, Inc., is shell corporation for tax purposes, and organized under the laws of Delaware.  Harman denies the remaining allegations of Paragraph 3.  Harman states that neither subsidiary has any connection to MIT's complaint.

### Jurisdiction and Venue

4.    This case arises under the patent laws of the United States, 35 U.S.C. § 1, et seq.  This court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338.

**ANSWER:**    Harman admits that MIT's complaint purports to state a cause of action that arises under the patent laws of the United States, 38 U.S.C. § 1 *et* seq and that this Court has subject matter jurisdiction over this Complaint pursuant to 29 U.S.C. §§ 1331 and 1338.  Harman denies that any basis exists in law or fact, for such a claim against it.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400.

**ANSWER:**    Harman denies that venue is proper in this District, for the reasons stated in Harman's Rule 12(b)(3) Motion to Dismiss Under the First to File Rule.

### COUNT I

6.    MIT realleges, and incorporates by reference, the allegations contained in paragraphs 1 to 5 above.

2

**ANSWER:**    Harman incorporates by reference its answers to paragraphs 1 through 5, as though full set forth herein.

7.    MIT is the owner of all right, title and interest in and to U.S. Patent No. 5,177,685, entitled "Automobile Navigation System Using Real Time Spoken Driving Instructions," which issued on January 5, 1993 (the "'685 patent").

**ANSWER:**    Harman lacks knowledge or information sufficient to for a belief as to the truth of falsity of the allegations contained in paragraph 7, and thus denies each and every allegation of paragraph 7.

8.    On information and belief, Harman manufactures, uses, offers to sell, and sells products, including but not limited to the Harman/Kardon TrafficPro product, which infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '685 patent.

**ANSWER:**    Harman admits that one or more of Harman's subsidiaries manufactures or has manufactured, uses or has used, offers or has offered for sale, products referred to as "TrafficPro." Harman denies the remaining allegations of Paragraph 8.

9.    MIT has been, and is being, irreparably harmed, and has incurred, and will continue to incur, damages as a result of Harman's infringement of the '685 patent.

**ANSWER:**    Harman denies each and every allegation of Paragraph 9.

**REQUEST FOR RELIEF**

WHEREFORE, MIT prays for judgment against Harman as follows:

(a)    declaring that Harman has infringed the '685 patent;

(b)    awarding MIT all relief available under the patent laws of the United States, including but not limited to monetary damages;

(c)    awarding MIT its costs and reasonable attorneys fees in respect thereto in accordance with 35 U.S.C. §§ 284-85; and

(d)    granting MIT such other relief as the Court deems just and equitable.

3

**ANSWER:**    Harman denies that MIT is entitled to any judgment against Harman, or any of the relief requested.  Harman respectfully requests this Court enter judgment in favor of Harman on all Counts of MIT's complaint.

4

## HARMAN'S AFFIRMATIVE DEFENSES

Further answering MIT's Complaint and as additional defenses, Harman asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on MIT:

## HARMAN'S FIRST AFFIRMATIVE DEFENSE

MIT is not entitled to relief under any of the counts of its Complaint because all of those counts fail to state a claim upon which relief can be granted.

## HARMAN'S SECOND AFFIRMATIVE DEFENSE

Harman does not infringe, has not infringed, has not contributed to the infringement of, and has not induced the infringement of the '685 patent, either literally or under the doctrine of equivalents.

## HARMAN'S THIRD AFFIRMATIVE DEFENSE

Each claim of the '685 patent is invalid on one or more of the following grounds: under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## HARMAN'S FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, MIT's claim for damages prior to the date it provided Harman with actual written notice of its intent to assert the '685 patent against Harman is barred in whole or in part by the failure of MIT and/or its licensees (if any) to comply with 35 U.S.C. § 287.

## HARMAN'S FIFTH AFFIRMATIVE DEFENSE

MIT's claim for damages for the alleged infringement of the '685 patent is barred in whole or in part by the equitable doctrines of laches or estoppel.

00087227.DOC /

## HARMAN'S SIXTH AFFIRMATIVE DEFENSE

MIT's claim for damages for the alleged infringement of the '685 patent is barred in whole or in part by the defense of license.

00087227.DOC /

**HARMAN'S COUNTERCLAIMS FOR DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U. S. PATENT NO. 5,177,685**

> **This is an action for violation of the Patent Laws of the United States, Title 35, United States Code.  Jurisdiction is in this Court under 28 U.S.C. §§ 1331 and 1338(a).   Venue is proper in this district under 28 U.S.C. § 1391.**

Defendant Harman, by its attorneys Kirkland & Ellis LLP and Sherin and Lodgen LLP, brings this counterclaim for a declaratory judgment against MIT to resolve contested issues relating to navigation system products provided by Harman and alleges:

<u>NATURE OF THE ACTION</u>

1.    Harman, a leading manufacturer, distributor, and retailer of consumer electronic products, prides itself on making the best audio and video products in the world.  Perhaps best known for its audio equipment, Harman also makes and sells automobile navigation system products for consumers and for original equipment manufacturers ("OEMs"), also known as automobile manufacturers.

2.    Plaintiff MIT has asserted against Harman, and at least one of its customers, that the Harman navigation system products infringe U.S. Patent No. 5,177,685 (the "'685 patent").

3.    Plaintiff's suit jeopardizes Harman's business in several ways, including threatening Harman's customer relationships and Harman's continuing, substantial research and development of innovative, cutting-edge navigation system products.   Accordingly, Harman seeks a declaration confirming its continued right to make, use, sell, offer to sell, and import its navigation system products.

4.    Harman denies that its navigation system products infringe the '685 patent.  Harman further contends that the '685 patent is invalid and unenforceable.   Harman thus seeks a declaration from this Court resolving the present controversy whether the '685 patent is invalid and unenforceable and whether Harman's navigation system products, and its customers'

incorporation of them into their products, do not infringe the '685 patent.

5.  For its counterclaim, Harman seeks a declaration that U.S. Patent No. 5,177,685 is invalid and unenforceable.  Harman also seeks a declaration that it does not infringe, contribute to infringement, or induce infringement of the '685 patent.

JURISDICTION AND VENUE

6.  This counterclaim is an action for declaration of patent noninfringement and invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.  This Court has original federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  By virtue of the Complaint filed by MIT, there is an actual and justiciable controversy between Harman and MIT concerning the '685 patent.  A judicial declaration is necessary and appropriate to resolve this controversy.

8.  This Court can enter the declaratory relief sought in this Complaint because this case presents an actual controversy and is within this Court's jurisdiction pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

9.  Venue is proper in this district under 28 U.S.C. § 1391 because the events underlying the claims herein occurred and continue to occur in this judicial district.

THE PARTIES

10. Plaintiff Harman International Industries, Incorporated is a Delaware corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C. 20004 and a principal place of business at 8500 Balboa Blvd., Northridge, CA 91329.

11. Plaintiff Massachusetts Institute of Technology is, on information and belief, a Massachusetts corporation located at 77 Massachusetts Avenue, Cambridge, MA 02139-4307.

12. Plaintiff's Manager, Intellectual Property, Mr. Robert Swartz, is a resident of Illinois

8

and maintains an office at 520 Lake Cook Road, Deerfield, IL.

## THE BUSINESS OF HARMAN

13. Harman is a worldwide leader in the manufacture of high-quality, high-fidelity audio and electronic systems for consumer and professional use. Through its world-class engineering, manufacturing and marketing capabilities, Harman has brought to market a broad range of products, such as loudspeakers and audio, video and electronic systems for vehicle, home and computer applications. Harman's products are sold under renowned brand names, including JBL®, Infinity®, Harman/Kardon®, Mark Levinson® and Becker®.

14. Harman has established itself as a leader in digitally integrated infotainment systems for automobiles. Harman offers premium, branded car audio, video, navigation and infotainment systems to automobile manufacturers. Some of Harman's infotainment systems include radio, CD, DVD, MP3, telephone and Internet access functionality, as well as navigation.

## MIT'S PATENT CLAIMS AGAINST HARMAN NAVIGATION SYSTEM PRODUCTS

15. Plaintiff, through its agent Mr. Swartz, has specifically alleged that Harman navigation system products infringe the '685 patent and demanded that Harman and at least one Harman customer take a license under the '685 patent.

16. Plaintiff filed this suit on May 12, 2005, specifically alleging that Harman's navigation system products and services infringe the '685 patent.

## HARMAN'S NEED FOR DECLARATORY RELIEF

17. Harman requires declaratory relief to resolve the issues created by Plaintiff's threats to sue Harman's customers, and Plaintiff's claims of infringement, including those presented in this lawsuit. Plaintiff's unresolved claims against Harman have adversely impacted Harman's relations with its customers. In addition, Harman must be able to assure its customers that its navigation system products do not infringe the '685 patent.

9

18. As a result of Plaintiff's complaint alleging that Harman infringes the '685 patent, *inter alia*, an actual case and controversy exists as to the invalidity and unenforceability of the '685 patent and Harman's non-infringement of the '685 patent.

COUNT I<br>DECLARATION OF INVALIDITY

19. Harman repeats and realleges the allegations contained in paragraphs 1 through 18 as though fully set forth in this Complaint.

20. The '685 patent, and each of its claims, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

21. Harman is entitled to a declaratory judgment that the claims in the '685 patent are invalid under 28 U.S.C § 2201.

COUNT II<br>DECLARATION OF UNENFORCEABILITY

22. Harman repeats and realleges the allegations contained in paragraphs 1 through 21 as though fully set forth in this Complaint.

23. The '685 patent, and each of its claims, is unenforceable under the doctrine of inequitable conduct.

24. Harman is entitled to a declaratory judgment that all claims in the '685 patent are unenforceable under 28 U.S.C § 2201.

COUNT II<br>DECLARATION OF NON-INFRINGEMENT

25. Harman repeats and realleges the allegations contained in paragraphs 1 through 24 as though fully set forth in this Complaint.

26. Harman does not make, use, sell, or offer for sale a method, device or apparatus that infringes, contributes to, or induces infringement of any of the claims of the '685 patent, either

literally or under the doctrine of equivalents.

27. Harman is entitled to a declaratory judgment that none of its navigation system products utilizes a method, device or apparatus that infringes, contributes to, or induces infringement of any of the claims of the '685 patent, either literally or under the doctrine of equivalents, under 28 U.S.C § 2201 and 35 U.S.C § 271.

REQUEST FOR RELIEF

28. Harman respectfully requests that this Court enter judgment as follows:

a)    Declaring that the '685 patent, and each of its claims, is invalid;

b)    Declaring that the '685 patent is unenforceable;

c)    Declaring that the claims of the '685 patent are not infringed by any method, apparatus or device employed in Harman navigation system products;

d)    Awarding Harman its costs and disbursements in this action, including its reasonable attorneys' fees; and

e)    Awarding Harman such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL & RELIANCE UPON MIT'S JURY DEMAND

Harman requests a trial by jury of any and all issues properly triable by a jury concerning Harman's counterclaims against MIT.  Harman also relies upon MIT's jury demand on its claims against Harman.

00087227.DOC /

Dated:  October 18, 2005                 Respectfully submitted,


/s/ Courtney A. Clark
Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Edward S. Cheng, BBO# 634063
Courtney A. Clark, BBO# 651381
**SHERIN AND LODGEN LLP**
101 Federal Street
Boston, MA 02110

William A. Streff Jr., P.C.
Michelle A. H. Francis
Jamal M. Edwards
**KIRKLAND & ELLIS LLP**
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Defendant*

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **HARMAN'S ANSWER, COUNTERCLAIMS & RELIANCE ON JURY DEMAN/JURY DEMAND** was sent by e-mail this 18th day of October 2005, addressed to counsel for MIT as follows:

Steven M. Bauer
Kimberly A. Mottely
Proskauer Rose LLP
One International Place, 14th Floor
Boston, MA 02110-2600
FAX: 617.526.9899

*Counsel for Plaintiff MIT*

*/s/    Courtney A. Clark*
_____
One of the Attorneys for Harman Inc.

13