## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-10990-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO AMEND PLEADINGS
## AND FOR ENTRY OF CONFIDENTIALITY ORDER

Pursuant to Fed. R. Civ. P. 15 and 26(c), Plaintiff, Massachusetts Institute of Technology ("MIT") and Defendant, Harman International Industries, Inc. ("Harman"), submit this joint motion to submit the amended pleadings attached hereto, and for entry of the attached Proposed Stipulated Protective Order Regarding Confidentiality.  As reasons therefore, the parties state as follows:

1)      Per the agreement of the parties stated in their August 1, 2005 Joint Statement, the Court's October 10, 2005 Scheduling Order set October 4, 2005, as the deadline for amendment of pleadings;

2)      In order to resolve various discovery disputes in this case, MIT has agreed to submit the Amended Complaint attached hereto as Ex. A, and Harman has agreed to submit the Answer, Counterclaims & Reliance on Jury Demand/Jury Demand attached hereto as Ex. B;

3)      The parties have met and conferred and agreed upon the terms of the Proposed Stipulated Protective Order Regarding Confidentiality attached hereto as Ex. C to govern the confidentiality of discovery in this case;

4)     Harman has reserved its right to seek additional confidentiality protections regarding its source code and third-party discovery.

WHEREAS, the parties respectfully request the following relief:

1)     That the Court permit the parties to submit the amended pleadings attached hereto as Exs. A and B;

2)     That the Court enter the Proposed Stipulated Protective Order Regarding Confidentiality attached as Ex. C hereto to govern discovery in this case.

Dated: January 13, 2006                          Respectfully submitted,

Massachusetts Institute of Technology,           Harman International Industries, Inc.,

*By its attorneys,*                              *By its attorneys*,


/s/ Steven M. Bauer_____             /s/ Robert J. Muldoon_____
Steven M. Bauer, BBO #542531                     Robert J. Muldoon, BBO #359480
Kimberly A. Mottley, BBO #651190                 James W. Matthews, BBO #560560
PROSKAUER ROSE LLP                               Edward S. Cheng, BBO #634063
One International Place                           SHERIN AND LODGEN LLP
Boston, MA 02110                                 101 Federal Street
(617) 526-9600                                    Boston, MA 02110
                                                 (617) 646-2000

                                                 William A. Streff Jr., P.C.
                                                 Michelle A. H. Francis
                                                 Jamal M. Edwards
                                                 KIRKLAND & ELLIS LLP
                                                 200 East Randolph Drive
                                                 Chicago, IL 60601
                                                 (312) 861-2000 (phone)
                                                 (312) 861-2200 (fax)
                                                 *Of Counsel*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | |
| Plaintiff, | Case No: 05-10990 DPW |
| v. | Hon. Douglas P. Woodlock |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, | |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff Massachusetts Institute of Technology ("MIT"), by its attorneys Proskauer Rose LLP, brings this action for patent infringement against Harman International Industries, Inc. ("Harman").

### Parties

1.      Plaintiff MIT is an educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts with a principal place of administration in Cambridge, Massachusetts.

2.      On information and belief, Defendant Harman is a Delaware corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C. 20004, and a principal place of business at 8500 Balboa Blvd., Northridge, CA 91329.

3.      On information and belief, at least two of Harman's subsidiaries and/or divisions are located within this district.

**Jurisdiction and Venue**

4.      This case arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. This court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §1331 and 1338.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400.

**COUNT I**
**Harman's Infringement of U.S. Patent No. 5,177,685**

6.      MIT realleges, and incorporates by reference, the allegations contained in paragraphs 1 to 5 above.

7.      MIT is the owner of all right, title and interest in and to U.S. Patent No. 5,177,685, entitled "Automobile Navigation System Using Real Time Spoken Driving Instructions," which issued on January 5, 1993 (the "'685 patent").

8.      On information and belief, Harman makes, uses, offers to sell, and sells within the United States, and/or imports into the United States, products that infringe the '685 patent, including but not limited to the TrafficPro, Traffic Pro II, RB3, RB4, Advanced Audio GPS Navigation System, and M.O.A.R. products ("Accused Products"). The Accused Products infringe, contribute to the infringement of, or induce the infringement of one or more of the claims of the '685 patent. On information and belief, this infringing activity has been, and continues to be done, with knowledge of the '685 patent, and is willful conduct which would result in enhanced damages under 35 U.S.C. § 284.

9.      MIT has been, and is being, irreparably harmed, and has incurred, and will continue to incur, damages as a result of Harman's willful infringement of the '685 patent.

## REQUEST FOR RELIEF

WHEREFORE, MIT prays for judgment against Harman as follows:

(a)     Declaring that Harman has infringed the '685 patent;

(b)     Awarding MIT all relief available under the patent laws of the United States, including but not limited to monetary damages;

(c)     Awarding MIT its costs and reasonable attorney's fees in respect thereto in accordance with 35 U.S.C. §§ 284-85; and

(d)     Granting MIT such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

MIT demands a trial by jury on all issues so triable.

Respectfully Submitted,

Massachusetts Institute of Technology

By its Attorneys,


/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
Kimberly A. Mottley (BBO# 651190)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
Phone:  617-526-9600
Fax:     617-526-9899

January 13, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MASSACHUSETTS INSTITUTE OF TECHNOLOGY,**<br><br>Plaintiff,<br><br>v.<br><br>**HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No(s).: 05-10990 DPW**
**Hon. Douglas P. Woodlock**

## HARMAN'S ANSWER, COUNTERCLAIMS & RELIANCE ON JURY DEMAND/JURY DEMAND

### ANSWER

Defendant Harman International Industries, Incorporated ("Harman"), by and through its attorneys Kirkland & Ellis LLP and Sherin and Lodgen LLP, answers Plaintiff Massachusetts Institute of Technology's ("MIT") complaint as follows:

### Parties

1.      Plaintiff MIT is an educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts with a principal place of administration in Cambridge, Massachusetts.

**ANSWER:**    Harman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 and thus denies each allegation of Paragraph 1.

2.      On information and belief, Defendant Harman is a Delaware corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C. 2004, and a principal place of business at 8500 Balboa Blvd., Northridge, CA 91329.

**ANSWER:**    Harman admits that Harman International Industries Incorporated is a Delaware Corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C., 20004, and a principal U.S. place of business at 8500 Balboa Blvd., Northridge, CA 91329.

3.    On information and belief, at least two of Harman's subsidiaries and/or divisions are located within this district.

**ANSWER:**    Harman admits that it has one subsidiary, Lexicon, Inc., a Massachusetts corporation, that is located in this judicial district.  Another subsidiary, Madrigal Laboratories, Inc., is a shell corporation for tax purposes, and organized under the laws of Delaware.  Harman denies the remaining allegations of Paragraph 3.  Harman states that neither subsidiary has any connection to MIT's complaint.

### Jurisdiction and Venue

4.    This case arises under the patent laws of the United States, 35 U.S.C. § 1, et seq.  This court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338.

**ANSWER:**    Harman admits that MIT's complaint purports to state a cause of action that arises under the patent laws of the United States, 38 U.S.C. § 1 *et* seq and that this Court has subject matter jurisdiction over this Complaint pursuant to 29 U.S.C. §§ 1331 and 1338.  Harman denies that any basis exists in law or fact, for such a claim against it.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), and 1400.

**ANSWER:**    Harman denies that venue is proper in this District, for the reasons stated in Harman's Rule 12(b)(3) Motion to Dismiss Under the First to File Rule.

### COUNT I

6.    MIT realleges, and incorporates by reference, the allegations contained in paragraphs 1 to 5 above.

2

**ANSWER:**   Harman incorporates by reference its answers to paragraphs 1 through 5, as though full set forth herein.

      7.    MIT is the owner of all right, title and interest in and to U.S. Patent No. 5,177,685, entitled "Automobile Navigation System Using Real Time Spoken Driving Instructions," which issued on January 5, 1993 (the "'685 patent").

**ANSWER:**   Harman lacks knowledge or information sufficient to for a belief as to the truth of falsity of the allegations contained in paragraph 7, and thus denies each and every allegation of paragraph 7.

      8.    On information and belief, Harman makes, uses, offers to sell, and sells within the United States, and/or imports into the United States, products that infringe the '685 patent, including but not limited to the TrafficPro, Traffic Pro II, RB3, RB4, Advanced Audio GPS Navigation System, and M.O.A.R. products ("Accused Products"). The Accused Products infringe, contribute to the infringement of, or induce the infringement of one or more of the claims of the '685 patent. On information and belief, this infringing activity has been, and continues to be done, with knowledge of the '685 patent, and is willful conduct which would result in enhanced damages under 35 U.S.C. § 284.

**ANSWER:**   Harman admits that one or more of Harman's subsidiaries manufactures or has, manufactured within the United States, uses or has used within the United States, offers or has offered for sale within the United States, or imports or has imported into the United States products referred to as TrafficPro, Traffic Pro II, RB4, and Advanced Audio GPS Navigation System (also known as the M.O.A.R.) products. Harman denies the remaining allegations of Paragraph 8.

      9.    MIT has been, and is being, irreparably harmed, and has incurred, and will continue to incur, damages as a result of Harman's infringement of the '685 patent.

**ANSWER:**   Harman denies each and every allegation of Paragraph 9.

<b>REQUEST FOR RELIEF</b>

WHEREFORE, MIT prays for judgment against Harman as follows:

(a)    declaring that Harman has infringed the '685 patent;

3

     (b)      awarding MIT all relief available under the patent laws of the United States, including but not limited to monetary damages;

     (c)      awarding MIT its costs and reasonable attorneys fees in respect thereto in accordance with 35 U.S.C. §§ 284-85; and

     (d)      granting MIT such other relief as the Court deems just and equitable.

**ANSWER:**    Harman denies that MIT is entitled to any judgment against Harman, or any of the relief requested.  Harman respectfully requests this Court enter judgment in favor of Harman on all Counts of MIT's complaint.

## HARMAN'S AFFIRMATIVE DEFENSES

Further answering MIT's Complaint and as additional defenses, Harman asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on MIT:

## HARMAN'S FIRST AFFIRMATIVE DEFENSE

MIT is not entitled to relief under any of the counts of its Complaint because all of those counts fail to state a claim upon which relief can be granted.

## HARMAN'S SECOND AFFIRMATIVE DEFENSE

Harman does not infringe, has not infringed, has not contributed to the infringement of, and has not induced the infringement of the '685 patent, either literally or under the doctrine of equivalents.

## HARMAN'S THIRD AFFIRMATIVE DEFENSE

Each claim of the '685 patent is invalid on one or more of the following grounds: under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## HARMAN'S FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, MIT's claim for damages prior to the date it provided Harman with actual written notice of its intent to assert the '685 patent against Harman is barred

in whole or in part by the failure of MIT and/or its licensees (if any) to comply with 35 U.S.C. § 287.

## HARMAN'S FIFTH AFFIRMATIVE DEFENSE

MIT's claim for damages for the alleged infringement of the '685 patent is barred in whole or in part by the equitable doctrines of laches or estoppel.

## HARMAN'S SIXTH AFFIRMATIVE DEFENSE

MIT's claim for damages for the alleged infringement of the '685 patent is barred in whole or in part by the defense of license.

## HARMAN'S COUNTERCLAIMS FOR DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U. S. PATENT NO. 5,177,685

**This is an action for violation of the Patent Laws of the United States, Title 35, United States Code. Jurisdiction is in this Court under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. § 1391.**

Defendant Harman, by its attorneys Kirkland & Ellis LLP and Sherin and Lodgen LLP, brings this counterclaim for a declaratory judgment against MIT to resolve contested issues relating to navigation system products provided by Harman and alleges:

## NATURE OF THE ACTION

1. Harman, a leading manufacturer, distributor, and retailer of consumer electronic products, prides itself on making the best audio and video products in the world. Perhaps best known for its audio equipment, Harman also makes and sells automobile navigation system products for consumers and for original equipment manufacturers ("OEMs"), also known as automobile manufacturers.

2. Plaintiff MIT has asserted against Harman, and at least one of its customers, that the Harman navigation system products infringe U.S. Patent No. 5,177,685 (the "'685 patent").

3. Plaintiff's suit jeopardizes Harman's business in several ways, including threatening

5

Harman's customer relationships and Harman's continuing, substantial research and development of innovative, cutting-edge navigation system products. Accordingly, Harman seeks a declaration confirming its continued right to make, use, sell, offer to sell, and import its navigation system products.

4. Harman denies that its navigation system products infringe the '685 patent. Harman further contends that the '685 patent is invalid and unenforceable. Harman thus seeks a declaration from this Court resolving the present controversy whether the '685 patent is invalid and unenforceable and whether Harman's navigation system products, and its customers' incorporation of them into their products, do not infringe the '685 patent.

5. For its counterclaim, Harman seeks a declaration that U.S. Patent No. 5,177,685 is invalid and unenforceable. Harman also seeks a declaration that neither Harman nor its products infringe, contribute to infringement, or induce infringement of the '685 patent.

## JURISDICTION AND VENUE

6. This counterclaim is an action for declaration of patent noninfringement and invalidity, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7. This Court has original federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). By virtue of the Complaint filed by MIT, there is an actual and justiciable controversy between Harman and MIT concerning the '685 patent. A judicial declaration is necessary and appropriate to resolve this controversy.

8. This Court can enter the declaratory relief sought in this Complaint because this case presents an actual controversy and is within this Court's jurisdiction pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

9. Venue is proper in this district under 28 U.S.C. § 1391 because the events underlying

the claims herein occurred and continue to occur in this judicial district.

## THE PARTIES

10. Plaintiff Harman International Industries, Incorporated is a Delaware corporation with corporate headquarters at 1101 Pennsylvania Avenue, N.W., Suite 1010, Washington, D.C. 20004 and a principal place of business at 8500 Balboa Blvd., Northridge, CA 91329.

11. Plaintiff Massachusetts Institute of Technology is, on information and belief, a Massachusetts corporation located at 77 Massachusetts Avenue, Cambridge, MA 02139-4307.

12. Plaintiff's Manager, Intellectual Property, Mr. Robert Swartz, is a resident of Illinois and maintains an office at 520 Lake Cook Road, Deerfield, IL.

## THE BUSINESS OF HARMAN

13. Harman is a worldwide leader in the manufacture of high-quality, high-fidelity audio and electronic systems for consumer and professional use. Through its world-class engineering, manufacturing and marketing capabilities, Harman has brought to market a broad range of products, such as loudspeakers and audio, video and electronic systems for vehicle, home and computer applications. Harman's products are sold under renowned brand names, including JBL®, Infinity®, Harman/Kardon®, Mark Levinson® and Becker®.

14. Harman has established itself as a leader in digitally integrated infotainment systems for automobiles. Harman offers premium, branded car audio, video, navigation and infotainment systems to automobile manufacturers. Some of Harman's infotainment systems include radio, CD, DVD, MP3, telephone and Internet access functionality, as well as navigation.

## MIT'S PATENT CLAIMS AGAINST HARMAN NAVIGATION SYSTEM PRODUCTS

15. Plaintiff, through its agent Mr. Swartz, has specifically alleged that Harman navigation system products infringe the '685 patent and demanded that Harman and at least one Harman customer take a license under the '685 patent.

16. Plaintiff filed this suit on May 12, 2005, specifically alleging that Harman's navigation system products and services infringe the '685 patent.

## HARMAN'S NEED FOR DECLARATORY RELIEF

17. Harman requires declaratory relief to resolve the issues created by Plaintiff's threats to sue Harman's customers, and Plaintiff's claims of infringement, including those presented in this lawsuit. Plaintiff's unresolved claims against Harman have adversely impacted Harman's relations with its customers. In addition, Harman must be able to assure its customers that its navigation system products do not infringe the '685 patent.

18. As a result of Plaintiff's complaint alleging that Harman infringes the '685 patent, *inter alia*, an actual case and controversy exists as to the invalidity and unenforceability of the '685 patent and Harman's non-infringement of the '685 patent.

## COUNT I
## DECLARATION OF INVALIDITY

19. Harman repeats and realleges the allegations contained in paragraphs 1 through 18 as though fully set forth in this Complaint.

20. The '685 patent, and each of its claims, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

21. Harman is entitled to a declaratory judgment that the claims in the '685 patent are invalid under 28 U.S.C § 2201.

## COUNT II
## DECLARATION OF UNENFORCEABILITY

22. Harman repeats and realleges the allegations contained in paragraphs 1 through 21 as though fully set forth in this Complaint.

23. The '685 patent, and each of its claims, is unenforceable under the doctrine of inequitable conduct.

24. Harman is entitled to a declaratory judgment that all claims in the '685 patent are unenforceable under 28 U.S.C § 2201.

**COUNT II**
**DECLARATION OF NON-INFRINGEMENT**

25. Harman repeats and realleges the allegations contained in paragraphs 1 through 24 as though fully set forth in this Complaint.

26. Harman does not make, use, sell, or offer for sale a method, device or apparatus that infringes, contributes to, or induces infringement of any of the claims of the '685 patent, either literally or under the doctrine of equivalents.

27. Harman is entitled to a declaratory judgment that none of its navigation system products utilizes a method, device or apparatus that infringes, contributes to, or induces infringement of any of the claims of the '685 patent, either literally or under the doctrine of equivalents, under 28 U.S.C § 2201 and 35 U.S.C § 271.

**REQUEST FOR RELIEF**

28. Harman respectfully requests that this Court enter judgment as follows:

a)   Declaring that the '685 patent, and each of its claims, is invalid;

b)   Declaring that the '685 patent is unenforceable;

c)   Declaring that the claims of the '685 patent are not infringed by any method, apparatus or device employed in Harman navigation system products;

d)   Awarding Harman its costs and disbursements in this action, including its reasonable attorneys' fees; and

e)     Awarding Harman such other and further relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL & RELIANCE UPON MIT'S JURY DEMAND

Harman requests a trial by jury of any and all issues properly triable by a jury concerning

Harman's counterclaims against MIT.  Harman also relies upon MIT's jury demand on its claims

against Harman.

Dated:  January 13, 2006                    Respectfully submitted,


_____
Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Edward S. Cheng, BBO# 634063
Courtney A. Clark, BBO# 651381
**SHERIN AND LODGEN, LLP**
101 Federal Street
Boston, MA 02110

William A. Streff Jr., P.C.
Michelle A. H. Francis
Jamal M. Edwards
**KIRKLAND & ELLIS LLP**
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Harman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **HARMAN'S ANSWER, COUNTERCLAIMS & RELIANCE ON JURY DEMAND/JURY DEMAND** was sent by e-mail this 13th day of January 2006, addressed to counsel for MIT as follows:

> Kimberly A. Mottely (kmottley@proskauer.com)
> Proskauer Rose LLP
> One International Place, 14th Floor
> Boston, MA 02110-2600
> FAX: 617.526.9899
>
> *Counsel for Plaintiff MIT*

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,  Plaintiff,  v.  HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No.: 05-10990 DPW |

## [PROPOSED] STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY

Massachusetts Institute of Technology ("MIT") and Harman International Industries, Inc. (together the "Parties") have agreed that certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive or to contain a trade secret or other confidential research, development, strategy, marketing, sales, business or commercial information ("Confidential Information" or "Highly Confidential Information" as defined in paragraphs 5 and 6). In the interest of expediting discovery and permitting discovery to proceed, the Parties have further agreed to abide by the provisions of this Stipulated Protective Order until this order, or another order addressing confidential information, is entered by the Court.

Subject to the approval of the Court, the Parties hereby stipulate that:

1.    This Stipulated Protective Order shall apply to all information, documents and things subject to discovery or otherwise provided in the above-identified action including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced to the Receiving Party(ies),

whether in the form of originals or copies, information obtained from inspection of premises or things, and answers to requests for admissions. This Order shall apply to the production of such information by either party as well as any third party to this action.

"Receiving Party" means any party or non-party to this action receiving particular information, documents or things from a Disclosing Entity.

"Disclosing Entity" means any party or non-party to this action that produces, serves, testifies about, proffers testimony about, discloses, or otherwise provides particular information, documents or things in this action pursuant to the Federal Rules of Civil Procedure, the Local Rules or this Court or an order of this Court. The provisions of this Stipulated Protective Order shall fully apply to Confidential Information and Highly Confidential Information provided by a Disclosing Entity.

"Designating Party" means the party or non-party that designates particular information, documents or things as Confidential Information or Highly Confidential Information.

"Protected Information" means any information that is designated as either Confidential Information or Highly Confidential Information pursuant to this Stipulated Protective Order.

"Outside Counsel" refers to the following law firms: Proskauer Rose, LLP, Kirkland & Ellis LLP, Sherin and Lodgen LLP and any other law firm that enters an appearance on behalf of any party in this action.

2.    **Use of Confidential and Highly Confidential Information:** Any information, documents, or things designated as Confidential Information or Highly Confidential Information by a Disclosing Entity shall be used by the Receiving Party(ies) solely for the litigation, including any negotiation or alternative dispute resolution, of this action.

3.      Each document or thing provided to the Receiving Party(ies), or any portion thereof, each set of interrogatory answers or portion thereof, and each set of answers to a request for admission or portion thereof that discloses information deemed by the Disclosing Entity in good faith to be Confidential Information or Highly Confidential Information, as those terms are defined in paragraphs 5 and 6, shall be so identified at the time of service of such discovery by including on each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Copies or excerpts of pleadings, motions, trial briefs, summaries, notes, charts, or the like containing any information, document, or thing designated as Confidential Information or Highly Confidential Information shall also be treated accordingly.

4.      Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30 that discloses information deemed by the Disclosing Entity in good faith to be Confidential Information or Highly Confidential Information, as those terms are defined in paragraphs 5 and 6, shall be so identified during the deposition or by notifying counsel of record in writing of the designation within fifteen (15) business days from receipt of the transcript. Until the fifteen (15) business day period has run, the deposition transcript shall be treated as Highly Confidential Information.  Regardless of any confidentiality designation of portions of a deposition transcript, deposition exhibits will retain their original confidentiality designation unless modified under the terms of this Stipulated Protective Order.  If the deponent or any party to this action designates a portion of the deposition as Confidential Information or Highly Confidential Information on the record during the deposition, the designating party shall have the right to have all persons not permitted access by this Stipulated Protective Order excluded from that portion of the deposition, before the taking of testimony which has been designated as Confidential Information or Highly Confidential Information.

5.      Any information, documents and things that relate to non-public, sensitive or confidential information, the uncontrolled disclosure of which would be detrimental to the Disclosing Entity in the conduct of its business, may be designated as Confidential.  For example, any information, documents and things may be designated as Confidential if they relate to (i) research or development relating to currently available commercial products;  (ii) production and manufacturing cost information; (iii) any other commercially sensitive business or technical information, documents or things.  Information, documents and things identified as Confidential Information by a Disclosing Entity shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than the following:

(a)      Outside Counsel for each party;

(b)      Designated Representatives for each party: John H. Turner Jr., Associate Director, Technology Licensing Office, Massachusetts Institute of Technology, and Robert Hart, Chief IP Counsel for Harman;

(c)      Any independent expert retained by a party who is not regularly employed by any party and whose advice and consultations are being or will be used by a party in connection with preparation for trial or trial of this action; provided, however, that such information shall not be disclosed to any independent expert until that person has executed a copy of the Undertaking (attached as Exhibit A) acknowledging that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its terms, and

(i)          The name and address, employer, a brief summary of the academic and work background of any such independent expert, and a fully executed copy of the Undertaking by the proposed expert, shall be furnished to and received by the attorneys for the Disclosing Entity which has designated the information, documents or things Confidential at least seven (7) business days before access to the Confidential Information is given to such expert; and

(ii)        If the Disclosing Entity receiving notification under paragraph 6(b)(ii), within seven (7) business days of notification, serves a written objection to such access and states the reasons therefore, and if the Parties cannot resolve the issue promptly, the party who objects may move the Court for an order prohibiting such independent expert from being given access to the Confidential Information. Provided that the Disclosing Entity has filed its motion to prohibit access within seven (7) business days of service of its written objections, no disclosure shall be made to the expert as long as the Court has not ruled on the dispute.  If the Disclosing

Entity has not filed its motion to prohibit access

within seven (7) business days of service of its

written objections, the objections shall be deemed to

have been waived; and

(iii)    In the event there is no objection by the Disclosing

Entity pursuant to paragraph 6(b)(iii), or if such

objection has been resolved to the satisfaction of all

Parties or by a Court order directing access of the

expert, the Confidential Information may be

disclosed to such expert(s); and

(iv)    Nothing in this protective order shall be construed

as requiring either party to disclose the identity of

any independent experts that party does not intend

to call as an expert witnesses, provided however

that such non-testifying experts shall not have

access to the opposing party's Confidential

Information, except after compliance with the terms

and provisions of this paragraph.

(d)    Associates, stenographic, clerical and support staff of the persons defined in

paragraphs 5(a) and 5(c) whose functions require them to have access to the Confidential

Information;

(e)    Employees of third-party companies involved solely in one or more aspects of (i)

organization, copying, copy filing, copy coding, converting, storing, or retrieving data, (ii)

designing simulations, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support, (iii) providing translation services or (iv) jury consultant services, provided that each company involved in one or more aspects under (ii) or (iv) above has agreed in writing before access to such Confidential Information is given, to be bound by the terms of this Stipulated Protective Order by signing a copy of the Undertaking; and

(f)     Court officials (including court reporters and any special master or technical advisor appointed by the court) and court staff in connection with any court's administration and adjudication of this action.

Confidential Information disclosed shall be used only for the purpose of litigating this case and shall not be used by the Receiving Party(ies) for any business, financial or other purpose whatsoever.  Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Entity from disclosing or using in any way its own Confidential Information.

The designation of any document as Confidential Information shall not preclude any party to this action from showing the document to any person or party who (a) appears as the author or as an addressee on the face of the document or (b) otherwise appears to have already seen the document.

6.     The parties believe that certain Confidential Information, which may be designated as Highly Confidential Information, should not be disclosed to anyone other than those individuals listed in paragraphs 5(a), 5(c), 5(d), 5(e) and 5(f).  Information, documents, and things may be designated as Highly Confidential Information if they satisfy one of categories (i)-(iii) of paragraph 5, and they comprise technical or financial information that is highly sensitive in nature such that, if disclosed to the opposing party, the information likely would substantially

compromise the business position of the party from whom the information was obtained.   For

example, any information, documents and things may be designated as Highly Confidential if

they relate to (i) technical or financial trade secrets; (ii) research or development relating to not

yet commercially available products; (iii) research or development which has never resulted in a

commercial product; (iv) proposed research or development; or (v) customer list.  Highly

Confidential Information disclosed shall be disclosed only to individuals listed in paragraph 5(a),

5(c), 5(d), 5(e) and 5(f), and shall be used only for the purpose of litigating this case and shall not

be used by the Receiving Party(ies) for any business, financial or other purpose whatsoever.

Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Entity from

disclosing or using in any way its own Highly Confidential Information.

The designation of any document as Highly Confidential Information shall not preclude

any party to this action from showing the document to any person who (a) appears as the author

or as an addressee on the face of the document or (b) otherwise appears to have already seen the

document.

7.    To the extent that it is necessary to file any documents or things that have been

designated Confidential Information or Highly Confidential Information or that disclose or

reference any Confidential Information or Highly Confidential Information with the Court in

connection with these proceedings, such documents or things shall be filed under seal in

accordance with the local rules of the Court.  In the event of a filing under seal, counsel for the

filing party shall serve a version of the pleading on opposing counsel with the Confidential

Information or Highly Confidential Information redacted therefrom, simultaneously with the

filing of the pleading under seal, so that the pleading may be shared with opposing counsel's

client.

8.      The recipient of information, documents or things identified as Confidential Information or Highly Confidential Information hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody use and/or dissemination of such information, documents or things. Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Outside Counsel must maintain copies of all executed Undertakings and make them available to a Disclosing Entity upon request.

9.      Inspection or receipt by a party of information, a document or thing identified as Confidential Information or Highly Confidential Information hereunder shall not constitute a concession by that party that the information, document or thing is deserving of confidentiality protection.  Nor shall such designation of information, documents or things be construed as an admission that the information is relevant or material to any issues in this action.

10.     Subsequent to the inspection or receipt of information, documents or things identified as Confidential Information or Highly Confidential Information hereunder, any party or third party may request that the Designating Party redesignate such information, documents or things.  Such request shall be by written notice to counsel for the Designating Party and shall particularly identify the information, documents or things and explain the basis for the redesignation request.  If a dispute arises and it is not resolved within fourteen (14) business days of counsel for the Designating Party's receipt of the written notice, the Receiving Entity shall have ten (10) business days thereafter to file a motion with the Court to redesignate the Confidential Information or Highly Confidential Information.  The Receiving Entity's failure to file a motion within the ten (10) business days shall waive the right to contest confidentiality.

Pending the Court's determination of any motion contesting a designation of Confidential Information or Highly Confidential Information, the information, documents or things shall remain as designated.  In the resolution of such motion, the Designating Party shall have the obligation of showing a good faith basis for contending that the information, documents or things are in fact Confidential or Highly Confidential.  However, the party challenging the designation of the information, documents or things shall have the burden of showing that the information, documents or things are not properly designated pursuant to this Stipulated Protective Order.  It is not intended that Confidential and Highly Confidential designations will be used by the Designating Party to increase litigation costs or hamper litigation preparation by the Receiving Party.

11.    Without resort to the procedure outlined in paragraph 10, any party (or any third party subject to this Stipulated Protective Order) who was not the Disclosing Entity of particular information, documents and things, may designate or change the designation of the information, documents or things (including any pleadings, portions of any deposition transcript, or other items subject to this Stipulated Protective Order) as Protected Information within 30 days of production or other disclosure by the Disclosing Entity, so long as (1) the information, documents or things at issue constitute information, documents or things of the person or party designating them as Protected Information and (2) there is a reasonable basis, pursuant to paragraphs 5 and 6 of this Stipulated Protective Order, to designate the information, documents or things as Protected Information.  Any party challenging the designation of the information, documents or things shall have the burden of showing that the information, documents or things are not properly designated pursuant to this Stipulated Protective Order.  Any party or third party may not reduce the level of protection of a document designated by another party or third party

without challenging the designation according to Paragraph 10 of this Stipulated Protective Order.

12.    Nothing in this Stipulated Protective Order shall require disclosure of information, documents or things which the Disclosing Entity contends is protected from disclosure by the attorney-client privilege or the work-product immunity, or the disclosure of which would breach a court order or an express or implied agreement with a third party to maintain such information, documents or things in confidence.  However, any party may move the Court for an order directing the disclosure of such information, documents or things so that the Court can resolve any such issue.

13.    The inadvertent or unintentional disclosure by the Disclosing Entity of information, documents or things which it thereafter believes should have been designated as Confidential Information or Highly Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Entity's claim that the information is Confidential or Highly Confidential, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Disclosing Entity must notify the Receiving Party(ies) promptly upon discovery of the inadvertent or unintentional failure to designate and must provide written notice to the Receiving Party(ies) that the information, documents or things are Confidential Information or Highly Confidential Information and should be treated in accordance with the provisions of this Stipulated Protective Order.  From the date such notice is received, the Receiving Party(ies) must treat such information, documents or things as Confidential Information or Highly Confidential

Information, as appropriate, unless it successfully moves for redesignation pursuant to paragraph 10.

Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made must be advised that the material disclosed is Confidential Information or Highly Confidential Information and should be treated thereafter in accordance with this Stipulated Protective Order.  In complying with the provisions of this paragraph, the Receiving Party shall notify the Disclosing party that such unauthorized disclosure was made and that the provisions of this paragraph have been satisfied, however, the Receiving party is not required to disclose the identity of those persons to whom disclosure was made.

14.    In the event that a party to this action shall desire to provide access to information, documents or things identified as Confidential Information or Highly Confidential Information to any person or category of persons not authorized by paragraphs 5 and 6, Outside Counsel for such party shall provide written notice to counsel for the Disclosing Entity of its intent to make such disclosure, stating therein the specific information, documents and things to be disclosed at least seven (7) business days before any information is made available to such person(s).  With the written notice shall be included a fully executed copy of the Undertaking (attached as Exhibit A) and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the Disclosing Entity to determine whether such disclosure might cause it injury.  If the Disclosing Entity objects in writing within seven (7) business days of such notice, no disclosure shall be made to the person(s), and the party desiring to make such disclosure may move the Court for an order that such person(s) be

given access to the Confidential Information or Highly Confidential Information. If the motion is granted, such person(s) may have access to the information, provided that such person(s) have agreed in writing before such access is given to be bound by the terms of this Stipulated Protective Order, by signing a copy of the Undertaking, a fully executed copy of which will be provided to the Disclosing Entity before the Receiving Party(ies) transmits such information to such person(s).

15.    Upon final termination of this action, including all appeals, and upon written request by a Disclosing Entity, Outside Counsel for each party shall (i) assemble and return to the Disclosing Entity or (ii) destroy all information, documents and things produced by the Disclosing Entity designated as Confidential Information and Highly Confidential Information, along with all copies of such information, documents or things. Outside Counsel for the party so requested shall certify in writing that such return and/or destruction has been completed. Notwithstanding the foregoing, Outside Counsel for the Parties shall be entitled to retain all litigation documents including exhibits and their own memoranda containing Confidential Information and Highly Confidential Information, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the Disclosing Entity or an order of the Court, be disclosed to anyone other than such Outside Counsel. A Party to this action which has disclosed Confidential Information or Highly Confidential Information to the Parties or person(s) identified in paragraphs 5 and 6, and 14 is responsible for obtaining all documents or things containing such information from the Parties or person(s), and for disposing of those documents or things in the manner provided for in this paragraph.

16.    The restrictions set forth in the preceding paragraphs shall not apply to information, documents or things which (i) at or prior to disclosure thereof in this action, is or was a matter of public knowledge or was independently developed by the Receiving Party(ies), or (ii) after disclosure thereof, becomes public knowledge other than by act or omission of the Receiving Party(ies) or its agents, experts, and attorneys or (iii) is disclosed by the Disclosing Entity without restriction to a third party who is not subject to this Stipulated Protective Order. No party hereto shall be bound by this Stipulated Protective Order as to any information, documents or things which it possessed prior to signing this Stipulated Protective Order, unless such information, documents or things were obtained under circumstances requiring its treatment as confidential.  It shall not be a violation of this Stipulated Protective Order for a Party to disclose or use information, documents and things that have not been designated as Protected Information pursuant to this Stipulated Protective Order.

17.    Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action, provided that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any information, document or thing identified as Confidential or Highly Confidential by a Disclosing Entity where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

18.    This Stipulated Protective Order shall be without prejudice to the right of any party to seek modification, by leave of Court.

19.    All notices required by this Stipulated Protective Order are to be served via facsimile or email with transmission completed no later than 6:00 P.M. Eastern Standard Time, and with a confirmation copy sent by first class mail or email, to the appropriate attorney(s) at

Proskauer Rose, LLP and Kirkland & Ellis LLP.  Provided that facsimile or email transmission is completed no later than 6:00 P.M. Eastern Standard Time, the date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date that the facsimile or email was sent.

20.     This Stipulated Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings) and termination of proceedings shall not relieve any person or party from the obligations of this Stipulated Protective Order.  The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this order, including by entering an order for injunctive relief.


        Agreed to this _____ day of _____, 2005.


Massachusetts Institute of Technology,          Harman International Industries, Inc.

*By its attorneys,*                             *By its attorneys*,


/s/ Steven M. Bauer                             /s/ Robert J. Muldoon
Steven M. Bauer, BBO #542531                    Robert J. Muldoon, BBO # 359480
Kimberly A. Mottley, BBO #651190                James W. Matthews, BBO # 560560
PROSKAUER ROSE LLP                              Edward S. Cheng, BBO#634063
One International Place                          SHERIN AND LODGEN LLP
Boston, MA 02110                                101 Federal Street
(617) 526-9600                                  Boston, MA 02110
                                                (617) 646-2000

                                                William A. Streff Jr., P.C.
                                                Michelle A. H. Francis
                                                Jamal M. Edwards
                                                KIRKLAND & ELLIS LLP
                                                200 East Randolph Drive
                                                Chicago, IL 60601
                                                (312) 861-2000 (phone)

(312) 861-2200 (fax)
*Of Counsel*


So Ordered:

_____
Douglas P. Woodlock, United States District Judge


_____
Dated

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No.  05-10990 DPW

Massachusetts Institute of Technology v.

Harman International Industries, Incorporated

UNDERTAKING

State of _____

County of _____

I, _____, declare as follows:

1.      My business address is _____.

2.      My present employer and the address of my present employer (if different from

above) are _____

_____.

3.      My present occupation or job description is _____.  My

job title is _____.

A copy of my curriculum vitae or resume is attached hereto.

4.      I have carefully read, and I understand, the provisions of the Stipulated Protective

Order entered in this action, and I will comply with all provisions of the Stipulated Protective

Order.

5.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for the purposes of this action, any Confidential Information or Highly Confidential Information that is disclosed to me, and will maintain such information in a safe and secure place.

6.      I will return all Confidential Information and Highly Confidential Information that comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.  However, I acknowledge that such return shall not relieve me from any of the continuing obligations imposed on me by the Stipulated Protective Order.

7.       I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Print Name

_____
Dated