UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, <br><br> Defendant. | Civil Action No.: 05-10990 DPW |

**[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY**

Massachusetts Institute of Technology ("MIT") and Harman International Industries, Inc. (together the "Parties") have agreed that certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive or to contain a trade secret or other confidential research, development, strategy, marketing, sales, business or commercial information ("Confidential Information" or "Highly Confidential Information" as defined in paragraphs 5 and 6). In the interest of expediting discovery and permitting discovery to proceed, the Parties have further agreed to abide by the provisions of this Stipulated Protective Order until this order, or another order addressing confidential information, is entered by the Court.

Subject to the approval of the Court, the Parties hereby stipulate that:

1. This Stipulated Protective Order shall apply to all information, documents and things subject to discovery or otherwise provided in the above-identified action including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced to the Receiving Party(ies),

whether in the form of originals or copies, information obtained from inspection of premises or things, and answers to requests for admissions. This Order shall apply to the production of such information by either party as well as any third party to this action.

"Receiving Party" means any party or non-party to this action receiving particular information, documents or things from a Disclosing Entity.

"Disclosing Entity" means any party or non-party to this action that produces, serves, testifies about, proffers testimony about, discloses, or otherwise provides particular information, documents or things in this action pursuant to the Federal Rules of Civil Procedure, the Local Rules or this Court or an order of this Court. The provisions of this Stipulated Protective Order shall fully apply to Confidential Information and Highly Confidential Information provided by a Disclosing Entity.

"Designating Party" means the party or non-party that designates particular information, documents or things as Confidential Information or Highly Confidential Information.

"Protected Information" means any information that is designated as either Confidential Information or Highly Confidential Information pursuant to this Stipulated Protective Order.

"Outside Counsel" refers to the following law firms: Proskauer Rose, LLP, Kirkland & Ellis LLP, Sherin and Lodgen LLP and any other law firm that enters an appearance on behalf of any party in this action.

2.  **Use of Confidential and Highly Confidential Information:** Any information, documents, or things designated as Confidential Information or Highly Confidential Information by a Disclosing Entity shall be used by the Receiving Party(ies) solely for the litigation, including any negotiation or alternative dispute resolution, of this action.

3. Each document or thing provided to the Receiving Party(ies), or any portion thereof, each set of interrogatory answers or portion thereof, and each set of answers to a request for admission or portion thereof that discloses information deemed by the Disclosing Entity in good faith to be Confidential Information or Highly Confidential Information, as those terms are defined in paragraphs 5 and 6, shall be so identified at the time of service of such discovery by including on each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Copies or excerpts of pleadings, motions, trial briefs, summaries, notes, charts, or the like containing any information, document, or thing designated as Confidential Information or Highly Confidential Information shall also be treated accordingly.

4. Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30 that discloses information deemed by the Disclosing Entity in good faith to be Confidential Information or Highly Confidential Information, as those terms are defined in paragraphs 5 and 6, shall be so identified during the deposition or by notifying counsel of record in writing of the designation within fifteen (15) business days from receipt of the transcript. Until the fifteen (15) business day period has run, the deposition transcript shall be treated as Highly Confidential Information. Regardless of any confidentiality designation of portions of a deposition transcript, deposition exhibits will retain their original confidentiality designation unless modified under the terms of this Stipulated Protective Order. If the deponent or any party to this action designates a portion of the deposition as Confidential Information or Highly Confidential Information on the record during the deposition, the designating party shall have the right to have all persons not permitted access by this Stipulated Protective Order excluded from that portion of the deposition, before the taking of testimony which has been designated as Confidential Information or Highly Confidential Information.

5.  Any information, documents and things that relate to non-public, sensitive or confidential information, the uncontrolled disclosure of which would be detrimental to the Disclosing Entity in the conduct of its business, may be designated as Confidential. For example, any information, documents and things may be designated as Confidential if they relate to (i) research or development relating to currently available commercial products; (ii) production and manufacturing cost information; (iii) any other commercially sensitive business or technical information, documents or things. Information, documents and things identified as Confidential Information by a Disclosing Entity shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than the following:

    (a)    Outside Counsel for each party;

    (b)    Designated Representatives for each party: John H. Turner Jr., Associate Director, Technology Licensing Office, Massachusetts Institute of Technology, and Robert Hart, Chief IP Counsel for Harman;

    (c)    Any independent expert retained by a party who is not regularly employed by any party and whose advice and consultations are being or will be used by a party in connection with preparation for trial or trial of this action; provided, however, that such information shall not be disclosed to any independent expert until that person has executed a copy of the Undertaking (attached as Exhibit A) acknowledging that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its terms, and

(i)     The name and address, employer, a brief summary of the academic and work background of any such independent expert, and a fully executed copy of the Undertaking by the proposed expert, shall be furnished to and received by the attorneys for the Disclosing Entity which has designated the information, documents or things Confidential at least seven (7) business days before access to the Confidential Information is given to such expert; and

(ii)     If the Disclosing Entity receiving notification under paragraph 6(b)(ii), within seven (7) business days of notification, serves a written objection to such access and states the reasons therefore, and if the Parties cannot resolve the issue promptly, the party who objects may move the Court for an order prohibiting such independent expert from being given access to the Confidential Information. Provided that the Disclosing Entity has filed its motion to prohibit access within seven (7) business days of service of its written objections, no disclosure shall be made to the expert as long as the Court has not ruled on the dispute. If the Disclosing

           Entity has not filed its motion to prohibit access within seven (7) business days of service of its written objections, the objections shall be deemed to have been waived; and

(iii)    In the event there is no objection by the Disclosing Entity pursuant to paragraph 6(b)(iii), or if such objection has been resolved to the satisfaction of all Parties or by a Court order directing access of the expert, the Confidential Information may be disclosed to such expert(s); and

(iv)    Nothing in this protective order shall be construed as requiring either party to disclose the identity of any independent experts that party does not intend to call as an expert witnesses, provided however that such non-testifying experts shall not have access to the opposing party's Confidential Information, except after compliance with the terms and provisions of this paragraph.

(d)    Associates, stenographic, clerical and support staff of the persons defined in paragraphs 5(a) and 5(c) whose functions require them to have access to the Confidential Information;

(e)    Employees of third-party companies involved solely in one or more aspects of (i) organization, copying, copy filing, copy coding, converting, storing, or retrieving data, (ii)

designing simulations, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support, (iii) providing translation services or (iv) jury consultant services, provided that each company involved in one or more aspects under (ii) or (iv) above has agreed in writing before access to such Confidential Information is given, to be bound by the terms of this Stipulated Protective Order by signing a copy of the Undertaking; and

(f) Court officials (including court reporters and any special master or technical advisor appointed by the court) and court staff in connection with any court's administration and adjudication of this action.

Confidential Information disclosed shall be used only for the purpose of litigating this case and shall not be used by the Receiving Party(ies) for any business, financial or other purpose whatsoever. Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Entity from disclosing or using in any way its own Confidential Information.

The designation of any document as Confidential Information shall not preclude any party to this action from showing the document to any person or party who (a) appears as the author or as an addressee on the face of the document or (b) otherwise appears to have already seen the document.

6. The parties believe that certain Confidential Information, which may be designated as Highly Confidential Information, should not be disclosed to anyone other than those individuals listed in paragraphs 5(a), 5(c), 5(d), 5(e) and 5(f). Information, documents, and things may be designated as Highly Confidential Information if they satisfy one of categories (i)-(iii) of paragraph 5, and they comprise technical or financial information that is highly sensitive in nature such that, if disclosed to the opposing party, the information likely would substantially

compromise the business position of the party from whom the information was obtained. For example, any information, documents and things may be designated as Highly Confidential if they relate to (i) technical or financial trade secrets; (ii) research or development relating to not yet commercially available products; (iii) research or development which has never resulted in a commercial product; (iv) proposed research or development; or (v) customer list. Highly Confidential Information disclosed shall be disclosed only to individuals listed in paragraph 5(a), 5(c), 5(d), 5(e) and 5(f), and shall be used only for the purpose of litigating this case and shall not be used by the Receiving Party(ies) for any business, financial or other purpose whatsoever. Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Entity from disclosing or using in any way its own Highly Confidential Information.

The designation of any document as Highly Confidential Information shall not preclude any party to this action from showing the document to any person who (a) appears as the author or as an addressee on the face of the document or (b) otherwise appears to have already seen the document.

7.  To the extent that it is necessary to file any documents or things that have been designated Confidential Information or Highly Confidential Information or that disclose or reference any Confidential Information or Highly Confidential Information with the Court in connection with these proceedings, such documents or things shall be filed under seal in accordance with the local rules of the Court. In the event of a filing under seal, counsel for the filing party shall serve a version of the pleading on opposing counsel with the Confidential Information or Highly Confidential Information redacted therefrom, simultaneously with the filing of the pleading under seal, so that the pleading may be shared with opposing counsel's client.

8.      The recipient of information, documents or things identified as Confidential Information or Highly Confidential Information hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody use and/or dissemination of such information, documents or things. Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Outside Counsel must maintain copies of all executed Undertakings and make them available to a Disclosing Entity upon request.

9.      Inspection or receipt by a party of information, a document or thing identified as Confidential Information or Highly Confidential Information hereunder shall not constitute a concession by that party that the information, document or thing is deserving of confidentiality protection. Nor shall such designation of information, documents or things be construed as an admission that the information is relevant or material to any issues in this action.

10.     Subsequent to the inspection or receipt of information, documents or things identified as Confidential Information or Highly Confidential Information hereunder, any party or third party may request that the Designating Party redesignate such information, documents or things. Such request shall be by written notice to counsel for the Designating Party and shall particularly identify the information, documents or things and explain the basis for the redesignation request. If a dispute arises and it is not resolved within fourteen (14) business days of counsel for the Designating Party's receipt of the written notice, the Receiving Entity shall have ten (10) business days thereafter to file a motion with the Court to redesignate the Confidential Information or Highly Confidential Information. The Receiving Entity's failure to file a motion within the ten (10) business days shall waive the right to contest confidentiality.

Pending the Court's determination of any motion contesting a designation of Confidential Information or Highly Confidential Information, the information, documents or things shall remain as designated. In the resolution of such motion, the Designating Party shall have the obligation of showing a good faith basis for contending that the information, documents or things are in fact Confidential or Highly Confidential. However, the party challenging the designation of the information, documents or things shall have the burden of showing that the information, documents or things are not properly designated pursuant to this Stipulated Protective Order. It is not intended that Confidential and Highly Confidential designations will be used by the Designating Party to increase litigation costs or hamper litigation preparation by the Receiving Party.

11. Without resort to the procedure outlined in paragraph 10, any party (or any third party subject to this Stipulated Protective Order) who was not the Disclosing Entity of particular information, documents and things, may designate or change the designation of the information, documents or things (including any pleadings, portions of any deposition transcript, or other items subject to this Stipulated Protective Order) as Protected Information within 30 days of production or other disclosure by the Disclosing Entity, so long as (1) the information, documents or things at issue constitute information, documents or things of the person or party designating them as Protected Information and (2) there is a reasonable basis, pursuant to paragraphs 5 and 6 of this Stipulated Protective Order, to designate the information, documents or things as Protected Information. Any party challenging the designation of the information, documents or things shall have the burden of showing that the information, documents or things are not properly designated pursuant to this Stipulated Protective Order. Any party or third party may not reduce the level of protection of a document designated by another party or third party

without challenging the designation according to Paragraph 10 of this Stipulated Protective Order.

12. Nothing in this Stipulated Protective Order shall require disclosure of information, documents or things which the Disclosing Entity contends is protected from disclosure by the attorney-client privilege or the work-product immunity, or the disclosure of which would breach a court order or an express or implied agreement with a third party to maintain such information, documents or things in confidence. However, any party may move the Court for an order directing the disclosure of such information, documents or things so that the Court can resolve any such issue.

13. The inadvertent or unintentional disclosure by the Disclosing Entity of information, documents or things which it thereafter believes should have been designated as Confidential Information or Highly Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Entity's claim that the information is Confidential or Highly Confidential, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Disclosing Entity must notify the Receiving Party(ies) promptly upon discovery of the inadvertent or unintentional failure to designate and must provide written notice to the Receiving Party(ies) that the information, documents or things are Confidential Information or Highly Confidential Information and should be treated in accordance with the provisions of this Stipulated Protective Order. From the date such notice is received, the Receiving Party(ies) must treat such information, documents or things as Confidential Information or Highly Confidential

Information, as appropriate, unless it successfully moves for redesignation pursuant to paragraph 10.

Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made must be advised that the material disclosed is Confidential Information or Highly Confidential Information and should be treated thereafter in accordance with this Stipulated Protective Order. In complying with the provisions of this paragraph, the Receiving Party shall notify the Disclosing party that such unauthorized disclosure was made and that the provisions of this paragraph have been satisfied, however, the Receiving party is not required to disclose the identity of those persons to whom disclosure was made.

14.     In the event that a party to this action shall desire to provide access to information, documents or things identified as Confidential Information or Highly Confidential Information to any person or category of persons not authorized by paragraphs 5 and 6, Outside Counsel for such party shall provide written notice to counsel for the Disclosing Entity of its intent to make such disclosure, stating therein the specific information, documents and things to be disclosed at least seven (7) business days before any information is made available to such person(s). With the written notice shall be included a fully executed copy of the Undertaking (attached as Exhibit A) and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the Disclosing Entity to determine whether such disclosure might cause it injury. If the Disclosing Entity objects in writing within seven (7) business days of such notice, no disclosure shall be made to the person(s), and the party desiring to make such disclosure may move the Court for an order that such person(s) be

given access to the Confidential Information or Highly Confidential Information. If the motion is granted, such person(s) may have access to the information, provided that such person(s) have agreed in writing before such access is given to be bound by the terms of this Stipulated Protective Order, by signing a copy of the Undertaking, a fully executed copy of which will be provided to the Disclosing Entity before the Receiving Party(ies) transmits such information to such person(s).

15.     Upon final termination of this action, including all appeals, and upon written request by a Disclosing Entity, Outside Counsel for each party shall (i) assemble and return to the Disclosing Entity or (ii) destroy all information, documents and things produced by the Disclosing Entity designated as Confidential Information and Highly Confidential Information, along with all copies of such information, documents or things. Outside Counsel for the party so requested shall certify in writing that such return and/or destruction has been completed. Notwithstanding the foregoing, Outside Counsel for the Parties shall be entitled to retain all litigation documents including exhibits and their own memoranda containing Confidential Information and Highly Confidential Information, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the Disclosing Entity or an order of the Court, be disclosed to anyone other than such Outside Counsel. A Party to this action which has disclosed Confidential Information or Highly Confidential Information to the Parties or person(s) identified in paragraphs 5 and 6, and 14 is responsible for obtaining all documents or things containing such information from the Parties or person(s), and for disposing of those documents or things in the manner provided for in this paragraph.

16.     The restrictions set forth in the preceding paragraphs shall not apply to information, documents or things which (i) at or prior to disclosure thereof in this action, is or was a matter of public knowledge or was independently developed by the Receiving Party(ies), or (ii) after disclosure thereof, becomes public knowledge other than by act or omission of the Receiving Party(ies) or its agents, experts, and attorneys or (iii) is disclosed by the Disclosing Entity without restriction to a third party who is not subject to this Stipulated Protective Order. No party hereto shall be bound by this Stipulated Protective Order as to any information, documents or things which it possessed prior to signing this Stipulated Protective Order, unless such information, documents or things were obtained under circumstances requiring its treatment as confidential. It shall not be a violation of this Stipulated Protective Order for a Party to disclose or use information, documents and things that have not been designated as Protected Information pursuant to this Stipulated Protective Order.

17.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action, provided that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any information, document or thing identified as Confidential or Highly Confidential by a Disclosing Entity where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

18.     This Stipulated Protective Order shall be without prejudice to the right of any party to seek modification, by leave of Court.

19.     All notices required by this Stipulated Protective Order are to be served via facsimile or email with transmission completed no later than 6:00 P.M. Eastern Standard Time, and with a confirmation copy sent by first class mail or email, to the appropriate attorney(s) at

Proskauer Rose, LLP and Kirkland & Ellis LLP. Provided that facsimile or email transmission is completed no later than 6:00 P.M. Eastern Standard Time, the date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date that the facsimile or email was sent.

20.  This Stipulated Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings) and termination of proceedings shall not relieve any person or party from the obligations of this Stipulated Protective Order. The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this order, including by entering an order for injunctive relief.

Agreed to this _____ day of _____, 2005.

| | |
|---|---|
| Massachusetts Institute of Technology, | Harman International Industries, Inc. |
| *By its attorneys,* | *By its attorneys,* |
| /s/ Steven M. Bauer<br>Steven M. Bauer, BBO #542531<br>Kimberly A. Mottley, BBO #651190<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110<br>(617) 526-9600 | /s/ Robert J. Muldoon<br>Robert J. Muldoon, BBO # 359480<br>James W. Matthews, BBO # 560560<br>Edward S. Cheng, BBO#634063<br>SHERIN AND LODGEN LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 646-2000<br><br>William A. Streff Jr., P.C.<br>Michelle A. H. Francis<br>Jamal M. Edwards<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>(312) 861-2000 (phone) |

                                                   (312) 861-2200 (fax)  
                                                   *Of Counsel*

So Ordered:

_____[signature]_____  
Douglas P. Woodlock, United States District Judge

_____January 30, 2006_____  
Dated

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 05-10990 DPW

Massachusetts Institute of Technology v.

Harman International Industries, Incorporated

UNDERTAKING

State of _____

County of _____

I, _____, declare as follows:

1. My business address is _____.

2. My present employer and the address of my present employer (if different from above) are _____

_____.

3. My present occupation or job description is _____. My job title is _____.

A copy of my curriculum vitae or resume is attached hereto.

4. I have carefully read, and I understand, the provisions of the Stipulated Protective Order entered in this action, and I will comply with all provisions of the Stipulated Protective Order.

5.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for the purposes of this action, any Confidential Information or Highly Confidential Information that is disclosed to me, and will maintain such information in a safe and secure place.

6.      I will return all Confidential Information and Highly Confidential Information that comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained. However, I acknowledge that such return shall not relieve me from any of the continuing obligations imposed on me by the Stipulated Protective Order.

7.      I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Print Name

_____
Dated