UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>    Defendant. | Civil Action No.: 05-10990 DPW |

## MIT'S ANSWER TO HARMAN'S COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Massachusetts Institute of Technology ("MIT"), by and through its attorneys, hereby responds to the Counterclaims filed by Defendant and Counterclaim-Plaintiff Harman International Industries, Incorporated ("Harman").

The preamble to Harman's Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, MIT denies all such allegations.

NATURE OF THE ACTION

1.    MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1, and therefore denies those allegations.

2.    MIT admits that it alleges in this litigation that certain Harman navigation system products infringe U.S. Patent No. 5,177,685. MIT denies the remainder of the allegations contained in paragraph 2.

3.    MIT is without sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of paragraph 3, and therefore denies those allegations. The second sentence of paragraph 3 contains a request for relief to which no response is

necessary. To the extent a response is required, MIT denies the allegations contained in the second sentence of paragraph 3.

4.      Paragraph 4 contains Harman's legal contentions and requests for relief to which no response is necessary. To the extent a response is required, MIT denies all such allegations.

5.      Paragraph 5 contains requests for relief to which no response is necessary. To the extent a response is required, MIT denies all such allegations.

## JURISDICTION AND VENUE

6.      MIT admits that Harman purports to raise claims seeking a declaration of patent noninfringement and invalidity, arising under 28 U.S.C. § 2201 and 35 U.S.C. §§ 1 *et seq.* The remaining allegations of paragraph 6 are legal conclusions to which no response is necessary. To the extent a response is required, MIT denies all such allegations.

7.      Paragraph 7 contains legal conclusions to which no response is necessary. To the extent a response is required, MIT denies all such allegations.

8.      Paragraph 8 contains legal conclusions to which no response is necessary. To the extent a response is required, MIT denies all such allegations.

9.      Paragraph 9 contains legal conclusions to which no response is necessary. To the extent a response is required, MIT denies all such allegations.

## THE PARTIES

10.     MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10.

11.     MIT admits that it is an educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts, and has a location at 77 Massachusetts

Avenue, Cambridge, MA 02139-4307. MIT denies the remainder of the allegations in paragraph 11.

12.     MIT is without sufficient knowledge or information to either admit or deny Mr. Swartz's residence or location of his office as set forth in paragraph 12, and therefore denies those allegations. MIT denies any remaining allegations in paragraph 12.

## THE BUSINESS OF HARMAN

13.     MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 13, and therefore denies those allegations.

14.     MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 14, and therefore denies those allegations.

## MIT'S PATENT CLAIMS AGAINST HARMAN NAVIGATION SYSTEM PRODUCTS

15.     Denied.

16.     MIT admits that it filed this suit on May 12, 2005, alleging that certain Harman products infringe the '685 patent. MIT denies the remainder of the allegations in paragraph 16.

## HARMAN'S ALLEGED NEED FOR DECLARATORY RELIEF

17.     Denied.

18.     Paragraph 18 contains a legal conclusion to which no response is necessary. To the extent a response is required, MIT denies those allegations.

## COUNT I
## DECLARATION OF INVALIDITY

19.     MIT repeats and realleges the responses contained in paragraphs 1 through 18 as though fully set forth herein.

20.     Denied.

21.     Denied.

## COUNT II
## DECLARATION OF UNENFORCEABILITY

22. MIT repeats and realleges the responses contained in paragraphs 1 through 21 as though fully set forth herein.

23. Denied.

24. Denied.

## COUNT III
## DECLARATION OF NON-INFRINGEMENT

25. MIT repeats and realleges the responses contained in paragraphs 1 through 24 as though fully set forth herein.

26. Denied.

27. Denied.

## REQUEST FOR RELIEF

28. Paragraph 28 contains requests for relief to which no response is necessary. To the extent a response is required, MIT denies the allegations in paragraph 28.

## AFFIRMATIVE DEFENSES

MIT asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Harman:

### First Affirmative Defense

Harman's claims must fail because the Counterclaims, in whole or in part, fail to state a claim as to which relief may be granted.

### Second Affirmative Defense

Harman's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

**<u>Third Affirmative Defense</u>**

On information and belief, Harman's claims fail because the '685 patent is valid, enforceable, and has been and/or is being willfully infringed by Harman.

MIT may have additional defenses that it cannot presently articulate due to Harman's failure to particularize its claims. MIT therefore reserves the right to assert additional defenses upon further particularization of Harman's claims, upon examination of certain additional documents, upon discovery of further information concerning the alleged claims, and upon the development of other pertinent information.

MIT specifically reserves the right to amend its Answer to Harman's Counterclaims, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

WHEREFORE, MIT prays for judgment against Harman as follows:

(a) declaring that Harman has infringed the '685 patent;

(b) awarding MIT all relief available under the patent laws of the United States, including but not limited to monetary damages;

(c) awarding MIT its costs, reasonable attorney's fees and enhanced damages for Harman's willful infringement in accordance with 35 U.S.C. §§ 284-85; and

(d) granting MIT such other relief as the Court deems just and equitable.

Respectfully Submitted,

Massachusetts Institute of Technology
By its Attorneys,

/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
Kimberly A. Mottley (BBO# 651190)
John W. Pint (BBO# 660548)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
Phone: 617-526-9600
Fax:    617-526-9899

March 13, 2006

## CERTIFICATE OF SERVICE

I certify that on March 13, 2006, I caused a copy of the forgoing document to be served upon counsel of record for Harman International Industries by electronic means using the Court's ECF system.

/s/ Steven M. Bauer
Steven M. Bauer