UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) ) | NO. 05-10990-DPW |
| HARMON INTERNATIONAL INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the court on the motion of the plaintiff, Massachusetts Institute of Technology ("MIT"), to compel production of discovery and depositions from the defendant, Harmon International Industries, Inc. ("Harman"). (Docket No. 45). During a hearing before the court on March 14, 2006, this court issued rulings from the bench ALLOWING IN PART and DENYING IN PART the motion, and instructed the parties to submit a joint proposed order reflecting the rulings made by the court. After reviewing the parties' submission, the court hereby ORDERS that the proposed order agreed upon by the parties is adopted as follows:

(a)   On or before March 28, 2006, Harman will identify for MIT the computer servers located in Germany searched by Harman for document production in this case, and identify for MIT the relevant individuals (i.e., those identified in Harman's various initial

disclosures and interrogatory answers) and departments with access to those computer servers.

(b) On or before March 28, 2006, Harman will interview Mr. Jeske and Dr. Wietzke, and will identify for MIT by Bates number or otherwise any documents which Mr. Jeske and Dr. Wietzke recall producing in this litigation, whether by hard copy or by their electronic transfer of files to the computer files set up by Harman or its counsel for document collection. On or before April 4, 2006, Harman will provide the same information for Mr. Hanika-Heidl.

(c) On or before March 20, 2006, Harman will file a Motion for Protective Order concerning any documents Harman claims it is entitled to withhold from production on the basis of German privacy laws; MIT's response will be due on March 27, 2006. Harman shall produce any other responsive and discoverable documents from its German locations at least 5 business days prior to the depositions that are currently contemplated to begin the week of April 24, 2006, including those relating to the products recently identified in Harman's Second Supplemental Response to MIT's Interrogatory No. 1 from MIT's First Set of Interrogatories (No. 1-11). On or before March 28, 2006, Harman will produce all such documents located in the United States.

(e) On or before March 28, 2006, Harman will produce to MIT readable (either in print or electronic copy) versions of all "Exception Files" that can be opened by Harman, and represent to MIT in writing that any "Exception Files" not included in that production cannot be opened by Harman or otherwise produced.

(f) Harman will produce for deposition Messrs. Naife and Montealegre on April 6 and 7, 2006, respectively, in Chicago, Illinois. Counsel for both parties agree to hold open April 5 for Mr. Hart's deposition in Chicago, in the event that his scheduled conflicts clear and he is able to attend his deposition on April 5. If Harman represents that Mr. Hart is not available for deposition in Chicago on April 5 due to prior conflicts, Harman will produce Mr. Hart for deposition in Boston on April 17, 2006. Harman will take the deposition of Mr. Call on April 20, 2006, in Boston.

(g) Harman has already identified which documents were previously produced in this litigation from the files of Mr. Naife and Mr. Hart. In the event that any further documents are produced in the future from the files of Mr. Naife, Mr. Hart, or Mr. Montealegre (from whom documents have not yet been produced), Harman will identify the sources of those documents. Harman's counsel will interview Messrs. Eelman and Radomski, to attempt to determine the documents they turned over that were produced in this case.

(h) Harman will make available for deposition Messrs. Hanika-Heidl, Jeske, and Wietzke on April 25-27, 2006, respectively, at its counsel's offices in Germany. The parties agree that as a matter of convenience and courtesy for Harman's witnesses, the depositions will move forward on those dates and be treated as if taken during fact discovery, despite the April 21, 2006 close of fact discovery.

(i) In the event that MIT learns information during the depositions of Mr. Hart (if taken the week of April 17) or Harman's German witnesses the week of April 24, which

may warrant further discovery by MIT, Harman will work with MIT to negotiate a reasonable extension of the fact discovery deadline to address those issues.

(j) In response to a reasonable number of specific requests by MIT about particular documents, Harman's counsel will make reasonable efforts to identify the source of the documents. Provided that MIT's requests provide notice a reasonable amount of time prior to a deposition, then Harman will make reasonable efforts to provide such identification a reasonable amount of time prior to the depositions.

      / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: March 20, 2006