# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-10990-DPW

Magistrate Judge Judith G. Dein

## **DEFENDANT HARMAN'S MOTION FOR PROTECTIVE ORDER**

Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Edward S. Cheng, BBO# 634063
Courtney A. Clark, BBO# 651381
**SHERIN AND LODGEN, LLP**
101 Federal Street
Boston, MA 02110

William A. Streff Jr., P.C.
Michelle A.H. Francis
Craig D. Leavell
Ann H. Chen
**KIRKLAND & ELLIS LLP**
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Defendant*

March 22, 2006

Harman has produced over 100,000 pages of documents, including nearly 8,000 pages from its German offices. Specifically, Harman produced documents collected from its German offices (i) on October 12, 2005 in its initial document production to MIT (a CD containing files HAR 1-HAR 437 and reproduced at HAR 060268-HAR 67640), (ii) on March 10, 2006 following MIT's February 2, 2006 Amended Complaint (HAR 095205-HAR 095572), and (iii) on March 19, 2006 (HAR 100862-HAR 100927). From its many U.S. and German offices, Harman has produced (or has collected and is in the process of producing) *inter alia* business, technical, marketing, and financial documents as well as documents sufficient to identify Harman's customers for each product MIT has accused of infringement. Harman is not withholding any documents from its German offices. Rather, Harman has not—because it cannot without violating the Bundesdatenschutzgesetz ("BDSG"), also known as the German Federal Data Protection Act—collected and reviewed the *electronic correspondence*, which is not in Harman's custody, of its approximately 3,454 German employees engaged in the field of vehicle navigation and/or infotainment systems.

Yet, MIT represented to this Court that Harman "is currently withholding all of its German entities' employees' files, including email," Reply to Motion to Compel at 5 (Docket Entry 53), and broadly requested that this Court order Harman to produce "any correspondence files from [Harman's] German office," Motion to Compel at 4 (Docket Entry 45). MIT has not identified a single type of non-duplicative, responsive document that it believes Harman has not produced from its German offices. Nor has MIT offered any reasonable explanation as to how searching the electronic correspondence files of more than 3,000 German employees is "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. Pro. 26(b)(1). MIT, perhaps revealing its true motive, instead demands an extremely expensive,

overly burdensome, and highly disruptive fishing expedition through Harman's German employees' files.

To be sure, Harman offered to follow the procedures outlined in the BDSG and request voluntary production of relevant and responsive electronic correspondence from the fourteen German individuals that Harman previously identified as persons likely to have discoverable information.[1]  *See* Ex. A, A. Chen March 20, 2006 email to K. Mottley.  MIT responded that it prefers, instead, "seeing [Harman's] motion for protective order."  *See* Ex. B, K. Mottley March 21, 2006 Letter to A. Chen.  Accordingly, under Rule 26(c) of the Federal Rules of Civil Procedure and for the reasons set forth below, Harman respectfully requests an order protecting it from MIT's motion to compel "any correspondence files from [Harman's] German offices."

## ARGUMENT

Entitled only to information that "appears reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. Proc. 26(b)(1), MIT has made no showing that "any correspondence files from [Harman's] German office" meet that standard.  *See* Motion to Compel at 4 (Docket Entry 45).  On its face, MIT's request is unreasonably duplicative and obtainable from some other source that is more convenient, less burdensome, or less expensive than requiring Harman to implement costly, disruptive procedures to avoid violating German law.  *See* Fed. R. Civ. Pro. 26(b)(2); *see also* BDSG §§ 4(1), 35(5).  The harm to Harman undoubtedly outweighs the relevance of and the necessity for the information by MIT.  *Multi-Core, Inc. v. S. Water Treatment Co.*, 139 F.R.D. 262, 264 (D. Mass. 1991) (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2043 (1970)); *Apel v. Murphy*, 70 F.R.D. 651,

---

[1]  Harman, in fact, has obtained permission from four of the fourteen individuals likely to have discoverable information and is preparing to produce their scant relevant and responsive electronic correspondence.

655 (D. R.I.. 1976) (granting protective order where plaintiffs failed to make a sufficient showing of relevancy of discovery sought).  Harman therefore seeks the protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure:  "Upon motion by a party . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had. . . ."  Fed. R. Civ. P. 26(c); *see also Gill v. Gulfstream Park Racing Assoc., Inc.*, 399 F.3d 391, 402 (1ˢᵗ Cir. 2005) (citing *United States v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1990)) (requiring that district court must conduct a burden v. benefit analysis and balance considerations of the public interest, the need for confidentiality, and privacy interests).

### A.     Harman's Costly and Disruptive Compliance With The German BDSG Far Outweighs Any Relevance Of Or Necessity For The Information By MIT.

Harman has produced and will continue to produce identified responsive documents in its custody that originate from its German offices.  Absent expensive, disruptive and burdensome procedures, Harman cannot collect and review the electronic correspondence files of its German employees without violating the BDSG, which protects those individuals from invasions of privacy implicit in the handling of their personal data by third parties.  *See* Ex. C, English translation of Bundesdatenschutzgesetz at §1(1), BGB1, I, 2954 (2003) (FRG).  The BDSG specifically addresses procedures that a private entity must follow when seeking to collect and review documents potentially containing personal information.  *See* BDSG § (4)(2) ("The collection processing and use of personal data shall be admissible only if permitted or presented

3

by this act.").[2]  Employees' electronic correspondence pose a particularly sensitive issue and require particular consideration under the BDSG because, unlike an employee's work files, email correspondence often contains personal information.

To produce relevant and responsive non-personal correspondence, Harman must collect and segregate such correspondence from correspondence containing personal information.  This issue is complicated by the fact that Harman has no formal policy in place for collecting and segregating personal from non-personal electronic correspondence.[3]  *See* Declaration of Dr. Frank Groth at ¶ 5 (Ex. D).  Because it has no formal policy for document collection, Harman must follow the procedures under the BDSG for the proper collection and review of employees' correspondence.  *See generally* BDSG § 4 ("Admissibility of data collection, processing and use.").

Sections 4(3) and 4(a) of the BDSG set forth the procedures for the collection and review of employee files that potentially contain personal information.  Specifically, where files potentially containing personal data are to be collected from the employee, the BDSG requires the employee to be informed of "the purposes of collection, processing or use" as well as the fact that, in this case, certain of the documents will then likely be transferred to third parties (i.e. counsel and MIT).  *See* BDSG § 4(3).[4]  Furthermore, an employee must provide consent *in*

---

[2]  Under BDSG § 3(1), "personal data" means any information concerning the personal or material circumstances of an identified or identifiable individual (the data subject).

[3]  Such a policy storing and collecting documents would require registration of such procedures with the Federal Commissioner for Data Protection under the Act for Harman to collect and maintain such data for its own use. BDSG § 4d.

[4]  Section 4(3) reads, in pertinent part: "If personal data are collected from the data subject, the controller is to inform him as to 1. the identity of the controller, 2. the purposes of collection, processing or use and 3. the categories of recipients only in so far as the circumstances of the individual case provide no grounds for the data subject to assume that data will be transferred to such recipients ..."

*writing before* his or her files potentially containing personal data may be collected. *See* BDSG § 4(a).[5]  Without the informed permission of the employees in question, the mere act of collecting and reviewing employee files to identify non-personal, responsive correspondence is a violation of the BDSG. *See* BDSG § 43(2)(1).

Thus, to produce the correspondence of *all* of its German entities' employees, as MIT requests, Harman (at a minimum) must obtain the permission of each of its 3,000+ Germany employees who are engaged in the field of vehicle navigation and/or infotainment systems. *See generally* BDSG § 4; *see also* Ex. D. (Groth Decl.) at ¶¶ 3, 10.  Obtaining that informed consent requires Harman to: (1)(a) approach each employee individually and request copies of his or her correspondence, (1)(b) request permission for Harman's attorneys to review such correspondence, and (1)(c) request permission for Harman's attorneys to produce the correspondence to MIT; (2) stipulate in writing with the employee explicitly what the electronic correspondence would be used for; and (3) involve its third party Data Protection Official to oversee the process to ensure compliance with the BDSG. *See* Ex. D (Groth Decl.) at ¶ 10. Harman's European Counsel believes that this effort, which is foreign to its Germany employees, will be viewed as intrusive and would disrupt Harman's operations in Germany. *See id.* at ¶ 14. Furthermore, with certain Germany employees, Harman would be required to reach an agreement with the Works Council, which represents Harman's unionized employees, for the collection, review, and production of electronic communications. *See id.* at ¶ 11.

---

[5]    Section 4(a) reads, in pertinent part: "Consent shall be effective only when based on the data subject's free decision.  He shall be informed of the purpose of collection, processing or use … Consent shall be given in writing unless special circumstances warrant any other form…"

If any employee objects to the collection and review of their correspondence by Harman for this litigation, Harman may not collect the correspondence pending a mandatory examination under § 35(5). Nor, under the BDSG, may Harman proceed to collect and review such employees' correspondence on its own without the employee's informed consent. *See* BDSG § 4(1) ("The collection, processing and use of personal data shall be admissible only if permitted or prescribed by this Act. . . or if the data subject has consented.").

**1.    MIT Must Show that the Restatement (Third) of Foreign Relations Law § 442 Favors U.S. Discovery Rules Over the BDSG**

If this Court compels Harman to collect, review, and produce employee correspondence over the employees' objection and without examination under the Act, Harman would be forced to violate the BDSG. *See* BDSG § 35(5). In that case, a conflict would exist between Harman's obligations under U.S. discovery rules and Germany privacy laws. *Cf. Volkswagen*, 909 S.W.2d at 902 (finding a conflict of laws between Texas discovery rules and the BDSG). Where such a conflict of laws exists, United States courts have weighed the factors set forth in the Restatement (Third) of Foreign Relations Law § 442 (1987) to determine whether a United States court should order production of information located in a foreign country. *See Societe Nationale Industrielle Aeropostale v. United States*, 482 U.S. 522, 544 n.28 (1987) (adopting the analysis provided by the Restatement in determining the scope of the district court's power to order foreign discovery); *In re Baycol Prods. Litig.*, MDL No. 1432 (MJD/JGL), 2003 WL 220223449, at *6 (D. Minn. March 21, 2003) (applying factors set forth in § 442); *Volkswagen*, 909 S.W. 2d at 902 (same).

Specifically, when deciding whether to order the production of information located abroad, U.S. courts have taken into account the following factors:

(b)    the importance to the investigation or litigation of the documents or other information requested;

6

(c)    the degree of specificity of the request;

(d)    whether the information originated in the United States;

(e)    the availability of alternative means of securing the information; and

(f)    the extent to which noncompliance with the request would undermine important interests of the United States, or compliance would undermine important interest of the state where the information is located."

*See In re Baycol*, 2003 WL 220223449, at *6 (citing *Aeropostale*, 482 U.S. at 544 n.28); *Volkswagen*, 909 S.W. 2d at 902.

MIT has not even attempted to meet its burden of proving that the Restatement factors weigh in its favor. First, MIT does not contest that the correspondence it seeks originates in Germany and not the United States. MIT has not demonstrated the relevance of requesting *all* electronic correspondence relating to *all* navigation system products and services from each of the more than 3,000 Harman German employees who work in the field of vehicle navigation or infotainment systems. In addition, as discussed below, MIT's document requests in this regard are not "specific," but, rather, are overly broad and unduly burdensome, and Harman has objected to these requests on such basis as early as September 6, 2005.

Furthermore, alternative documents and sources of information are available to MIT for the information it seeks. *See In re Baycol*, 2003 WL 220223449, at *6 (finding plaintiffs had not shown that the information sought could not be otherwise obtained by other means and thereby denying plaintiffs' motion to compel); *Volkswagen*, 909 S.W. 2d at 903 (finding that the parties have alternative means to obtain relevant information sought and thereby protecting German party from discovery). For example, responsive and relevant email communication originating from Harman's Germany offices to Harman's U.S. offices have been produced from Harman's

U.S. employees[6] (e.g., HAR 071389-HAR 071390, HAR 071391-HAR 071392, HAR 076846, HAR 076921, HAR 077057-HAR 077059, and HAR 077117). Other information, such as product specifications, PowerPoint presentations made to Harman's customers, financial projections, and sales figures have also been produced in response to MIT's document requests concerning the manufacture, marketing, sales, promotion, future plans and projections, communications with customers, actual customers, and actual prices of its relevant vehicle navigation products. *See* Ex. E, Document Requests 8, 10-14. In addition, MIT has noticed and is scheduled to depose a number of Harman's Germany employees: Stefan Hanika-Heidl, Guido Jeske, and Joaqim Wietzke during the week of April 25-27, 2006. *See* March 20, 2006 Order at 2 (Docket Entry 56); *see also In re Baycol*, 2003 WL 220223449, at *6 (finding that plaintiffs could otherwise obtain the information sought by questioning employees in depositions and denying motion to compel).

Finally, because Harman cannot collect, review and segregate its Germany employees' emails under the BDSG without the employee's consent, Germany's interests in "protect[ing] the individual against his right to privacy being impaired through the handling of his personal data" would be undermined if Harman were ordered to comply with MIT's broad document requests. *See* BDSG § 1(1). Namely, were Harman ordered to produce *all* correspondence regardless of whether it has obtained the informed consent of its Germany employees, this conduct would be a violation of German privacy law as codified under the BDSG. *See* BDSG § 35(5). This reflects the view that employees' emails in Europe, including in Germany, are "vigorously protected in a way that is not the case in America." *See* James Q. Whitman, The Two Western Cultures of

---

[6] These Harman U.S. employees include Paul Naife, Michael Radomski, David Eelman, and Steve Montealegre.

Privacy: Dignity Versus Liberty, 133 Yale L.J. 1151, 1194 (2004) (comparing the privacy protections between the United States and Western Europe). Harman's German employees are unfamiliar with the U.S.'s discovery process, *see* Ex. D (Groth Decl.) at ¶ 12, and approaching these employees with a request to review their files and email correspondence would be considered highly intrusive. *See id.* at ¶ 14.

### 2.    The BDSG's Exception for Transfer Does Not Apply Because Harman Has No Pre-Existing Policy for Data Collection

MIT argues that the exception set forth in Section 28(3) of the Act permits Harman to transfer or use collected data, such as employee emails, "in so far as it is necessary to protect the justified interests of a third party...." *See* Reply to Motion to Compel at 5. Section 28(3), however, merely provides exceptions for the "transfer or use" of employee data that has *already been collected* pursuant to the BDSG and does not apply to the collection of the data itself. *See* BDSG § 28(3). Moreover, Section 28(3) falls under Part III of the BDSG, which applies where "personal data are processed of used by means of data processing systems, or collected for such purposes." *See* BDSG § 27(1). Because Harman does not, as a formal policy, process, collect, segregate or maintain the electronic correspondence of its employees, Section 28(3) does not apply.

In short, under the BDSG, Harman cannot without the informed consent of its employees collect or review the employees' electronic correspondence either to segregate personal correspondence or to identify responsive information, as it could in the course of American litigation. *See* Ex. D (Groth Decl.) at ¶ 5. Instead, if Harman must undertake this substantial and burdensome task, it must be done in compliance with the provisions of the Act. *See generally* BDSG at § 4; *see also Volkswagen, A.G. v. Valdez*, 909 S.W.2d 900, 901-02 (Tex. 1995) (noting

that the BDSG prohibits the dissemination of private information without the consent of the individuals).

**B.    Even Absent The BDSG, Production of Correspondence Pursuant to MIT's Document Requests Is Overly Broad and Unduly Burdensome**

The broad range of documents and information sought by MIT further complicates the unprecedented collection and review of electronic correspondence of the 3,000+ employees working within Harman's Germany offices in the field of vehicle navigation or infotainment systems. *See* Ex. D (Groth Decl.) at ¶ 3. Despite MIT's representation that its requests are "specific, as set forth in detail in its discovery requests," *see* MIT's Reply at 5, MIT has requested broad discovery regarding *all* of Harman's automobile navigation system products and services, including those that it has not accused in this action. *See* Ex. E, MIT's First Request for Documents and Things.

Specifically, MIT seeks, among other things:

- "*[a]ll documents* and things concerning the design, development, manufacture, marketing, sale or offer for sale of *any* automobile navigation system produced or services used, manufactured or sold by Harman…" *See* Ex. E, Document Request No. 8 (emphasis added).

- "*[a]ll documents* concerning any plans, commitments, projections or reports relating to Harman's future production capacity for *any* automobile navigation system products or services." *See* Ex. E, Document Request No. 10 (emphasis added).

- "*[a]ll documents* concerning *any plans, commitments, projections or reports* relating to Harman's future production capacity for *any* automobile navigation system products or services.*" See* Ex. E, Document Request No. 11 (emphasis added).

- "*[a]ll documents* concerning the promotion, advertisement, demonstration, marketing and sale of *any* automobile navigation system products or services used, manufactured or sold by Harman …" *See* Ex. E, Document Request No. 12 (emphasis added).

- *[a]ll documents* concerning *any* communication with, or relating to, *any* agent, dealer, wholesaler, distributor, customer, or potential customer of

10

> *any* automobile navigation system products or services ... or any other person ...*"* *See* Ex. E, Document Request No. 13 (emphasis added).

- *[a]ll documents* sufficient to identify *all* prospective, existing and past customers of *any* automobile navigation system products or services ... " *See* Ex. E, document request No. 14 (emphasis added).

- *[a]ll documents* comprising pricing, price quotes, price lists, price announcements, actual prices, or projected prices, paid by, or expected to be paid by, customers for *any* automobile navigation products or services.*"* *See* Ex. E, Document Request No. 15 (emphasis added).

In these requests, MIT instructs Harman that "each word, term or phrase in this request for documents and things is intended to have the *broadest meaning* permitted under the Federal Rules of Civil Procedure." *See* Ex. E at 2 (emphasis added). By definition, MIT includes electronic correspondence in *each request for documents* and *in each request concerning communications.* *See* Ex. E at 3 (emphasis added).

Harman timely objected to each of these requests, specifically as "overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations under Rule 11." *See* Ex. F, Harman's Responses to MIT's Request for the Production of Documents and Things at 7-11 (September 6, 2006). Harman also generally objected to all requests concerning "automobile navigation system product[s] or service[s] as "overly broad, unduly burdensome, and counter to MIT's obligations under Rule 11." *See id.* at 3. Harman further objected to MIT's documents requests because they include "products or services that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States." *See id.* at 7-11.

MIT has not narrowed its requests to information relevant to this litigation, nor has MIT narrowed its requests with respect to any relevant or responsive correspondence originating from Germany. Accordingly, the burden and expense of MIT's requested discovery is prohibitive and greatly outweighs any benefit that could be obtained therein. The effort, such as here, to obtain

11

the informed consent of 3,000+ employees, subsequently collect the electronic correspondence from those employees where no central data collection policy exists, segregate personal correspondence from non-personal correspondence, and then identify documents responsive to MIT's broad requests concerning *all* of Harman's automobile navigation system products and services is unprecedented within Harman's Germany operations. *See* Ex. D (Groth Decl.) at ¶ 13. Harman's European Counsel, Dr. Frank Groth, confirms that such efforts would be extremely difficult, time-consuming, expensive, and intrusive to its operations, particularly where Harman's Germany employees are unfamiliar with American discovery procedures. *See id.* at ¶¶ 13-14.

## CONCLUSION

For these reasons, Harman respectfully requests an order protecting it from MIT's motion to compel all correspondence files from the 3,454 employees in its German offices working in the field of vehicle navigation and infotainment systems. Should Harman be required to produce, as requested in MIT's motion to compel, all correspondence of Harman's Germany employees, MIT—and not Harman—should bear the costs associated with this expensive and overly burdensome production: "[I]f the discovery requests threaten to impose 'undue burden or expense' upon a respondent, the district courts are specifically empowered to enter protective orders conditioning the request or requiring the requesting party to pay the expenses of production." *In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 507 (1st Cir. 1982) (citations omitted) (finding courts have required the requesting party to pay expenses of production where the demands for production of documents impose identifiable expenses and burdens on the producing party).

Dated: March 22, 2006                   Respectfully submitted,


                                         /s/ Michelle A.H. Francis
                                        Robert J. Muldoon, Jr., BBO# 359480
                                        James W. Matthews, BBO# 560560
                                        Edward S. Cheng, BBO# 634063
                                        Courtney A. Clark, BBO# 651381
                                        **SHERIN AND LODGEN, LLP**
                                        101 Federal Street
                                        Boston, MA  02110

                                        William A. Streff Jr., P.C.
                                        Michelle A.H. Francis
                                        Craig D. Leavell
                                        Ann H. Chen
                                        **KIRKLAND & ELLIS LLP**
                                        200 E. Randolph Dr.
                                        Chicago, IL  60601
                                        (312) 861-2000 (phone)
                                        (312) 861-2200 (fax)

                                        *Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2) AND 37.1</u>

I, Ann H. Chen, counsel for Defendant Harman International Industries, Incorporated, hereby certify that I have attempted to confer with opposing counsel in an effort to narrow or resolve the discovery issues that are the subject of this Motion, but we were unable to come to an agreement.   Therefore, we file this foregoing Motion for Protective Order, as ordered by the Court in its March 20, 2006 Order.


/s/ Ann H. Chen
Ann H. Chen

## CERTIFICATE OF SERVICE

I, Ann H. Chen, hereby certify that a copy of the foregoing DEFENDANT HARMAN'S

MOTION FOR PROTECTIVE ORDER was sent by electronic-mail this 22nd day of March,

2006, addressed to counsel for MIT as follows:

> Steven M Bauer
> Kimberly A. Mottley
> Proskauer Rose LLP
> One International Place, 14th Floor
> Boston, MA  02110-2600
> Email:  sbauer@proskauer.com
>            kmottley@proskauer.com
>
> *Counsel for Plaintiff MIT*

> ___/s/ Ann H. Chen_____
> One of the Attorneys for Harman

# EXHIBIT A

Ann
Chen/Chicago/Kirkland-Ellis
03/20/2006 06:31 PM

To  kmottley@proskauer.com

cc  MIT_Harman@proskauer.com, Harman-MIT

bcc

Subject  MIT v. Harman - Germany correspondence

Kim,

As discussed earlier today, Harman intends to work with MIT to identify a procedure for obtaining discovery sought by MIT from Harman's Germany employees without violating the BDSG.

In an effort to resolve this issue without court involvement and in the spirit of cooperation, we propose the following:

Harman will meet with the Germany employees identified in Harman's Initial Disclosures and Craig Leavell's email to you on March 17, 2006. Harman will request that the employees review their files and voluntarily produce relevant and responsive non-personal correspondence. As such, Harman must inform these employees of the nature of the proceedings, the parties to whom documents will likely be transferred, and the purposes for which the documents will be used. As you know, Harman cannot collect or review an employee's correspondence unless it has the informed consent of the employee. To the extent that an employee refuses to produce any such documents, the BDSG prohibits Harman from producing those documents without the employee's permission.

As I understand, MIT would also like Harman to agree that this proposal applies to the employees' own files. I will let you know about this issue after we have conferred with Harman.

Sincerely,
Ann


Ann H. Chen
Kirkland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL 60601
Tel: (312) 861-6352
Fax: (312) 665-9059
email: achen@kirkland.com

# EXHIBIT B

# PROSKAUER ROSE LLP

One International Place
22nd Floor
Boston, MA 02110
Telephone 617-526-9600
Fax 617-526-9899

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Kimberly A. Mottley
Direct Dial: 617-526-9616
Email: kmottley@proskauer.com

March 21, 2006

*Via Electronic Mail*

Ann H. Chen, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re:  <u>MIT v. Harman International Industries, Inc.</u>, No. 05-10990 DPW (D. Mass.)

Dear Ann:

I write in response to your March 20, 2006 email concerning Harman's production of documents from its German employees' files, and our conversation on that issue of the same date. I've spoken with co-counsel, and our German counsel, and am ready to discuss this issue with you further.

Harman's offer to meet with the witnesses it has identified as having discoverable information, and request that those witnesses turn over any responsive documents, is something that should have been done seven months ago, with or without an agreement from MIT. Indeed, MIT would expect Harman to take such steps even if it files a motion for protective order. Our German counsel assure us that the documents MIT has requested in this litigation, including emails, are not the type of data protected by the BDSG, and thus, Harman's refusal to produce documents on that basis is an issue which must be briefed for the Court.

MIT is always willing to try to negotiate agreements to avoid the need for Court involvement. However, in this instance, where the law is clearly inapplicable, and Harman failed to request these documents from its German employees in a timely manner back when discovery began, no agreement short of prompt and full compliance with Harman's discovery obligations is acceptable to MIT.

We look forward to seeing your motion for protective order tomorrow, and will respond on Wednesday, March 29, 2006, as per our agreement.

Sincerely,

Kimberly A. Mottley

# EXHIBIT C

| | |
|---|---|
| **Bundesdatenschutzgesetz (BDSG)** | **Federal Data Protection Act** |
| Stand: 1. Januar 2003 | as of 1 January 2003 |

*Dieses Gesetz dient der Umsetzung der Richtlinie 95/46/EG des Europäischen Parlaments und des Rates vom 24. Oktober 1995 zum Schutz natürlicher Personen bei der Verarbeitung personenbezogener Daten und zum freien Datenverkehr (ABl. EG Nr. L 281, S. 31 ff.).*

*This Act serves to implement directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data (OJ EC no. L 281, p. 31 ff.).*

## Inhaltsübersicht / Contents

### Erster Abschnitt — Allgemeine und gemeinsame Bestimmungen
### Part I — General and common provisions

| | German | | English |
|---|---|---|---|
| § 1 | Zweck und Anwendungsbereich des Gesetzes | Section 1 | Purpose and scope |
| § 2 | Öffentliche und nicht-öffentliche Stellen | Section 2 | Public and private bodies |
| § 3 | Weitere Begriffsbestimmungen | Section 3 | Further definitions |
| § 3a | Datenvermeidung und Datensparsamkeit | Section 3a | Data reduction and data economy |
| § 4 | Zulässigkeit der Datenerhebung, -verarbeitung und -nutzung | Section 4 | Admissibility of data collection, processing and use |
| § 4a | Einwilligung | Section 4a | Consent |
| § 4b | Übermittlung personenbezogener Daten ins Ausland sowie an über- und zwischenstaatliche Stellen | Section 4b | Transfer of personal data abroad and to supranational or international bodies |
| § 4c | Ausnahmen | Section 4c | Exceptions |
| § 4d | Meldepflicht | Section 4d | Obligatory registration |
| § 4e | Inhalt der Meldepflicht | Section 4e | Contents of the obligatory registration |
| § 4f | Beauftragter für den Datenschutz | Section 4f | Data protection official |
| § 4g | Aufgaben des Beauftragten für den Datenschutz | Section 4g | Duties of the data protection official |
| § 5 | Datengeheimnis | Section 5 | Confidentiality |
| § 6 | Unabdingbare Rechte des Betroffenen | Section 6 | Inalienable rights of the data subject |
| § 6a | Automatisierte Einzelentscheidung | Section 6a | Automated individual decision |
| § 6b | Beobachtung öffentlich zugänglicher Räume mit optisch-elektronischen Einrichtungen | Section 6b | Monitoring of publicly accessible areas with optic-electronic devices |
| § 6c | Mobile personenbezogene Speicher- und Verarbeitungsmedien | Section 6c | Mobile storage and processing media for personal data |
| § 7 | Schadensersatz | Section 7 | Compensation |
| § 8 | Schadensersatz bei automatisierter Datenverarbeitung durch öffentliche Stellen | Section 8 | Compensation in case of automated data processing by public bodies |
| § 9 | Technische und organisatorische Maßnahmen | Section 9 | Technical and organisational measures |
| § 9a | Datenschutzaudit | Section 9a | Data protection audit |
| § 10 | Einrichtung automatisierter Abrufverfahren | Section 10 | Establishment of automated retrieval procedures |
| § 11 | Erhebung, Verarbeitung oder Nutzung personenbezogener Daten im Auftrag | Section 11 | Commissioned collection, processing or use of personal data |

**Zweiter Abschnitt**
**Datenverarbeitung der öffentlichen Stellen**

**Part II**
**Data processing by public bodies**

**Erster Unterabschnitt**
**Rechtsgrundlagen der Datenverarbeitung**

**Chapter I**
**Legal basis for data processing**

§ 12  Anwendungsbereich — Section 12  Scope

§ 13  Datenerhebung — Section 13  Collection of data

§ 14  Datenspeicherung, -veränderung und -nutzung — Section 14  Storage, modification and use of data

§ 15  Datenübermittlung an öffentliche Stellen — Section 15  Transfer of data to public bodies

§ 16  Datenübermittlung an nicht-öffentliche Stellen — Section 16  Transfer of data to private bodies

§ 17  *weggefallen* — Section 17  *deleted*

§ 18  Durchführung des Datenschutzes in der Bundesverwaltung — Section 18  Implementation of data protection in the federal administration

**Zweiter Unterabschnitt**
**Rechte des Betroffenen**

**Chapter II**
**Rights of the data subject**

§ 19  Auskunft an den Betroffenen — Section 19  Provision of information to the data subject

§ 19a  Benachrichtigung — Section 19a  Notification

§ 20  Berichtigung, Löschung und Sperrung von Daten; Widerspruchsrecht — Section 20  Correction, erasure and blocking of data; right of objection

§ 21  Anrufung des Bundesbeauftragten für den Datenschutz — Section 21  Appeals to the Federal Commissioner for Data Protection

**Dritter Unterabschnitt**
**Bundesbeauftragter für den Datenschutz**

**Chapter III**
**Federal Commissioner for Data Protection**

§ 22  Wahl des Bundesbeauftragten für den Datenschutz — Section 22  Election of the Federal Commissioner for Data Protection

§ 23  Rechtsstellung des Bundesbeauftragten für den Datenschutz — Section 23  Legal status of the Federal Commissioner for Data Protection

§ 24  Kontrolle durch den Bundesbeauftragten für den Datenschutz — Section 24  Monitoring by the Federal Commissioner for Data Protection

§ 25  Beanstandungen durch den Bundesbeauftragten für den Datenschutz — Section 25  Complaints lodged by the Federal Commissioner for Data Protection

§ 26  Weitere Aufgaben des Bundesbeauftragten für den Datenschutz — Section 26  Further duties of the Federal Commissioner for Data Protection

**Dritter Abschnitt**
**Datenverarbeitung nicht-öffentlicher Stellen und öffentlich-rechtlicher Wettbewerbsunternehmen**

**Part III**
**Data processing by private bodies and public-law enterprises participating in competition**

**Erster Unterabschnitt**
**Rechtsgrundlagen der Datenverarbeitung**

**Chapter I**
**Legal basis for data processing**

§ 27  Anwendungsbereich — Section 27  Scope

| | | | |
|---|---|---|---|
| § 28 | Datenerhebung, -verarbeitung und -nutzung für eigene Zwecke | Section 28 | Collection, processing and use of data for own purposes |
| § 29 | Geschäftsmäßige Datenerhebung und -speicherung zum Zweck der Übermittlung | Section 29 | Collection and storage of data in the course of business for the purpose of transfer |
| § 30 | Geschäftsmäßige Datenerhebung und -speicherung zum Zweck der Übermittlung in anonymisierter Form | Section 30 | Collection and storage of data in the course of business for the purpose of transfer in anonymised form |
| § 31 | Besondere Zweckbindung | Section 31 | Limitation of use to specific circumstances |
| § 32 | *weggefallen* | Section 32 | *deleted* |

**Zweiter Unterabschnitt**
**Rechte des Betroffenen**

**Chapter II**
**Rights of the data subject**

| | | | |
|---|---|---|---|
| § 33 | Benachrichtigung des Betroffenen | Section 33 | Notification of the data subject |
| § 34 | Auskunft an den Betroffenen | Section 34 | Provision of information to the data subject |
| § 35 | Berichtigung, Löschung und Sperrung von Daten | Section 35 | Correction, erasure and blocking of data |

**Dritter Unterabschnitt**
**Aufsichtsbehörde**

**Chapter III**
**Supervisory authority**

| | | | |
|---|---|---|---|
| § 36 | *weggefallen* | Section 36 | *deleted* |
| § 37 | *weggefallen* | Section 37 | *deleted* |
| § 38 | Aufsichtsbehörde | Section 38 | Supervisory authority |
| § 38a | Verhaltensregeln zur Förderung der Durchführung datenschutzrechtlicher Regelungen | Section 38a | Code of conduct to promote the implementation of data protection provisions |

**Vierter Abschnitt**
**Sondervorschriften**

**Part IV**
**Special provisions**

| | | | |
|---|---|---|---|
| § 39 | Zweckbindung bei personenbezogenen Daten, die einem Berufs- oder besonderen Amtsgeheimnis unterliegen | Section 39 | Limited use of personal data subject to professional or special official secrecy |
| § 40 | Verarbeitung und Nutzung personenbezogener Daten durch Forschungseinrichtungen | Section 40 | Processing and use of personal data by research institutes |
| § 41 | Erhebung, Verarbeitung und Nutzung personenbezogener Daten durch die Medien | Section 41 | Collection, processing and use of personal data by the media |
| § 42 | Datenschutzbeauftragter der Deutschen Welle | Section 42 | Data protection official of *Deutsche Welle* |

**Fünfter Abschnitt**
**Schlussvorschriften**

**Part V**
**Final provisions**

| | | | |
|---|---|---|---|
| § 43 | Bußgeldvorschriften | Section 43 | Administrative offences |
| § 44 | Strafvorschriften | Section 44 | Criminal offences |

**Sechster Abschnitt**
**Übergangsvorschriften**

**Part IV**
**Transitional provisions**

| | | | |
|---|---|---|---|
| § 45 | Laufende Verwendungen | Section 45 | Current applications |
| § 46 | Weitergeltung von Begriffsbestimmungen | Section 46 | Overreaching validity of definitions |

<div style="display:flex">

**Anlage**
**(zu § 9 Satz 1)**

**Annex**
**(to the first sentence of Section 9**
**of this Act)**

</div>

| Erster Abschnitt<br>Allgemeine und gemeinsame Bestimmungen | Part I<br>General and common provisions |
|---|---|

## § 1
### Zweck und Anwendungsbereich des Gesetzes

## Section 1
### Purpose and scope

(1) Zweck dieses Gesetzes ist es, den Einzelnen davor zu schützen, dass er durch den Umgang mit seinen personenbezogenen Daten in seinem Persönlichkeitsrecht beeinträchtigt wird.

(1) The purpose of this Act is to protect the individual against his right to privacy being impaired through the handling of his personal data.

(2) Dieses Gesetz gilt für die Erhebung, Verarbeitung und Nutzung personenbezogener Daten durch

(2) This Act shall apply to the collection, processing and use of personal data by

1. öffentliche Stellen des Bundes,

1. public bodies of the Federation,

2. öffentliche Stellen der Länder, soweit der Datenschutz nicht durch Landesgesetz geregelt ist und soweit sie

2. public bodies of the *Länder* in so far as data protection is not governed by *Land* legislation and in so far as they

   a) Bundesrecht ausführen oder

   a) execute federal law or,

   b) als Organe der Rechtspflege tätig werden und es sich nicht um Verwaltungsangelegenheiten handelt,

   b) act as bodies of the judicature and are not dealing with administrative matters,

3. nicht öffentliche Stellen, soweit sie die Daten unter Einsatz von Datenverarbeitungsanlagen verarbeiten, nutzen oder dafür erheben oder die Daten in oder aus nicht automatisierten Dateien verarbeiten, nutzen oder dafür erheben, es sei denn, die Erhebung, Verarbeitung oder Nutzung der Daten erfolgt ausschließlich für persönliche oder familiäre Tätigkeiten.

3. private bodies in so far as they process or use data by means of data processing systems or collect data for such systems, process or use data in or from non-automated filing systems or collect data for such systems, except where the collection, processing or use of such data is effected solely for personal or family activities.

(3) Soweit andere Rechtsvorschriften des Bundes auf personenbezogene Daten einschließlich deren Veröffentlichung anzuwenden sind, gehen sie den Vorschriften dieses Gesetzes vor. Die Verpflichtung zur Wahrung gesetzlicher Geheimhaltungspflichten oder von Berufs- oder besonderen Amtsgeheimnissen, die nicht auf gesetzlichen Vorschriften beruhen, bleibt unberührt.

(3) In so far as other legal provisions of the Federation are applicable to personal data, including their publication, such provisions shall take precedence over the provisions of this Act. This shall not affect the duty to observe the legal obligation of maintaining secrecy or professional or special official confidentiality not based on legal provisions.

(4) Die Vorschriften dieses Gesetzes gehen denen des Verwaltungsverfahrensgesetzes vor, soweit bei der Ermittlung des Sachverhalts personenbezogene Daten verarbeitet werden.

(4) The provisions of this Act shall take precedence over those of the Administrative Procedures Act in so far as personal data are processed in ascertaining the facts.

(5) Dieses Gesetz findet keine Anwendung, sofern eine in einem anderen Mitgliedstaat der Europäischen Union oder in einem anderen Vertragsstaat des Abkommens über den Europäischen Wirtschaftsraum belegene verantwortliche Stelle personenbezogene Daten im Inland erhebt, verarbeitet oder nutzt, es sei denn, dies erfolgt durch eine Niederlassung im Inland. Dieses Gesetz findet Anwendung, sofern eine verantwortliche Stelle, die nicht in einem Mitgliedstaat der Europäischen Union oder in einem anderen Vertragsstaat des Abkommens über den Europäischen Wirtschaftsraum belegen ist, personenbezogene Daten im Inland erhebt, verarbeitet oder nutzt. Soweit die verantwortliche Stelle nach diesem Gesetz zu nennen ist, sind auch Angaben über im Inland ansässige Vertreter zu machen. Die Sätze 2 und 3 gelten nicht, sofern Datenträger nur zum Zweck des Transits durch das Inland eingesetzt werden. § 38 Abs. 1 Satz 1 bleibt unberührt.

(5) This Act shall not apply in so far as a controller located in another member state of the European Union or in another state party to the Agreement on the European Economic Area collects, processes or uses personal data, except where such collection, processing or use is carried out by a branch in Germany. This Act shall apply in so far as a controller which is not located in a member state of the European Union or in another state party to the Agreement on the European Economic Area collects, processes or uses personal data in Germany. In so far as the controller is to be named under this Act, information is also to be furnished on representatives established in Germany. Sentences 2 and 3 shall not apply in so far as data storage media are employed solely for the purposes of transit through Germany. The first sentence of Section 38 (1) shall remain unaffected.

## § 2
### Öffentliche und nicht-öffentliche Stellen

(1) Öffentliche Stellen des Bundes sind die Behörden, die Organe der Rechtspflege und andere öffentlich-rechtlich organisierte Einrichtungen des Bundes, der bundesunmittelbaren Körperschaften, Anstalten und Stiftungen des öffentlichen Rechts sowie deren Vereinigungen ungeachtet ihrer Rechtsform. Als öffentliche Stellen gelten die aus dem Sondervermögen Deutsche Bundespost durch Gesetz hervorgegangenen Unternehmen, solange ihnen ein ausschließliches Recht nach dem Postgesetz zusteht.

(2) Öffentliche Stellen der Länder sind die Behörden, die Organe der Rechtspflege und andere öffentlich-rechtlich organisierte Einrichtungen eines Landes, einer Gemeinde, eines Gemeindeverbandes und sonstiger der Aufsicht des Landes unterstehender juristischer Personen des öffentlichen Rechts sowie deren Vereinigungen ungeachtet ihrer Rechtsform.

(3) Vereinigungen des privaten Rechts von öffentlichen Stellen des Bundes und der Länder, die Aufgaben der öffentlichen Verwaltung wahrnehmen, gelten ungeachtet der Beteiligung nicht-öffentlicher Stellen als öffentliche Stellen des Bundes, wenn

1. sie über den Bereich eines Landes hinaus tätig werden oder

2. dem Bund die absolute Mehrheit der Anteile gehört oder die absolute Mehrheit der Stimmen zusteht.

Andernfalls gelten sie als öffentliche Stellen der Länder.

## Section 2
### Public and private bodies

(1) "Public bodies of the Federation" means the authorities, the bodies of the judicature and other public-law institutions of the Federation, of the Federal corporations, establishments and foundations under public law as well as of their associations irrespective of their legal structure. The successor companies created from the Special Fund *Deutsche Bundespost* by act of law are considered public bodies as long as they have an exclusive right under the Postal Law.

(2) "Public bodies of the *Länder*" means the authorities, the bodies of the judicature and other public-law institutions of a *Land*, of a municipality, an association of municipalities or other legal persons under public law subject to *Land* supervision as well as of their associations irrespective of their legal structure.

(3) Private-law associations of public bodies of the Federation and the *Länder* performing public administration duties shall be regarded as public bodies of the Federation, irrespective of private shareholdings, if

1. they operate beyond the territory of a *Land* or

2. the Federation possesses the absolute majority of shares or votes.

Otherwise they shall be regarded as public bodies of the *Länder*.

(4) Nicht-öffentliche Stellen sind natürliche und juristische Personen, Gesellschaften und andere Personenvereinigungen des privaten Rechts, soweit sie nicht unter die Absätze 1 bis 3 fallen. Nimmt eine nicht-öffentliche Stelle hoheitliche Aufgaben der öffentlichen Verwaltung wahr, ist sie insoweit öffentliche Stelle im Sinne dieses Gesetzes.

(4) "Private bodies" means natural or legal persons, companies and other private-law associations in so far as they are not covered by sub-sections 1 to 3 above. To the extent that a private body performs sovereign public administration duties, it shall be treated as a public body for the purposes of this Act.

### § 3
### Weitere Begriffsbestimmungen

### Section 3
### Further definitions

(1) Personenbezogene Daten sind Einzelangaben über persönliche oder sachliche Verhältnisse einer bestimmten oder bestimmbaren natürlichen Person (Betroffener).

(1) "Personal data" means any information concerning the personal or material circumstances of an identified or identifiable individual (the data subject).

(2) Automatisierte Verarbeitung ist die Erhebung, Verarbeitung oder Nutzung personenbezogener Daten unter Einsatz von Datenverarbeitungsanlagen. Eine nicht automatisierte Datei ist jede nicht automatisierte Sammlung personenbezogener Daten, die gleichartig aufgebaut ist und nach bestimmten Merkmalen zugänglich ist und ausgewertet werden kann.

(2) "Automated processing" means the collection, processing or use of personal data by means of data processing systems. A non-automated filing system is any non-automated collection of personal data which is similarly structured and which can be accessed and evaluated according to specific characteristics.

(3) Erheben ist das Beschaffen von Daten über den Betroffenen.

(3) "Collection" means the acquisition of data on the data subject.

(4) Verarbeiten ist das Speichern, Verändern, Übermitteln, Sperren und Löschen personenbezogener Daten. Im Einzelnen ist, ungeachtet der dabei angewendeten Verfahren:

(4) "Processing" means the storage, modification, transfer, blocking and erasure of personal data. In particular cases, irrespective of the procedures applied:

1. Speichern das Erfassen, Aufnehmen oder Aufbewahren personenbezogener Daten auf einem Datenträger zum Zweck ihrer weiteren Verarbeitung oder Nutzung,

1. "storage" means the entry, recording or preservation of personal data on a storage medium so that they can be processed or used again,

2. Verändern das inhaltliche Umgestalten gespeicherter personenbezogener Daten,

2. "modification" means the alteration of the substance of stored personal data,

3. Übermitteln das Bekanntgeben gespeicherter oder durch Datenverarbeitung gewonnener personenbezogener Daten an einen Dritten in der Weise, dass

3. "transfer" means the disclosure to a third party of personal data stored or obtained by means of data processing either

   a) die Daten an den Dritten weitergegeben werden oder

   a) through transmission of the data to the third party or

   b) der Dritte zur Einsicht oder zum Abruf bereitgehaltene Daten einsieht oder abruft,

   b) through the third party inspecting or retrieving data held ready for inspection or retrieval,

4. Sperren das Kennzeichnen gespeicherter personenbezogener Daten, um ihre weitere Verarbeitung oder Nutzung einzuschränken,

4. "blocking" means labelling stored personal data so as to restrict their further processing or use,

5. Löschen das Unkenntlichmachen gespeicherter personenbezogener Daten.

5. "erasure" means the deletion of stored personal data.

(5) Nutzen ist jede Verwendung personenbezogener Daten, soweit es sich nicht um Verarbeitung handelt.

(5) "Use" means any utilisation of personal data other than processing.

(6) Anonymisieren ist das Verändern personenbezogener Daten derart, dass die Einzelangaben über persönliche oder sachliche Verhältnisse nicht mehr oder nur mit einem unverhältnismäßig großen Aufwand an Zeit, Kosten und Arbeitskraft einer bestimmten oder bestimmbaren natürlichen Person zugeordnet werden können.

(6a) Pseudonymisieren ist das Ersetzen des Namens und anderer Identifikationsmerkmale durch ein Kennzeichen zu dem Zweck, die Bestimmung des Betroffenen auszuschließen oder wesentlich zu erschweren.

(7) Verantwortliche Stelle ist jede Person oder Stelle, die personenbezogene Daten für sich selbst erhebt, verarbeitet oder nutzt oder dies durch andere im Auftrag vornehmen lässt.

(8) Empfänger ist jede Person oder Stelle, die Daten erhält. Dritter ist jede Person oder Stelle außerhalb der verantwortlichen Stelle. Dritte sind nicht der Betroffene sowie Personen und Stellen, die im Inland, in einem anderen Mitgliedstaat der Europäischen Union oder in einem anderen Vertragsstaat des Abkommens über den Europäischen Wirtschaftsraum personenbezogene Daten im Auftrag erheben, verarbeiten oder nutzen.

(9) Besondere Arten personenbezogener Daten sind Angaben über die rassische und ethnische Herkunft, politische Meinungen, religiöse oder philosophische Überzeugungen, Gewerkschaftszugehörigkeit, Gesundheit oder Sexualleben.

(10) Mobile personenbezogene Speicher- und Verarbeitungsmedien sind Datenträger,

1. die an den Betroffenen ausgegeben werden,

2. auf denen personenbezogene Daten über die Speicherung hinaus durch die ausgebende oder eine andere Stelle automatisiert verarbeitet werden können und

3. bei denen der Betroffene diese Verarbeitung nur durch den Gebrauch des Mediums beeinflussen kann.

(6) "Rendering anonymous" means the modification of personal data so that the information concerning personal or material circumstances can no longer or only with a disproportionate amount of time, expense and labour be attributed to an identified or identifiable individual.

(6a) "Aliasing" means replacing a person's name and other identifying characteristics with a label, in order to preclude identification of the data subject or to render such identification substantially difficult.

(7) "Controller" means any person or body collecting, processing or using personal data on his or its own behalf or commissioning others to do the same.

(8) "Recipient" means any person or body receiving data. "Third party" means any person or body other than the controller. This shall not include the data subject or persons and bodies commissioned to collect, process or use personal data in Germany, in another member state of the European Union or in another state party to the Agreement on the European Economic Area.

(9) "Special categories of personal data" means information on a person's racial and ethnic origin, political opinions, religious or philosophical convictions, union membership, health or sex life.

(10) "Mobile personal storage and processing media" means storage media

1. which are issued to the data subject,

2. on which personal data can be processed automatically beyond the storage function by the issuing body or another body and

3. which enable the data subject to influence this processing only by using the medium.

§ 3a
**Datenvermeidung und Datensparsamkeit**

Gestaltung und Auswahl von Datenverarbeitungssystemen haben sich an dem Ziel auszurichten, keine oder so wenig personenbezogene Daten wie möglich zu erheben, zu verarbeiten oder zu nutzen. Insbesondere ist von den Möglichkeiten der Anonymisierung und Pseudonymisierung Gebrauch zu machen, soweit dies möglich ist und der Aufwand in einem angemessenen Verhältnis zu dem angestrebten Schutzzweck steht.

§ 4
**Zulässigkeit der Datenerhebung, -verarbeitung und -nutzung**

(1) Die Erhebung, Verarbeitung und Nutzung personenbezogener Daten sind nur zulässig, soweit dieses Gesetz oder eine andere Rechtsvorschrift dies erlaubt oder anordnet oder der Betroffene eingewilligt hat.

(2) Personenbezogene Daten sind beim Betroffenen zu erheben. Ohne seine Mitwirkung dürfen sie nur erhoben werden, wenn

1. eine Rechtsvorschrift dies vorsieht oder zwingend voraussetzt oder

2. a) die zu erfüllende Verwaltungsaufgabe ihrer Art nach oder der Geschäftszweck eine Erhebung bei anderen Personen oder Stellen erforderlich macht oder

   b) die Erhebung beim Betroffenen einen unverhältnismäßigen Aufwand erfordern würde

   und keine Anhaltspunkte dafür bestehen, dass überwiegende schutzwürdige Interessen des Betroffenen beeinträchtigt werden.

(3) Werden personenbezogene Daten beim Betroffenen erhoben, so ist er, sofern er nicht bereits auf andere Weise Kenntnis erlangt hat, von der verantwortlichen Stelle über

1. die Identität der verantwortlichen Stelle,

2. die Zweckbestimmungen der Erhebung, Verarbeitung oder Nutzung und

3. die Kategorien von Empfängern nur, soweit der Betroffene nach den Umständen des Einzelfalles nicht mit der Übermittlung an diese rechnen muss,

Section 3a
**Data reduction and data economy**

Data processing systems are to be designed and selected in accordance with the aim of collecting, processing or using no personal data or as little personal data as possible. In particular, use is to be made of the possibilities for aliasing and rendering persons anonymous, in so far as this is possible and the effort involved is reasonable in relation to the desired level of protection.

Section 4
**Admissibility of data collection, processing and use**

(1) The collection, processing and use of personal data shall be admissible only if permitted or prescribed by this Act or any other legal provision or if the data subject has consented.

(2) Personal data shall be collected from the data subject. They may be collected without his participation only if

1. a legal provision prescribes or peremptorily presupposes such collection or

2. a) the nature of the administrative duty to be performed or the business purpose necessitates collection of the data from other persons or bodies or

   b) collection of the data from the data subject would necessitate disproportionate effort

and there are no indications that overriding legitimate interests of the data subject are impaired.

(3) If personal data are collected from the data subject, the controller is to inform him as to

1. the identity of the controller,

2. the purposes of collection, processing or use and

3. the categories of recipients only in so far as the circumstances of the individual case provide no grounds for the data subject to assume that data will be transferred to such recipients,

zu unterrichten. Werden personenbezogene Daten beim Betroffenen aufgrund einer Rechtsvorschrift erhoben, die zur Auskunft verpflichtet, oder ist die Erteilung der Auskunft Voraussetzung für die Gewährung von Rechtsvorteilen, so ist der Betroffene hierauf, sonst auf die Freiwilligkeit seiner Angaben hinzuweisen. Soweit nach den Umständen des Einzelfalles erforderlich oder auf Verlangen, ist er über die Rechtsvorschrift und über die Folgen der Verweigerung von Angaben aufzuklären.

unless the data subject has already acquired such knowledge by other means. If personal data are collected from the data subject pursuant to a legal provision which makes the supply of particulars obligatory or if such supply is the prerequisite for the granting of legal benefits, the data subject shall be informed that such supply is obligatory or voluntary, as the case may be. In so far as the circumstances of the individual case dictate or at his request, he shall be informed of the legal provision and of the consequences of withholding particulars.

### § 4a
### Einwilligung

### Section 4a
### Consent

(1) Die Einwilligung ist nur wirksam, wenn sie auf der freien Entscheidung des Betroffenen beruht. Er ist auf den vorgesehenen Zweck der Erhebung, Verarbeitung oder Nutzung sowie, soweit nach den Umständen des Einzelfalles erforderlich oder auf Verlangen, auf die Folgen der Verweigerung der Einwilligung hinzuweisen. Die Einwilligung bedarf der Schriftform, soweit nicht wegen besonderer Umstände eine andere Form angemessen ist. Soll die Einwilligung zusammen mit anderen Erklärungen schriftlich erteilt werden, ist sie besonders hervorzuheben.

(1) Consent shall be effective only when based on the data subject's free decision. He shall be informed of the purpose of collection, processing or use and, in so far as the circumstances of the individual case dictate or at his request, of the consequences of withholding consent. Consent shall be given in writing unless special circumstances warrant any other form. If consent is to be given together with other written declarations, it shall be made distinguishable in its appearance.

(2) Im Bereich der wissenschaftlichen Forschung liegt ein besonderer Umstand im Sinne von Absatz 1 Satz 3 auch dann vor, wenn durch die Schriftform der bestimmte Forschungszweck erheblich beeinträchtigt würde. In diesem Fall sind der Hinweis nach Absatz 1 Satz 2 und die Gründe, aus denen sich die erhebliche Beeinträchtigung des bestimmten Forschungszwecks ergibt, schriftlich festzuhalten.

(2) In the field of scientific research, a special circumstance pursuant to the third sentence of sub-section 1 above shall also be deemed to exist where the defined purpose of research would be impaired considerably if consent were obtained in writing. In such case the information pursuant to the second sentence of sub-section 1 above and the reasons from which considerable impairment of the defined purpose of research would arise shall be recorded in writing.

(3) Soweit besondere Arten personenbezogener Daten (§ 3 Abs. 9) erhoben, verarbeitet oder genutzt werden, muss sich die Einwilligung darüber hinaus ausdrücklich auf diese Daten beziehen.

(3) In so far as special categories of personal data (Section 3 (9)) are collected, processed or used, the consent must further refer expressly to these data.

### § 4b
### Übermittlung personenbezogener Daten ins Ausland sowie an über- oder zwischenstaatliche Stellen

### Section 4b
### Transfer of personal data abroad and to supranational or international bodies

(1) Für die Übermittlung personenbezogener Daten an Stellen

(1) The transfer of personal data to bodies

1. in anderen Mitgliedstaaten der Europäischen Union,

1. in other Member States of the European Union,

2. in anderen Vertragsstaaten des Abkommens über den Europäischen Wirtschaftsraum oder

2. in other states parties to the Agreement on the European Economic Area or

3. der Organe und Einrichtungen der Europäischen Gemeinschaften

3. institutions and bodies of the European Communities

gelten § 15 Abs. 1, § 16 Abs. 1 und §§ 28 bis 30 nach Maßgabe der für diese Übermittlung geltenden Gesetze und Vereinbarungen, soweit die Übermittlung im Rahmen von Tätigkeiten erfolgt, die ganz oder teilweise in den Anwendungsbereich des Rechts der Europäischen Gemeinschaften fallen.

(2) Für die Übermittlung personenbezogener Daten an Stellen nach Absatz 1, die nicht im Rahmen von Tätigkeiten erfolgt, die ganz oder teilweise in den Anwendungsbereich des Rechts der Europäischen Gemeinschaften fallen, sowie an sonstige ausländische oder über- oder zwischenstaatliche Stellen gilt Absatz 1 entsprechend. Die Übermittlung unterbleibt, soweit der Betroffene ein schutzwürdiges Interesse an dem Ausschluss der Übermittlung hat, insbesondere wenn bei den in Satz 1 genannten Stellen ein angemessenes Datenschutzniveau nicht gewährleistet ist. Satz 2 gilt nicht, wenn die Übermittlung zur Erfüllung eigener Aufgaben einer öffentlichen Stelle des Bundes aus zwingenden Gründen der Verteidigung oder der Erfüllung über- oder zwischenstaatlicher Verpflichtungen auf dem Gebiet der Krisenbewältigung oder Konfliktverhinderung oder für humanitäre Maßnahmen erforderlich ist.

(3) Die Angemessenheit des Schutzniveaus wird unter Berücksichtigung aller Umstände beurteilt, die bei einer Datenübermittlung oder einer Kategorie von Datenübermittlungen von Bedeutung sind; insbesondere können die Art der Daten, die Zweckbestimmung, die Dauer der geplanten Verarbeitung, das Herkunfts- und das Endbestimmungsland, die für den betreffenden Empfänger geltenden Rechtsnormen sowie die für ihn geltenden Standesregeln und Sicherheitsmaßnahmen herangezogen werden.

(4) In den Fällen des § 16 Abs. 1 Nr. 2 unterrichtet die übermittelnde Stelle den Betroffenen von der Übermittlung seiner Daten. Dies gilt nicht, wenn damit zu rechnen ist, dass er davon auf andere Weise Kenntnis erlangt, oder wenn die Unterrichtung die öffentliche Sicherheit gefährden oder sonst dem Wohl des Bundes oder eines Landes Nachteile bereiten würde.

(5) Die Verantwortung für die Zulässigkeit der Übermittlung trägt die übermittelnde Stelle.

(6) Die Stelle, an die die Daten übermittelt werden, ist auf den Zweck hinzuweisen, zu dessen Erfüllung die Daten übermittelt werden.

shall be subject to Section 15 (1), Section 16 (1) and Sections 28 to 30 in accordance with the laws and agreements applicable to such transfer, in so far as transfer is effected in connection with activities which fall in part or in their entirety within the scope of the law of the European Communities.

(2) Sub-section 1 shall apply *mutatis mutandis* to the transfer of personal data to bodies in accordance with sub-section 1 when effected outside of activities which fall in part or in their entirety within the scope of the law of the European Communities and to the transfer of such data to other foreign, supranational or international bodies. Transfer shall not be effected in so far as the data subject has a legitimate interest in excluding transfer, in particular if an adequate level of data protection is not guaranteed at the bodies stated in the first sentence of this sub-section. The second sentence shall not apply if transfer is necessary in order to enable a public body of the Federation to perform its duties for compelling reasons of defence or to discharge supranational or international duties in the field of crisis management or conflict prevention or for humanitarian measures.

(3) The adequacy of the afforded level of protection shall be assessed in the light of all circumstances surrounding a data transfer operation or a category of data transfer operations; particular consideration shall be given to the nature of the data, the purpose, the duration of the proposed processing operation, the country of origin, the recipient country and the legal norms, professional rules and securities measures which apply to the recipient.

(4) In the cases referred to in Section 16 (1) No. 2 above, the body transferring the data shall inform the data subject of the transfer of his data. This shall not apply if it can be assumed that he will acquire knowledge of such transfer in another manner or if such information would jeopardise public safety or otherwise be detrimental to the Federation or a *Land*.

(5) Responsibility for the admissibility of the transfer shall rest with the body transferring the data.

(6) The body to which the data are transferred shall be informed of the purpose for which the data are transferred.

§ 4c
Ausnahmen

(1) Im Rahmen von Tätigkeiten, die ganz oder teilweise in den Anwendungsbereich des Rechts der Europäischen Gemeinschaften fallen, ist eine Übermittlung personenbezogener Daten an andere als die in § 4b Abs. 1 genannten Stellen, auch wenn bei ihnen ein angemessenes Datenschutzniveau nicht gewährleistet ist, zulässig, sofern

1. der Betroffene seine Einwilligung gegeben hat,

2. die Übermittlung für die Erfüllung eines Vertrags zwischen dem Betroffenen und der verantwortlichen Stelle oder zur Durchführung von vorvertraglichen Maßnahmen, die auf Veranlassung des Betroffenen getroffen worden sind, erforderlich ist,

3. die Übermittlung zum Abschluss oder zur Erfüllung eines Vertrags erforderlich ist, der im Interesse des Betroffenen von der verantwortlichen Stelle mit einem Dritten geschlossen wurde oder geschlossen werden soll,

4. die Übermittlung für die Wahrung eines wichtigen öffentlichen Interesses oder zur Geltendmachung, Ausübung oder Verteidigung von Rechtsansprüchen vor Gericht erforderlich ist,

5. die Übermittlung für die Wahrung lebenswichtiger Interessen des Betroffenen erforderlich ist oder

6. die Übermittlung aus einem Register erfolgt, das zur Information der Öffentlichkeit bestimmt ist und entweder der gesamten Öffentlichkeit oder allen Personen, die ein berechtigtes Interesse nachweisen können, zur Einsichtnahme offen steht, soweit die gesetzlichen Voraussetzungen im Einzelfall gegeben sind.

Die Stelle, an die die Daten übermittelt werden, ist darauf hinzuweisen, dass die übermittelten Daten nur zu dem Zweck verarbeitet oder genutzt werden dürfen, zu dessen Erfüllung sie übermittelt werden.

Section 4c
Exceptions

(1) In connection with activities which fall in part or in their entirety within the scope of the law of the European Communities, the transfer of personal data to bodies other than those stated in Section 4b (1) above shall be admissible even if such bodies do not guarantee an adequate level of data protection, in so far as

1. the data subject has given his consent,

2. the transfer is necessary for the performance of a contract between the data subject and the controller or the implementation of pre-contractual measures taken in response to the data subject's request,

3. the transfer is necessary for the conclusion or performance of a contract which has been or is to be entered into in the interest of the data subject between the controller and a third party,

4. the transfer is necessary on important public interest grounds, or for the establishment, exercise or defence of legal claims,

5. the transfer is necessary in order to protect the vital interests of the data subject,

6. the transfer is made from a register which is intended to provide information to the public and which is open to consultation either by the public in general or by any person who can demonstrate a legitimate interest, to the extent that the statutory conditions are fulfilled in the particular case.

It shall be pointed out to the recipient body that the transferred data may be processed or used only for the purpose for which they have been transferred.

(2) Unbeschadet des Absatzes 1 Satz 1 kann die zuständige Aufsichtsbehörde einzelne Übermittlungen oder bestimmte Arten von Übermittlungen personenbezogener Daten an andere als die in § 4b Abs. 1 genannten Stellen genehmigen, wenn die verantwortliche Stelle ausreichende Garantien hinsichtlich des Schutzes des Persönlichkeitsrechts und der Ausübung der damit verbundenen Rechte vorweist; die Garantien können sich insbesondere aus Vertragsklauseln oder verbindlichen Unternehmensregelungen ergeben. Bei den Post- und Telekommunikationsunternehmen ist der Bundesbeauftragte für den Datenschutz zuständig. Sofern die Übermittlung durch öffentliche Stellen erfolgen soll, nehmen diese die Prüfung nach Satz 1 vor.

(2) Without prejudice to the first sentence of Section 1, the competent supervisory authority may authorise individual transfers or certain categories of transfers of personal data to bodies other than those stated in Section 4b (1) above, if the controller adduces adequate safeguards with respect to the protection of privacy and exercise of the corresponding rights; such safeguards may in particular result from contractual clauses or binding corporate regulations. In the case of postal and telecommunications companies, competence lies with the Federal Commissioner for Data Protection. In so far as transfer is to be effected by public bodies, the latter shall carry out the examination in accordance with the first sentence of Section 1 above.

(3) Die Länder teilen dem Bund die nach Absatz 2 Satz 1 ergangenen Entscheidungen mit.

(3) The *Länder* shall notify the Federation of the decisions made in accordance with sentence 1 of Section 2 above.

## § 4d
## Meldepflicht

## Section 4d
## Obligatory registration

(1) Verfahren automatisierter Verarbeitungen sind vor ihrer Inbetriebnahme von nicht-öffentlichen verantwortlichen Stellen der zuständigen Aufsichtsbehörde und von öffentlichen verantwortlichen Stellen des Bundes sowie von den Post- und Telekommunikationsunternehmen dem Bundesbeauftragten für den Datenschutz nach Maßgabe von § 4e zu melden.

(1) Prior to putting automated processing procedures into operation, private controllers of the competent supervisory authorities, public controllers of the Federation and postal and telecommunications companies shall register such procedures with the Federal Commissioner for Data Protection in accordance with Section 4e.

(2) Die Meldepflicht entfällt, wenn die verantwortliche Stelle einen Beauftragten für den Datenschutz bestellt hat.

(2) Obligatory registration shall not apply if the controller has appointed a data protection official.

(3) Die Meldepflicht entfällt ferner, wenn die verantwortliche Stelle personenbezogene Daten für eigene Zwecke erhebt, verarbeitet oder nutzt, hierbei höchstens vier Arbeitnehmer mit der Erhebung, Verarbeitung oder Nutzung personenbezogener Daten beschäftigt und entweder eine Einwilligung der Betroffenen vorliegt oder die Erhebung, Verarbeitung oder Nutzung der Zweckbestimmung eines Vertragsverhältnisses oder vertragsähnlichen Vertrauensverhältnisses mit den Betroffenen dient.

(3) Obligatory registration shall further not apply if the controller collects, processes or uses personal data for its own purposes, provided that a maximum of four employees are concerned with the collection, processing or use of personal data and either consent has been obtained from the data subject or the collection, processing or use serves the purposes of a contract or a quasi-contractual fiduciary relationship with the data subject.

(4) Die Absätze 2 und 3 gelten nicht, wenn es sich um automatisierte Verarbeitungen handelt, in denen geschäftsmäßig personenbezogene Daten von der jeweiligen Stelle

(4) Sub-sections 2 and 3 above shall not apply in cases of automated processing in which the controller concerned stores personal data in the course of business

1. zum Zweck der Übermittlung oder

1. for the purpose of transfer or

2. zum Zweck der anonymisierten Übermittlung

2. for the purpose of anonymised transfer.

gespeichert werden.

(5) Soweit automatisierte Verarbeitungen besondere Risiken für die Rechte und Freiheiten der Betroffenen aufweisen, unterliegen sie der Prüfung vor Beginn der Verarbeitung (Vorabkontrolle). Eine Vorabkontrolle ist insbesondere durchzuführen, wenn

1. besondere Arten personenbezogener Daten (§ 3 Abs. 9) verarbeitet werden oder

2. die Verarbeitung personenbezogener Daten dazu bestimmt ist, die Persönlichkeit des Betroffenen zu bewerten einschließlich seiner Fähigkeiten, seiner Leistung oder seines Verhaltens,

es sei denn, dass eine gesetzliche Verpflichtung oder eine Einwilligung des Betroffenen vorliegt oder die Erhebung, Verarbeitung oder Nutzung der Zweckbestimmung eines Vertragsverhältnisses oder vertragsähnlichen Vertrauensverhältnisses mit dem Betroffenen dient.

(6) Zuständig für die Vorabkontrolle ist der Beauftragte für den Datenschutz. Dieser nimmt die Vorabkontrolle nach Empfang der Übersicht nach § 4g Abs. 2 Satz 1 vor. Er hat sich in Zweifelsfällen an die Aufsichtsbehörde oder bei den Post- und Telekommunikationsunternehmen an den Bundesbeauftragten für den Datenschutz zu wenden.

### § 4e
### Inhalt der Meldepflicht

Sofern Verfahren automatisierter Verarbeitungen meldepflichtig sind, sind folgende Angaben zu machen:

1. Name oder Firma der verantwortlichen Stelle,

2. Inhaber, Vorstände, Geschäftsführer oder sonstige gesetzliche oder nach der Verfassung des Unternehmens berufene Leiter und die mit der Leitung der Datenverarbeitung beauftragten Personen,

3. Anschrift der verantwortlichen Stelle,

4. Zweckbestimmungen der Datenerhebung, -verarbeitung oder -nutzung,

5. eine Beschreibung der betroffenen Personengruppen und der diesbezüglichen Daten oder Datenkategorien,

6. Empfänger oder Kategorien von Empfängern, denen die Daten mitgeteilt werden können,

7. Regelfristen für die Löschung der Daten,

8. eine geplante Datenübermittlung in Drittstaaten,

(5) In so far as automated processing operations involve risks for the rights and liberties of the data subject, they are subject to examination prior to the beginning of processing (prior checking). Prior checking is to be carried out in particular when

1. special categories of personal data (Section 3 (9)) are to be processed or

2. the processing of personal data is intended to appraise the data subject's personality, including his abilities, performance or conduct,

unless a statutory obligation applies, the data subject's consent has been obtained or the collection, processing or use serves the purposes of a contract or a quasi-contractual fiduciary relationship with the data subject.

(6) Prior checking is the responsibility of the data protection official. The latter shall carry out prior checking after receiving the list in accordance with the first sentence of Section 4g (2). In cases of doubt, he is to refer to the supervisory authority or, in the case of postal and telecommunications companies, to the Federal Commissioner for Data Protection.

### Section 4e
### Contents of the obligatory registration

In so far as automated processing procedures are subject to obligatory registration, the following information is to be furnished:

1. Name or title of the controller,

2. owners, managing boards, managing directors or other lawfully or constitutionally appointed managers and the persons placed in charge of data processing,

3. address of the controller,

4. purposes of collecting, processing or using data,

5. a description of the groups of data subjects and the appurtenant data or categories of data,

6. recipients or categories of recipients to whom the data may be transferred,

7. standard periods for the erasure of data,

8. any planned data transfer in third states,

9. eine allgemeine Beschreibung, die es ermöglicht, vorläufig zu beurteilen, ob die Maßnahmen nach § 9 zur Gewährleistung der Sicherheit der Verarbeitung angemessen sind.

§ 4d Abs. 1 und 4 gilt für die Änderung der nach Satz 1 mit-geteilten Angaben sowie für den Zeitpunkt der Aufnahme und der Beendigung der meldepflichtigen Tätigkeit ent-sprechend.

## § 4f
## Beauftragter für den Datenschutz

(1) Öffentliche und nicht-öffentliche Stellen, die personenbezogene Daten automatisiert erheben, verarbeiten oder nutzen, haben einen Beauftragten für den Datenschutz schriftlich zu bestellen. Nicht-öffentliche Stellen sind hierzu spätestens innerhalb eines Monats nach Aufnahme ihrer Tätigkeit verpflichtet. Das Gleiche gilt, wenn personenbezogene Daten auf andere Weise erhoben, verarbeitet oder genutzt werden und damit in der Regel mindestens 20 Personen beschäftigt sind. Die Sätze 1 und 2 gelten nicht für nicht-öffentliche Stellen, die höchstens vier Arbeitnehmer mit der Erhebung, Verarbeitung oder Nutzung personenbezogener Daten beschäftigen. Soweit aufgrund der Struktur einer öffentlichen Stelle erforderlich, genügt die Bestellung eines Beauftragten für den Datenschutz für mehrere Bereiche. Soweit nicht-öffentliche Stellen automatisierte Verarbeitungen vornehmen, die einer Vorabkontrolle unterliegen oder personenbezogene Daten geschäftsmäßig zum Zweck der Übermittlung oder der anonymisierten Übermittlung erheben, verarbeiten oder nutzen, haben sie unabhängig von der Anzahl der Arbeitnehmer einen Beauftragten für den Datenschutz zu bestellen.

(2) Zum Beauftragten für den Datenschutz darf nur bestellt werden, wer die zur Erfüllung seiner Aufgaben erforderliche Fachkunde und Zuverlässigkeit besitzt. Mit dieser Aufgabe kann auch eine Person außerhalb der verantwortlichen Stelle betraut werden. Öffentliche Stellen können mit Zustimmung ihrer Aufsichtsbehörde einen Bediensteten aus einer anderen öffentlichen Stelle zum Beauftragten für den Datenschutz bestellen.

9. a general description enabling preliminary assessment as to whether the measures in accordance with Section 9 to guarantee the safety of processing are adequate.

Section 4d (1) and (4) shall apply *mutatis mutandis* to the amendment of information furnished in accordance with sentence 1 above and to the time of commencement and termination of the activity subject to obligatory registration.

## Section 4f
## Data protection official

(1) Public and private bodies which collect, process or use personal data automatically shall appoint in writing a data protection official. Private bodies are obliged to appoint such an officer within one month of commencing their activities. The same shall apply where personal data are processed by other means and at least 20 persons are permanently employed for this purpose. The first and second sentences above shall not apply to private bodies which deploy a maximum of four employees to collect, process or use personal data. In so far as the structure of a public body requires, the appointment of one data protection official for several areas shall be sufficient. In so far as private bodies carry out automated processing operations which are subject to prior checking or collect, process or use personal data in the course of business for the purposes of transfer or anonymised transfer, they are to appoint a data protection official irrespective of the number of employees.

(2) Only persons who possess the specialised knowledge and demonstrate the reliability necessary for the performance of the duties concerned may be appointed data protection official. A person from outside the body concerned may also be entrusted with this duty. Subject to the approval of their supervisory authority, public bodies may appoint an employee from another public body as data protection official.

(3) Der Beauftragte für den Datenschutz ist dem Leiter der öffentlichen oder nicht-öffentlichen Stelle unmittelbar zu unterstellen. Er ist in Ausübung seiner Fachkunde auf dem Gebiet des Datenschutzes weisungsfrei. Er darf wegen der Erfüllung seiner Aufgaben nicht benachteiligt werden. Die Bestellung zum Beauftragten für den Datenschutz kann in entsprechender Anwendung von § 626 des Bürgerlichen Gesetzbuchs, bei nicht-öffentlichen Stellen auch auf Verlangen der Aufsichtsbehörde, widerrufen werden.

(4) Der Beauftragte für den Datenschutz ist zur Verschwiegenheit über die Identität des Betroffenen sowie über Umstände, die Rückschlüsse auf den Betroffenen zulassen, verpflichtet, soweit er nicht davon durch den Betroffenen befreit wird.

(5) Die öffentlichen und nicht-öffentlichen Stellen haben den Beauftragten für den Datenschutz bei der Erfüllung seiner Aufgaben zu unterstützen und ihm insbesondere, soweit dies zur Erfüllung seiner Aufgaben erforderlich ist, Hilfspersonal sowie Räume, Einrichtungen, Geräte und Mittel zur Verfügung zu stellen. Betroffene können sich jederzeit an den Beauftragten für den Datenschutz wenden.

### § 4g
### Aufgaben des Beauftragten für den Datenschutz

(1) Der Beauftragte für den Datenschutz wirkt auf die Einhaltung dieses Gesetzes und anderer Vorschriften über den Datenschutz hin. Zu diesem Zweck kann sich der Beauftragte für den Datenschutz in Zweifelsfällen an die für die Datenschutzkontrolle bei der verantwortlichen Stelle zuständige Behörde wenden. Er hat insbesondere

1. die ordnungsgemäße Anwendung der Datenverarbeitungsprogramme, mit deren Hilfe personenbezogene Daten verarbeitet werden sollen, zu überwachen; zu diesem Zweck ist er über Vorhaben der automatisierten Verarbeitung personenbezogener Daten rechtzeitig zu unterrichten,

2. die bei der Verarbeitung personenbezogener Daten tätigen Personen durch geeignete Maßnahmen mit den Vorschriften dieses Gesetzes sowie anderen Vorschriften über den Datenschutz und mit den jeweiligen besonderen Erfordernissen des Datenschutzes vertraut zu machen.

(3) The data protection official shall be directly subordinate to the head of the public or private body. He shall be free to use his specialised knowledge in the area of data protection. He shall suffer no disadvantage through the performance of his duties. The appointment of a data protection official may be revoked by applying Section 626 of the Civil Code *mutatis mutandis* or, in the case of private bodies, at the request of the supervisory authority.

(4) The data protection official shall be bound to maintain secrecy on the identity of the data subject and on circumstances permitting conclusions to be drawn about the data subject, unless he is released from this obligation by the data subject.

(5) The public and private bodies shall support the data protection official in the performance of his duties and in particular, to the extent needed for such performance, make available assistants as well as premises, furnishings, equipment and other resources. Data subjects may approach the data protection official at any time.

### Section 4g
### Duties of the data protection official

(1) The data protection official shall work towards ensuring compliance with this Act and other data protection provisions. For this purpose, the data protection official may consult the competent authority responsible for data protection control with regard to the controller concerned. In particular, he shall

1. monitor the proper use of data processing programs with the aid of which personal data are to be processed; for this purpose he shall be informed in good time of projects for automatic processing of personal data,

2. take suitable steps to familiarise the persons employed in the processing of personal data with the provisions of this Act and other provisions concerning data protection, and with the various special requirements of data protection.

(2) Dem Beauftragten für den Datenschutz ist von der verantwortlichen Stelle eine Übersicht über die in § 4e Satz 1 genannten Angaben sowie über zugriffsberechtigte Personen zur Verfügung zu stellen. Im Fall des § 4d Abs. 2 macht der Beauftragte für den Datenschutz die Angaben nach § 4e Satz 1 Nr. 1 bis 8 auf Antrag jedermann in geeigneter Weise verfügbar. Im Fall des § 4d Abs. 3 gilt Satz 2 entsprechend für die verantwortliche Stelle.

(3) Auf die in § 6 Abs. 2 Satz 4 genannten Behörden findet Absatz 2 Satz 2 keine Anwendung. Absatz 1 Satz 2 findet mit der Maßgabe Anwendung, dass der behördliche Beauftragte für den Datenschutz das Benehmen mit dem Behördenleiter herstellt; bei Unstimmigkeiten zwischen dem behördlichen Beauftragten für den Datenschutz und dem Behördenleiter entscheidet die oberste Bundesbehörde.

## § 5
### Datengeheimnis

Den bei der Datenverarbeitung beschäftigten Personen ist untersagt, personenbezogene Daten unbefugt zu erheben, zu verarbeiten oder zu nutzen (Datengeheimnis). Diese Personen sind, soweit sie bei nicht-öffentlichen Stellen beschäftigt werden, bei der Aufnahme ihrer Tätigkeit auf das Datengeheimnis zu verpflichten. Das Datengeheimnis besteht auch nach Beendigung ihrer Tätigkeit fort.

## § 6
### Unabdingbare Rechte des Betroffenen

(1) Die Rechte des Betroffenen auf Auskunft (§§ 19, 34) und auf Berichtigung, Löschung oder Sperrung (§§ 20, 35) können nicht durch Rechtsgeschäft ausgeschlossen oder beschränkt werden.

(2) The controller shall provide the data protection official with an overview of the information stipulated in the first sentence of Section 4e and a list of persons entitled to access. In the event of Section 4d (2), the data protection official shall, on request, make the information under Nos. 1 to 8 of the first sentence of Section 4e available to anyone in an appropriate manner. In the event of Section 4d (3), the second sentence shall apply *mutatis mutandis* for the controller.

(3) Sentence 2 of Section 2 shall not apply to the authorities stated in sentence 4 of Section 6 (2). Sentence 2 of Section 1 shall apply on condition that the authority's data protection official contacts the head of the authority; any disagreements between the authority's data protection official and the head of the authority shall be settled by the supreme federal authority.

## Section 5
### Confidentiality

Persons employed in data processing shall not collect, process or use personal data without authorisation (confidentiality). On taking up their duties such persons, in so far as they work for private bodies, shall be required to give an undertaking to maintain such confidentiality. This undertaking shall continue to be valid after termination of their activity.

## Section 6
### Inalienable rights of the data subject

(1) The data subject's right of access (Sections 19, 34) and to correction, erasure or blocking (Sections 20, 35) may not be excluded or restricted by a legal transaction.

(2) Sind die Daten des Betroffenen automatisiert in der Weise gespeichert, dass mehrere Stellen speicherungsberechtigt sind, und ist der Betroffene nicht in der Lage festzustellen, welche Stelle die Daten gespeichert hat, so kann er sich an jede dieser Stellen wenden. Diese ist verpflichtet, das Vorbringen des Betroffenen an die Stelle, die Daten gespeichert hat, weiterzuleiten. Der Betroffene ist über die Weiterleitung und jene Stelle zu unterrichten. Die in § 19 Abs. 3 genannten Stellen, die Behörden der Staatsanwaltschaft und der Polizei sowie öffentliche Stellen der Finanzverwaltung, soweit sie personenbezogene Daten in Erfüllung ihrer gesetzlichen Aufgaben im Anwendungsbereich der Abgabenordnung zur Überwachung und Prüfung speichern, können statt des Betroffenen den Bundesbeauftragten für den Datenschutz unterrichten. In diesem Fall richtet sich das weitere Verfahren nach § 19 Abs. 6.

### § 6a
### Automatisierte Einzelentscheidung

(1) Entscheidungen, die für den Betroffenen eine rechtliche Folge nach sich ziehen oder ihn erheblich beeinträchtigen, dürfen nicht ausschließlich auf eine automatisierte Verarbeitung personenbezogener Daten gestützt werden, die der Bewertung einzelner Persönlichkeitsmerkmale dienen.

(2) Dies gilt nicht, wenn

1. die Entscheidung im Rahmen des Abschlusses oder der Erfüllung eines Vertragsverhältnisses oder eines sonstigen Rechtsverhältnisses ergeht und dem Begehren des Betroffenen stattgegeben wurde oder

2. die Wahrung der berechtigten Interessen des Betroffenen durch geeignete Maßnahmen gewährleistet und dem Betroffenen von der verantwortlichen Stelle die Tatsache des Vorliegens einer Entscheidung im Sinne des Absatzes 1 mitgeteilt wird. Als geeignete Maßnahme gilt insbesondere die Möglichkeit des Betroffenen, seinen Standpunkt geltend zu machen. Die verantwortliche Stelle ist verpflichtet, ihre Entscheidung erneut zu prüfen.

(3) Das Recht des Betroffenen auf Auskunft nach den §§ 19 und 34 erstreckt sich auch auf den logischen Aufbau der automatisierten Verarbeitung der ihn betreffenden Daten.

(2) If the data of the data subject are stored by means of automated procedures such that several bodies are entitled to store and if the data subject is unable to ascertain which body has stored the data, he may approach any of these bodies. Such body is obliged to forward the request of the data subject to the body which has stored the data. The data subject shall be informed of the forwarding of the request and of the identity of the body concerned. The bodies listed in Section 19 (3) of this Act, public prosecution and police authorities as well as public finance authorities may, in so far as they store personal data in performing their legal duties within the area of application of the Fiscal Code for monitoring and control purposes, inform the Federal Commissioner for Data Protection instead of the data subject. In such case the further procedure shall be as described in Section 19 (6) of this Act.

### Section 6a
### Automated individual decision

(1) Decisions which have legal consequences for or substantially impair the interests of the data subject must not be based exclusively on the automated processing of personal data which serve to evaluate individual personal characteristics.

(2) This shall not apply if

1. the decision is made in connection with the conclusion or fulfilment of a contract or any other legal relationship and the data subject's request has been met or

2. protection of the data subject's justified interests is ensured via appropriate measures and the controller notifies the data subject of the existence of a decision pursuant to sub-section 1. In particular, the possibility for the data subject to assert his standpoint shall constitute an appropriate measure. The controller shall be obliged to review its decision.

(3) The data subject's right of access in accordance with Sections 19 and 34 shall also extend to the logic pattern of the data concerning his person.

## § 6b
### Beobachtung öffentlich zugänglicher Räume mit optisch-elektronischen Einrichtungen

(1) Die Beobachtung öffentlich zugänglicher Räume mit optisch-elektronischen Einrichtungen (Videoüberwachung) ist nur zulässig, soweit sie

1. zur Aufgabenerfüllung öffentlicher Stellen,

2. zur Wahrnehmung des Hausrechts oder

3. zur Wahrnehmung berechtigter Interessen für konkret festgelegte Zwecke

erforderlich ist und keine Anhaltspunkte bestehen, dass schutzwürdige Interessen der Betroffenen überwiegen.

(2) Der Umstand der Beobachtung und die verantwortliche Stelle sind durch geeignete Maßnahmen erkennbar zu machen.

(3) Die Verarbeitung oder Nutzung von nach Absatz 1 erhobenen Daten ist zulässig, wenn sie zum Erreichen des verfolgten Zwecks erforderlich ist und keine Anhaltspunkte bestehen, dass schutzwürdige Interessen der Betroffenen überwiegen. Für einen anderen Zweck dürfen sie nur verarbeitet oder genutzt werden, soweit dies zur Abwehr von Gefahren für die staatliche und öffentliche Sicherheit sowie zur Verfolgung von Straftaten erforderlich ist.

(4) Werden durch Videoüberwachung erhobene Daten einer bestimmten Person zugeordnet, ist diese über eine Verarbeitung oder Nutzung entsprechend den §§ 19a und 33 zu benachrichtigen.

(5) Die Daten sind unverzüglich zu löschen, wenn sie zur Erreichung des Zwecks nicht mehr erforderlich sind oder schutzwürdige Interessen der Betroffenen einer weiteren Speicherung entgegenstehen.

## § 6c
### Mobile personenbezogene Speicher- und Verarbeitungsmedien

(1) Die Stelle, die ein mobiles personenbezogenes Speicher- und Verarbeitungsmedium ausgibt oder ein Verfahren zur automatisierten Verarbeitung personenbezogener Daten, das ganz oder teilweise auf einem solchen Medium abläuft, auf das Medium aufbringt, ändert oder hierzu bereithält, muss den Betroffenen

1. über ihre Identität und Anschrift,

2. in allgemein verständlicher Form über die Funktionsweise des Mediums einschließlich der Art der zu verarbeitenden personenbezogenen Daten,

## Section 6b
### Monitoring of publicly accessible areas with optic-electronic devices

(1) Monitoring publicly accessible areas with optic-electronic devices (video surveillance) is allowable only in so far as it is necessary

1. to fulfil public tasks,

2. to exercise the right to determine who shall be allowed or denied access or

3. to pursue rightful interests for precisely defined purposes

and if there are no indications that the data subjects' legitimate interests prevail.

(2) The fact that the area is being monitored and the controller's identity shall be made discernible by appropriate means.

(3) Data that have been collected under sub-section 1 above may be processed or used if this is necessary for the pursued purpose and if there are no indications that the data subjects' legitimate interests prevail. They may only be processed or used for another purpose if this is necessary to avert dangers to state security or public safety or to prosecute crimes.

(4) Where data collected through video-surveillance are attributed to an identified person, this person shall be informed about such processing or use in conformity with Sections 19a and 33.

(5) The data shall be deleted without delay, if they are no longer needed for the pursued purpose or if the data subject's legitimate interests stand in the way of any further storage.

## Section 6c
### Mobile storage and processing media for personal data

(1) A body which issues a mobile storage and processing medium for personal data or which applies a procedure for the automated processing of personal data which runs in part or in its entirety on such a medium to the medium or modifies or makes such data available must inform the data subject

1. of its identity and address,

2. of the medium's mode of functioning in generally comprehensible terms, including the type of personal data to be processed,

3. darüber, wie er seine Rechte nach den §§ 19, 20, 34 und 35 ausüben kann, und

4. über die bei Verlust oder Zerstörung des Mediums zu treffenden Maßnahmen

unterrichten, soweit der Betroffene nicht bereits Kenntnis erlangt hat.

(2) Die nach Absatz 1 verpflichtete Stelle hat dafür Sorge zu tragen, dass die zur Wahrnehmung des Auskunftsrechts erforderlichen Geräte oder Einrichtungen in angemessenem Umfang zum unentgeltlichen Gebrauch zur Verfügung stehen.

(3) Kommunikationsvorgänge, die auf dem Medium eine Datenverarbeitung auslösen, müssen für den Betroffenen eindeutig erkennbar sein.

## § 7
## Schadensersatz

Fügt eine verantwortliche Stelle dem Betroffenen durch eine nach diesem Gesetz oder nach anderen Vorschriften über den Datenschutz unzulässige oder unrichtige Erhebung, Verarbeitung oder Nutzung seiner personenbezogenen Daten einen Schaden zu, ist sie oder ihr Träger dem Betroffenen zum Schadensersatz verpflichtet. Die Ersatzpflicht entfällt, soweit die verantwortliche Stelle die nach den Umständen des Falles gebotene Sorgfalt beachtet hat.

## § 8
## Schadensersatz bei automatisierter Datenverarbeitung durch öffentliche Stellen

(1) Fügt eine verantwortliche öffentliche Stelle dem Betroffenen durch eine nach diesem Gesetz oder nach anderen Vorschriften über den Datenschutz unzulässige oder unrichtige automatisierte Erhebung, Verarbeitung oder Nutzung seiner personenbezogenen Daten einen Schaden zu, ist ihr Träger dem Betroffenen unabhängig von einem Verschulden zum Schadensersatz verpflichtet.

(2) Bei einer schweren Verletzung des Persönlichkeitsrechts ist dem Betroffenen der Schaden, der nicht Vermögensschaden ist, angemessen in Geld zu ersetzen.

(3) Die Ansprüche nach den Absätzen 1 und 2 sind insgesamt auf einen Betrag von 130 000 Euro begrenzt. Ist aufgrund desselben Ereignisses an mehrere Personen Schadensersatz zu leisten, der insgesamt den Höchstbetrag von 130 000 Euro übersteigt, so verringern sich die einzelnen Schadensersatzleistungen in dem Verhältnis, in dem ihr Gesamtbetrag zu dem Höchstbetrag steht.

3. how he can exercise his rights in accordance with Sections 19, 20, 34 and 35, and

4. of the measures to be undertaken in the event of loss or destruction of the medium,

in so far as the data subject has not already acquired such knowledge.

(2) The body which is subject to the obligations stipulated in sub-section 1 shall ensure that devices or facilities which are necessary in order to enable the data subject to assert his right of access are available in adequate numbers for use free of charge.

(3) Communications procedures which initiate data processing on the medium must be clearly apparent to the data subject.

## Section 7
## Compensation

Where a controller causes harm to the data subject through the collection, processing or use of his personal data that is inadmissible or incorrect under the provisions of this Act or other data protection provisions, such controller or its supporting organisation shall be obliged to compensate the data subject for the harm thus caused. This obligation to provide compensation shall not apply if the controller has exercised due care in accordance with the circumstances of the case concerned.

## Section 8
## Compensation in case of automated data processing by public bodies

(1) Where a public body causes harm to the data subject through the automated collection, processing or use of his personal data that is inadmissible or incorrect under the provisions of this Act or other data protection provisions, such body's supporting organisation shall be obliged to compensate the data subject for the harm thus caused, irrespective of any fault.

(2) In grave cases of violation of privacy, the data subject shall receive adequate pecuniary compensation for the immaterial harm caused.

(3) The claims under sub-sections 1 and 2 above shall be limited to a total amount of € 130,000. Where, due to the same occurrence, compensation has to be paid to several persons and exceeds the maximum amount of € 130,000, the compensation paid to each of them shall be reduced in proportion to the maximum amount.

(4) Sind bei einer automatisierten Verarbeitung mehrere Stellen speicherungsberechtigt und ist der Geschädigte nicht in der Lage, die speichernde Stelle festzustellen, so haftet jede dieser Stellen.

(5) Hat bei der Entstehung des Schadens ein Verschulden des Betroffenen mitgewirkt, gilt § 254 des Bürgerlichen Gesetzbuchs.

(6) Auf die Verjährung finden die für unerlaubte Handlungen geltenden Verjährungsvorschriften des Bürgerlichen Gesetzbuchs entsprechende Anwendung.

## § 9
### Technische und organisatorische Maßnahmen

Öffentliche und nicht-öffentliche Stellen, die selbst oder im Auftrag personenbezogene Daten erheben, verarbeiten oder nutzen, haben die technischen und organisatorischen Maßnahmen zu treffen, die erforderlich sind, um die Ausführung der Vorschriften dieses Gesetzes, insbesondere die in der Anlage zu diesem Gesetz genannten Anforderungen, zu gewährleisten. Erforderlich sind Maßnahmen nur, wenn ihr Aufwand in einem angemessenen Verhältnis zu dem angestrebten Schutzzweck steht.

## § 9a
### Datenschutzaudit

Zur Verbesserung des Datenschutzes und der Datensicherheit können Anbieter von Datenverarbeitungssystemen und -programmen und datenverarbeitende Stellen ihr Datenschutzkonzept sowie ihre technischen Einrichtungen durch unabhängige und zugelassene Gutachter prüfen und bewerten lassen sowie das Ergebnis der Prüfung veröffentlichen. Die näheren Anforderungen an die Prüfung und Bewertung, das Verfahren sowie die Auswahl und Zulassung der Gutachter werden durch besonderes Gesetz geregelt.

## § 10
### Einrichtung automatisierter Abrufverfahren

(1) Die Einrichtung eines automatisierten Verfahrens, das die Übermittlung personenbezogener Daten durch Abruf ermöglicht, ist zulässig, soweit dieses Verfahren unter Berücksichtigung der schutzwürdigen Interessen der Betroffenen und der Aufgaben oder Geschäftszwecke der beteiligten Stellen angemessen ist. Die Vorschriften über die Zulässigkeit des einzelnen Abrufs bleiben unberührt.

(2) Die beteiligten Stellen haben zu gewährleisten, dass die Zulässigkeit des Abrufverfahrens kontrolliert werden kann. Hierzu haben sie schriftlich festzulegen:

(4) If, in the case of automated processing, several bodies are entitled to store the data and the injured person is unable to ascertain the controller of the filing system, each body shall be liable.

(5) Section 254 of the Civil Code shall apply to contributory negligence on the part of the data subject.

(6) The limitation provisions stipulated for tortious acts in the Civil Code shall apply *mutatis mutandis* with regard to statutory limitation.

## Section 9
### Technical and organisational measures

Public and private bodies processing personal data either on their own behalf or on behalf of others shall take the technical and organisational measures necessary to ensure the implementation of the provisions of this Act, in particular the requirements set out in the annex to this Act. Measures shall be required only if the effort involved is reasonable in relation to the desired level of protection.

## Section 9a
### Data protection audit

In order to improve data protection and data security, suppliers of data processing systems and programmes and bodies conducting data processing can have their data protection concepts and their technical facilities examined and evaluated by independent and approved appraisers, and can publish the result of the audit. The detailed requirements pertaining to examination and evaluation, the procedure and selection and approval of the appraisers are stipulated in a separate act.

## Section 10
### Establishment of automated retrieval procedures

(1) An automated procedure for the retrieval of personal data may be established in so far as such procedure is appropriate, having due regard to the legitimate interests of the data subjects and to the duties or business purposes of the bodies involved. The provisions on the admissibility of retrieval in a particular case shall remain unaffected.

(2) The bodies involved shall ensure that the admissibility of the retrieval procedure can be monitored. For such purpose they shall specify in writing:

1. Anlass und Zweck des Abrufverfahrens,

2. Dritte, an die übermittelt wird,

3. Art der zu übermittelnden Daten,

4. nach § 9 erforderliche technische und organisatorische Maßnahmen.

Im öffentlichen Bereich können die erforderlichen Festlegungen auch durch die Fachaufsichtsbehörden getroffen werden.

(3) Über die Einrichtung von Abrufverfahren ist in Fällen, in denen die in § 12 Abs. 1 genannten Stellen beteiligt sind, der Bundesbeauftragte für den Datenschutz unter Mitteilung der Festlegungen nach Absatz 2 zu unterrichten. Die Einrichtung von Abrufverfahren, bei denen die in § 6 Abs. 2 und in § 19 Abs. 3 genannten Stellen beteiligt sind, ist nur zulässig, wenn das für die speichernde und die abrufende Stelle jeweils zuständige Bundes- oder Landesministerium zugestimmt hat.

(4) Die Verantwortung für die Zulässigkeit des einzelnen Abrufs trägt der Dritte, an den übermittelt wird. Die speichernde Stelle prüft die Zulässigkeit der Abrufe nur, wenn dazu Anlass besteht. Die speichernde Stelle hat zu gewährleisten, dass die Übermittlung personenbezogener Daten zumindest durch geeignete Stichprobenverfahren festgestellt und überprüft werden kann. Wird ein Gesamtbestand personenbezogener Daten abgerufen oder übermittelt (Stapelverarbeitung), so bezieht sich die Gewährleistung der Feststellung und Überprüfung nur auf die Zulässigkeit des Abrufes oder der Übermittlung des Gesamtbestandes.

(5) Die Absätze 1 bis 4 gelten nicht für den Abruf allgemein zugänglicher Daten. Allgemein zugänglich sind Daten, die jedermann, sei es ohne oder nach vorheriger Anmeldung, Zulassung oder Entrichtung eines Entgelts, nutzen kann.

### § 11
#### Erhebung, Verarbeitung oder Nutzung personenbezogener Daten im Auftrag

(1) Werden personenbezogene Daten im Auftrag durch andere Stellen erhoben, verarbeitet oder genutzt, ist der Auftraggeber für die Einhaltung der Vorschriften dieses Gesetzes und anderer Vorschriften über den Datenschutz verantwortlich. Die in den §§ 6, 7 und 8 genannten Rechte sind ihm gegenüber geltend zu machen.

1. the reason for and purpose of the retrieval procedure,

2. third parties to whom transfer is effected,

3. the type of data to be transferred,

4. the technical and organisational measures required under Section 9 of this Act.

In the public sector the supervisory authorities may lay down such specifications.

(3) In cases where the bodies mentioned in Section 12 (1) of this Act are involved, the Federal Commissioner for Data Protection shall be notified of the establishment of retrieval procedures and of the specifications made under sub-section 2 above. The establishment of retrieval procedures in which the bodies mentioned in Sections 6 (2) and 19 (3) of this Act are involved shall be admissible only if the federal or Land ministries responsible for the controller of the filing system and for the retrieving body or their representatives have given their consent.

(4) Responsibility for the admissibility of retrieval in a particular case shall rest with the third party to whom transfer is effected. The controller of the filing system shall examine the admissibility of retrieval only if there is cause for such examination. The controller of the filing system shall ensure that the transfer of personal data can be ascertained and checked at least by means of suitable sampling procedures. If all personal data are retrieved or transferred (batch processing), it shall be sufficient to ensure that the admissibility of the retrieval or transfer of all data can be ascertained and checked.

(5) Sub-sections 1 to 4 above shall not apply to the retrieval of generally accessible data. Generally accessible data are data which anyone can use, be it with or without prior registration, permission or the payment of a fee.

### Section 11
#### Commissioned collection, processing or use of personal data

(1) Where other bodies are commissioned to collect, process or use personal data, responsibility for compliance with the provisions of this Act and with other data protection provisions shall rest with the principal. The rights referred to in Sections 6, 7 and 8 of this Act shall be asserted vis-à-vis the principal.

(2) Der Auftragnehmer ist unter besonderer Berücksichtigung der Eignung der von ihm getroffenen technischen und organisatorischen Maßnahmen sorgfältig auszuwählen. Der Auftrag ist schriftlich zu erteilen, wobei die Datenerhebung, -verarbeitung oder -nutzung, die technischen und organisatorischen Maßnahmen und etwaige Unterauftragsverhältnisse festzulegen sind. Er kann bei öffentlichen Stellen auch durch die Fachaufsichtsbehörde erteilt werden. Der Auftraggeber hat sich von der Einhaltung der beim Auftragnehmer getroffenen technischen und organisatorischen Maßnahmen zu überzeugen.

(3) Der Auftragnehmer darf die Daten nur im Rahmen der Weisungen des Auftraggebers erheben, verarbeiten oder nutzen. Ist er der Ansicht, dass eine Weisung des Auftraggebers gegen dieses Gesetz oder andere Vorschriften über den Datenschutz verstößt, hat er den Auftraggeber unverzüglich darauf hinzuweisen.

(4) Für den Auftragnehmer gelten neben den §§ 5, 9, 43 Abs. 1 Nr. 2, 10 und 11, Abs. 2 Nr. 1 bis 3 und Abs. 3 sowie § 44 nur die Vorschriften über die Datenschutzkontrolle oder die Aufsicht, und zwar für

1. a) öffentliche Stellen,

   b) nicht-öffentliche Stellen, bei denen der öffentlichen Hand die Mehrheit der Anteile gehört oder die Mehrheit der Stimmen zusteht und der Auftraggeber eine öffentliche Stelle ist,

   die §§ 18, 24 bis 26 oder die entsprechenden Vorschriften der Datenschutzgesetze der Länder,

2. die übrigen nicht-öffentlichen Stellen, soweit sie personenbezogene Daten im Auftrag als Dienstleistungsunternehmen geschäftsmäßig erheben, verarbeiten oder nutzen, die §§ 4f , 4g und 38.

(5) Die Absätze 1 bis 4 gelten entsprechend, wenn die Prüfung oder Wartung automatisierter Verfahren oder von Datenverarbeitungsanlagen durch andere Stellen im Auftrag vorgenommen wird und dabei ein Zugriff auf personenbezogene Daten nicht ausgeschlossen werden kann.

(2) The agent shall be carefully selected, with particular regard for the suitability of the technical and organisational measures taken by him. The commission shall be given in writing, specifying the collection, processing and use of the data, the technical and organisational measures and any subcommissions. In the case of public bodies, the commission may be given by the supervisory authority. The principal shall verify compliance with the technical and organisational measures undertaken by the agent.

(3) The agent may collect, process or use the data only as instructed by the principal. If he thinks that an instruction of the principal infringes this Act or other data protection provisions, he shall point this out to the principal without delay.

(4) For the agent the only applicable provisions other than those of Sections 5, 9, 43 (1), Nos. 2, 10 and 11, (2) Nos. 1 to 3 and (3) and Section 44 of this Act shall be the provisions on data protection control or supervision, namely for

1. a) public bodies,

   b) private bodies where the public sector possesses the majority of shares or votes and where the principal is a public body,

   Sections 18, 24 to 26 of this Act or the relevant data protection laws of the Länder,

2. other private bodies in so far as they are commissioned to collect, process or use personal data in the course of business as service enterprises, Sections 4 f, 4 g and 38 of this Act.

(5) Sub-sections 1 to 4 shall apply *mutatis mutandis* if other bodies are commissioned to carry out the inspection or maintenance of automated procedures or data processing systems, in the course of which the possibility of personal data being accessed cannot be excluded.

| | |
|---|---|
| **Zweiter Abschnitt**<br>**Datenverarbeitung der öffentlichen**<br>**Stellen** | **Part II**<br>**Data processing by public bodies** |
| **Erster Unterabschnitt**<br>**Rechtsgrundlagen der Datenverarbei-**<br>**tung** | **Chapter I**<br>**Legal basis for data processing** |

**§ 12**
**Anwendungsbereich**

(1) Die Vorschriften dieses Abschnittes gelten für öffentliche Stellen des Bundes, soweit sie nicht als öffentlich-rechtliche Unternehmen am Wettbewerb teilnehmen.

(2) Soweit der Datenschutz nicht durch Landesgesetz geregelt ist, gelten die §§ 12 bis 16, 19 bis 20 auch für die öffentlichen Stellen der Länder, soweit sie

1. Bundesrecht ausführen und nicht als öffentlich-rechtliche Unternehmen am Wettbewerb teilnehmen oder

2. als Organe der Rechtspflege tätig werden und es sich nicht um Verwaltungs-angelegenheiten handelt.

(3) Für Landesbeauftragte für den Daten-schutz gilt § 23 Abs. 4 entsprechend.

(4) Werden personenbezogene Daten für frühere, bestehende oder zukünftige dienst- oder arbeitsrechtliche Rechtsver-hältnisse erhoben, verarbeitet oder genutzt, gelten anstelle der §§ 13 bis 16, 19 bis 20 der § 28 Abs. 1 und 3 Nr. 1 sowie die §§ 33 bis 35, auch soweit personenbezogene Daten weder automatisiert verarbeitet noch in nicht automatisierten Dateien verarbeitet oder genutzt oder dafür erhoben werden.

**§ 13**
**Datenerhebung**

(1) Das Erheben personenbezogener Da-ten ist zulässig, wenn ihre Kenntnis zur Erfüllung der Aufgaben der verantwortli-chen Stelle erforderlich ist.

(1a) Werden personenbezogene Daten statt beim Betroffenen bei einer nicht-öffentlichen Stelle erhoben, so ist die Stelle auf die Rechtsvorschrift, die zur Auskunft verpflichtet, sonst auf die Freiwilligkeit ihrer Angaben hinzuweisen.

(2) Das Erheben besonderer Arten perso-nenbezogener Daten (§ 3 Abs. 9) ist nur zulässig, soweit

1. eine Rechtsvorschrift dies vorsieht oder aus Gründen eines wichtigen öffentli-chen Interesses zwingend erfordert,

2. der Betroffene nach Maßgabe des § 4a Abs. 3 eingewilligt hat,

**Section 12**
**Scope**

(1) The provisions of this Part shall apply to public bodies of the Federation in so far as they do not participate in competition as public-law enterprises.

(2) Where data protection is not governed by *Land* legislation, Sections 12 to 16, 19 and 20 of this Act shall also apply to public bodies of the *Länder* in so far as they

1. execute federal law and do not partici-pate in competition as public-law enter-prises or

2. act as bodies of the judicature and are not dealing with administrative matters.

(3) Section 23 (4) of this Act shall apply *mutatis mutandis* to *Land* commissioners for data protection.

(4) If personal data are collected, proc-essed or used for the purpose of past, pre-sent or future service or employment con-tracts, Section 28 (1) and (3), No. 1, as well as Sections 33 to 35 of this Act shall apply instead of Sections 13 to 16, 19 to 20, also in so far as personal data are neither proc-essed or used in automated filing systems or collected for such filing systems.

**Section 13**
**Collection of data**

(1) The collection of personal data shall be admissible if knowledge of them is needed to perform the duties of the bodies collect-ing them.

(1a) Where personal data are collected from a private body and not from the data subject, such body shall be informed of the legal provision requiring the supply of par-ticulars or that such supply is voluntary, as the case may be.

(2) The collection of special types of per-sonal data (Section 3 (9)) is permissible only in so far as

1. such collection is stipulated in a legal provision or essential on account of an important public interest,

2. the data subject has consented pursu-ant to Section 4a (3) of this Act,

3. dies zum Schutz lebenswichtiger Interessen des Betroffenen oder eines Dritten erforderlich ist, sofern der Betroffene aus physischen oder rechtlichen Gründen außerstande ist, seine Einwilligung zu geben,

4. es sich um Daten handelt, die der Betroffene offenkundig öffentlich gemacht hat,

5. dies zur Abwehr einer erheblichen Gefahr für die öffentliche Sicherheit erforderlich ist,

6. dies zur Abwehr erheblicher Nachteile für das Gemeinwohl oder zur Wahrung erheblicher Belange des Gemeinwohls zwingend erforderlich ist,

7. dies zum Zweck der Gesundheitsvorsorge, der medizinischen Diagnostik, der Gesundheitsversorgung oder Behandlung oder für die Verwaltung von Gesundheitsdiensten erforderlich ist und die Verarbeitung dieser Daten durch ärztliches Personal oder durch sonstige Personen erfolgt, die einer entsprechenden Geheimhaltungspflicht unterliegen,

8. dies zur Durchführung wissenschaftlicher Forschung erforderlich ist, das wissenschaftliche Interesse an der Durchführung des Forschungsvorhabens das Interesse des Betroffenen an dem Ausschluss der Erhebung erheblich überwiegt und der Zweck der Forschung auf andere Weise nicht oder nur mit unverhältnismäßigem Aufwand erreicht werden kann oder

9. dies aus zwingenden Gründen der Verteidigung oder der Erfüllung über- oder zwischenstaatlicher Verpflichtungen einer öffentlichen Stelle des Bundes auf dem Gebiet der Krisenbewältigung oder Konfliktverhinderung oder für humanitäre Maßnahmen erforderlich ist.

## § 14
### Datenspeicherung, -veränderung und -nutzung

(1) Das Speichern, Verändern oder Nutzen personenbezogener Daten ist zulässig, wenn es zur Erfüllung der in der Zuständigkeit der verantwortlichen Stelle liegenden Aufgaben erforderlich ist und es für die Zwecke erfolgt, für die die Daten erhoben worden sind. Ist keine Erhebung vorausgegangen, dürfen die Daten nur für die Zwecke geändert oder genutzt werden, für die sie gespeichert worden sind.

(2) Das Speichern, Verändern oder Nutzen für andere Zwecke ist nur zulässig, wenn

1. eine Rechtsvorschrift dies vorsieht oder zwingend voraussetzt,

---

3. such collection is necessary in order to protect vital interests of the data subject or of a third party, in so far as the data subject is unable to give his consent for physical or legal reasons,

4. such collection concerns data which the data subject has evidently made public,

5. such collection is necessary in order to avert a substantial threat to public safety,

6. such collection is necessary in order to avert substantial detriment to the common weal or to protect substantial interests of the common weal,

7. such collection is necessary for the purposes of preventive medicine, medical diagnosis, health care or the administration of health services and the processing of these data is carried out by medical personnel or other persons who are subject to an obligation to maintain secrecy,

8. such collection is necessary for the purposes of scientific research, where the scientific interest in carrying out the research project substantially outweighs the data subject's interest in excluding collection and the purpose of the research cannot be achieved in any other way or would otherwise necessitate disproportionate effort, or

9. such collection is necessary in order to enable a public body of the Federation to perform its duties for compelling reasons of defence or to discharge supranational or international duties in the field of crisis management or conflict prevention or for humanitarian measures.

## Section 14
### Storage, modification and use of data

(1) The storage, modification or use of personal data shall be admissible where it is necessary for the performance of the duties of the controller of the filing system and if it serves the purposes for which the data were collected. If there has been no preceding collection, the data may be modified or used only for the purposes for which they were stored.

(2) Storage, modification or use for other purposes shall be admissible only if

1. a legal provision prescribes or peremptorily presupposes this,

2. der Betroffene eingewilligt hat,

3. offensichtlich ist, dass es im Interesse des Betroffenen liegt, und kein Grund zu der Annahme besteht, dass er in Kenntnis des anderen Zwecks seine Einwilligung verweigern würde,

4. Angaben des Betroffenen überprüft werden müssen, weil tatsächliche Anhaltspunkte für deren Unrichtigkeit bestehen,

5. die Daten allgemein zugänglich sind oder die verantwortliche Stelle sie veröffentlichen dürfte, es sei denn, dass das schutzwürdige Interesse des Betroffenen an dem Ausschluss der Zweckänderung offensichtlich überwiegt,

6. es zur Abwehr erheblicher Nachteile für das Gemeinwohl oder einer Gefahr für die öffentliche Sicherheit oder zur Wahrung erheblicher Belange des Gemeinwohls erforderlich ist,

7. es zur Verfolgung von Straftaten oder Ordnungswidrigkeiten, zur Vollstreckung oder zum Vollzug von Strafen oder Maßnahmen im Sinne des § 11 Abs. 1 Nr. 8 des Strafgesetzbuchs oder von Erziehungsmaßregeln oder Zuchtmitteln im Sinne des Jugendgerichtsgesetzes oder zur Vollstreckung von Bußgeldentscheidungen erforderlich ist,

8. es zur Abwehr einer schwerwiegenden Beeinträchtigung der Rechte einer anderen Person erforderlich ist oder

9. es zur Durchführung wissenschaftlicher Forschung erforderlich ist, das wissenschaftliche Interesse an der Durchführung des Forschungsvorhabens das Interesse des Betroffenen an dem Ausschluss der Zweckänderung erheblich überwiegt und der Zweck der Forschung auf andere Weise nicht oder nur mit unverhältnismäßigem Aufwand erreicht werden kann.

(3) Eine Verarbeitung oder Nutzung für andere Zwecke liegt nicht vor, wenn sie der Wahrnehmung von Aufsichts- und Kontrollbefugnissen, der Rechnungsprüfung oder der Durchführung von Organisationsuntersuchungen für die verantwortliche Stelle dient. Das gilt auch für die Verarbeitung oder Nutzung zu Ausbildungs- und Prüfungszwecken durch die verantwortliche Stelle, soweit nicht überwiegende schutzwürdige Interessen des Betroffenen entgegenstehen.

2. the data subject has consented,

3. it is evident that this is in the interest of the data subject and there is no reason to assume that he would withhold consent if he knew of such other purpose,

4. particulars supplied by the data subject have to be checked because there are actual indications that they are incorrect,

5. the data are generally accessible or the controller would be permitted to publish them, unless the data subject clearly has an overriding legitimate interest in excluding the change of purpose,

6. this is necessary in order to avert substantial detriment to the common weal or to protect substantial interests of the common weal,

7. this is necessary to prosecute criminal or administrative offences, to implement sentences or measures as defined in Section 11 (1), No. 8 of the Penal Code or reformatory or disciplinary measures as defined in the Youth Courts Act, or to execute decisions imposing administrative fines,

8. this is necessary to avert a grave infringement of another person's rights or

9. this is necessary in order to conduct scientific research, scientific interest in conduct of the research project substantially outweighs the interest of the data subject in excluding the change of purpose, and the research purpose cannot be attained by other means or can be attained thus only with disproportionate effort.

(3) Processing or use for other purposes shall not be deemed to occur if this serves the exercise of powers of supervision or control, the execution of auditing or the conduct of organisational studies for the controller of the filing system. This shall also apply to processing or use for training and examination purposes by the controller, unless the data subject has overriding legitimate interests.

(4) Personenbezogene Daten, die ausschließlich zu Zwecken der Datenschutzkontrolle, der Datensicherung oder zur Sicherstellung eines ordnungsgemäßen Betriebes einer Datenverarbeitungsanlage gespeichert werden, dürfen nur für diese Zwecke verwendet werden.

(5) Das Speichern, Verändern oder Nutzen von besonderen Arten personenbezogener Daten (§ 3 Abs. 9) für andere Zwecke ist nur zulässig, wenn

1. die Voraussetzungen vorliegen, die eine Erhebung nach § 13 Abs. 2 Nr. 1 bis 6 oder 9 zulassen würden oder

2. dies zur Durchführung wissenschaftlicher Forschung erforderlich ist, das öffentliche Interesse an der Durchführung des Forschungsvorhabens das Interesse des Betroffenen an dem Ausschluss der Zweckänderung erheblich überwiegt und der Zweck der Forschung auf andere Weise nicht oder nur mit unverhältnismäßigem Aufwand erreicht werden kann.

Bei der Abwägung nach Satz 1 Nr. 2 ist im Rahmen des öffentlichen Interesses das wissenschaftliche Interesse an dem Forschungsvorhaben besonders zu berücksichtigen.

(6) Die Speicherung, Veränderung oder Nutzung von besonderen Arten personenbezogener Daten (§ 3 Abs. 9) zu den in § 13 Abs. 2 Nr. 7 genannten Zwecken richtet sich nach den für die in § 13 Abs. 2 Nr. 7 genannten Personen geltenden Geheimhaltungspflichten.

## § 15
### Datenübermittlung an öffentliche Stellen

(1) Die Übermittlung personenbezogener Daten an öffentliche Stellen ist zulässig, wenn

1. sie zur Erfüllung der in der Zuständigkeit der übermitteInden Stelle oder des Dritten, an den die Daten übermittelt werden, liegenden Aufgaben erforderlich ist und

2. die Voraussetzungen vorliegen, die eine Nutzung nach § 14 zulassen würden.

(2) Die Verantwortung für die Zulässigkeit der Übermittlung trägt die übermittelnde Stelle. Erfolgt die Übermittlung auf Ersuchen des Dritten, an den die Daten übermittelt werden, trägt dieser die Verantwortung. In diesem Fall prüft die übermittelnde Stelle nur, ob das Übermittlungsersuchen im Rahmen der Aufgaben des Dritten, an den die Daten übermittelt werden, liegt, es sei denn, dass besonderer Anlass zur Prüfung der Zulässigkeit der Übermittlung besteht. § 10 Abs. 4 bleibt unberührt.

(4) Personal data stored exclusively for the purpose of monitoring data protection, safeguarding data or ensuring proper operation of a data processing system may be used exclusively for such purposes.

(5) The storage, modification or use of special types of personal data (Section 3 (9)) for other purposes shall be permissible only if

1. the requirements which would permit collection in accordance with Section 13 (2), Nos. 1 to 6 or No. 9 are met or

2. this is necessary for the conduct of scientific research, scientific interest in conduct of the research project substantially outweighs the interest of the data subject in excluding the change of purpose, and the research purpose cannot be attained by other means or can be attained thus only with disproportionate effort.

In weighing up the circumstances in accordance with sentence 1, No. 2, the scientific interest in the research project is to receive special consideration in the context of the public interest.

(6) The storage, modification or use of special types of personal data (Section 3 (9)) for the purposes stated in Section 13 (2), No. 7 shall be subject to the obligations to maintain secrecy which apply to the persons stated in Section 13 (2), No. 7.

## Section 15
### Transfer of data to public bodies

(1) The transfer of personal data to public bodies shall be admissible if

1. this is necessary for the performance of duties of the transferring body or the third party to whom the data are transferred and

2. the requirements of Section 14 of this Act are met.

(2) Responsibility for the admissibility of transfer shall rest with the transferring body. If the data are transferred at the request of the third party to whom the data are transferred, the latter shall bear responsibility. In such case the transferring body shall merely examine whether the request for transfer lies within the remit of the third party to whom the data are transferred, unless there is special reason to examine the admissibility of transfer. Section 10 (4) of this Act shall remain unaffected.

(3) Der Dritte, an den die Daten übermittelt werden, darf diese für den Zweck verarbeiten oder nutzen, zu dessen Erfüllung sie ihm übermittelt werden. Eine Verarbeitung oder Nutzung für andere Zwecke ist nur unter den Voraussetzungen des § 14 Abs. 2 zulässig.

(4) Für die Übermittlung personenbezogener Daten an Stellen der öffentlich-rechtlichen Religionsgesellschaften gelten die Absätze 1 bis 3 entsprechend, sofern sichergestellt ist, dass bei diesen ausreichende Datenschutzmaßnahmen getroffen werden.

(5) Sind mit personenbezogenen Daten, die nach Absatz 1 übermittelt werden dürfen, weitere personenbezogene Daten des Betroffenen oder eines Dritten so verbunden, dass eine Trennung nicht oder nur mit unvertretbarem Aufwand möglich ist, so ist die Übermittlung auch dieser Daten zulässig, soweit nicht berechtigte Interessen des Betroffenen oder eines Dritten an deren Geheimhaltung offensichtlich überwiegen; eine Nutzung dieser Daten ist unzulässig.

(6) Absatz 5 gilt entsprechend, wenn personenbezogene Daten innerhalb einer öffentlichen Stelle weitergegeben werden.

## § 16
### Datenübermittlung an nicht-öffentliche Stellen

(1) Die Übermittlung personenbezogener Daten an nicht-öffentliche Stellen ist zulässig, wenn

1. sie zur Erfüllung der in der Zuständigkeit der übermittelnden Stelle liegenden Aufgaben erforderlich ist und die Voraussetzungen vorliegen, die eine Nutzung nach § 14 zulassen würden, oder

2. der Dritte, an den die Daten übermittelt werden, ein berechtigtes Interesse an der Kenntnis der zu übermittelnden Daten glaubhaft darlegt und der Betroffene kein schutzwürdiges Interesse an dem Ausschluss der Übermittlung hat. Das Übermitteln von besonderen Arten personenbezogener Daten (§ 3 Abs. 9) ist abweichend von Satz 1 Nr. 2 nur zulässig, wenn die Voraussetzungen vorliegen, die eine Nutzung nach § 14 Abs. 5 und 6 zulassen würden oder soweit dies zur Geltendmachung, Ausübung oder Verteidigung rechtlicher Ansprüche erforderlich ist.

(2) Die Verantwortung für die Zulässigkeit der Übermittlung trägt die übermittelnde Stelle.

(3) The third party to whom the data are transferred may process or use the transferred data for the purpose for which they were transferred. Processing or use for other purposes shall be admissible only if the requirements of Section 14 (2) of this Act are met.

(4) Sub-sections 1 to 3 above shall apply *mutatis mutandis* to the transfer of personal data to bodies of public-law religious societies, provided it is ensured that the latter take adequate data protection measures.

(5) Where personal data that may be transferred under sub-section 1 above are linked to other personal data of the data subject or a third party in such a way that separation is not possible or is possible only with unreasonable effort, the transfer of the latter data shall also be admissible, unless the data subject or a third party clearly has an overriding justified interest in keeping them secret; use of these data shall be inadmissible.

(6) Sub-section 5 above shall apply *mutatis mutandis* if personal data are transmitted within a public body.

## Section 16
### Transfer of data to private bodies

(1) The transfer of personal data to private bodies shall be admissible if

1. this is necessary for the performance of the duties of the transferring body and the requirements of Section 14 of this Act are met or

2. the third party to whom the data are transferred credibly proves a justified interest in knowledge of the data to be transferred and the data subject does not have a legitimate interest in excluding their transfer. By way of derogation from sentence 1, No. 2, the transfer of special types of personal data (Section 3 (9)) is permissible only if the requirements which would permit use in accordance with Section 14 (5) and (9) are met, or in so far as this is necessary in order to assert, exercise or defend legal claims.

(2) Responsibility for the admissibility of transfer shall rest with the transferring body.

(3) In den Fällen der Übermittlung nach Absatz 1 Nr. 2 unterrichtet die übermittelnde Stelle den Betroffenen von der Übermittlung seiner Daten. Dies gilt nicht, wenn damit zu rechnen ist, dass er davon auf andere Weise Kenntnis erlangt, oder wenn die Unterrichtung die öffentliche Sicherheit gefährden oder sonst dem Wohle des Bundes oder eines Landes Nachteile bereiten würde.

(4) Der Dritte, an den die Daten übermittelt werden, darf diese nur für den Zweck verarbeiten oder nutzen, zu dessen Erfüllung sie ihm übermittelt werden. Die übermittelnde Stelle hat ihn darauf hinzuweisen. Eine Verarbeitung oder Nutzung für andere Zwecke ist zulässig, wenn eine Übermittlung nach Absatz 1 zulässig wäre und die übermittelnde Stelle zugestimmt hat.

### § 17

weggefallen

### § 18
### Durchführung des Datenschutzes in der Bundesverwaltung

(1) Die obersten Bundesbehörden, der Präsident des Bundeseisenbahnvermögens sowie die bundesunmittelbaren Körperschaften, Anstalten und Stiftungen des öffentlichen Rechts, über die von der Bundesregierung oder einer obersten Bundesbehörde lediglich die Rechtsaufsicht ausgeübt wird, haben für ihren Geschäftsbereich die Ausführung dieses Gesetzes sowie anderer Rechtsvorschriften über den Datenschutz sicherzustellen. Das Gleiche gilt für die Vorstände der aus dem Sondervermögen Deutsche Bundespost durch Gesetz hervorgegangenen Unternehmen, solange diesen ein ausschließliches Recht nach dem Postgesetz zusteht.

(2) Die öffentlichen Stellen führen ein Verzeichnis der eingesetzten Datenverarbeitungsanlagen. Für ihre automatisierten Verarbeitungen haben sie die Angaben nach § 4e sowie die Rechtsgrundlage der Verarbeitung schriftlich festzulegen. Bei allgemeinen Verwaltungszwecken dienenden automatisierten Verarbeitungen, bei welchen das Auskunftsrecht des Betroffenen nicht nach § 19 Abs. 3 oder 4 eingeschränkt wird, kann hiervon abgesehen werden. Für automatisierte Verarbeitungen, die in gleicher oder ähnlicher Weise mehrfach geführt werden, können die Festlegungen zusammengefasst werden.

(3) In cases of transfer under sub-section 1, No. 2 above, the transferring body shall inform the data subject of the transfer of his data. This shall not apply if it can be assumed that he will acquire knowledge of such transfer in another manner or if such information would jeopardise public safety or otherwise be detrimental to the Federation or a *Land*.

(4) The third party to whom the data are transferred may process or use the transferred data only for the purpose for which they were transferred to him. The transferring body shall point this out to him. Processing or use for other purposes shall be admissible if transfer under sub-section 1 above would be admissible and the transferring body has consented.

### Section 17
### Transfer of data to bodies outside the area of application of this Act

deleted

### Section 18
### Implementation of data protection in the federal administration

(1) The supreme federal authorities, the President of the Federal Railway Property as well as the federal corporations, establishments and foundations under public law subject to only legal supervision by the Federal Government or a supreme federal authority shall ensure that this Act and other legal provisions concerning data protection are implemented in their respective spheres of activity. The same shall apply to the managing boards of the successor companies created from the Special Fund *Deutsche Bundespost* by act of law as long as they have an exclusive right under the Postal Law.

(2) Public bodies shall keep a register of the data processing systems used. In respect of their automated processing operations, they shall record the information in accordance with Section 4e and the legal basis for processing in writing. This requirement can be waived in the case of automated processing operations for administrative purposes which involve no restrictions of the data subject's right of access in accordance with Section 19 (3) or (4). The specifications may be combined for automated processing operations which are conducted several times in the same manner or a similar manner.

| | |
|---|---|
| **Zweiter Unterabschnitt**<br>**Rechte des Betroffenen** | **Chapter II**<br>**Rights of the data subject** |
| **§ 19**<br>**Auskunft an den Betroffenen** | **Section 19**<br>**Provision of information to the data subject** |

(1) Dem Betroffenen ist auf Antrag Auskunft zu erteilen über

(1) The data subject shall, at his request, be provided with information on

1. die zu seiner Person gespeicherten Daten, auch soweit sie sich auf die Herkunft dieser Daten beziehen,

1. stored data concerning him, including any reference in them to their origin,

2. die Empfänger oder Kategorien von Empfängern, an die die Daten weitergegeben werden, und

2. the recipients or categories of recipients to whom the data are transmitted, and

3. den Zweck der Speicherung.

3. the purpose of storage.

In dem Antrag soll die Art der personenbezogenen Daten, über die Auskunft erteilt werden soll, näher bezeichnet werden. Sind die personenbezogenen Daten weder automatisiert noch in nicht automatisierten Dateien gespeichert, wird die Auskunft nur erteilt, soweit der Betroffene Angaben macht, die das Auffinden der Daten ermöglichen, und der für die Erteilung der Auskunft erforderliche Aufwand nicht außer Verhältnis zu dem vom Betroffenen geltend gemachten Informationsinteresse steht. Die verantwortliche Stelle bestimmt das Verfahren, insbesondere die Form der Auskunftserteilung, nach pflichtgemäßem Ermessen.

The request should specify the type of personal data on which information is to be provided. If the personal data are stored neither by automated procedures nor in non-automated filing systems, information shall be provided only in so far as the data subject supplies particulars making it possible to locate the data and the effort needed to provide the information is not out of proportion to the interest in such information expressed by the data subject. The controller shall exercise due discretion in determining the procedure for providing such information and, in particular, the form in which it is provided.

(2) Absatz 1 gilt nicht für personenbezogene Daten, die nur deshalb gespeichert sind, weil sie aufgrund gesetzlicher, satzungsmäßiger oder vertraglicher Aufbewahrungsvorschriften nicht gelöscht werden dürfen, oder ausschließlich Zwecken der Datensicherung oder der Datenschutzkontrolle dienen und eine Auskunftserteilung einen unverhältnismäßigen Aufwand erfordern würde.

(2) Sub-section 1 above shall not apply to personal data which are stored merely because they may not be erased due to legal, statutory or contractual provisions on their preservation or exclusively serve purposes of data security or data protection control and the provision of information would require disproportionate effort.

(3) Bezieht sich die Auskunftserteilung auf die Übermittlung personenbezogener Daten an Verfassungsschutzbehörden, den Bundesnachrichtendienst, den Militärischen Abschirmdienst und, soweit die Sicherheit des Bundes berührt wird, andere Behörden des Bundesministeriums der Verteidigung, ist sie nur mit Zustimmung dieser Stellen zulässig.

(3) If the provision of information relates to the transfer of personal data to authorities for the protection of the constitution, to the Federal Intelligence Service, the Federal Armed Forces Counterintelligence Office and, where the security of the Federation is concerned, other authorities of the Federal Ministry of Defence, it shall be admissible only with the consent of such bodies.

(4) Die Auskunftserteilung unterbleibt, soweit

(4) Information shall not be provided if

1. die Auskunft die ordnungsgemäße Erfüllung der in der Zuständigkeit der verantwortlichen Stelle liegenden Aufgaben gefährden würde,

1. this would be prejudicial to the proper performance of the duties of the controller,

2. die Auskunft die öffentliche Sicherheit oder Ordnung gefährden oder sonst dem Wohle des Bundes oder eines Landes Nachteile bereiten würde oder

2. this would impair public safety or order or otherwise be detrimental to the Federation or a *Land* or

3. die Daten oder die Tatsache ihrer Speicherung nach einer Rechtsvorschrift oder ihrem Wesen nach, insbesondere wegen der überwiegenden berechtigten Interessen eines Dritten, geheim gehalten werden müssen

und deswegen das Interesse des Betroffenen an der Auskunftserteilung zurücktreten muss.

(5) Die Ablehnung der Auskunftserteilung bedarf einer Begründung nicht, soweit durch die Mitteilung der tatsächlichen und rechtlichen Gründe, auf die die Entscheidung gestützt wird, der mit der Auskunftsverweigerung verfolgte Zweck gefährdet würde. In diesem Fall ist der Betroffene darauf hinzuweisen, dass er sich an den Bundesbeauftragten für den Datenschutz wenden kann.

(6) Wird dem Betroffenen keine Auskunft erteilt, so ist sie auf sein Verlangen dem Bundesbeauftragten für den Datenschutz zu erteilen, soweit nicht die jeweils zuständige oberste Bundesbehörde im Einzelfall feststellt, dass dadurch die Sicherheit des Bundes oder eines Landes gefährdet würde. Die Mitteilung des Bundesbeauftragten an den Betroffenen darf keine Rückschlüsse auf den Erkenntnisstand der verantwortlichen Stelle zulassen, sofern diese nicht einer weitergehenden Auskunft zustimmt.

(7) Die Auskunft ist unentgeltlich.

## § 19a
## Benachrichtigung

(1) Werden Daten ohne Kenntnis des Betroffenen erhoben, so ist er von der Speicherung, der Identität der verantwortlichen Stelle sowie über die Zweckbestimmungen der Erhebung, Verarbeitung oder Nutzung zu unterrichten. Der Betroffene ist auch über die Empfänger oder Kategorien von Empfängern von Daten zu unterrichten, soweit er nicht mit der Übermittlung an diese rechnen muss. Sofern eine Übermittlung vorgesehen ist, hat die Unterrichtung spätestens bei der ersten Übermittlung zu erfolgen.

(2) Eine Pflicht zur Benachrichtigung besteht nicht, wenn

1. der Betroffene auf andere Weise Kenntnis von der Speicherung oder der Übermittlung erlangt hat,

2. die Unterrichtung des Betroffenen einen unverhältnismäßigen Aufwand erfordert oder

3. die Speicherung oder Übermittlung der personenbezogenen Daten durch Gesetz ausdrücklich vorgesehen ist.

3. the data or the fact that they are being stored must be kept secret in accordance with a legal provision or by virtue of their nature, in particular on account of an overriding justified interest of a third party

and for this reason the interest of the data subject in the provision of information must be subordinated.

(5) Reasons need not be stated for the refusal to provide information if the statement of the actual and legal reasons on which the decision is based would jeopardise the purpose pursued by refusing to provide information. In such case it shall be pointed out to the data subject that he may appeal to the Federal Commissioner for Data Protection.

(6) If no information is provided to the data subject, it shall at his request be supplied to the Federal Commissioner for Data Protection unless the relevant supreme federal authority determines in a particular case that this would jeopardise the security of the Federation or a *Land*. The transfer from the Federal Commissioner to the data subject must not allow any conclusions to be drawn as to the knowledge at the disposal of the controller, unless the latter consents to more extensive information being provided.

(7) Information shall be provided free of charge.

## Section 19a
## Notification

(1) If data are collected without the data subject's knowledge, he is to be informed of storage, of the controller's identity and of the purposes of collection, processing or use. The data subject is also to be notified of the recipients or categories of recipients of data, except where he must expect transfer to such recipients. When transfer is envisaged, notification is to be provided at the time of the first transfer at the latest.

(2) Notification shall not be required if

1. the data subject has received knowledge by other means of the storage or transfer of the data,

2. notification of the data subject would require disproportionate effort or

3. the law expressly provides for storage or transfer of the personal data.

Die verantwortliche Stelle legt schriftlich fest, unter welchen Voraussetzungen von einer Benachrichtigung nach Nummer 2 oder 3 abgesehen wird.

(3) § 19 Abs. 2 bis 4 gilt entsprechend.

The controller shall stipulate in writing under what conditions notification shall not be provided in accordance with Nos. 2 or 3 above.

(3) Section 19 (2) to (4) shall apply *mutatis mutandis*.

### § 20
### Berichtigung, Löschung und Sperrung von Daten; Widerspruchsrecht

### Section 20
### Correction, erasure and blocking of data; right of objection

(1) Personenbezogene Daten sind zu berichtigen, wenn sie unrichtig sind. Wird festgestellt, dass personenbezogene Daten, die weder automatisiert verarbeitet noch in nicht automatisierten Dateien gespeichert sind, unrichtig sind, oder wird ihre Richtigkeit von dem Betroffenen bestritten, so ist dies in geeigneter Weise festzuhalten.

(1) Incorrect personal data shall be corrected. If it is established that personal data which have neither been processed by automated procedures nor stored in automated filing systems are incorrect, or if their correctness is contested by the data subject, this is to be recorded in an appropriate manner.

(2) Personenbezogene Daten, die automatisiert verarbeitet oder in nicht automatisierten Dateien gespeichert sind, sind zu löschen, wenn

(2) Personal data which are processed by automated procedures or stored in non-automated filing systems are to be erased if

1. ihre Speicherung unzulässig ist oder

1. their storage is inadmissible or

2. ihre Kenntnis für die verantwortliche Stelle zur Erfüllung der in ihrer Zuständigkeit liegenden Aufgaben nicht mehr erforderlich ist.

2. knowledge of them is no longer required by the controller of the filing system for the performance of his duties.

(3) An die Stelle einer Löschung tritt eine Sperrung, soweit

(3) Instead of erasure, personal data shall be blocked in so far as

1. einer Löschung gesetzliche, satzungsmäßige oder vertragliche Aufbewahrungsfristen entgegenstehen,

1. preservation periods prescribed by law, statutes or contracts rule out any erasure,

2. Grund zu der Annahme besteht, dass durch eine Löschung schutzwürdige Interessen des Betroffenen beeinträchtigt würden, oder

2. there is reason to assume that erasure would impair legitimate interests of the data subject or

3. eine Löschung wegen der besonderen Art der Speicherung nicht oder nur mit unverhältnismäßig hohem Aufwand möglich ist.

3. erasure is not possible or is only possible with disproportionate effort due to the specific type of storage.

(4) Personenbezogene Daten, die automatisiert verarbeitet oder in nicht automatisierten Dateien gespeichert sind, sind ferner zu sperren, soweit ihre Richtigkeit vom Betroffenen bestritten wird und sich weder die Richtigkeit noch die Unrichtigkeit feststellen lässt.

(4) Personal data which are processed by automated procedures or stored in non-automated filing systems shall also be blocked if the data subject disputes that they are correct and it cannot be ascertained whether they are correct or incorrect.

(5) Personenbezogene Daten dürfen nicht für eine automatisierte Verarbeitung oder Verarbeitung in nicht automatisierten Dateien erhoben, verarbeitet oder genutzt werden, soweit der Betroffene dieser bei der verantwortlichen Stelle widerspricht und eine Prüfung ergibt, dass das schutzwürdige Interesse des Betroffenen wegen seiner besonderen persönlichen Situation das Interesse der verantwortlichen Stelle an dieser Erhebung, Verarbeitung oder Nutzung überwiegt. Satz 1 gilt nicht, wenn eine Rechtsvorschrift zur Erhebung, Verarbeitung oder Nutzung verpflichtet.

(6) Personenbezogene Daten, die weder automatisiert verarbeitet noch in einer nicht automatisierten Datei gespeichert sind, sind zu sperren, wenn die Behörde im Einzelfall feststellt, dass ohne die Sperrung schutzwürdige Interessen des Betroffenen beeinträchtigt würden und die Daten für die Aufgabenerfüllung der Behörde nicht mehr erforderlich sind.

(7) Gesperrte Daten dürfen ohne Einwilligung des Betroffenen nur übermittelt oder genutzt werden, wenn

1. es zu wissenschaftlichen Zwecken, zur Behebung einer bestehenden Beweisnot oder aus sonstigen im überwiegenden Interesse der verantwortlichen Stelle oder eines Dritten liegenden Gründen unerlässlich ist und

2. die Daten hierfür übermittelt oder genutzt werden dürften, wenn sie nicht gesperrt wären.

(8) Von der Berichtigung unrichtiger Daten, der Sperrung bestrittener Daten sowie der Löschung oder Sperrung wegen Unzulässigkeit der Speicherung sind die Stellen zu verständigen, denen im Rahmen einer Datenübermittlung diese Daten zur Speicherung weitergegeben wurden, wenn dies keinen unverhältnismäßigen Aufwand erfordert und schutzwürdige Interessen des Betroffenen nicht entgegenstehen.

(9) § 2 Abs. 1 bis 6, 8 und 9 des Bundesarchivgesetzes ist anzuwenden.

### § 21
### Anrufung des Bundesbeauftragten für den Datenschutz

Jedermann kann sich an den Bundesbeauftragten für den Datenschutz wenden, wenn er der Ansicht ist, bei der Erhebung, Verarbeitung oder Nutzung seiner personenbezogenen Daten durch öffentliche Stellen des Bundes in seinen Rechten verletzt worden zu sein. Für die Erhebung, Verarbeitung oder Nutzung von personenbezogenen Daten durch Gerichte des Bundes gilt dies nur, soweit diese in Verwaltungsangelegenheiten tätig werden.

(5) Personal data must not be collected, processed or used for automated processing or processing in non-automated filing systems if the data subject files an objection with the controller and an examination reveals that the data subject's legitimate interest outweighs the controller's interest in such collection, processing or use, on account of the data subject's personal situation. Sentence 1 shall apply only when an obligation to carry out collection, processing or use is established by a legal provision.

(6) Personal data which are neither processed by automatic procedures nor stored in a non-automated filing system are to be blocked if, in the individual case concerned, the authority establishes that legitimate interests of the data subject would be impaired without such blockage and the data are no longer required in order for the authority to be able to discharge its duties.

(7) Blocked data may be transferred or used without the consent of the data subject only if

1. this is indispensable for scientific purposes, for use as evidence or for other reasons in the overriding interests of the controller of the data or a third party and

2. transfer or use of the data for this purpose would be admissible if they were not blocked.

(8) The correction of incorrect data, the blocking of disputed data and the erasure or blocking of data due to inadmissible storage shall be notified to the bodies to which these data are transmitted for storage within the framework of regular data transfer, provided that this does not require disproportionate effort and does not conflict with any legitimate interests of the data subject.

(9) Section 2 (1) to (6), (8) and (9) of the Federal Archives Act shall apply.

### Section 21
### Appeals to the Federal Commissioner for Data Protection

Anyone may appeal to the Federal Commissioner for Data Protection if he believes that his rights have been infringed through the collection, processing or use of his personal data by public bodies of the Federation. This shall apply to the collection, processing or use of personal data by courts of the Federation only in so far as they deal with administrative matters.

| Dritter Unterabschnitt<br>Bundesbeauftragter für den Daten-<br>schutz | Chapter III<br>Federal Commissioner for Data Protec-<br>tion |
|---|---|
| **§ 22**<br>**Wahl des Bundesbeauftragten für den Datenschutz** | **Section 22**<br>**Election of the Federal Commissioner for Data Protection** |

(1) Der Deutsche Bundestag wählt auf Vorschlag der Bundesregierung den Bundesbeauftragten für den Datenschutz mit mehr als der Hälfte der gesetzlichen Zahl seiner Mitglieder. Der Bundesbeauftragte muss bei seiner Wahl das 35. Lebensjahr vollendet haben. Der Gewählte ist vom Bundespräsidenten zu ernennen.

(2) Der Bundesbeauftragte leistet vor dem Bundesminister des Innern folgenden Eid:

> „Ich schwöre, dass ich meine Kraft dem Wohle des deutschen Volkes widmen, seinen Nutzen mehren, Schaden von ihm wenden, das Grundgesetz und die Gesetze des Bundes wahren und verteidigen, meine Pflichten gewissenhaft erfüllen und Gerechtigkeit gegen jedermann üben werde. So wahr mir Gott helfe."

Der Eid kann auch ohne religiöse Beteuerung geleistet werden.

(3) Die Amtszeit des Bundesbeauftragten beträgt fünf Jahre. Einmalige Wiederwahl ist zulässig.

(4) Der Bundesbeauftragte steht nach Maßgabe dieses Gesetzes zum Bund in einem öffentlich-rechtlichen Amtsverhältnis. Er ist in Ausübung seines Amtes unabhängig und nur dem Gesetz unterworfen. Er untersteht der Rechtsaufsicht der Bundesregierung.

(5) Der Bundesbeauftragte wird beim Bundesministerium des Innern eingerichtet. Er untersteht der Dienstaufsicht des Bundesministeriums des Innern. Dem Bundesbeauftragten ist die für die Erfüllung seiner Aufgaben notwendige Personal- und Sachausstattung zur Verfügung zu stellen; sie ist im Einzelplan des Bundesministeriums des Innern in einem eigenen Kapitel auszuweisen. Die Stellen sind im Einvernehmen mit dem Bundesbeauftragten zu besetzen. Die Mitarbeiter können, falls sie mit der beabsichtigten Maßnahme nicht einverstanden sind, nur im Einvernehmen mit ihm versetzt, abgeordnet oder umgesetzt werden.

(6) Ist der Bundesbeauftragte vorübergehend an der Ausübung seines Amtes verhindert, kann der Bundesminister des Innern einen Vertreter mit der Wahrnehmung der Geschäfte beauftragen. Der Bundesbeauftragte soll dazu gehört werden.

(1) On a proposal from the Federal Government the *Bundestag* shall elect the Federal Commissioner for Data Protection with over half of the statutory number of its members. The Federal Commissioner must be at least 35 years old at the time of his election. The person elected shall be appointed by the Federal President.

(2) The Federal Commissioner shall swear the following oath in the presence of the Federal Minister of the Interior:

> "I swear to do everything in my power to further the well-being of the German people, to protect it from harm and to defend the Basic Law and the laws of the Federation, to perform my duties conscientiously and to exercise justice in all my dealings, so help me God."

The reference to God may be omitted from the oath.

(3) The term of office of the Federal Commissioner shall be five years. It may be renewed once.

(4) The Federal Commissioner shall, as directed by this Act, have public-law official status with respect to the Federation. He shall be independent in the performance of his duties and subject to the law only. He shall be subject to the legal supervision of the Federal Government.

(5) The Federal Commissioner shall be established with the Federal Minister of the Interior. He shall be subject to the hierarchical supervision of the Federal Minister of the Interior. The Federal Commissioner shall be provided with the personnel and material resources necessary for the performance of his duties; these resources shall be shown in a separate chapter of the budget of the Federal Minister of the Interior. The posts shall be filled in agreement with the Federal Commissioner. If they do not agree to the envisaged measure, staff members may be transferred, delegated or relocated only in agreement with the Federal Commissioner.

(6) If the Federal Commissioner is temporarily prevented from performing his duties, the Federal Minister of the Interior may appoint a substitute to perform such duties. The Federal Commissioner shall be consulted on such appointment.

## § 23
### Rechtsstellung des Bundesbeauftragten für den Datenschutz

(1) Das Amtsverhältnis des Bundesbeauftragten für den Datenschutz beginnt mit der Aushändigung der Ernennungsurkunde. Es endet

1. mit Ablauf der Amtszeit,

2. mit der Entlassung.

Der Bundespräsident entlässt den Bundesbeauftragten, wenn dieser es verlangt oder auf Vorschlag der Bundesregierung, wenn Gründe vorliegen, die bei einem Richter auf Lebenszeit die Entlassung aus dem Dienst rechtfertigen. Im Fall der Beendigung des Amtsverhältnisses erhält der Bundesbeauftragte eine vom Bundespräsidenten vollzogene Urkunde. Eine Entlassung wird mit der Aushändigung der Urkunde wirksam. Auf Ersuchen des Bundesministers des Innern ist der Bundesbeauftragte verpflichtet, die Geschäfte bis zur Ernennung seines Nachfolgers weiterzuführen.

(2) Der Bundesbeauftragte darf neben seinem Amt kein anderes besoldetes Amt, kein Gewerbe und keinen Beruf ausüben und weder der Leitung oder dem Aufsichtsrat oder Verwaltungsrat eines auf Erwerb gerichteten Unternehmens noch einer Regierung oder einer gesetzgebenden Körperschaft des Bundes oder eines Landes angehören. Er darf nicht gegen Entgelt außergerichtliche Gutachten abgeben.

(3) Der Bundesbeauftragte hat dem Bundesministerium des Innern Mitteilung über Geschenke zu machen, die er in Bezug auf sein Amt erhält. Das Bundesministerium des Innern entscheidet über die Verwendung der Geschenke.

(4) Der Bundesbeauftragte ist berechtigt, über Personen, die ihm in seiner Eigenschaft als Bundesbeauftragter Tatsachen anvertraut haben, sowie über diese Tatsachen selbst das Zeugnis zu verweigern. Dies gilt auch für die Mitarbeiter des Bundesbeauftragten mit der Maßgabe, dass über die Ausübung dieses Rechts der Bundesbeauftragte entscheidet. Soweit das Zeugnisverweigerungsrecht des Bundesbeauftragten reicht, darf die Vorlegung oder Auslieferung von Akten oder anderen Schriftstücken von ihm nicht gefordert werden.

## Section 23
### Legal status of the Federal Commissioner for Data Protection

(1) The mandate of the Federal Commissioner for Data Protection shall commence on delivery of the certificate of appointment. It shall end

1. on expiry of his term of office,

2. on his dismissal.

The Federal President shall dismiss the Federal Commissioner at the latter's request or on a proposal by the Federal Government when there are grounds which, in the case of an established judge, justify dismissal from service. In the event of termination of office, the Federal Commissioner shall receive a document signed by the Federal President. Dismissal shall be effective on delivery of this document. If the Federal Minister of the Interior so requests, the Federal Commissioner shall be obliged to continue his work until a successor has been appointed.

(2) The Federal Commissioner shall not hold any other paid office or pursue any gainful activity or occupation in addition to his official duties and shall not belong to the management, supervisory board or board of directors of a profit-making enterprise nor to a government or a legislative body of the Federation or a *Land*. He may not deliver extra-judicial opinions in exchange for payment.

(3) The Federal Commissioner shall inform the Federal Ministry of the Interior of any gifts that he receives in the performance of his duties. The Federal Ministry of the Interior shall decide how such gifts shall be used.

(4) The Federal Commissioner shall be entitled to refuse to give testimony as a witness on persons who have entrusted information to him in his capacity as Federal Commissioner and on such information itself. This shall also apply to the staff of the Federal Commissioner, on condition that the Federal Commissioner decides on the exercise of this right. Within the scope of the Federal Commissioner's right to refuse to give testimony as a witness, he may not be required to submit or surrender files or other documents.

(5) Der Bundesbeauftragte ist, auch nach Beendigung seines Amtsverhältnisses, verpflichtet, über die ihm amtlich bekannt gewordenen Angelegenheiten Verschwiegenheit zu bewahren. Dies gilt nicht für Mitteilungen im dienstlichen Verkehr oder über Tatsachen, die offenkundig sind oder ihrer Bedeutung nach keiner Geheimhaltung bedürfen. Der Bundesbeauftragte darf, auch wenn er nicht mehr im Amt ist, über solche Angelegenheiten ohne Genehmigung des Bundesministeriums des Innern weder vor Gericht noch außergerichtlich aussagen oder Erklärungen abgeben. Unberührt bleibt die gesetzlich begründete Pflicht, Straftaten anzuzeigen und bei Gefährdung der freiheitlichen demokratischen Grundordnung für deren Erhaltung einzutreten. Für den Bundesbeauftragten und seine Mitarbeiter gelten die §§ 93, 97, 105 Abs. 1, § 111 Abs. 5 in Verbindung mit § 105 Abs. 1 sowie § 116 Abs. 1 der Abgabenordnung nicht. Satz 5 findet keine Anwendung, soweit die Finanzbehörden die Kenntnis für die Durchführung eines Verfahrens wegen einer Steuerstraftat sowie eines damit zusammenhängenden Steuerverfahrens benötigen, an deren Verfolgung ein zwingendes öffentliches Interesse besteht, oder soweit es sich um vorsätzlich falsche Angaben des Auskunftspflichtigen oder der für ihn tätigen Personen handelt. Stellt der Bundesbeauftragte einen Datenschutzverstoß fest, ist er befugt, diesen anzuzeigen und den Betroffenen hierüber zu informieren.

(6) Die Genehmigung, als Zeuge auszusagen, soll nur versagt werden, wenn die Aussage dem Wohle des Bundes oder eines deutschen Landes Nachteile bereiten oder die Erfüllung öffentlicher Aufgaben ernstlich gefährden oder erheblich erschweren würde. Die Genehmigung, ein Gutachten zu erstatten, kann versagt werden, wenn die Erstattung den dienstlichen Interessen Nachteile bereiten würde. § 28 des Bundesverfassungsgerichtsgesetzes bleibt unberührt.

(5) The Federal Commissioner shall be obliged, even after termination of his service, to maintain secrecy concerning information of which he has knowledge by reason of his duties. This shall not apply to communications made in the normal course of duties or concerning facts which are common knowledge or are not sufficiently important to warrant confidential treatment. The Federal Commissioner may not, even after leaving the service, make any pronouncements or statements either in or out of court concerning such matters without the consent of the Federal Ministry of the Interior. This provision shall not, however, affect his duty by law to report criminal offences and to take action to uphold the free democratic fundamental order whenever it is jeopardised. Sections 93, 97, 105 (1), Section 111 (5) in conjunction with Section 105 (1) and Section 116 (1) of the Fiscal Code shall not apply to the Federal Commissioner for Data Protection and his staff in so far as the fiscal authorities require such knowledge in order to conduct legal proceedings due to a tax offence and a related tax procedure, the prosecution of which is necessary on account of a compelling public interest, or in so far as the person obliged to provide information or persons acting on his behalf have intentionally provided false information. If the Federal Commissioner establishes a violation of data protection provisions, he shall be authorised to file charges and to inform the data subject accordingly.

(6) Consent to give testimony as a witness shall be refused only when such testimony would be to the detriment of the Federation or a *Land* or seriously jeopardise or impede the performance of public duties. Consent to deliver an opinion may be refused where it would be against the interest of the service. Section 28 of the Act on the Federal Constitutional Court shall remain unaffected.

(7) Der Bundesbeauftragte erhält vom Beginn des Kalendermonats an, in dem das Amtsverhältnis beginnt, bis zum Schluss des Kalendermonats, in dem das Amtsverhältnis endet, im Fall des Absatzes 1 Satz 6 bis zum Ende des Monats, in dem die Geschäftsführung endet, Amtsbezüge in Höhe der einem Bundesbeamten der Besoldungsgruppe B 9 zustehenden Besoldung. Das Bundesreisekostengesetz und das Bundesumzugskostengesetz sind entsprechend anzuwenden. Im Übrigen sind die §§ 13 bis 20 und 21a Abs. 5 des Bundesministergesetzes mit der Maßgabe anzuwenden, dass an die Stelle der zweijährigen Amtszeit in § 15 Abs. 1 des Bundesministergesetzes eine Amtszeit von fünf Jahren und an die Stelle der Besoldungsgruppe B 11 in § 21a Abs. 5 des Bundesministergesetzes die Besoldungsgruppe B 9 tritt. Abweichend von Satz 3 in Verbindung mit den §§ 15 bis 17 und 21a Abs. 5 des Bundesministergesetzes berechnet sich das Ruhegehalt des Bundesbeauftragten unter Hinzurechnung der Amtszeit als ruhegehaltsfähige Dienstzeit in entsprechender Anwendung des Beamtenversorgungsgesetzes, wenn dies günstiger ist und der Bundesbeauftragte sich unmittelbar vor seiner Wahl zum Bundesbeauftragten als Beamter oder Richter mindestens in dem letzten gewöhnlich vor Erreichen der Besoldungsgruppe B 9 zu durchlaufenden Amt befunden hat.[*]

(8) Absatz 5 Satz 5 bis 7 gilt entsprechend für die öffentlichen Stellen, die für die Kontrolle der Einhaltung der Vorschriften über den Datenschutz in den Ländern zuständig sind.

### § 24
### Kontrolle durch den Bundesbeauftragten für den Datenschutz

(1) Der Bundesbeauftragte für den Datenschutz kontrolliert bei den öffentlichen Stellen des Bundes die Einhaltung der Vorschriften dieses Gesetzes und anderer Vorschriften über den Datenschutz.

(2) Die Kontrolle des Bundesbeauftragten erstreckt sich auch auf

(7) From the beginning of the calendar month in which he commences his duties until the end of the calendar month in which he terminates his duties or, in the event of the sixth sentence of sub-section 1 above being applied, until the end of the month in which his activities cease, the Federal Commissioner shall receive the remuneration of a grade B 9 federal official. The Federal Act on Travel Expenses and the Federal Act on Removal Expenses shall apply *mutatis mutandis*. In all other respects, Sections 13 to 20 and 21a (5) of the Act on Federal Ministers shall apply, except that the period of office of two years provided in Section 15 (1) of the Act on Federal Ministers shall be replaced by a period of office of five years and pay grade B 11 as stipulated in Section 21a (5) of the Act on Federal Ministers shall be replaced by pay grade B 9. Notwithstanding the third sentence above in conjunction with Sections 15 to 17 and 21a (5) of the Act on Federal Ministers, the pension of the Federal Commissioner shall be calculated, taking account of the pensionable period of service, on the basis of the Civil Servants Pensions Act if this is more favourable and if, immediately before his election, the Federal Commissioner held as a civil servant or judge at least the last position customarily required before reaching the B 9 pay grade.

(8) Sentences 5 to 7 of Section 5 shall apply *mutatis mutandis* to the public bodies which are responsible for monitoring compliance with the provisions on data protection in the individual *Länder*.

### Section 24
### Monitoring by the Federal Commissioner for Data Protection

(1) The Federal Commissioner for Data Protection shall monitor compliance with the provisions of this Act and other data protection provisions by public bodies of the Federation.

(2) Monitoring by the Federal Commissioner shall also extend to

---

[*] Gemäß Artikel 3 Nr. 2 des Versorgungsänderungsgesetzes 2001 vom 20. Dezember 2001 (BGBl. I S. 3926) ist am 1. Januar 2003 § 23 Abs. 7 wie folgt geändert worden:
a) Satz 3 wird wie folgt gefasst:
„Im Übrigen sind die §§ 13 bis 20 und 21a Abs. 5 des Bundesministergesetzes mit den Maßgaben anzuwenden, dass an die Stelle der zweijährigen Amtszeit in § 15 Abs. 1 des Bundesministergesetzes eine Amtszeit von fünf Jahren und an die Stelle der Besoldungsgruppe B 11 in § 21a Abs. 5 des Bundesministergesetzes die Besoldungsgruppe B 9 tritt."
b) In Satz 4 wird die Angabe „§§ 15 bis 17" durch die Angabe „§§ 15 bis 17 und 21a Abs. 5" ersetzt.

1. von öffentlichen Stellen des Bundes erlangte personenbezogene Daten über den Inhalt und die näheren Umstände des Brief-, Post- und Fernmeldeverkehrs und

2. personenbezogene Daten, die einem Berufs- oder besonderen Amtsgeheimnis, insbesondere dem Steuergeheimnis nach § 30 der Abgabenordnung, unterliegen.

Das Grundrecht des Brief-, Post- und Fernmeldegeheimnisses des Artikels 10 des Grundgesetzes wird insoweit eingeschränkt. Personenbezogene Daten, die der Kontrolle durch die Kommission nach § 15 des Artikel 10-Gesetzes unterliegen, unterliegen nicht der Kontrolle durch den Bundesbeauftragten, es sei denn, die Kommission ersucht den Bundesbeauftragten, die Einhaltung der Vorschriften über den Datenschutz bei bestimmten Vorgängen oder in bestimmten Bereichen zu kontrollieren und ausschließlich ihr darüber zu berichten. Der Kontrolle durch den Bundesbeauftragten unterliegen auch nicht personenbezogene Daten in Akten über die Sicherheitsüberprüfung, wenn der Betroffene der Kontrolle der auf ihn bezogenen Daten im Einzelfall gegenüber dem Bundesbeauftragten widerspricht.

(3) Die Bundesgerichte unterliegen der Kontrolle des Bundesbeauftragten nur, soweit sie in Verwaltungsangelegenheiten tätig werden.

(4) Die öffentlichen Stellen des Bundes sind verpflichtet, den Bundesbeauftragten und seine Beauftragten bei der Erfüllung ihrer Aufgaben zu unterstützen. Ihnen ist dabei insbesondere

1. Auskunft zu ihren Fragen sowie Einsicht in alle Unterlagen, insbesondere in die gespeicherten Daten und in die Datenverarbeitungsprogramme, zu gewähren, die im Zusammenhang mit der Kontrolle nach Absatz 1 stehen,

2. jederzeit Zutritt in alle Diensträume zu gewähren.

Die in § 6 Abs. 2 und § 19 Abs. 3 genannten Behörden gewähren die Unterstützung nur dem Bundesbeauftragten selbst und den von ihm schriftlich besonders Beauftragten. Satz 2 gilt für diese Behörden nicht, soweit die oberste Bundesbehörde im Einzelfall feststellt, dass die Auskunft oder Einsicht die Sicherheit des Bundes oder eines Landes gefährden würde.

1. personal data obtained by public bodies of the Federation on the contents of and the specific circumstances relating to correspondence, postal communications and telecommunications and

2. personal data subject to professional or special official secrecy, especially tax secrecy under Section 30 of the Tax Code.

The fundamental right to privacy of correspondence, posts and telecommunications as enshrined in Article 10 of the Basic Law is in so far curtailed. Personal data subject to monitoring by the commission set up under Section 15 of the Act on Article 10 shall not be subject to monitoring by the Federal Commissioner for Data Protection unless the commission requests the Federal Commissioner to monitor compliance with data protection provisions in connection with specific procedures or in specific areas and to report thereon exclusively to it. Personal data in files on the security check shall not be subject to monitoring by the Federal Commissioner if the data subject files a complaint with the Federal Commissioner objecting to monitoring of the data relating to his person in the individual case concerned.

(3) The activities of judges at federal courts which directly serve the purposes of adjudication shall be exempted from monitoring.

(4) Public bodies of the Federation shall be obliged to support the Federal Commissioner and his assistants in the performance of their duties. In particular they shall be granted

1. information in reply to their questions as well as the opportunity to inspect all documents, especially stored data and data processing programs, connected with the monitoring referred to in subsection 1 above,

2. access to all official premises at any time.

The authorities referred to in Sections 6 (2) and 19 (3) of this Act shall afford support exclusively to the Federal Commissioner himself and the assistants appointed by him in writing. The second sentence above shall not apply to such authorities where the supreme federal authority establishes in a particular case that such information or inspection would jeopardise the security of the Federation or a *Land*.

(5) Der Bundesbeauftragte teilt das Ergebnis seiner Kontrolle der öffentlichen Stelle mit. Damit kann er Vorschläge zur Verbesserung des Datenschutzes, insbesondere zur Beseitigung von festgestellten Mängeln bei der Verarbeitung oder Nutzung personenbezogener Daten, verbinden. § 25 bleibt unberührt.

(6) Absatz 2 gilt entsprechend für die öffentlichen Stellen, die für die Kontrolle der Einhaltung der Vorschriften über den Datenschutz in den Ländern zuständig sind.

## § 25
### Beanstandungen durch den Bundesbeauftragten für den Datenschutz

(1) Stellt der Bundesbeauftragte für den Datenschutz Verstöße gegen die Vorschriften dieses Gesetzes oder gegen andere Vorschriften über den Datenschutz oder sonstige Mängel bei der Verarbeitung oder Nutzung personenbezogener Daten fest, so beanstandet er dies

1. bei der Bundesverwaltung gegenüber der zuständigen obersten Bundesbehörde,

2. beim Bundeseisenbahnvermögen gegenüber dem Präsidenten,

3. bei den aus dem Sondervermögen Deutsche Bundespost durch Gesetz hervorgegangenen Unternehmen, solange ihnen ein ausschließliches Recht nach dem Postgesetz zusteht, gegenüber deren Vorständen,

4. bei den bundesunmittelbaren Körperschaften, Anstalten und Stiftungen des öffentlichen Rechts sowie bei Vereinigungen solcher Körperschaften, Anstalten und Stiftungen gegenüber dem Vorstand oder dem sonst vertretungsberechtigten Organ

und fordert zur Stellungnahme innerhalb einer von ihm zu bestimmenden Frist auf. In den Fällen von Satz 1 Nr. 4 unterrichtet der Bundesbeauftragte gleichzeitig die zuständige Aufsichtsbehörde.

(2) Der Bundesbeauftragte kann von einer Beanstandung absehen oder auf eine Stellungnahme der betroffenen Stelle verzichten, insbesondere wenn es sich um unerhebliche oder inzwischen beseitigte Mängel handelt.

(3) Die Stellungnahme soll auch eine Darstellung der Maßnahmen enthalten, die aufgrund der Beanstandung des Bundesbeauftragten getroffen worden sind. Die in Absatz 1 Satz 1 Nr. 4 genannten Stellen leiten der zuständigen Aufsichtsbehörde gleichzeitig eine Abschrift ihrer Stellungnahme an den Bundesbeauftragten zu.

(5) The Federal Commissioner shall inform the public body of the results of his monitoring. He may combine them with proposals for improving data protection, especially for rectifying irregularities discovered in the processing or use of personal data. Section 25 of this Act shall remain unaffected.

(6) Sub-section 2 above shall apply *mutatis mutandis* to public bodies responsible for monitoring compliance with data protection provisions in the *Länder*.

## Section 25
### Complaints lodged by the Federal Commissioner for Data Protection

(1) Should the Federal Commissioner for Data Protection discover infringements of this Act or of other data protection provisions or other irregularities in the processing or use of personal data, he shall lodge a complaint

1. in the case of the federal administration, with the competent supreme federal authority,

2. in the case of the Federal Railway Property, with the President,

3. in the case of the successor companies created from the Special Fund *Deutsche Bundespost* by act of law, as long as they have an exclusive right under the Postal Law, with their managing boards,

4. in the case of federal corporations, establishments and foundations under public law as well as associations of such corporations, establishments and foundations, with the managing board or the relevant representative body

and shall request a statement by a date which he shall determine. In the cases referred to in No. 4 of the first sentence above, the Federal Commissioner shall at the same time inform the competent supervisory authority.

(2) The Federal Commissioner may dispense with a complaint or with a statement from the body concerned especially if the irregularities involved are insignificant or have meanwhile been rectified.

(3) The statement to be delivered should also describe the measures taken as a result of the Federal Commissioner's complaint. The bodies referred in No. 4 of the first sentence of sub-section 1 above shall submit to the competent supervisory authority a copy of the statement communicated to the Federal Commissioner.

## § 26
### Weitere Aufgaben des Bundesbeauf-tragten für den Datenschutz

(1) Der Bundesbeauftragte für den Daten-schutz erstattet dem Deutschen Bundestag alle zwei Jahre einen Tätigkeitsbericht. Er unterrichtet den Deutschen Bundestag und die Öffentlichkeit über wesentliche Ent-wicklungen des Datenschutzes.

(2) Auf Anforderung des Deutschen Bun-destages oder der Bundesregierung hat der Bundesbeauftragte Gutachten zu erstellen und Berichte zu erstatten. Auf Ersuchen des Deutschen Bundestages, des Petitionsausschusses, des Innenaus-schusses oder der Bundesregierung geht der Bundesbeauftragte ferner Hinweisen auf Angelegenheiten und Vorgänge des Datenschutzes bei den öffentlichen Stellen des Bundes nach. Der Bundesbeauftragte kann sich jederzeit an den Deutschen Bun-destag wenden.

(3) Der Bundesbeauftragte kann der Bun-desregierung und den in § 12 Abs. 1 ge-nannten Stellen des Bundes Empfehlungen zur Verbesserung des Datenschutzes ge-ben und sie in Fragen des Datenschutzes beraten. Die in § 25 Abs. 1 Nr. 1 bis 4 ge-nannten Stellen sind durch den Bundesbe-auftragten zu unterrichten, wenn die Emp-fehlung oder Beratung sie nicht unmittelbar betrifft.

(4) Der Bundesbeauftragte wirkt auf die Zusammenarbeit mit den öffentlichen Stel-len, die für die Kontrolle der Einhaltung der Vorschriften über den Datenschutz in den Ländern zuständig sind, sowie mit den Aufsichtsbehörden nach § 38 hin. § 38 Abs. 1 Satz 3 und 4 gilt entsprechend.

### Dritter Abschnitt
### Datenverarbeitung nicht-öffentlicher Stellen und öffentlich-rechtlicher Wett-bewerbsunternehmen

### Erster Unterabschnitt
### Rechtsgrundlagen der Datenverarbei-tung

## § 27
### Anwendungsbereich

(1) Die Vorschriften dieses Abschnittes finden Anwendung, soweit personenbezo-gene Daten unter Einsatz von Datenverar-beitungsanlagen verarbeitet, genutzt oder dafür erhoben werden oder die Daten in oder aus nicht automatisierten Dateien verarbeitet, genutzt oder dafür erhoben werden durch

1.  nicht-öffentliche Stellen,

## Section 26
### Further duties of the Federal Commis-sioner for Data Protection

(1) The Federal Commissioner for Data Protection shall submit an activity report to the *Bundestag* every two years. Such re-port should inform the *Bundestag* and the public on key developments in the field of data protection.

(2) When so requested by the *Bundestag* or the Federal Government, the Federal Commissioner shall draw up opinions and reports. When so requested by the *Bunde-stag*, the Petitions Committee, the Internal Affairs Committee or the Federal Govern-ment, the Federal Commissioner shall also investigate data protection matters and occurrences at public bodies of the Fed-eration. The Federal Commissioner may at any time consult the *Bundestag*.

(3) The Federal Commissioner may make recommendations on the improvement of data protection to the Federal Government and to the bodies of the Federation referred to in Section 12 (1) of this Act and may advise them in matters regarding data protection. The bodies referred to in Nos. 1 to 4 of Section 25 (1) of this Act shall be informed by the Federal Commissioner when the recommendation or advice does not concern them directly.

(4) The Federal Commissioner shall seek cooperation with public bodies responsible for monitoring compliance with data protec-tion provisions in the *Länder* and with su-pervisory authorities under Section 38 of this Act. Sentences 3 and 4 of Section 38 (1) shall apply *mutatis mutandis*.

### Part III
### Data processing by private bodies and public-law enterprises participating in competition

### Chapter I
### Legal basis for data processing

## Section 27
### Scope

(1) The provisions of this Part shall apply in so far as personal data are processed or used by means of data processing systems or collected for such purposes, or in so far as data are processed or used in or from automated filing systems or collected for such purposes by

1.  private bodies,

2. a) öffentliche Stellen des Bundes, soweit sie als öffentlich-rechtliche Unternehmen am Wettbewerb teilnehmen,

   b) öffentliche Stellen der Länder, soweit sie als öffentlich-rechtliche Unternehmen am Wettbewerb teilnehmen, Bundesrecht ausführen und der Datenschutz nicht durch Landesgesetz geregelt ist.

Dies gilt nicht, wenn die Erhebung, Verarbeitung oder Nutzung der Daten ausschließlich für persönliche oder familiäre Tätigkeiten erfolgt. In den Fällen der Nummer 2 Buchstabe a gelten anstelle des § 38 die §§ 18, 21 und 24 bis 26.

(2) Die Vorschriften dieses Abschnittes gelten nicht für die Verarbeitung und Nutzung personenbezogener Daten außerhalb von nicht automatisierten Dateien, soweit es sich nicht um personenbezogene Daten handelt, die offensichtlich aus einer automatisierten Verarbeitung entnommen worden sind.

### § 28
### Datenerhebung, -verarbeitung und -nutzung für eigene Zwecke

(1) Das Erheben, Speichern, Verändern oder Übermitteln personenbezogener Daten oder ihre Nutzung als Mittel für die Erfüllung eigener Geschäftszwecke ist zulässig,

1. wenn es der Zweckbestimmung eines Vertragsverhältnisses oder vertragsähnlichen Vertrauensverhältnisses mit dem Betroffenen dient,

2. soweit es zur Wahrung berechtigter Interessen der verantwortlichen Stelle erforderlich ist und kein Grund zu der Annahme besteht, dass das schutzwürdige Interesse des Betroffenen an dem Ausschluss der Verarbeitung oder Nutzung überwiegt, oder

3. wenn die Daten allgemein zugänglich sind oder die verantwortliche Stelle sie veröffentlichen dürfte, es sei denn, dass das schutzwürdige Interesse des Betroffenen an dem Ausschluss der Verarbeitung oder Nutzung gegenüber dem berechtigten Interesse der verantwortlichen Stelle offensichtlich überwiegt.

Bei der Erhebung personenbezogener Daten sind die Zwecke, für die die Daten verarbeitet oder genutzt werden sollen, konkret festzulegen.

(2) Für einen anderen Zweck dürfen sie nur unter den Voraussetzungen des Absatzes 1 Satz 1 Nr. 2 und 3 übermittelt oder genutzt werden.

---

2. a) public bodies of the Federation in so far as they participate in competition as public-law enterprises,

   b) public bodies of the *Länder* in so far as they participate in competition as public-law enterprises, execute federal law and data protection is not governed by *Land* legislation.

This shall not apply where the collection, processing or use of such data is effected solely for personal or family activities. In the cases referred to in No. 2 a) above, Sections 18, 21 and 24 to 26 shall apply instead of Section 38.

(2) The provisions of this Part shall not apply to the processing and use of personal data outside of non-automated filing systems in so far as they are not personal data clearly taken from an automated processing operation.

### Section 28
### Collection, processing and use of data for own purposes

(1) The collection, storage, modification or transfer of personal data or their use as a means of fulfilling one's own business purposes shall be admissible

1. in accordance with the purposes of a contract or a quasi-contractual fiduciary relationship with the data subject,

2. in so far as this is necessary to safeguard justified interests of the controller of the filing system and there is no reason to assume that the data subject has an overriding legitimate interest in his data being excluded from processing or use,

3. if the data is generally accessible or the controller of the filing system would be entitled to publish them, unless the data subject's legitimate interest in his data being excluded from processing or use clearly outweighs the justified interest of the controller of the filing system.

In connection with the collection of personal data, the purposes for which the data are to be processed or used are to be stipulated in concrete terms.

(2) Transfer or use for another purpose shall be admissible only if the requirements of Section 1, sentence 1, Nos. 2 and 3 are met.

(3) Die Übermittlung oder Nutzung für einen anderen Zweck ist auch zulässig:

1. soweit es zur Wahrung berechtigter Interessen eines Dritten oder

2. zur Abwehr von Gefahren für die staatliche und öffentliche Sicherheit sowie zur Verfolgung von Straftaten erforderlich ist, oder

3. für Zwecke der Werbung, der Markt- und Meinungsforschung, wenn es sich um listenmäßig oder sonst zusammengefasste Daten über Angehörige einer Personengruppe handelt, die sich auf

   a) eine Angabe über die Zugehörigkeit des Betroffenen zu dieser Personengruppe,

   b) Berufs-, Branchen- oder Geschäftsbezeichnung,

   c) Namen,

   d) Titel,

   e) akademische Grade,

   f) Anschrift und

   g) Geburtsjahr

   beschränken

und kein Grund zu der Annahme besteht, dass der Betroffene ein schutzwürdiges Interesse an dem Ausschluss der Übermittlung oder Nutzung hat, oder

4. wenn es im Interesse einer Forschungseinrichtung zur Durchführung wissenschaftlicher Forschung erforderlich ist, das wissenschaftliche Interesse an der Durchführung des Forschungsvorhabens das Interesse des Betroffenen an dem Ausschluss der Zweckänderung erheblich überwiegt und der Zweck der Forschung auf andere Weise nicht oder nur mit unverhältnismäßigem Aufwand erreicht werden kann.

In den Fällen des Satzes 1 Nr. 3 ist anzunehmen, dass dieses Interesse besteht, wenn im Rahmen der Zweckbestimmung eines Vertragsverhältnisses oder vertragsähnlichen Vertrauensverhältnisses gespeicherte Daten übermittelt werden sollen, die sich

1. auf strafbare Handlungen,

2. auf Ordnungswidrigkeiten sowie

3. bei Übermittlung durch den Arbeitgeber auf arbeitsrechtliche Rechtsverhältnisse

beziehen.

---

(3) Transfer or use for another purpose shall also be admissible:

1. in so far as it is necessary to protect the justified interests of a third party or

2. to avert threats to the state security and public safety and to prosecute criminal offences or

3. for purposes of advertising, market and opinion research if the data, compiled in lists or otherwise combined, concern members of a group of persons and are restricted to

   a) the data subject's membership of this group of persons,

   b) occupation or type of business,

   c) name,

   d) title,

   e) academic degrees,

   f) address and

   g) year of birth

and if there is no reason to assume that the data subject has a legitimate interest in his data being excluded from transfer, or

4. if this is necessary in the interest of a research institute for the conduct of scientific research, if scientific interest in conduct of the research project substantially outweighs the interest of the data subject in excluding the change of purpose and if the research purpose cannot be attained by other means or can be attained thus only with disproportionate effort.

In the cases referred to in the first sentence of No. 3, it is to be assumed that such interest exists where data are to be transferred which were stored for the purposes of a contract or a quasi-contractual fiduciary relationship and which concern

1. criminal offences,

2. administrative offences and,

3. when transferred by the employer, to the legal status under labour law.

(4) Widerspricht der Betroffene bei der verantwortlichen Stelle der Nutzung oder Übermittlung seiner Daten für Zwecke der Werbung oder der Markt- oder Meinungsforschung, ist eine Nutzung oder Übermittlung für diese Zwecke unzulässig. Der Betroffene ist bei der Ansprache zum Zweck der Werbung oder der Markt- oder Meinungsforschung über die verantwortliche Stelle sowie über das Widerspruchsrecht nach Satz 1 zu unterrichten; soweit der Ansprechende personenbezogene Daten des Betroffenen nutzt, die bei einer ihm nicht bekannten Stelle gespeichert sind, hat er auch sicherzustellen, dass der Betroffene Kenntnis über die Herkunft der Daten erhalten kann. Widerspricht der Betroffene bei dem Dritten, dem die Daten nach Absatz 3 übermittelt werden, der Verarbeitung oder Nutzung für Zwecke der Werbung oder der Markt- oder Meinungsforschung, hat dieser die Daten für diese Zwecke zu sperren.

(5) Der Dritte, dem die Daten übermittelt worden sind, darf diese nur für den Zweck verarbeiten oder nutzen, zu dessen Erfüllung sie ihm übermittelt werden. Eine Verarbeitung oder Nutzung für andere Zwecke ist nicht-öffentlichen Stellen nur unter den Voraussetzungen der Absätze 2 und 3 und öffentlichen Stellen nur unter den Voraussetzungen des § 14 Abs. 2 erlaubt. Die übermittelnde Stelle hat ihn darauf hinzuweisen.

(6) Das Erheben, Verarbeiten und Nutzen von besonderen Arten personenbezogener Daten (§ 3 Abs. 9) für eigene Geschäftszwecke ist zulässig, soweit nicht der Betroffene nach Maßgabe des § 4a Abs. 3 eingewilligt hat, wenn

1. dies zum Schutz lebenswichtiger Interessen des Betroffenen oder eines Dritten erforderlich ist, sofern der Betroffene aus physischen oder rechtlichen Gründen außerstande ist, seine Einwilligung zu geben,

2. es sich um Daten handelt, die der Betroffene offenkundig öffentlich gemacht hat,

3. dies zur Geltendmachung, Ausübung oder Verteidigung rechtlicher Ansprüche erforderlich ist und kein Grund zu der Annahme besteht, dass das schutzwürdige Interesse des Betroffenen an dem Ausschluss der Erhebung, Verarbeitung oder Nutzung überwiegt, oder

(4) If the data subject objects vis-à-vis the controller of the filing system to the use or transfer of his data for purposes of advertising or of market opinion research, use or transfer for such purposes shall be inadmissible. In approaching the data subject for the purpose of advertising or market or opinion research, the data subject shall be informed of the identity of the controller and the right of objections in accordance with sentence 1 above; in so far as the party approaching the data subject uses personal data of the latter which are stored by a body which is unknown to him, he shall also ensure that the data subject is able to obtain information on the origin of the data. If the data subject lodges an objection to the processing or use of the data for the purpose of advertising or market or opinion research with the third party to whom the data are transferred pursuant to subsection 3, the latter shall block the data for these purposes.

(5) The third party to whom the data have been transferred may process or use the transferred data only for the purpose for which they were transferred to him. Processing or use for other purposes shall be admissible for private bodies only if the requirements of sub-sections 1 and 2 above are met and for public bodies only if the requirements of Section 14 (2) are met. The transferring body shall point this out to the third party.

(6) The collection, processing and use of special types of personal data (Section 3 (9)) for own business purposes shall be admissible when the data subject has not consented in accordance with Section 4a (3) if

1. this is necessary in order to protect vital interests of the data subject or of a third party, in so far as the data subject is unable to give his consent for physical or legal reasons,

2. the data concerned has evidently been made public by the data subject,

3. this is necessary in order to assert, exercise or defend legal claims and there is no reason to assume that the data subject has an overriding legitimate interest in excluding such collection, processing or use, or

4. dies zur Durchführung wissenschaftlicher Forschung erforderlich ist, das wissenschaftliche Interesse an der Durchführung des Forschungsvorhabens das Interesse des Betroffenen an dem Ausschluss der Erhebung, Verarbeitung und Nutzung erheblich überwiegt und der Zweck der Forschung auf andere Weise nicht oder nur mit unverhältnismäßigem Aufwand erreicht werden kann.

(7) Das Erheben von besonderen Arten personenbezogener Daten (§ 3 Abs. 9) ist ferner zulässig, wenn dies zum Zweck der Gesundheitsvorsorge, der medizinischen Diagnostik, der Gesundheitsversorgung oder Behandlung oder für die Verwaltung von Gesundheitsdiensten erforderlich ist und die Verarbeitung dieser Daten durch ärztliches Personal oder durch sonstige Personen erfolgt, die einer entsprechenden Geheimhaltungspflicht unterliegen. Die Verarbeitung und Nutzung von Daten zu den in Satz 1 genannten Zwecken richtet sich nach den für die in Satz 1 genannten Personen geltenden Geheimhaltungspflichten. Werden zu einem in Satz 1 genannten Zweck Daten über die Gesundheit von Personen durch Angehörige eines anderen als in § 203 Abs. 1 und 3 des Strafgesetzbuchs genannten Berufes, dessen Ausübung die Feststellung, Heilung oder Linderung von Krankheiten oder die Herstellung oder den Vertrieb von Hilfsmitteln mit sich bringt, erhoben, verarbeitet oder genutzt, ist dies nur unter den Voraussetzungen zulässig, unter denen ein Arzt selbst hierzu befugt wäre.

(8) Für einen anderen Zweck dürfen die besonderen Arten personenbezogener Daten (§ 3 Abs. 9) nur unter den Voraussetzungen des Absatzes 6 Nr. 1 bis 4 oder des Absatzes 7 Satz 1 übermittelt oder genutzt werden. Eine Übermittlung oder Nutzung ist auch zulässig, wenn dies zur Abwehr von erheblichen Gefahren für die staatliche und öffentliche Sicherheit sowie zur Verfolgung von Straftaten von erheblicher Bedeutung erforderlich ist.

(9) Organisationen, die politisch, philosophisch, religiös oder gewerkschaftlich ausgerichtet sind und keinen Erwerbszweck verfolgen, dürfen besondere Arten personenbezogener Daten (§ 3 Abs. 9) erheben, verarbeiten oder nutzen, soweit dies für die Tätigkeit der Organisation erforderlich ist. Dies gilt nur für personenbezogene Daten ihrer Mitglieder oder von Personen, die im Zusammenhang mit deren Tätigkeitszweck regelmäßig Kontakte mit ihr unterhalten. Die Übermittlung dieser personenbezogenen Daten an Personen oder Stellen außerhalb der Organisation ist nur unter den Voraussetzungen des § 4a Abs. 3 zulässig. Absatz 3 Nr. 2 gilt entsprechend.

4. this is necessary for the purposes of scientific research, where the scientific interest in carrying out the research project substantially outweighs the data subject's interest in excluding collection, processing and use and the purpose of the research cannot be achieved in any other way or would otherwise necessitate disproportionate effort.

(7) The collection of special types of personal data (Section 3 (9)) shall further be admissible if this is necessary for the purposes of preventive medicine, medical diagnosis, health care or treatment or the administration of health services and the processing of these data is carried out by medical personnel or other persons who are subject to an obligation to maintain secrecy. The processing and use of data for the purposes stated in sentence 1 shall be subject to the obligations to maintain secrecy which apply to the persons stated in sentence 1. The collection, processing or use of data on the health of persons by members of a profession other than those stipulated in Section 203 (1) and (3) of the Penal Code, the exercising of which profession involves determining, curing or alleviating illnesses or producing or selling aids shall be admissible only under those conditions according to which a doctor would also be authorised for these purposes.

(8) Special types of personal data (Section 3 (9)) may be transferred or used only if the requirements of sub-section 6, Nos. 1 to 4 or the first sentence of sub-section 7 are met. Transfer or use shall also be admissible if necessary to avert substantial threats to state security or public safety and to prosecute major criminal offences.

(9) Organisations of a political, philosophical or religious nature and trade union organisations may collect, process or use special types of personal data (Section 3 (9)) in so far as this is necessary for the organisation's activities. This shall apply only to personal data of their members or of persons who maintain regular contact with the organisations in connection with the purposes of their activities. The transfer of these personal data to persons or bodies outside of the organisation concerned shall be admissible only if the requirements of Section 4a (3) are met. Sub-section 3, No. 2 shall apply *mutatis mutandis*.

| § 29<br>Geschäftsmäßige Datenerhebung und -speicherung zum Zweck der Übermittlung | Section 29<br>Collection and storage of data in the course of business for the purpose of transfer |
|---|---|
| (1) Das geschäftsmäßige Erheben, Speichern oder Verändern personenbezogener Daten zum Zweck der Übermittlung, insbesondere wenn dies der Werbung, der Tätigkeit von Auskunfteien, dem Adresshandel oder der Markt- und Meinungsforschung dient, ist zulässig, wenn | (1) The collection, storage or modification of personal data in the course of business for the purpose of transfer, in particular when this serves the purposes of advertising, the activities of credit inquiry agencies, trading in addresses or market or opinion research, shall be admissible if |
| 1. kein Grund zu der Annahme besteht, dass der Betroffene ein schutzwürdiges Interesse an dem Ausschluss der Erhebung, Speicherung oder Veränderung hat, oder | 1. there is no reason to assume that the data subject has a legitimate interest in excluding such collection, storage or modification, or |
| 2. die Daten aus allgemein zugänglichen Quellen entnommen werden können oder der die verantwortliche Stelle sie veröffentlichen dürfte, es sei denn, dass das schutzwürdige Interesse des Betroffenen an dem Ausschluss der Erhebung, Speicherung oder Veränderung offensichtlich überwiegt. | 2. the data are retrievable from generally accessible sources or the controller would be permitted to publish them, unless the data subject clearly has an overriding legitimate interest in excluding such collection, storage or modification. |
| § 28 Abs. 1 Satz 2 ist anzuwenden. | The first sentence of Section 28 (1) shall be applied. |
| (2) Die Übermittlung im Rahmen der Zwecke nach Absatz 1 ist zulässig, wenn | (2) Transfer for the purposes specified in sub-section 1 shall be admissible if |
| 1. a) der Dritte, dem die Daten übermittelt werden, ein berechtigtes Interesse an ihrer Kenntnis glaubhaft dargelegt hat oder | 1. a) the third party to whom the data are transferred credibly proves a justified interest in knowledge of the data or |
| b) es sich um listenmäßig oder sonst zusammengefasste Daten nach § 28 Abs. 3 Nr. 3 handelt, die für Zwecke der Werbung oder der Markt- oder Meinungsforschung übermittelt werden sollen, und | b) the data pursuant to Section 28 (3), No. 3 of this Act have been compiled in lists or otherwise combined and are to be transferred for purposes of advertising or of market or opinion research and |
| 2. kein Grund zu der Annahme besteht, dass der Betroffene ein schutzwürdiges Interesse an dem Ausschluss der Übermittlung hat. | 2. there is no reason to assume that the data subject has a legitimate interest in his data being excluded from transfer. |
| § 28 Abs. 3 Satz 2 gilt entsprechend. Bei der Übermittlung nach Nummer 1 Buchstabe a sind die Gründe für das Vorliegen eines berechtigten Interesses und die Art und Weise ihrer glaubhaften Darlegung von der übermittelnden Stelle aufzuzeichnen. Bei der Übermittlung im automatisierten Abrufverfahren obliegt die Aufzeichnungspflicht dem Dritten, dem die Daten übermittelt werden. | The second sentence of Section 28 (3) of this Act shall apply *mutatis mutandis*. In the case of transfer under No. 1 (a) above, the reasons for the existence of a justified interest and the means of credibly presenting them shall be recorded by the transferring body. In the case of transfer through automated retrieval, such recording shall be required of the third party to whom the data are transferred. |

(3) Die Aufnahme personenbezogener Daten in elektronische oder gedruckte Adress-, Telefon-, Branchen- oder vergleichbare Verzeichnisse hat zu unterbleiben, wenn der entgegenstehende Wille des Betroffenen aus dem zugrunde liegenden elektronischen oder gedruckten Verzeichnis oder Register ersichtlich ist. Der Empfänger der Daten hat sicherzustellen, dass Kennzeichnungen aus elektronischen oder gedruckten Verzeichnissen oder Registern bei der Übernahme in Verzeichnisse oder Register übernommen werden.

(4) Für die Verarbeitung oder Nutzung der übermittelten Daten gilt § 28 Abs. 4 und 5.

(5) § 28 Abs. 6 bis 9 gilt entsprechend.

## § 30
### Geschäftsmäßige Datenerhebung und -speicherung zum Zweck der Übermittlung in anonymisierter Form

(1) Werden personenbezogene Daten geschäftsmäßig erhoben und gespeichert, um sie in anonymisierter Form zu übermitteln, sind die Merkmale gesondert zu speichern, mit denen Einzelangaben über persönliche oder sachliche Verhältnisse einer bestimmten oder bestimmbaren natürlichen Person zugeordnet werden können. Diese Merkmale dürfen mit den Einzelangaben nur zusammengeführt werden, soweit dies für die Erfüllung des Zwecks der Speicherung oder zu wissenschaftlichen Zwecken erforderlich ist.

(2) Die Veränderung personenbezogener Daten ist zulässig, wenn

1. kein Grund zu der Annahme besteht, dass der Betroffene ein schutzwürdiges Interesse an dem Ausschluss der Veränderung hat, oder

2. die Daten aus allgemein zugänglichen Quellen entnommen werden können oder der die verantwortliche Stelle sie veröffentlichen dürfte, soweit nicht das schutzwürdige Interesse des Betroffenen an dem Ausschluss der Veränderung offensichtlich überwiegt.

(3) Die personenbezogenen Daten sind zu löschen, wenn ihre Speicherung unzulässig ist.

(4) § 29 gilt nicht.

(5) § 28 Abs. 6 bis 9 gilt entsprechend.

(3) Personal data are not to be included in electronic or printed address, telephone, classified or similar directories if it is evident from the electronic or printed directory or register that such inclusion is contrary to the will of the data subject. The recipient of the data shall ensure that labels from electronic or printed directories or registers are retained upon adoption into directories or registers.

(4) Section 28 (4) and (5) shall apply to processing or use of the transferred data.

(5) Section 28 (6) to (9) shall apply *mutatis mutandis.*

## Section 30
### Collection and storage of data in the course of business for the purpose of transfer in anonymised form

(1) If personal data are collected and stored in the course of business in order to transfer them in anonymised form, the characteristics enabling information concerning personal or material circumstances to be attributed to an identified or identifiable individual shall be stored separately. Such characteristics may be combined with the information only where necessary for storage or scientific purposes.

(2) The modification of personal data shall be admissible if

1. there is no reason to assume that the data subject has a legitimate interest in his data being excluded from modification or

2. the data can be taken from generally accessible sources or the controller of the filing system would be entitled to publish them, unless the data subject clearly has an overriding legitimate interest in his data being excluded from modification.

(3) Personal data shall be erased if their storage is inadmissible.

(4) Section 29 shall not apply.

(5) Section 28 (6) to (9) shall apply *mutatis mutandis.*

§ 31
**Besondere Zweckbindung**

Personenbezogene Daten, die ausschließlich zu Zwecken der Datenschutzkontrolle, der Datensicherung oder zur Sicherstellung eines ordnungsgemäßen Betriebes einer Datenverarbeitungsanlage gespeichert werden, dürfen nur für diese Zwecke verwendet werden.

§ 32

*weggefallen*

**Zweiter Unterabschnitt**
**Rechte des Betroffenen**

§ 33
**Benachrichtigung des Betroffenen**

(1) Werden erstmals personenbezogene Daten für eigene Zwecke ohne Kenntnis des Betroffenen gespeichert, ist der Betroffene von der Speicherung, der Art der Daten, der Zweckbestimmung der Erhebung, Verarbeitung oder Nutzung und der Identität der verantwortlichen Stelle zu benachrichtigen. Werden personenbezogene Daten geschäftsmäßig zum Zweck der Übermittlung ohne Kenntnis des Betroffenen gespeichert, ist der Betroffene von der erstmaligen Übermittlung und der Art der übermittelten Daten zu benachrichtigen. Der Betroffene ist in den Fällen der Sätze 1 und 2 auch über die Kategorien von Empfängern zu unterrichten, soweit er nach den Umständen des Einzelfalles nicht mit der Übermittlung an diese rechnen muss.

(2) Eine Pflicht zur Benachrichtigung besteht nicht, wenn

1. der Betroffene auf andere Weise Kenntnis von der Speicherung oder der Übermittlung erlangt hat,

2. die Daten nur deshalb gespeichert sind, weil sie aufgrund gesetzlicher, satzungsmäßiger oder vertraglicher Aufbewahrungsvorschriften nicht gelöscht werden dürfen oder ausschließlich der Datensicherung oder der Datenschutzkontrolle dienen und eine Benachrichtigung einen unverhältnismäßigen Aufwand erfordern würde,

3. die Daten nach einer Rechtsvorschrift oder ihrem Wesen nach, namentlich wegen des überwiegenden rechtlichen Interesses eines Dritten, geheim gehalten werden müssen,

4. die Speicherung oder Übermittlung durch Gesetz ausdrücklich vorgesehen ist,

---

Section 31
**Limitation of use to specific purposes**

Personal data stored exclusively for the purposes of data protection control or data security or to ensure the proper operation of a data processing system may be used only for these purposes.

Section 32
**Obligatory registration**

*deleted*

**Chapter II**
**Rights of the data subject**

Section 33
**Notification of the data subject**

(1) If personal data are stored for the first time for one's own purposes without the data subject's knowledge, the data subject shall be notified of such storage, the type of data, the purposes of collection, processing or use and the identity of the controller. If personal data are stored in the course of business without the data subject's knowledge for the purpose of transfer, the data subject shall be notified of their initial transfer and of the type of data transferred. In the cases covered by the first and second sentences above, the data subject shall also be notified of the categories of recipients, in so far as he cannot be expected to assume transfer to such recipients according to the circumstances of the individual case concerned.

(2)  Notification shall not be required if

1. the data subject has received knowledge by other means of the storage or transfer of the data,

2. the data are stored merely because they may not be erased due to legal statutory or contractual provisions on their preservation or exclusively serve purposes of data security or data protection control and notification would require disproportionate effort.

3. the data must be kept secret in accordance with a legal provision or by virtue of their nature, in particular on account of an overriding legal interest of a third party,

4. the law expressly provides for such storage or transfer,

5. die Speicherung oder Übermittlung für Zwecke der wissenschaftlichen Forschung erforderlich ist und eine Benachrichtigung einen unverhältnismäßigen Aufwand erfordern würde,

6. die zuständige öffentliche Stelle gegenüber der verantwortlichen Stelle festgestellt hat, dass das Bekanntwerden der Daten die öffentliche Sicherheit oder Ordnung gefährden oder sonst dem Wohle des Bundes oder eines Landes Nachteile bereiten würde,

7. die Daten für eigene Zwecke gespeichert sind und

   a) aus allgemein zugänglichen Quellen entnommen sind und eine Benachrichtigung wegen der Vielzahl der betroffenen Fälle unverhältnismäßig ist, oder

   b) die Benachrichtigung die Geschäftszwecke der verantwortlichen Stelle erheblich gefährden würde, es sei denn, dass das Interesse an der Benachrichtigung die Gefährdung überwiegt, oder

8. die Daten geschäftsmäßig zum Zweck der Übermittlung gespeichert sind und

   a) aus allgemein zugänglichen Quellen entnommen sind, soweit sie sich auf diejenigen Personen beziehen, die diese Daten veröffentlicht haben, oder

   b) es sich um listenmäßig oder sonst zusammengefasste Daten handelt (§ 29 Abs. 2 Nr. 1 Buchstabe b)

   und eine Benachrichtigung wegen der Vielzahl der betroffenen Fälle unverhältnismäßig ist.

Die verantwortliche Stelle legt schriftlich fest, unter welchen Voraussetzungen von einer Benachrichtigung nach Satz 1 Nr. 2 bis 7 abgesehen wird.

## § 34
## Auskunft an den Betroffenen

(1) Der Betroffene kann Auskunft verlangen über

1. die zu seiner Person gespeicherten Daten, auch soweit sie sich auf die Herkunft dieser Daten beziehen,

2. Empfänger oder Kategorien von Empfängern, an die Daten weitergegeben werden, und

3. den Zweck der Speicherung.

5. storage or transfer is necessary for the purposes of scientific research and notification would require disproportionate effort,

6. the relevant public body has stated to the controller of the filing system that publication of the data would jeopardise public safety or order or would otherwise be detrimental to the Federation or a *Land*,

7. the data are stored for one's own purposes and

   a) are taken from generally accessible sources and notification is unfeasible on account of the large number of cases concerned or

   b) notification would considerably impair the business purposes of the controller of the filing system, unless the interest in notification outweighs such impairment, or

8. the data are stored in the course of business for the purpose of transfer and

   a) are taken from generally accessible sources in so far as they relate to those persons who published these data or

   b) the data are compiled in lists or otherwise combined (Section 29 (2), No. 1 (b) of this Act)

   and notification is unfeasible on account of the large number of cases concerned.

The controller shall stipulate in writing under what conditions notification shall not be provided in accordance with sentence 1, Nos. 2 to 7.

## Section 34
## Provision of information to the data subject

(1) The data subject may request information on

1. stored data concerning him, including any reference in them to their origin and recipient,

2. recipients or categories of recipients to whom data are transmitted and

3. the purpose of storage.

Er soll die Art der personenbezogenen Daten, über die Auskunft erteilt werden soll, näher bezeichnen. Werden die personenbezogenen Daten geschäftsmäßig zum Zweck der Übermittlung gespeichert, kann der Betroffene über Herkunft und Empfänger nur Auskunft verlangen, sofern nicht das Interesse an der Wahrung des Geschäftsgeheimnisses überwiegt. In diesem Fall ist Auskunft über Herkunft und Empfänger auch dann zu erteilen, wenn diese Angaben nicht gespeichert sind.

(2) Der Betroffene kann von Stellen, die geschäftsmäßig personenbezogene Daten zum Zweck der Auskunftserteilung speichern, Auskunft über seine personenbezogenen Daten verlangen, auch wenn sie weder in einer automatisierten Verarbeitung noch in einer nicht automatisierten Datei gespeichert sind. Auskunft über Herkunft und Empfänger kann der Betroffene nur verlangen, sofern nicht das Interesse an der Wahrung des Geschäftsgeheimnisses überwiegt.

(3) Die Auskunft wird schriftlich erteilt, soweit nicht wegen der besonderen Umstände eine andere Form der Auskunftserteilung angemessen ist.

(4) Eine Pflicht zur Auskunftserteilung besteht nicht, wenn der Betroffene nach § 33 Abs. 2 Satz 1 Nr. 2, 3 und 5 bis 7 nicht zu benachrichtigen ist.

(5) Die Auskunft ist unentgeltlich. Werden die personenbezogenen Daten geschäftsmäßig zum Zweck der Übermittlung gespeichert, kann jedoch ein Entgelt verlangt werden, wenn der Betroffene die Auskunft gegenüber Dritten zu wirtschaftlichen Zwecken nutzen kann. Das Entgelt darf über die durch die Auskunftserteilung entstandenen direkt zurechenbaren Kosten nicht hinausgehen. Ein Entgelt kann in den Fällen nicht verlangt werden, in denen besondere Umstände die Annahme rechtfertigen, dass Daten unrichtig oder unzulässig gespeichert werden, oder in denen die Auskunft ergibt, dass die Daten zu berichtigen oder unter der Voraussetzung des § 35 Abs. 2 Satz 2 Nr. 1 zu löschen sind.

(6) Ist die Auskunftserteilung nicht unentgeltlich, ist dem Betroffenen die Möglichkeit zu geben, sich im Rahmen seines Auskunftsanspruchs persönlich Kenntnis über die ihn betreffenden Daten und Angaben zu verschaffen. Er ist hierauf in geeigneter Weise hinzuweisen.

### § 35
### Berichtigung, Löschung und Sperrung von Daten

(1) Personenbezogene Daten sind zu berichtigen, wenn sie unrichtig sind.

He should specify the type of personal data on which information is to be provided. If the personal data are stored in the course of business for the purpose of transfer, the data subject may request information on their origin and recipient only if there is no overriding interest in protecting trade secrets. In such case, information on the origin and recipient shall be provided even if these particulars are not stored.

(2) In the case of bodies which store personal data in the course of business for the purpose of supplying information, the data subject may request information on his personal data even if they are not stored in an automated processing procedure or in a non-automated filing system. The data subject may request information on their origin and recipient only if there is no overriding interest in protecting trade secrets.

(3) Information shall be provided in writing unless special circumstances warrant any other form.

(4) The provision of information shall not be required if the data subject does not have to be notified in accordance with Section 33 (2), sentence 1, Nos. 2, 3 and 5 to 7 of this Act.

(5) Information shall be provided free of charge. However, if the personal data are stored in the course of business for the purpose of transfer, a fee may be charged if the data subject can use the information vis-à-vis third parties for commercial purposes. The fee shall not exceed the costs directly attributable to the provision of information. No fee may be charged in cases where special circumstances give rise to the assumption that stored personal data are incorrect or that their storage was inadmissible, or where the information has revealed that the personal data have to be corrected or, subject to No. 1 of the second sentence of Section 35 (2) of this Act, have to be erased.

(6) Where information is not provided free of charge, the data subject shall be given the possibility to acquire personal knowledge of the data and particulars concerning him within the framework of his entitlement to information. This shall be pointed out to him in a suitable manner.

### Section 35
### Correction, erasure and blocking of data

(1) Incorrect personal data shall be corrected.

(2) Personenbezogene Daten können außer in den Fällen des Absatzes 3 Nr. 1 und 2 jederzeit gelöscht werden. Personenbezogene Daten sind zu löschen, wenn

1. ihre Speicherung unzulässig ist,

2. es sich um Daten über die rassische oder ethnische Herkunft, politische Meinungen, religiöse oder philosophische Überzeugungen oder die Gewerkschaftszugehörigkeit, über Gesundheit oder das Sexualleben, strafbare Handlungen oder Ordnungswidrigkeiten handelt und ihre Richtigkeit von der verantwortlichen Stelle nicht bewiesen werden kann,

3. sie für eigene Zwecke verarbeitet werden, sobald ihre Kenntnis für die Erfüllung des Zwecks der Speicherung nicht mehr erforderlich ist, oder

4. sie geschäftsmäßig zum Zweck der Übermittlung verarbeitet werden und eine Prüfung jeweils am Ende des vierten Kalenderjahres beginnend mit ihrer erstmaligen Speicherung ergibt, dass eine längerwährende Speicherung nicht erforderlich ist.

(3) An die Stelle einer Löschung tritt eine Sperrung, soweit

1. im Fall des Absatzes 2 Nr. 3 einer Löschung gesetzliche, satzungsmäßige oder vertragliche Aufbewahrungsfristen entgegenstehen,

2. Grund zu der Annahme besteht, dass durch eine Löschung schutzwürdige Interessen des Betroffenen beeinträchtigt würden, oder

3. eine Löschung wegen der besonderen Art der Speicherung nicht oder nur mit unverhältnismäßig hohem Aufwand möglich ist.

(4) Personenbezogene Daten sind ferner zu sperren, soweit ihre Richtigkeit vom Betroffenen bestritten wird und sich weder die Richtigkeit noch die Unrichtigkeit feststellen lässt.

(5) Personenbezogene Daten dürfen nicht für eine automatisierte Verarbeitung oder Verarbeitung in nicht automatisierten Dateien erhoben, verarbeitet oder genutzt werden, soweit der Betroffene dieser bei der verantwortlichen Stelle widerspricht und eine Prüfung ergibt, dass die schutzwürdige Interesse des Betroffenen wegen seiner besonderen persönlichen Situation das Interesse der verantwortlichen Stelle an dieser Erhebung, Verarbeitung oder Nutzung überwiegt. Satz 1 gilt nicht, wenn eine Rechtsvorschrift zur Erhebung, Verarbeitung oder Nutzung verpflichtet.

(2) Personal data may be erased at any time, except in the cases specified in sub-section 3, Nos. 1 and 2. Personal data in filing systems shall be erased if

1. their storage is inadmissible,

2. they concern information on racial or ethnic origin, political opinions, religious or philosophical convictions, union membership, health or sex life, criminal offences or administrative offences and the controller is unable to prove their correctness,

3. they are processed for one's own purposes, as soon as knowledge of them is no longer needed for fulfilling the purpose for which they are stored, or

4. they are processed in the course of business for the purpose of transfer and an examination five calendar years after their first being stored shows that further storage is not necessary.

(3) Instead of erasure, personal data shall be blocked in so far as

1. in the case of sub-section 2, No. 3 above, preservation periods prescribed by law, statutes or contracts rule out any erasure,

2. there is reason to assume that erasure would impair legitimate interests of the data subject or

3. erasure is not possible or is only possible with disproportionate effort due to the specific type of storage.

(4) Personal data shall also be blocked if the data subject disputes that they are correct and it cannot be ascertained whether they are correct or incorrect.

(5) Personal data must not be collected, processed or used for automated processing or processing in non-automated filing systems if the data subject files an objection with the controller and an examination reveals that the data subject's legitimate interest outweighs the controller's interest in such collection, processing or use, on account of the data subject's personal situation. Sentence 1 shall apply only when an obligation to carry out collection, processing or use is established by a legal provision.

(6) Personenbezogene Daten, die unrichtig sind oder deren Richtigkeit bestritten wird, müssen bei der geschäftsmäßigen Datenspeicherung zum Zweck der Übermittlung außer in den Fällen des Absatzes 2 Nr. 2 nicht berichtigt, gesperrt oder gelöscht werden, wenn sie aus allgemein zugänglichen Quellen entnommen und zu Dokumentationszwecken gespeichert sind. Auf Verlangen des Betroffenen ist diesen Daten für die Dauer der Speicherung seine Gegendarstellung beizufügen. Die Daten dürfen nicht ohne diese Gegendarstellung übermittelt werden.

(7) Von der Berichtigung unrichtiger Daten, der Sperrung bestrittener Daten sowie der Löschung oder Sperrung wegen Unzulässigkeit der Speicherung sind die Stellen zu verständigen, denen im Rahmen einer Datenübermittlung diese Daten zur Speicherung weitergegeben werden, wenn dies keinen unverhältnismäßigen Aufwand erfordert und schutzwürdige Interessen des Betroffenen nicht entgegenstehen.

(8) Gesperrte Daten dürfen ohne Einwilligung des Betroffenen nur übermittelt oder genutzt werden, wenn

1. es zu wissenschaftlichen Zwecken, zur Behebung einer bestehenden Beweisnot oder aus sonstigen im überwiegenden Interesse der verantwortlichen Stelle oder eines Dritten liegenden Gründen unerlässlich ist und

2. die Daten hierfür übermittelt oder genutzt werden dürften, wenn sie nicht gesperrt wären.

(6) Where they are stored in the course of business for the purpose of transfer, personal data which are incorrect or whose correctness is disputed need not be corrected, blocked or erased except in the cases mentioned in sub-section 2, No. 2 above, if they are taken from generally accessible sources and are stored for documentation purposes. At the request of the data subject, his counter-statement shall be added to the data for the duration of their storage. The data may not be transferred without this counter-statement.

(7) The correction of incorrect data, the blocking of disputed data and the erasure or blocking of data due to inadmissible storage shall be notified to the bodies to which these data are transmitted for storage in the course of a data transfer process, provided that this does not require disproportionate effort and the data subject has no overriding legitimate interests.

(8) Blocked data may be transferred or used without the consent of the data subject only if

1. this is indispensable for scientific purposes, for use as evidence or for other reasons in the overriding interests of the controller of the data or a third party and

2. transfer or use of the data for this purpose would be admissible if they were not blocked.

### Dritter Unterabschnitt
### Aufsichtsbehörde

### § 36 und § 37

*weggefallen*

### Chapter III
### Supervisory authority

### Section 36
### Appointment of a data protection official

*deleted*

§ 38
Aufsichtsbehörde

Section 38
Supervisory authority

(1) Die Aufsichtsbehörde kontrolliert die Ausführung dieses Gesetzes sowie anderer Vorschriften über den Datenschutz, soweit diese die automatisierte Verarbeitung personenbezogener Daten oder die Verarbeitung oder Nutzung personenbezogener Daten in oder aus nicht automatisierten Dateien regeln einschließlich des Rechts der Mitgliedstaaten in den Fällen des § 1 Abs. 5. Die Aufsichtsbehörde darf die von ihr gespeicherten Daten nur für Zwecke der Aufsicht verarbeiten und nutzen; § 14 Abs. 2 Nr. 1 bis 3, 6 und 7 gilt entsprechend. Insbesondere darf die Aufsichtsbehörde zum Zweck der Aufsicht Daten an andere Aufsichtsbehörden übermitteln. Sie leistet den Aufsichtsbehörden anderer Mitgliedstaaten der Europäischen Union auf Ersuchen ergänzende Hilfe (Amtshilfe). Stellt die Aufsichtsbehörde einen Verstoß gegen dieses Gesetz oder andere Vorschriften über den Datenschutz fest, so ist sie befugt, die Betroffenen hierüber zu unterrichten, den Verstoß bei den für die Verfolgung oder Ahndung zuständigen Stellen anzuzeigen sowie bei schwerwiegenden Verstößen die Gewerbeaufsichtsbehörde zur Durchführung gewerberechtlicher Maßnahmen zu unterrichten. Sie veröffentlicht regelmäßig, spätestens alle zwei Jahre, einen Tätigkeitsbericht. § 21 Satz 1 und § 23 Abs. 5 Satz 4 bis 7 gelten entsprechend.

(1) The supervisory authority shall monitor implementation of this Act and other data protection provisions governing the automated processing of personal data or the processing or use of personal data in or from non-automated filing systems, including the rights of the members states in the cases under Section 1 (5) of this Act. The supervisory authority may process and use the data which it stores for supervisory purposes only; Section 14 (2), Nos. 1 to 3, 6 and 7 shall apply *mutatis mutandis*. The supervisory authority may, in particular, transfer data to other supervisory authorities for supervisory purposes. On request, it shall provide supplementary assistance to other Member States of the European Union (administrative assistance). If the supervisory authority establishes a breach of this Act or other data protection provisions, it shall be authorised to notify the data subjects accordingly, to report the breach to the bodies responsible for prosecution or punishment and, in cases of serious breaches, to notify the trade supervisory authority in order to initiate measures under industrial law. It shall publish an activity report on a regular basis, but every two years at the latest. The first sentence of Section 21 and sentences 4 to 7 of Section 23 (5) shall apply *mutatis mutandis*.

(2) Die Aufsichtsbehörde führt ein Register der nach § 4d meldepflichtigen automatisierten Verarbeitungen mit den Angaben nach § 4e Satz 1. Das Register kann von jedem eingesehen werden. Das Einsichtsrecht erstreckt sich nicht auf die Angaben nach § 4e Satz 1 Nr. 9 sowie auf die Angabe der zugriffsberechtigten Personen.

(2) The supervisory authority shall keep a register of the automated processing operations which are subject to obligatory registration in accordance with Section 4d, stating the information specified in the first sentence of Section 4e. The register shall be open to inspection by any person. The right to inspection shall not extend to the information in accordance with Section 4e, sentence 1, No. 9 or stipulation of the persons entitled to access.

(3) Die der Kontrolle unterliegenden Stellen sowie die mit deren Leitung beauftragten Personen haben der Aufsichtsbehörde auf Verlangen die für die Erfüllung ihrer Aufgaben erforderlichen Auskünfte unverzüglich zu erteilen. Der Auskunftspflichtige kann die Auskunft auf solche Fragen verweigern, deren Beantwortung ihn selbst oder einen der in § 383 Abs. 1 Nr. 1 bis 3 der Zivilprozessordnung bezeichneten Angehörigen der Gefahr strafgerichtlicher Verfolgung oder eines Verfahrens nach dem Gesetz über Ordnungswidrigkeiten aussetzen würde. Der Auskunftspflichtige ist darauf hinzuweisen.

(3) The bodies subject to monitoring and the persons responsible for their management shall provide the supervisory authority on request and without delay with the information necessary for the performance of its duties. A person obliged to provide information may refuse to do so where he would expose himself or one of the persons designated in Section 383 (1), Nos. 1 to 3, of the Code of Civil Procedure to the danger of criminal prosecution or of proceedings under the Administrative Offences Act. This shall be pointed out to the person obliged to provide information.

(4) Die von der Aufsichtsbehörde mit der Kontrolle beauftragten Personen sind befugt, soweit es zur Erfüllung der der Aufsichtsbehörde übertragenen Aufgaben erforderlich ist, während der Betriebs- und Geschäftszeiten Grundstücke und Geschäftsräume der Stelle zu betreten und dort Prüfungen und Besichtigungen vorzunehmen. Sie können geschäftliche Unterlagen, insbesondere die Übersicht nach § 4g Abs. 2 Satz 1 sowie die gespeicherten personenbezogenen Daten und die Datenverarbeitungsprogramme, einsehen. § 24 Abs. 6 gilt ent-sprechend. Der Auskunftspflichtige hat diese Maßnahmen zu dulden.

(5) Zur Gewährleistung des Datenschutzes nach diesem Gesetz und anderen Vorschriften über den Datenschutz, soweit diese die automatisierte Verarbeitung personenbezogener Daten oder die Verarbeitung personenbezogener Daten in oder aus nicht automatisierten Dateien regeln, kann die Aufsichtsbehörde anordnen, dass im Rahmen der Anforderungen nach § 9 Maßnahmen zur Beseitigung festgestellter technischer oder organisatorischer Mängel getroffen werden. Bei schwerwiegenden Mängeln dieser Art, insbesondere, wenn sie mit besonderer Gefährdung des Persönlichkeitsrechts verbunden sind, kann sie den Einsatz einzelner Verfahren untersagen, wenn die Mängel entgegen der Anordnung nach Satz 1 und trotz der Verhängung eines Zwangsgeldes nicht in angemessener Zeit beseitigt werden. Sie kann die Abberufung des Beauftragten für den Datenschutz verlangen, wenn er die zur Erfüllung seiner Aufgaben erforderliche Fachkunde und Zuverlässigkeit nicht besitzt.

(6) Die Landesregierungen oder die von ihnen ermächtigten Stellen bestimmen die für die Kontrolle der Durchführung des Datenschutzes im Anwendungsbereich dieses Abschnittes zuständigen Aufsichtsbehörden.

(7) Die Anwendung der Gewerbeordnung auf die den Vorschriften dieses Abschnittes unterliegenden Gewerbebetriebe bleibt unberührt.

### § 38a
### Verhaltensregeln zur Förderung der Durchführung datenschutzrechtlicher Regelungen

(1) Berufsverbände und andere Vereinigungen, die bestimmte Gruppen von verantwortlichen Stellen vertreten, können Entwürfe für Verhaltensregeln zur Förderung der Durchführung von datenschutzrechtlichen Regelungen der zuständigen Aufsichtsbehörde unterbreiten.

(4) The persons appointed by the supervisory authority to exercise monitoring shall be authorised, in so far as necessary for the performance of the duties of the supervisory authority, to enter the property and premises of the body during business hours and to carry out checks and inspections there. They may inspect business documents, especially the list stipulated in the first sentence of Section 4g (2) of this Act as well as the stored personal data and the data processing programs. Section 24 (6) of this Act shall apply *mutatis mutandis*. The person obliged to provide information shall permit such measures.

(5) To guarantee data protection under this Act and other data protection provisions governing the automated processing of personal data or the processing of personal data in or from non-automated filing systems, the supervisory authority may instruct that, within the scope of the requirements set out in Section 9 of this Act, measures be taken to rectify technical or organisational irregularities discovered. In the event of grave irregularities of this kind, especially where they are connected with a specific impairment of privacy, the supervisory authority may prohibit the use of particular procedures if the irregularities are not rectified within a reasonable period contrary to the instruction pursuant to the first sentence above and despite the imposition of a fine. The supervisory authority may demand the dismissal of the data protection official if he does not possess the specialised knowledge and demonstrate the reliability necessary for the performance of his duties.

(6) The *Land* governments or the bodies authorised by them shall designate the supervisory authorities responsible for monitoring the implementation of data protection within the area of application of this Part.

(7) The Industrial Code shall continue to apply to commercial firms subject to the provisions of this Part.

### Section 38a
### Code of conduct to promote the implementation of data protection provisions

(1) Professional associations and other associations which represent specific groups of controllers may submit draft rules of conduct to promote the implementation of data protection provisions to the competent supervisory authority.

(2) Die Aufsichtsbehörde überprüft die Vereinbarkeit der ihr unterbreiteten Entwürfe mit dem geltenden Datenschutzrecht.

(2) The supervisory authority shall examine the compatibility of the submitted drafts with the applicable law on data protection.

**Vierter Abschnitt**
**Sondervorschriften**

**Part IV**
**Special provisions**

**§ 39**
**Zweckbindung bei personenbezogenen Daten, die einem Berufs- oder besonderen Amtsgeheimnis unterliegen**

**Section 39**
**Limited use of personal data subject to professional or special official secrecy**

(1) Personenbezogene Daten, die einem Berufs- oder besonderen Amtsgeheimnis unterliegen und die von der zur Verschwiegenheit verpflichteten Stelle in Ausübung ihrer Berufs- oder Amtspflicht zur Verfügung gestellt worden sind, dürfen von der verantwortlichen Stelle nur für den Zweck verarbeitet oder genutzt werden, für den sie sie erhalten hat. In die Übermittlung an eine nicht-öffentliche Stelle muss die zur Verschwiegenheit verpflichtete Stelle einwilligen.

(1) Personal data which are subject to professional or special official secrecy and which have been supplied by the body bound to secrecy in the performance of its professional or official duties may be processed or used by the controller of the filing system only for the purpose for which he has received them. In the event of transfer to a private body, the body bound to secrecy must give its consent.

(2) Für einen anderen Zweck dürfen die Daten nur verarbeitet oder genutzt werden, wenn die Änderung des Zwecks durch besonderes Gesetz zugelassen ist.

(2) The data may be processed or used for another purpose only if the change of purpose is permitted by special legislation.

**§ 40**
**Verarbeitung und Nutzung personenbezogener Daten durch Forschungseinrichtungen**

**Section 40**
**Processing and use of personal data by research institutes**

(1) Für Zwecke der wissenschaftlichen Forschung erhobene oder gespeicherte personenbezogene Daten dürfen nur für Zwecke der wissenschaftlichen Forschung verarbeitet oder genutzt werden.

(1) Personal data collected or stored for scientific research purposes may be processed or used only for such purposes.

(2) Die personenbezogenen Daten sind zu anonymisieren, sobald dies nach dem Forschungszweck möglich ist. Bis dahin sind die Merkmale gesondert zu speichern, mit denen Einzelangaben über persönliche oder sachliche Verhältnisse einer bestimmten oder bestimmbaren Person zugeordnet werden können. Sie dürfen mit den Einzelangaben nur zusammengeführt werden, soweit der Forschungszweck dies erfordert.

(2) The personal data shall be rendered anonymous as soon as the research purpose permits this. Until such time the characteristics enabling information concerning personal or material circumstances to be attributed to an identified or identifiable individual shall be stored separately. They may be combined with the information only to the extent required by the research purpose.

(3) Die wissenschaftliche Forschung betreibenden Stellen dürfen personenbezogene Daten nur veröffentlichen, wenn

(3) Bodies conducting scientific research may publish personal data only if

1. der Betroffene eingewilligt hat oder

1. the data subject has consented or

2. dies für die Darstellung von Forschungsergebnissen über Ereignisse der Zeitgeschichte unerlässlich ist.

2. this is indispensable for the presentation of research findings on contemporary events.

§ 41
Erhebung, Verarbeitung und Nutzung
personenbezogener Daten durch die
Medien

Section 41
Collection, processing and use of per-
sonal data by the media

(1) Die Länder haben in ihrer Gesetzge-
bung vorzusehen, dass für die Erhebung,
Verarbeitung und Nutzung personenbezo-
gener Daten von Unternehmen und Hilfs-
unternehmen der Presse ausschließlich zu
eigenen journalistisch-redaktionellen oder
literarischen Zwecken den Vorschriften der
§§ 5, 9 und 38a entsprechende Regelun-
gen einschließlich einer hierauf bezogenen
Haftungsregelung entsprechend § 7 zur
Anwendung kommen.

(1) The Länder are to ensure in their leg-
islation that regulations corresponding to
the provisions of Sections 5, 9 and 38a of
this Act, including an appurtenant regula-
tion on liability in accordance with Section 7
of this Act, shall apply to the collection,
processing and use of personal data by
enterprises or auxiliary enterprises in the
press exclusively for their own journalistic-
editorial or literary purposes.

(2) Führt die journalistisch-redaktionelle
Erhebung, Verarbeitung oder Nutzung
personenbezogener Daten durch die Deut-
sche Welle zur Veröffentlichung von Ge-
gendarstellungen des Betroffenen, so sind
diese Gegendarstellungen zu den gespei-
cherten Daten zu nehmen und für dieselbe
Zeitdauer aufzubewahren wie die Daten
selbst.

(2) If journalistic-editorial processing or
use of personal data by Deutsche Welle
leads to the publication of counter-
statements by the data subject, such
counter-statements shall be combined with
the stored data and preserved for the same
period as the data themselves.

(3) Wird jemand durch eine Berichterstat-
tung der Deutschen Welle in seinem Per-
sönlichkeitsrecht beeinträchtigt, so kann er
Auskunft über die der Berichterstattung
zugrunde liegenden, zu seiner Person ge-
speicherten Daten verlangen. Die Auskunft
kann nach Abwägung der schutzwürdigen
Interessen der Beteiligten verweigert wer-
den, soweit

(3) If the privacy of a person is impaired by
reporting by Deutsche Welle, he may re-
quest information on the stored personal
data on which the reporting was based.
Such information may be refused, after
considering the legitimate interests of the
parties concerned, in so far as

1. aus den Daten auf Personen, die bei
   der Vorbereitung, Herstellung oder
   Verbreitung von Rundfunksendungen
   berufsmäßig journalistisch mitwirken o-
   der mitgewirkt haben, geschlossen
   werden kann,

1. the data enable conclusions to be
   drawn as to the persons who are or
   have been professionally involved in a
   journalistic capacity in the preparation,
   production or dissemination of broad-
   casts,

2. aus den Daten auf die Person des Ein-
   senders oder des Gewährsträgers von
   Beiträgen, Unterlagen und Mitteilungen
   für den redaktionellen Teil geschlossen
   werden kann,

2. the data enable conclusions to be
   drawn as to the supplier or source of
   contributions, documents and commu-
   nications for the editorial part,

3. durch die Mitteilung der recherchierten
   oder sonst erlangten Daten die journa-
   listische Aufgabe der Deutschen Welle
   durch Ausforschung des Informations-
   bestandes beeinträchtigt würde.

3. disclosure of the data obtained by re-
   search or other means would compro-
   mise Deutsche Welle's journalistic func-
   tion by divulging its information re-
   sources.

Der Betroffene kann die Berichtigung un-
richtiger Daten verlangen.

The data subject may request that incorrect
data be corrected.

(4) Im Übrigen gelten für die Deutsche
Welle von den Vorschriften dieses Geset-
zes die §§ 5, 7, 9 und 38a. Anstelle der §§
24 bis 26 gilt § 42, auch soweit es sich um
Verwaltungsangelegenheiten handelt.

(4) In all other respects, Sections 5, 7, 9
and 38a of this Act shall apply to Deutsche
Welle. Instead of Sections 24 to 26 of this
Act, Section 42 shall apply even where
administrative matters are concerned.

| § 42<br>Datenschutzbeauftragter der Deutschen Welle | Section 42<br>Data protection official of *Deutsche Welle* |
|---|---|
| (1) Die Deutsche Welle bestellt einen Beauftragten für den Datenschutz, der an die Stelle des Bundesbeauftragten für den Datenschutz tritt. Die Bestellung erfolgt auf Vorschlag des Intendanten durch den Verwaltungsrat für die Dauer von vier Jahren, wobei Wiederbestellungen zulässig sind. Das Amt eines Beauftragten für den Datenschutz kann neben anderen Aufgaben innerhalb der Rundfunkanstalt wahrgenommen werden. | (1) *Deutsche Welle* shall appoint a data protection official, who shall take the place of the Federal Commissioner for Data Protection. The data protection official shall be appointed by the board of administration for a term of four years upon nomination by the director-general; reappointments shall be admissible. The office of data protection official may be exercised alongside other duties within the broadcasting corporation. |
| (2) Der Beauftragte für den Datenschutz kontrolliert die Einhaltung der Vorschriften dieses Gesetzes sowie anderer Vorschriften über den Datenschutz. Er ist in Ausübung dieses Amtes unabhängig und nur dem Gesetz unterworfen. Im Übrigen untersteht er der Dienst- und Rechtsaufsicht des Verwaltungsrates. | (2) The data protection official shall monitor compliance with the provisions of this Act and with other provisions concerning data protection. He shall be independent in the exercise of this office and shall be subject to the law only. In all other respects he shall be subject to the official and legal authority of the board of administration. |
| (3) Jedermann kann sich entsprechend § 21 Satz 1 an den Beauftragten für den Datenschutz wenden. | (3) Anyone may appeal to the data protection official in accordance with the first sentence of Section 21 of this Act. |
| (4) Der Beauftragte für den Datenschutz erstattet den Organen der Deutschen Welle alle zwei Jahre, erstmals zum 1. Januar 1994 einen Tätigkeitsbericht. Er erstattet darüber hinaus besondere Berichte auf Beschluss eines Organes der Deutschen Welle. Die Tätigkeitsberichte übermittelt der Beauftragte auch an den Bundesbeauftragten für den Datenschutz. | (4) The data protection official shall submit an activity report to the organs of *Deutsche Welle* every two years, beginning on 1 January 1994. In addition he shall submit special reports pursuant to a decision by an organ of *Deutsche Welle*. The data protection official shall forward the activity reports to the Federal Commissioner for Data Protection as well. |
| (5) Weitere Regelungen entsprechend den §§ 23 bis 26 trifft die Deutsche Welle für ihren Bereich. Die §§ 4f und 4g bleiben unberührt. | (5) *Deutsche Welle* shall make further arrangements for its area of activity in accordance with Sections 23 to 26 of this Act. Sections 4f and 4g of this Act shall remain unaffected. |
| **Fünfter Abschnitt**<br>**Schlussvorschriften** | **Part V**<br>**Final provisions** |
| § 43<br>Bußgeldvorschriften | Section 43<br>Administrative offences |
| (1) Ordnungswidrig handelt, wer vorsätzlich oder fahrlässig | (1) An administrative offence shall be deemed to have been committed by anyone who, whether intentionally or through negligence, |
| 1. entgegen § 4d Abs. 1, auch in Verbindung mit § 4e Satz 2, eine Meldung nicht, nicht richtig, nicht vollständig oder nicht rechtzeitig macht, | 1. contrary to Section 4d (1), also in conjunction with the second sentence of Section 4e of this Act, fails to submit a notification, fails to do so within the prescribed time limit or fails to provide complete particulars, |
| 2. entgegen § 4f Abs. 1 Satz 1 oder 2, jeweils auch in Verbindung mit Satz 3 und 6, einen Beauftragten für den Datenschutz nicht, nicht in der vorgeschriebenen Weise oder nicht rechtzeitig bestellt, | 2. contrary to the first or second sentence of Section 4f (1) of this Act, fails to appoint a data protection official or fails to do so within the prescribed time limit or in the prescribed manner, |

3. entgegen § 28 Abs. 4 Satz 2 den Betroffenen nicht, nicht richtig oder nicht rechtzeitig unterrichtet oder nicht sicherstellt, dass der Betroffene Kenntnis erhalten kann,

4. entgegen § 28 Abs. 5 Satz 2 personenbezogene Daten übermittelt oder nutzt,

5. entgegen § 29 Abs. 2 Satz 3 oder 4 die dort bezeichneten Gründe oder die Art und Weise ihrer glaubhaften Darlegung nicht aufzeichnet,

6. entgegen § 29 Abs. 3 Satz 1 personenbezogene Daten in elektronische oder gedruckte Adress-, Rufnummern-, Branchen- oder vergleichbare Verzeichnisse aufnimmt,

7. entgegen § 29 Abs. 3 Satz 2 die Übernahme von Kennzeichnungen nicht sicherstellt,

8. entgegen § 33 Abs. 1 den Betroffenen nicht, nicht richtig oder nicht vollständig benachrichtigt,

9. entgegen § 35 Abs. 6 Satz 3 Daten ohne Gegendarstellung übermittelt,

10. entgegen § 38 Abs. 3 Satz 1 oder Abs. 4 Satz 1 eine Auskunft nicht, nicht richtig, nicht vollständig oder nicht rechtzeitig erteilt oder eine Maßnahme nicht duldet oder

11. einer vollziehbaren Anordnung nach § 38 Abs. 5 Satz 1 zuwiderhandelt.

(2) Ordnungswidrig handelt, wer vorsätzlich oder fahrlässig

1. unbefugt personenbezogene Daten, die nicht allgemein zugänglich sind, erhebt oder verarbeitet,

2. unbefugt personenbezogene Daten, die nicht allgemein zugänglich sind, zum Abruf mittels automatisierten Verfahrens bereithält,

3. unbefugt personenbezogene Daten, die nicht allgemein zugänglich sind, abruft oder sich oder einem anderen aus automatisierten Verarbeitungen oder nicht automatisierten Dateien verschafft,

4. die Übermittlung von personenbezogenen Daten, die nicht allgemein zugänglich sind, durch unrichtige Angaben erschleicht,

3. contrary to the second sentence of Section 28 (4) of this Act, fails to notify the data subject, or fails to do so within the prescribed time limit or in the prescribed manner, or fails to ensure that the data subject is able to obtain due knowledge,

4. transfers or uses personal data contrary to the second sentence of Section 28 (5) of this Act,

5. contrary to the third or fourth sentence of Section 29 (2) of this Act, fails to record the reasons described there or the means of credibly presenting them,

6. incorporates personal data into electronic or printed address, telephone number, classified or similar directories contrary to the first sentence of Section 29 (3) of this Act,

7. contrary to the second sentence of Section 29 (3) of this Act, fails to ensure the adoption of labels,

8. contrary to Section 33 (1) of this Act, fails to notify the data subject or fails to do so correctly or completely,

9. contrary to the third sentence of Section 35 (5) of this Act, transfers data without a counter-statement,

10. contrary to the first sentence of Section 38 (3) of this Act, fails to provide information or fails to do so correctly, completely or within the prescribed time limit or fails to permit a measure

11. fails to comply with an executable instruction under the first sentence of Section 38 (5) of this Act.

(2) An administrative offence shall be deemed to have been committed by anyone who, whether intentionally or through negligence,

1. collects or processes personal data which are not generally accessible without authorisation,

2. holds personal data which are not generally accessible ready for retrieval by means of an automated procedure without authorisation,

3. retrieves personal data which are not generally accessible or obtains such data for themselves or another from automated processing operations without authorisation,

4. obtains by means of incorrect information the transfer of personal data which are not generally accessible,

5. entgeng § 16 Abs. 4 Satz 1, § 28 Abs. 5 Satz 1, auch in Verbindung mit § 29 Abs. 4, § 39 Abs. 1 Satz 1 oder § 40 Abs. 1, die übermittelten Daten für andere Zwecke nutzt, indem er sie an Dritte weitergibt, oder

6. entgeng § 30 Abs. 1 Satz 2 die in § 30 Abs. 1 Satz 1 bezeichneten Merkmale oder entgeng § 40 Abs. 2 Satz 3 die in § 40 Abs. 2 Satz 2 bezeichneten Merkmale mit den Einzelangaben zusammenführt.

(3) Die Ordnungswidrigkeit kann im Fall des Absatzes 1 mit einer Geldbuße bis zu fünfundzwanzigtausend Euro, in den Fällen des Absatzes 2 mit einer Geldbuße bis zu zweihundertfünfzigtausend Euro geahndet werden.

### § 44
### Strafvorschriften

(1) Wer eine in § 43 Abs. 2 bezeichnete vorsätzliche Handlung gegen Entgelt oder in der Absicht, sich oder einen anderen zu bereichern oder einen anderen zu schädigen, begeht, wird mit Freiheitsstrafe bis zu zwei Jahren oder mit Geldstrafe bestraft.

(2) Die Tat wird nur auf Antrag verfolgt. Antragsberechtigt sind der Betroffene, die verantwortliche Stelle, der Bundesbeauftragte für den Datenschutz und die Aufsichtsbehörde.

### Sechster Abschnitt
### Übergangsvorschriften

### § 45
### Laufende Verwendungen

Erhebungen, Verarbeitungen oder Nutzungen personenbezogener Daten, die am 23. Mai 2001 bereits begonnen haben, sind binnen drei Jahren nach diesem Zeitpunkt mit den Vorschriften dieses Gesetzes in Übereinstimmung zu bringen. Soweit Vorschriften dieses Gesetzes in Rechtsvorschriften außerhalb des Anwendungsbereichs der Richtlinie 95/46/EG des Europäischen Parlaments und des Rates vom 24. Oktober 1995 zum Schutz natürlicher Personen bei der Verarbeitung personenbezogener Daten und zum freien Datenverkehr zur Anwendung gelangen, sind Erhebungen, Verarbeitungen oder Nutzungen personenbezogener Daten, die am 23. Mai 2001 bereits begonnen haben, binnen fünf Jahren nach diesem Zeitpunkt mit den Vorschriften dieses Gesetzes in Übereinstimmung zu bringen.

5. contrary to the first sentence of Section 16 (4) and the first sentence of Section 28 (5) if this Act, also in conjunction Section 29 (4), the first sentence of Section 39 (1) or Section 40 (1) of this Act, uses data for other purposes by transmitted them to third parties, or

6. contrary to the second sentence of Section 30 (1) of this Act, combines the characteristics mentioned in the first sentence of Section 30 (1) with the information or, contrary to the third sentence of Section 40 (2), combines the characteristics mentioned in the second sentence of Section 40 (2) with the information.

(3) Administrative offences shall be punishable by a fine of up to € 25,000 in case of sub-section 1 above, and by a fine of up to € 250,000 in the cases under subsection 2 above.

### Section 44
### Criminal offences

(1) Anyone wilfully committing an offence specified in Section 43 (2) of this Act in exchange for payment or with the intention of enriching himself or another person or of harming another person shall be liable to imprisonment for up to two years or to a fine.

(2) Such offences shall be prosecuted only if a complaint is filed. Complaints may be filed by the data subject, the Federal Commissioner for Data Protection and the supervisory authority.

### Part VI
### Transitional provisions

### Section 45
### Current applications

Collections, processing or usages of personal data which have already begun on 23 May 2001 shall be harmonised with the provisions of this Act within three years of the aforesaid date. In so far as provisions of this Act are applied in legal provisions outside of the scope of application of directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data, collections, processing or usages of personal data which have already begun on 23 May 2001 shall be harmonised with the provisions of this Act within five years of the aforesaid date.

§ 46
**Weitergeltung von Begriffsbestimmungen**

(1) Wird in besonderen Rechtsvorschriften des Bundes der Begriff Datei verwendet, ist Datei

1. eine Sammlung personenbezogener Daten, die durch automatisierte Verfahren nach bestimmten Merkmalen ausgewertet werden kann (automatisierte Datei), oder

2. jede sonstige Sammlung personenbezogener Daten, die gleichartig aufgebaut ist und nach bestimmten Merkmalen geordnet, umgeordnet und ausgewertet werden kann (nicht automatisierte Datei).

Nicht hierzu gehören Akten und Aktensammlungen, es sei denn, dass sie durch automatisierte Verfahren umgeordnet und ausgewertet werden können.

(2) Wird in besonderen Rechtsvorschriften des Bundes der Begriff Akte verwendet, ist Akte jede amtlichen oder dienstlichen Zwecken dienende Unterlage, die nicht dem Dateibegriff des Absatzes 1 unterfällt; dazu zählen auch Bild- und Tonträger. Nicht hierunter fallen Vorentwürfe und Notizen, die nicht Bestandteil eines Vorgangs werden sollen.

(3) Wird in besonderen Rechtsvorschriften des Bundes der Begriff Empfänger verwendet, ist Empfänger jede Person oder Stelle außerhalb der verantwortlichen Stelle. Empfänger sind nicht der Betroffene sowie Personen und Stellen, die im Inland, in einem anderen Mitgliedstaat der Europäischen Union oder in einem anderen Vertragsstaat des Abkommens über den Europäischen Wirtschaftsraum personenbezogene Daten im Auftrag erheben, verarbeiten oder nutzen.

Section 46
**Overreaching validity of definitions**

(1) Where the term "filing system" is employed in special legal provisions of the Federation, a filing system is

1. a set of personal data which can be evaluated according to specific characteristics by means of automated procedures (automated filing system) or

2. any other set of personal data which is similarly structured and can be arranged, rearranged and evaluated according to specific characteristics (non-automated filing system).

This shall not include files and sets of files, unless they can be rearranged and evaluated by means of automated procedures.

(2) Where the term "file" is employed in special legal provisions of the Federation, a file is any document serving official purposes which does not fall within the definition of a filing system as specified in subsection 1 above; this shall include image and sound recording media. It shall not include drafts and notes that are not intended to form part of a record.

(3) Where the term "recipient" is employed in special legal provisions of the Federation, a recipient is any person or body other than the controller. This shall not include the data subject or persons and bodies commissioned to collect, process or use personal data in Germany, in another member state of the European Union or in another state party to the Agreement on the European Economic Area.

**Anlage**
**(zu § 9 Satz 1)**

Werden personenbezogene Daten automatisiert verarbeitet oder genutzt, ist die innerbehördliche oder innerbetriebliche Organisation so zu gestalten, dass sie den besonderen Anforderungen des Datenschutzes gerecht wird. Dabei sind insbesondere Maßnahmen zu treffen, die je nach der Art der zu schützenden personenbezogenen Daten oder Datenkategorien geeignet sind,

1. Unbefugten den Zutritt zu Datenverarbeitungsanlagen, mit denen personenbezogene Daten verarbeitet oder genutzt werden, zu verwehren (Zutrittskontrolle),

**Annex**
**(to the first sentence of Section 9 of this Act)**

Where personal data are processed or used automatically, the internal organisation of authorities or enterprises is to be arranged in such a way that it meets the specific requirements of data protection. In particular, measures suited to the type of personal data or data categories to be protected shall be taken,

1. to prevent unauthorised persons from gaining access to data processing systems with which personal data are processed or used (access control),

2. zu verhindern, dass Datenverarbeitungssysteme von Unbefugten genutzt werden können (Zugangskontrolle),

3. zu gewährleisten, dass die zur Benutzung eines Datenverarbeitungssystems Berechtigten ausschließlich auf die ihrer Zugriffsberechtigung unterliegenden Daten zugreifen können, und dass personenbezogene Daten bei der Verarbeitung, Nutzung und nach der Speicherung nicht unbefugt gelesen, kopiert, verändert oder entfernt werden können (Zugriffskontrolle),

4. zu gewährleisten, dass personenbezogene Daten bei der elektronischen Übertragung oder während ihres Transports oder ihrer Speicherung auf Datenträger nicht unbefugt gelesen, kopiert, verändert oder entfernt werden können, und dass überprüft und festgestellt werden kann, an welche Stellen eine Übermittlung personenbezogener Daten durch Einrichtungen zur Datenübertragung vorgesehen ist (Weitergabekontrolle),

5. zu gewährleisten, dass nachträglich überprüft und festgestellt werden kann, ob und von wem personenbezogene Daten in Datenverarbeitungssysteme eingegeben, verändert oder entfernt worden sind (Eingabekontrolle),

6. zu gewährleisten, dass personenbezogene Daten, die im Auftrag verarbeitet werden, nur entsprechend den Weisungen des Auftraggebers verarbeitet werden können (Auftragskontrolle),

7. zu gewährleisten, dass personenbezogene Daten gegen zufällige Zerstörung oder Verlust geschützt sind (Verfügbarkeitskontrolle),

8. zu gewährleisten, dass zu unterschiedlichen Zwecken erhobene Daten getrennt verarbeitet werden können.

2. to prevent data processing systems from being used without authorisation (access control),

3. to ensure that persons entitled to use a data processing system have access only to the data to which they have a right of access, and that personal data cannot be read, copied, modified or removed without authorisation in the course of processing or use and after storage (access control),

4. to ensure that personal data cannot be read, copied, modified or removed without authorisation during electronic transmission or transport, and that it is possible to check and establish to which bodies the transfer of personal data by means of data transmission facilities is envisaged (transmission control),

5. to ensure that it is possible to check and establish whether and by whom personal data have been input into data processing systems, modified or removed (input control),

6. to ensure that, in the case of commissioned processing of personal data, the data are processed strictly in accordance with the instructions of the principal (job control),

7. to ensure that personal data are protected from accidental destruction or loss (availability control),

8. to ensure that data collected for different purposes can be processed separately.

# EXHIBIT D

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

</div>

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 05-10990-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<div align="center">

**DECLARATION OF DR. FRANK GROTH IN SUPPORT OF DEFENDANT'S**
**MOTION FOR PROTECTIVE ORDER**

</div>

I, Dr. Frank Groth, declare and state as follows:

1.    I provide this declaration in support of Defendant Harman International Industries, Inc.'s ("Harman") Motion for Protective Order. If called as a witness, I could and would testify competently as to the matters set forth herein, which are true and of which I have personal knowledge.

2.    I am European Counsel at Harman. I have been employed in this position by Harman since August 1, 2005. My office is located at Badhausweg 5, 76307 Karlsbad, Germany.

3.    Harman's German offices include the following locations: Munich, Hildesheim, Straubing, Hamburg, Villingen-Schwenningen, Woerth-Schaidt, Ulm, Filderstadt, Hechingen and Karlsbad. In these German offices, Harman employs through various subsidiaries, who are engaged in the field of vehicle navigation and/or infotainment systems, approximately 3,454 employees.

4.  Harman's German offices must comply with German regulations including the Bundesdatenschutzgesetz ("BDSG"), or German Federal Data Protection Act.

5.  Under the BDSG, because Harman does not have an official policy of collecting, saving or segregating the electronic correspondence of its Germany employees, Harman may not collect or review that electronic correspondence for the purposes of segregating correspondence containing personal or private information from correspondence containing only work-related information unless it obtains the permission of each employee.

6.  Harman has a Data Protection Official in Germany, as required by the BDSG.

7.  Harman's Data Protection Official is a third party and not a Harman employee.

8.  Harman's Data Protection Official does not collect or retain employee emails.

9.  The role of the Data Protection Official is to ensure that the policies of Harman's Departments of Human Resources and Information Technology comply with the BDSG.

10. If Harman were ordered by a United States court to collect, review, and produce its Germany employees' email communications, it is my understanding that Harman would be required to: (1) approach each employee individually and request copies of his or her correspondence, request permission for Harman's attorneys to review such correspondence, and request permission for Harman's attorneys to produce the correspondence to MIT; (2) stipulate in writing with the employee explicitly what the electronic correspondence would be used for; and (3) involve its third party Data Protection Official to oversee the process to ensure compliance with the BDSG.

2

11. Furthermore, with certain Germany employees, Harman would be required to reach an agreement with the Works Council, which represents Harman's unionized employees, for the collection, review, and production of electronic communications.

12. Harman's Germany employees are unfamiliar with the United States' discovery process.

13. The effort of collecting and reviewing all employee correspondence has not previously been undertaken. Such an effort would be exceedingly difficult, time-consuming, and expensive.

14. I believe that approaching Harman's Germany employees to request permission to review their personal correspondence would be viewed as intrusive, and would be disruptive to Harman's German operations.

Executed on March 17, 2006

_____

Dr. Frank Groth

3

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No. 05-10990 DPW |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, | ) ) ) | |
| Defendant. | ) ) | |

## MIT'S FIRST REQUEST FOR THE
## PRODUCTION OF DOCUMENTS AND THINGS (1-26)

Plaintiff Massachusetts Institute of Technology ("MIT"), pursuant to Rule 34 of the

Federal Rules of Civil Procedure, hereby requests that Defendant Harman International

Industries, Inc. ("Harman") produce for inspection and copying the documents and tangible

things identified below.  Such documents and things shall be produced within thirty (30) days of

service of these requests at the office of PROSKAUER ROSE LLP, One International Place, 22nd

Floor, Boston, MA 02110 or at another mutually convenient location.

These requests are to be deemed continuing and any information secured subsequent to

service of such documents and things must be furnished with supplemental responses upon

receipt of such information in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this request for documents and things is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. For purposes of these document requests, the following definitions, regardless of whether the defined word is capitalized, shall apply:

A.    "MIT" means the Massachusetts Institute of Technology, including its servants, agents, representatives, employees, principals, attorneys, and all other persons, forms or corporations acting with it or on its behalf.

B.    "Harman" means Harman International Industries, Inc., including its servants, agents, representatives, employees, principals, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, successors-in-interest, and all other persons, forms or corporations acting with it or on its behalf.

C.    "'685 Patent" means U.S. Patent No. 5,177,685.

D.    The term "prior art" encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102-03.

E.    "Automobile navigation system product[s] or service[s]" refers to any product or service, or portion or component thereof which provides or is designed to provide real-time spoken driving instructions. The term includes, but is not limited to, products or services, or portions or components thereof capable of being installed by an automobile manufacturer or independently of an automobile manufacturer. The term includes, but is not limited to, Harman's TrafficPro® brand of automobile navigation system, its TrafficPro II™ brand of automobile navigation system, its RB3 and RB4 brands of automobile navigation system, and

equipment or components made, used, or sold by Harman for use in the Porsche®
Communication Management System.

    F.    "All" means "any and all."

    G.    Any word written in the singular shall be construed as plural and vice versa.

    H.    "Concerning" means referring to, relating to, describing, evidencing, or
constituting.

    I.    As used herein, the term "Document[s]" shall be synonymous in meaning and
equal in scope to the usage of the term in Fed. R. Civ. P. 34(a). Electronic correspondence is
also included within the meaning of this term. A draft or non-identical copy is a separate
document within the meaning of this term.

    J.    As used herein, the term "or" means "and/or."

    K.    As used herein, the term "Communication[s]" means all letters, memoranda, notes
and messages, whether printed, typed or handwritten, including but not limited to all electronic
modes of correspondence such as electronic mail and faxes, and including documents reflecting
conversations and meetings.

    L.    "Person" means any natural person or juridical person including any corporation,
partnership, sole proprietorship, agency, or business association of any type or character.

    M.    As used herein, the term "Identify" means:

    a)    with respect to persons, give, to the extent known, the person's full name,
present or last known address, and when referring to a natural person, the present or last known
place of employment, his/her title and position with that employer; and

b)       with respect to documents, give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

## INSTRUCTIONS

A.       When a claim of privilege is asserted in the objection to any request or any subpart thereof, and any document is not provided on the basis of that assertion, identify in the objection the nature of the privilege that is being claimed with respect to each such document.  If the privilege is being asserted in the connection with a claim or defense governed by state law, indicate the particular privilege rule that is being invoked.

B.       When an objection is made to any request, or subpart thereof, state with specificity all grounds for the objection.

C.       With respect to each document which is withheld from production for any reason, provide a statement setting forth:

(i)       the name and title of the author(s);

(ii)      the name and title of the person(s) to whom the document was addressed;

(iii)     the name and title of the person(s) to whom copies of the document were sent;

(iv)     the date on which the document was written or otherwise produced and the date on which it was mailed, sent or delivered to its addressees;

(v)      the number of pages contained in the document;

(vi)     a brief description of the nature and subject matter;

(vii)    the grounds upon which it is being withheld; and

(viii)   the paragraph number to which the document is otherwise responsive.

-4-

D.     When a document contains both privileged and non-privileged material, the non-privileged material should be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, specifically indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and person performing the redaction or alteration.  Any notice of redaction must be clearly visible on the redacted document.

E.     If production of any requested document is objected to on the grounds that production is unduly burdensome, set forth the burden or expense of the proposed discovery and why Harman contends that the burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, as set forth in Fed. R. Civ. P. 26(b)(2).

F.     If requested documents are maintained in a file, the file folder is included in the request for production of those documents.

G.     For all documents produced by Harman in this litigation,

1.     Provide, by document Bates number range, the source of the original documents;

2.     Provide a log of all documents withheld on grounds of privilege; and

3.     Describe the company's document retention policies and efforts to preserve e-mail and other electronic documents responsive to MIT's discovery requests.

<u>DOCUMENT REQUESTS</u>

<u>REQUEST NO. 1:</u>

All documents and things concerning the scope, validity, infringement, or enforceability of the '685 Patent.

<u>RESPONSE TO REQUEST NO. 1:</u>

<u>REQUEST NO. 2:</u>

All documents and things concerning any search, investigation, review, opinion, study, analysis, event or reference concerning, without limitation, the scope, validity, infringement or enforceability of the '685 Patent, including but not limited to, opinions, summaries, notes, memoranda, or the equivalent prepared by Harman or any of its representatives.

<u>RESPONSE TO REQUEST NO. 2:</u>

<u>REQUEST NO. 3:</u>

All documents ever considered, evaluated, or possessed by Harman regarding the scope, novelty, patentability, validity, or enforceability of the subject matter disclosed and claimed in the '685 Patent.

<u>RESPONSE TO REQUEST NO. 3:</u>

REQUEST NO. 4:

All documents and things tending to support or refute any argument by Harman that the

'685 Patent is invalid, void, and/or unenforceable under the patent laws of the United States,

Title 35 of the United States Code.

RESPONSE TO REQUEST NO. 4:


REQUEST NO. 5:

All prior art patents and publications that Harman considers pertinent to the subject matter of the

'685 Patent.

RESPONSE TO REQUEST NO. 5:


REQUEST NO. 6:

All documents and things concerning Harman's first awareness of the '685 Patent.

RESPONSE TO REQUEST NO. 6:


REQUEST NO. 7:

All documents and things concerning any of Harman's efforts, after Harman became aware of

the '685 Patent, to modify any automobile navigation system products or services used,

manufactured, or sold by Harman.

RESPONSE TO REQUEST NO. 7:

REQUEST NO. 8:

All documents and things concerning the design, development, manufacture, marketing, sale or offer for sale of any automobile navigation system products or services used, manufactured or sold by Harman, including but not limited to: all laboratory notebooks, test results, reports, memoranda, evaluations, analysis, any prototype, precursor, or experimental versions of such products.

RESPONSE TO REQUEST NO. 8:


REQUEST NO. 9:

If Harman contends that its automobile navigation system products and services do not infringe the '685 Patent, all documents and things that support or refute such a contention.

RESPONSE TO REQUEST NO. 9:


REQUEST NO. 10:

All documents concerning comparisons of any automobile navigation system product or service manufactured or sold by Harman, and any of the claims of the '685 Patent.

RESPONSE TO REQUEST NO. 10:

REQUEST NO. 11:

All documents concerning any plans, commitments, projections or reports relating to Harman's future production capacity for any automobile navigation system products or services.

RESPONSE TO REQUEST NO. 11:


REQUEST NO. 12:

All documents concerning the promotion, advertisement, demonstration, marketing and sale of any automobile navigation system products or services used, manufactured or sold by Harman, including, but not limited to: all advertising, press releases, product announcements, bulletins, solicitations, articles, speech or lecture texts, sales presentations, PowerPoint presentations, product brochures, memoranda, and catalogs.

RESPONSE TO REQUEST NO. 12:


REQUEST NO. 13:

All documents concerning any communication with, or relating to, any agent, dealer, wholesaler, distributor, customer, or potential customer of any automobile navigation system products or services, in the United States, or any other person, concerning transfers or projected transfers of such products in the United States, including without limitation, costs and sales, and anticipated or actual sales.

RESPONSE TO REQUEST NO. 13:

REQUEST NO. 14:

All documents sufficient to identify all prospective, existing and past customers of any automobile navigation system products or services, including documents concerning the dissemination of promotional materials for such products including, but not limited to: mailing lists, tear sheets, and periodicals in which promotional materials have appeared.

RESPONSE TO REQUEST NO. 14

REQUEST NO. 15:

All documents comprising pricing, price quotes, price lists, price announcements, actual prices, or projected prices, paid by, or expected to be paid by, customers for any automobile navigation system products or services.

RESPONSE TO REQUEST NO. 15:

REQUEST NO: 16:

All documents concerning communications, whether to or from suppliers or customers or any other persons, that relate to MIT or the subject matter of the '685 Patent.

RESPONSE TO REQUEST NO. 16:

REQUEST NO. 17:

All documents concerning any policy, guideline or agreement of Harman with respect to patent procurement, patent licensing and royalty rates.

RESPONSE TO REQUEST NO. 17:

REQUEST NO. 18:

All documents concerning any communication by or to persons other than MIT asserting patent

infringement by Harman.

RESPONSE TO REQUEST NO. 18:


REQUEST NO. 19:

All documents passing between Harman and any person who Harman expects to offer testimony

of at trial in this action, including, without limitation, any expert witness.

RESPONSE TO REQUEST NO. 19:


REQUEST NO. 20:

All documents and things reviewed, considered or relied upon by any experts retained by

Harman in connection with this matter or that are a basis for each opinion to be reached by such

experts.

RESPONSE TO REQUEST NO. 20:


REQUEST NO. 21:

All documents and things, including but not limited to, reports, studies, books, articles or

publications prepared by each expert retained by Harman in this matter concerning the subject

matter about which such expert is expected to testify.

RESPONSE TO REQUEST NO. 21:

REQUEST NO. 22:

A sample of each automobile navigation system product or service, used, manufactured or sold

by Harman.

RESPONSE TO REQUEST NO. 22:

REQUEST NO. 23:

All documents and things Harman may use or intend to rely upon at trial.

RESPONSE TO REQUEST NO. 23:

REQUEST NO. 24:

All documents and things identified, relied upon, or referred to in response to MIT's First Set of

Interrogatories.

RESPONSE TO REQUEST NO. 24:

REQUEST NO. 25:

Documents sufficient to reflect Harman's document retention policies or practices over the past

two (2) years.

RESPONSE TO REQUEST NO. 25:

REQUEST NO. 26:

Copies of organizational charts sufficient to show Harman's organizational structures and

corporate management over the past two (2) years.

RESPONSE TO REQUEST NO. 26:


                                    MASSACHUSETTS INSTITUTE OF
                                    TECHNOLOGY,

                                    By its Counsel,


                                    _Kimberly A. Mottley_
                                    Steven M. Bauer (BBO #542531)
                                    Kimberly A. Mottley (BBO #651190)
                                    PROSKAUER ROSE LLP
                                    One International Place
                                    Boston, MA 02110
                                    Tel: (617) 526-9600
                                    Fax: (617) 526-9899

Dated: July 26, 2005


**Certificate of Service**

    I hereby certify that on July 26, 2005, a true and correct copy of the foregoing document
was served upon opposing counsel by hand.


                                    _Kimberly A. Mottley_
                                    Kimberly A. Mottley

7113/61784-008  BNLIB1/140813v2

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MASSACHUSETTS INSTITUTE OF TECHNOLOGY,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| **v.** | )   **Case No(s).: 05-10990 DPW** |
| **HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,** | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

## HARMAN'S RESPONSES TO MIT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS (1-26)

Defendant Harman International Industries, Incorporated ("Harman") responds to plaintiff Massachusetts Institute of Technology's ("MIT") First Request For The Production Of Documents And Things (1-26) with the answers and objections set forth below. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Harman reserves the right to supplement these responses and its production of documents to the extent it learns of additional responsive information and/or documents.

## GENERAL OBJECTIONS

Harman incorporates the following General Objections into its response to each Request for Production. Each of Harman's responses is made without waiver of or prejudice to these general objections.

1.     Harman objects to MIT's First Request For Production Of Documents And Things to the extent it seeks information and/or documents protected by the attorney–client

privilege, the attorney work product doctrine, or Rule 26(b)(3) of the Federal Rules of Civil Procedure. Any information or documents withheld on these grounds will be identified on a separate privilege schedule. With respect to any privileged or work product documents that were created or that came into being after the initiation of this lawsuit, Harman objects to listing any such documents on a privilege schedule because to do so would be unduly burdensome, would chill Harman in its communications with its attorneys about the subject matter of this litigation, and would abrogate Harman's work product privilege in this matter. For example, if Harman had to schedule documents that were created or that came into being after the initiation of this lawsuit, before Harman could communicate in writing with its attorneys about the subject matter of this litigation, Harman would be forced to make a choice between (a) confining its communications with its attorneys to oral communications, or (b) running the risk of abrogating its attorney work product privilege by having to provide plaintiffs with a log of each written communication it has with its attorneys.

2.    Harman objects to MIT's First Request For Production Of Documents And Things to the extent it seeks information and/or documents constituting trade secrets or other confidential research, development, or commercial information, including without limitation internal marketing, financial, strategic and customer information, within the meaning of Fed. R. Civ. P. 26(c). *See Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 576, 578-89 (N.D. Ga. 1989) ("Courts have consistently held that marketing information is confidential commercial information and have afforded it some protection from discovery.") (citing *American Standard v. Pfizer, Inc.*, 828 F.2d 734 (Fed. Cir. 1987)). The parties are negotiating an agreed protective order. Once the Court enters the agreed protective order, the balance of the responsive, non–privileged documents will be produced.

2

3. Harman objects to MIT's First Request For Production Of Documents And Things to the extent it purports to impose upon Harman duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure or the local rules of this Court.

4. Harman objects to MIT's First Request For Production Of Documents And Things to the extent it seeks to limit the documents or information that Harman may rely upon at trial in this matter. Harman's fact investigation, discovery and trial preparations are continuing, and Harman reserves the right to provide additional information and supplement its production of documents in response to these requests.

5. Harman will make its document production available to MIT for inspection and copying at MIT's expense at the offices of Kirkland & Ellis nearest the site where the documents can be found.

6. Harman objects to MIT's definition of "Harman" to the extent it includes in the term "subsidiaries" and any officers, directors, agents, servants, employees, etc. of those companies which are not related to this action. Harman will respond only on behalf of the entities disclosed in Harman's initial disclosures.

7. Harman objects to MIT's definition of "automobile navigation system product[s] or service[s]" overly broad, unduly burdensome, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny. As defined, "automobile navigation system product[s] or service[s]" includes products or services that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States. MIT is not permitted "to conduct 'fishing expeditions' in hopes of finding

3

products that might be infringing. . . ."  *Moore U.S.A., Inc., v. Standard Register Co.*, 229 F.3d

1091, 1116 (Fed. Cir. 2000).

8.    Harman objects to these requests to the extent that they seek information already

known to MIT, or available to MIT from documents in its own files or from public sources, or

that Harman provided to MIT during the parties' 2 years of negotiations.

<div align="center"><u>**SPECIFIC OBJECTIONS AND RESPONSES**</u></div>

**<u>REQUEST NO. 1:</u>**

All documents and things concerning the scope, validity, infringement, or enforceability of the

'685 Patent.

**<u>RESPONSE TO REQUEST NO. 1:</u>**

Harman objects to Request No. 1 insofar as it purports to suggest that the '685 patent is

something other than invalid, not infringed, and unenforceable as detailed in Harman's numerous

presentations and correspondence throughout the parties' 2 years of negotiations, each of which

is incorporated by reference.  Subject to its asserted objections, Harman will produce existing,

responsive, non-privileged documents.

**<u>REQUEST NO. 2:</u>**

All documents and things concerning any search, investigation, review, opinion, study, analysis,

event or reference concerning, without limitation, the scope, validity, infringement or

enforceability of the '685 Patent, including but not limited to, opinions, summaries, notes,

memoranda, or the equivalent prepared by Harman or any of its representatives.

**<u>RESPONSE TO REQUEST NO. 2:</u>**

Harman objects to Request No. 2 insofar as it purports to suggest that the '685 patent is

something other than invalid, not infringed, and unenforceable as detailed in Harman's numerous

presentations and correspondence throughout the parties' 2 years of negotiations, each of which

<div align="center">4</div>

is incorporated by reference. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

**REQUEST NO. 3:**

All documents ever considered, evaluated, or possessed by Harman regarding the scope, novelty, patentability, validity, or enforceability of the subject matter disclosed and claimed in the '685 Patent.

**RESPONSE TO REQUEST NO. 3:**

Harman objects to Request No. 3 insofar as it purports to suggest that the '685 patent is something other than invalid, not infringed, and unenforceable as detailed in Harman's numerous presentations and correspondence throughout the parties' 2 years of negotiations, each of which is incorporated by reference. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

**REQUEST NO. 4:**

All documents and things tending to support or refute any argument by Harman that the '685 Patent is invalid, void, and/or unenforceable under the patent laws of the United States, Title 35 of the United States Code.

**RESPONSE TO REQUEST NO. 4:**

Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

**REQUEST NO. 5:**

All prior art patents and publications that Harman considers pertinent to the subject matter of the '685 Patent.

5

**RESPONSE TO REQUEST NO. 5:**

Harman objects to Request No. 5 as vague and ambiguous as to the phrase "pertinent to the subject matter of the '685 Patent." Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents that establish the invalidity, unenforceability and/or non-infringement of the patent-in-suit.

**REQUEST NO. 6:**

All documents and things concerning Harman's first awareness of the '685 Patent.

**RESPONSE TO REQUEST NO. 6:**

Harman objects to Request No. 6 as not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

All documents and things concerning any of Harman's efforts, after Harman became aware of the '685 Patent, to modify any automobile navigation system products or services used, manufactured, or sold by Harman.

**RESPONSE TO REQUEST NO. 7:**

Harman objects to Request No. 7 as not reasonably calculated to lead to the discovery of admissible evidence. Harman further objects to this Request as overly broad, unduly burdensome, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services used, manufactured, or sold by Harman" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States. Harman further objects to this Request as impermissible under Rule 407 of the

6

Federal Rules of Evidence to the extent it seeks documents related to any subsequent remedial measures Harman may or may not have taken.

**REQUEST NO. 8:**

All documents and things concerning the design, development, manufacture, marketing, sale or offer for sale of any automobile navigation system products or services used, manufactured or sold by Harman, including but not limited to: all laboratory notebooks, test results, reports, memoranda, evaluations, analysis, any prototype, precursor, or experimental versions of such products.

**RESPONSE TO REQUEST NO. 8:**

Harman objects to Request No. 8 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services used, manufactured, or sold by Harman" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents relating to its TrafficPro®, Rb3/Rb4® and M.O.A.R. products in the United States.

**REQUEST NO. 9:**

If Harman contends that its automobile navigation system products and services do not infringe the '685 Patent, all documents and things that support or refute such a contention.

**RESPONSE TO REQUEST NO. 9:**

Harman objects to Request No. 9 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations

under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny. "[A]ny automobile navigation system products or services used, manufactured, or sold by Harman" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents relating to its TrafficPro®, Rb3/Rb4® and M.O.A.R. products in the United States.

**REQUEST NO. 10:**

All documents concerning comparisons of any automobile navigation system product or service manufactured or sold by Harman, and any of the claims of the '685 Patent.

**RESPONSE TO REQUEST NO. 10:**

Harman objects to Request No. 10 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence because MIT has not identified any asserted claim from the 58 claims of the patent-in-suit and because this Request is counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system product or service manufactured or sold by Harman" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents relating to its TrafficPro®, Rb3/Rb4® and M.O.A.R. products in the United States.

**REQUEST NO. 11:**

All documents concerning any plans, commitments, projections or reports relating to Harman's future production capacity for any automobile navigation system products or services.

8

**RESPONSE TO REQUEST NO. 11:**

Harman objects to Request No. 11 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "any plans, commitments, projections or reports." Harman further objects to this Request as counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States by Harman.

**REQUEST NO. 12:**

All documents concerning the promotion, advertisement, demonstration, marketing and sale of any automobile navigation system products or services used, manufactured or sold by Harman, including, but not limited to: all advertising, press releases, product announcements, bulletins, solicitations, articles, speech or lecture texts, sales presentations, PowerPoint presentations, product brochures, memoranda, and catalogs.

**RESPONSE TO REQUEST NO. 12:**

Harman objects to Request No. 12 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services used, manufactured, or sold by Harman" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States. Subject to its asserted objections,

9

Harman will produce existing, responsive, non-privileged documents relating to its TrafficPro®, Rb3/Rb4® and M.O.A.R. products in the United States.

**REQUEST NO. 13:**

All documents concerning any communication with, or relating to, any agent, dealer, wholesaler, distributor, customer, or potential customer of any automobile navigation system products or services, in the United States, or any other person, concerning transfers or projected transfers of such products in the United States, including without limitation, costs and sales, and anticipated or actual sales.

**RESPONSE TO REQUEST NO. 13:**

Harman objects to Request No. 13 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "transfers or projected transfers" and fails to specify a time period. Harman further objects to this request as counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services used, manufactured, or sold by Harman" includes products that MIT cannot or has not accused of infringement.

**REQUEST NO. 14:**

All documents sufficient to identify all prospective, existing and past customers of any automobile navigation system products or services, including documents concerning the dissemination of promotional materials for such products including, but not limited to: mailing lists, tear sheets, and periodicals in which promotional materials have appeared.

**RESPONSE TO REQUEST NO. 14:**

Harman objects to Request No. 14 as not reasonably calculated to lead to the discovery of admissible evidence as Harman's "all prospective, existing and past customers" are not relevant

10

to any claim or defense. Harman further objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States by Harman.

**REQUEST NO. 15:**

All documents comprising pricing, price quotes, price lists, price announcements, actual prices, or projected prices, paid by, or expected to be paid by, customers for any automobile navigation system products or services.

**RESPONSE TO REQUEST NO. 15:**

Harman objects to Request No. 15 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[A]ny automobile navigation system products or services" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States by Harman.

**REQUEST NO: 16:**

All documents concerning communications, whether to or from suppliers or customers or any other persons, that relate to MIT or the subject matter of the '685 Patent.

11

**RESPONSE TO REQUEST NO. 16:**

Harman objects to Request No. 16 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents unrelated to the patent-in-suit and/or without specifying a time frame. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents concerning communications that relate to the '685 Patent.

**REQUEST NO. 17:**

All documents concerning any policy, guideline or agreement of Harman with respect to patent procurement, patent licensing and royalty rates.

**RESPONSE TO REQUEST NO. 17:**

Harman objects to Request No. 17 as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence insofar as it seeks all "patent procurement, patent licensing and royalty rates."

**REQUEST NO. 18:**

All documents concerning any communication by or to persons other than MIT asserting patent infringement by Harman.

**RESPONSE TO REQUEST NO. 18:**

Harman objects to Request No. 18 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Harman further objects to this Request to the extent it seeks evidence that would not be admissible under Federal Rule of Evidence 404.

**REQUEST NO. 19:**

All documents passing between Harman and any person who Harman expects to offer testimony of at trial in this action, including, without limitation, any expert witness.

**RESPONSE TO REQUEST NO. 19:**

Harman objects to Request No. 19 as premature in light of the agreed schedule disclosed in the parties' Joint Statement submitted to the Court on August 4, 2005 and adopted, in part, by the Court during the August 4, 2005 scheduling conference and order. *See* August 4, 2005 Hearing Tr. at 13-15.

**REQUEST NO. 20:**

All documents and things reviewed, considered or relied upon by any experts retained by Harman in connection with this matter or that are a basis for each opinion to be reached by such experts.

**RESPONSE TO REQUEST NO. 20:**

Harman objects to Request No. 20 as premature in light of the agreed schedule disclosed in the parties' Joint Statement submitted to the Court on August 4, 2005 and adopted, in part, by the Court during the August 4, 2005 scheduling conference and order. *See* August 4, 2005 Hearing Tr. at 13-15. Harman further objects to this Request to the extent it seeks privileged documents and things regarding a non-testifying expert. *See* Fed. R. Civ. P. 26(b)(3) and (4); *Edward Lowe Industries, Inc. v. Oil-Dri Corporation of America*, 1995 WL 399712, *2-3 (N.D. Ill. 1995) (tests done on allegedly infringing products protected as reports of non-testifying expert under Rule 26(b)(4)(B)); *Oueen's University at Kingston v. Kinedyne Corp.*, 161 F.R.D. 443, (D. Kan. 1995) (expert report regarding opposing party's patent protected under Rule 26(b)(4)(B)); *Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal. 1994) (documents prepared by non-testifying accounting expert constituted privileged work product under Rule 26(b)(3)).

13

**REQUEST NO. 21:**

All documents and things, including but not limited to, reports, studies, books, articles or publications prepared by each expert retained by Harman in this matter concerning the subject matter about which such expert is expected to testify.

**RESPONSE TO REQUEST NO. 21:**

Harman objects to Request No. 21 as premature in light of the agreed schedule disclosed in the parties' Joint Statement submitted to the Court on August 4, 2005 and adopted, in part, by the Court during the August 4, 2005 scheduling conference and order. *See* August 4, 2005 Hearing Tr. at 13-15. Harman further objects to this Request to the extent it seeks privileged documents and things regarding a non-testifying expert. *See* Fed. R. Civ. P. 26(b)(3) and (4); *Edward Lowe Industries, Inc. v. Oil-Dri Corporation of America*, 1995 WL 399712, *2-3 (N.D. Ill. 1995) (tests done on allegedly infringing products protected as reports of non-testifying expert under Rule 26(b)(4)(B)); *Oueen's University at Kingston v. Kinedyne Corp.*, 161 F.R.D. 443, (D. Kan. 1995) (expert report regarding opposing party's patent protected under Rule 26(b)(4)(B)); *Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal. 1994) (documents prepared by non-testifying accounting expert constituted privileged work product under Rule 26(b)(3)). Harman further objects to this Request to the extent it calls for documents and things that MIT can ascertain through materials already in MIT's custody or control or materials that are as readily available to MIT as Harman, or materials created by MIT.

**REQUEST NO. 22:**

A sample of each automobile navigation system product or service, used, manufactured or sold by Harman.

14

**RESPONSE TO REQUEST NO. 22:**

Harman objects to Request No. 22 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and counter to MIT's obligations under Rule 11 of the Federal Rules of Civil Procedure and *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) and its progeny: "[E]ach automobile navigation system product or service, [sic] used, manufactured or sold by Harman" includes products that MIT cannot or has not accused of infringement, such as products that are not used, made, sold, offered for sale or imported into the United States by Harman. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged representative samples of its United States TrafficPro®, Rb3/Rb4® and M.O.A.R. products.

**REQUEST NO. 23:**

All documents and things Harman may use or intend to rely upon at trial.

**RESPONSE TO REQUEST NO. 23:**

Harman objects to Request No. 23 as premature in light of the agreed schedule disclosed in the parties' Joint Statement submitted to the Court on August 4, 2005 and adopted, in part, by the Court during the August 4, 2005 scheduling conference and order. *See* August 4, 2005 Hearing Tr. at 13-15. Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

**REQUEST NO. 24:**

All documents and things identified, relied upon, or referred to in response to MIT's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 24:**

Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

15

**REQUEST NO. 25:**

Documents sufficient to reflect Harman's document retention policies or practices over the past two (2) years.

**RESPONSE TO REQUEST NO. 25:**

Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

**REQUEST NO. 26:**

Copies of organizational charts sufficient to show Harman's organizational structures and corporate management over the past two (2) years.

**RESPONSE TO REQUEST NO. 26:**

Subject to its asserted objections, Harman will produce existing, responsive, non-privileged documents.

16

Dated: September 6, 2005          Respectfully submitted,

/s/ Jamal M. Edwards /s/
Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Edward S. Cheng, BBO# 634063
Courtney A. Clark, BBO# 651381
**SHERIN AND LODGEN, LLP**
101 Federal Street
Boston, MA 02110

William A. Streff Jr., P.C.
Michelle A. H. Francis
Jamal M. Edwards
**KIRKLAND & ELLIS LLP**
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2005, I caused a true and correct copy

of HARMAN'S RESPONSES TO MIT'S FIRST REQUEST FOR THE PRODUCTION OF

DOCUMENTS AND THINGS (1-26) to be served on the following counsel of record via email

with a courtesy copy via U.S. Mail:


Steven M. Bauer, Esq. (sbauer@proskauer.com)
Kimberley A. Mottley, Esq. (kmottley@proskauer.com)
Proskauer Rose LLP
One International Place  14th Floor
Boston, Massachusetts  02110-2600




By: _____

Attorney for Defendant

# EXHIBIT G

Craig
Leavell/Chicago/Kirkland-Ellis
03/17/2006 01:47 PM

To  "Mottley, Kimberly" <kmottley@proskauer.com>

cc  Harman-MIT@kirkland.com, "MIT_Harman"
    <MIT_Harman@proskauer.com>

bcc

Subject  Re: MIT/Harman - Depositions

Kimberly,

Regarding Navteq, we are looking into some potential Navteq prior art and may soon be in a position to
determine whether Harman may want to call a Navteq witness at trial, so please take this into account
while deciding whether to depose Navteq.

At this time, we cannot say for certain that we will not be calling Dr. Wietzke or Mr. Hanika-Heidl at trial.

The German witnesses who have information relating to sales of units to German OEMs are listed below.
Whether Harman would need to call any of them as a witness at trial will depend on MIT's damages
theory.  If we can reach an agreement as to what portion or percentage of the sale price of a Harman unit
is attributable to any navigation components, as opposed to the other audio and infotainment features,
then that would lessen the likelihood that Harman would need to call any of these marketing and sales
representatives.  However, if MIT is unwilling to agree that there are several features beyond navigation
for which Harman's sales (and sale price) can be attributed, then Harman may need to call one or more of
these individuals at trial.

Juergen Doerr
Director of Sales, Porsche
Harman Becker Automotive Systems
Becker-Goering-Strasse 16
76307 Karlsbad
Germany

Juergen Draeger
Director of Sales, DaimlerChrysler
Harman Becker Automotive Systems
Becker-Goering-Strasse 16
76307 Karlsbad
Germany

Mike Peters
Vice President of Sales, Audi & Volkswagen
Harman Becker Automotive Systems
Becker-Goering-Strasse 16
76307 Karlsbad
Germany

Tony Harberman

Director of Sales (ROE)
Harman Becker Automotive Systems
Bennett Street
Bridgend Industrial Estate
Bridgend, CF31 3SH, Wales
United Kingdom


I believe April 21 will work for us for Mr. Pasternak's deposition, and will confirm this for you as soon as possible.

With respect to Ms. Addy's deposition, her counsel will be contacting you soon about the scope and scheduling of the deposition.  I can tell you that she is on vacation the week of April 3, so she is unavailable that week.


Craig




"Mottley, Kimberly" <kmottley@proskauer.com>

|                        |                                                          |
|------------------------|----------------------------------------------------------|
|                        | To Harman-MIT@kirkland.com                               |
| 03/17/2006 10:25 AM    | cc "MIT_Harman" <MIT_Harman@proskauer.com>               |
|                        | Subject MIT/Harman - Depositions                         |




Craig - Please see the attached letter concerning depositions.

Thanks,

Kim

<<03.17.06 Ltr Mottley to Leavell re depositions.pdf>>

Kimberly A. Mottley| PROSKAUER ROSE LLP
One International Place | Boston, MA 02110-2600
v: 617.526.9616 | F: 617.526.9899
kmottley@proskauer.com | www.proskauer.com

------------------------------------------------------------------------

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

========================================================================



========== 03.17.06 Ltr Mottley to Leavell re depositions.pdf