UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | Civil Action No. 05-10990-DPW<br>Magistrate Judge Judith G. Dein |

### DEFENDANT HARMAN'S REPLY TO MIT'S OPPOSITION TO HARMAN'S MOTION FOR PROTECTIVE ORDER

In its Opposition To Harman's Motion For Protective Order, MIT *for the first time* limited its request for "any correspondence files from [Harman's] German office" (MIT's Motion to Compel at 4 (Docket Entry 45)) to "only the fourteen identified individuals" in Harman's discovery responses and initial disclosures. *See* MIT's Opposition to Harman's Motion For Protective Order at 3 (Docket Entry 60), (hereinafter "Opp."). Harman, before filing the instant motion, "offered to follow the procedures outlined in the BDSG and request voluntary production of relevant and responsive electronic correspondence from the fourteen German individuals that Harman previously identified as persons likely to have discoverable information."[1] *See* Harman's Motion For A Protective Order at 2 (citing Ex. A therein) (Docket Entry 58), hereinafter "Motion"). Harman remains willing to do so.

---

[1] Although Harman identified fourteen individuals (Stefan Hanika-Heidel, Harald Lussen, Axel Brandes, Harald Wellmann, Guido Jeske, Jens Molzen, Michael Ruf, Marek Neumann, Juergen Doerr, Juergen Draeger, Mike Peters, Tony Harberman, Karl Rauterberg, and Joachim Wietske), MIT's request pertains to only twelve of them. Mr. Rauterberg is no longer a Harman employee, as MIT knows, and outside Harman's control. Mr. Wietske, also not a

Harman nonetheless requires this Court's protection because MIT contends "[w]hat Harman 'offered' to do, however, is significantly less than what the [Federal] Rules require." Opp. at 3. MIT supports its contention by claiming that the Bundesdatenschutzgesetz ("BDSG") does not apply and that this Court should resolve any conflict between U.S. discovery rules and German laws in MIT's favor. Opp. at 4-7.

But, MIT misstates the applicability of the BDSG. Harman does not have custody of the electronic correspondence at issue; so Harman first must *collect* that correspondence and *segregate* the non-personal from the personal. *See* Motion at 1, 4 ("Harman must collect and segregate such correspondence from correspondence containing personal information"). Any effort by Harman to *collect* and *segregate* invokes the BDSG, a point which MIT does not address. MIT's assertions that "the data *has* already been collected" are simply wrong and its contention that "Harman's German employees' email is not protected by the BDSG" fails as a result. Opp. at 5 (emphasis in original).

More problematic is MIT's purported "resolution" of the conflict of law issue. There, MIT demonstrates that even its limited request is unreasonably duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. MIT argues the "email [it] seeks is likely to contain important information to MIT's claims of infringement (information about technical operation and financial information about the accused products)." Opp. at 6. Yet, "Harman has [already] produced (or has collected and is in the process of producing) *inter alia* business, technical, marketing, and financial documents … for each product MIT has accused of infringement," a fact which MIT does not deny. Motion at 1. MIT then argues it "has no alternative means to access the *broad* array of discoverable information that

---

Harman employee, produced documents in response to a subpoena that MIT served. Of the twelve individuals, Harman has already obtained permission from four and has produced relevant and responsive electronic correspondence from their files. *See* Motion at 2, fn. 2.

might fall within those documents." Opp. at 6 (emphasis added). Here again, Harman has already produced each type of document identified by MIT:

| "Broad array of discoverable information that might fall within" The Documents MIT Seeks | Alternative Means Already Used by MIT To Access Those Documents |
|---|---|
| Documents "to and from U.S. employees" Opp. at 6. | "[R]esponsive and relevant email communication originating from Harman's Germany offices to Harman's U.S. offices have been produced from Harman's U.S. employees." Motion at 7-8. |
| "PowerPoint presentations and other material produced to third parties, [sic] describing how the systems operate" Opp. at 6. | "Other information, such as product specifications, *PowerPoint presentations made to Harman's customers*, financial projections, and sales figures have also been produced." Motion at 8 (emphasis added). |
| "[I]nformation about technical operation and financial information about the accused products" Opp. at 6. | "Harman has [already] produced (or has collected and is in the process of producing) *inter alia* business, technical, marketing, and financial documents…for each product MIT has accused of infringement." Motion at 1 |

MIT still has not identified a single type of non-duplicative, responsive document that it believes Harman has not produced from its German offices. On this basis alone, Harman's motion should be granted and MIT should not be entitled to any electronic correspondence files from Harman's German employees. In the alternative, Harman respectfully requests that this Court limit MIT's request to "only the [twelve] identified individuals" and limit Harman's obligation to the procedures outlined in the BDSG. *See* Ex. A, Proposed Order Granting Harman's Motion For Protective Order.

- 4 -

Dated: April 4, 2006                              Respectfully submitted,

                                                  /s/ Ann H. Chen
                                                  Robert J. Muldoon, Jr., BBO# 359480
                                                  James W. Matthews, BBO# 560560
                                                  Edward S. Cheng, BBO# 634063
                                                  Courtney A. Clark, BBO# 651381
                                                  **SHERIN AND LODGEN, LLP**
                                                  101 Federal Street
                                                  Boston, MA 02110

                                                  William A. Streff Jr., P.C.
                                                  Michelle A.H. Francis
                                                  Craig D. Leavell
                                                  Ann H. Chen
                                                  **KIRKLAND & ELLIS LLP**
                                                  200 E. Randolph Dr.
                                                  Chicago, IL 60601
                                                  (312) 861-2000 (phone)
                                                  (312) 861-2200 (fax)

                                                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT HARMAN'S REPLY TO MIT'S OPPOSITION TO HARMAN'S MOTION FOR A PROTECTIVE ORDER** was delivered via electronic mail this 4th day of April, 2006, to counsel for MIT as follows:

>Steven M. Bauer
>Kimberly A. Mottley
>Proskauer Rose LLP
>One International Place, 14th Floor
>Boston, MA 02110-2600
>MIT _ Harman@proskauer.com

/s/ Ann H. Chen
Attorney for Defendant Harman

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-10990-DPW<br>)  Magistrate Judge Judith G. Dein<br>)<br>)<br>)<br>)<br>)<br>) |

### [PROPOSED] ORDER GRANTING HARMAN'S MOTION FOR PROTECTIVE ORDER

Having considered Defendant Harman International Industries, Inc.'s ("Harman") Motion for Protective Order (Docket Entry 58), and good cause having been shown, Harman's Motion for Protective Order is hereby GRANTED. It is hereby ORDERED:

1.  Harman, in compliance with the Bundesdatenschutzgesetz ("BDSG" or "German Federal Data Protection Act"), shall take reasonable steps to collect and request voluntary production of relevant and responsive electronic correspondence files from only the individuals that Harman previously identified as persons likely to have discoverable information: Stefan Hanika-Heidel, Harald Luessen, Tony Harberman, Axel Brandes, Harald Wellmann, Guido Jeske, Jens Molzen, Michael Ruf, Marek Neumann, Juergen Doerr, Juergen Draeger, and Mike Peters.

2.  Such reasonable steps shall include (1) informing each individual of the nature of the instant case and the purposes for which his documents will be used; (2) requesting that each individual review his electronic correspondence files and voluntarily provide relevant and

responsive non-personal correspondence for Harman's attorneys to review; and (3) requesting that each individual permit Harman's attorneys to produce relevant and responsive non-personal correspondence to MIT.

SO ORDERED:

_____
Judith G. Dein
United States Magistrate Judge


_____
Dated