UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 05-10990-DPW |
| HARMAN INTERNATIONAL INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) | |

# ORDER ON DEFENDANT'S
# MOTION FOR PROTECTIVE ORDER

Harman's Motion for a Protective Order (Docket No. 58) is ALLOWED IN PART and DENIED IN PART as follows.

Given the conflicting affidavits of German counsel, this court cannot, at this juncture, determine whether the BDSG applies. Nevertheless, in light of MIT's limitation of its request to the individuals identified by Harman as having discoverable information, the minimal burden on Harman to gain consent from these individuals, the specificity of the requests when applied to the specific individuals, the fact that no personal information is being sought, and the significance of the requested information to this litigation, production is appropriate. Therefore, it is ordered as follows:

1. Harman shall comply with the procedures it contends are required by the BDSG to collect and request voluntary production of responsive electronic files from the individuals who Harman has previously identified as being persons likely to have

discoverable information.  Since the requested information is contained on Harman's computer systems, this order shall apply to former employees as well as current employees unless Harman cannot locate and/or communicate with such individuals.

  2. Harman contends that it must (1) inform each individual of the nature of the instant case and the purposes for which his documents will be used, (2) inform the employee that certain of the documents will then likely be transferred to third parties, and (3) obtain the employee's consent in writing before the files are collected.  See BDSG §§ 4(3) and 4(a).[1]  Harman shall copy MIT on all communications with the individuals seeking their consent.

  3. If consent is refused, MIT shall be entitled to take the individual's deposition and explore the circumstances surrounding why permission to preview and produce the electronic communications was denied.  No attorney-client privilege shall be applicable as to communications between the individual and the Harman representative seeking to obtain the individual's consent with respect to the circumstances surrounding why permission to review and produce the information was denied, so Harman should select its representative accordingly.

---

[1] This court does not find that the individual has to undertake the review of the files and make the determination as to what to produce, as Harman suggests in its proposed order, and this procedure is not made part of this order.  As in all discovery, counsel shall be responsible for taking all reasonable steps to insure that all responsive documents are produced.  Counsel should establish a procedure for review of the correspondence accordingly.

4.      The production of electronic communications pursuant to this order shall be made in the United States no later than five business days prior to the depositions currently scheduled to begin the week of April 24, 2006.

5.      In the event that any individual refuses to produce the electronic communications, the court may revisit the issue whether the BDSG has any application in the instant situation.

                                                / s / Judith Gail Dein
                                                Judith Gail Dein
                                                United States Magistrate Judge

DATED:  April 5, 2006