UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 05-10990-DPW |
| HARMAN INTERNATIONAL INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter is before the court on "MIT's Motion to Compel Discovery Over Which Harman has Waived Privilege" (Docket No. 63). By its motion, plaintiff Massachusetts Institute of Technology ("MIT") is seeking to compel the defendant, Harman International Industries, Inc. ("Harman"), to produce additional discovery, including documents and the deposition testimony of its opinion counsel, Attorney Meredith Addy, based on Harman's alleged waiver of the attorney-client privilege. Specifically, MIT contends that Harman, by relying on an advice of counsel defense to MIT's willful infringement claim, inadvertently producing attorney-client privileged communications, and naming its opinion counsel as a trial witness, has waived its right to withhold certain documents and testimony pursuant to the attorney-client privilege and the work product doctrine. Harman contends that its obligation to produce the discovery at issue should be guided by this court's opinion in Nitinol Med. Tech., Inc. v. AGA

Med. Corp., 135 F. Supp. 2d 212 (D. Mass. 2000), which addressed the scope of the waiver of privileged materials where a defendant has asserted an advice of counsel defense. Harman also asserts that its prior production of documents containing privileged communications should not constitute a broader waiver of additional materials unrelated to those documents and unrelated to Harman's reliance on its opinion of counsel defense. After consideration of the parties' submissions and oral arguments, MIT's Motion to Compel is ALLOWED IN PART and DENIED IN PART as follows:

    1.    Harman's premature production of documents containing privileged communications, which occurred on or about January 18, 2006, does not constitute a waiver of the attorney-client privilege. Harman has waived the attorney-client privilege only with respect to those documents containing privileged communications that Harman produced inadvertently on or about January 18, 2006. The waiver is limited to the documents produced.

    2.    Harman shall produce to MIT the documents identified on Harman's privilege log as numbers 17, 35-39, 46, 47, 49, 51, 56-58, 60, 180,188, 194 and 205, as well as any other documents that Harman is obligated to disclose consistent with this court's opinion in the Nitinol case cited supra.

    3.    By **May 8, 2006**, Harman shall supplement its privilege log in order to describe in more detail the documents currently identified on the log as numbers 31, 34, 42-45, 50, 53, 61-67, 195-197, 199, 200, 236, 241 and 242, which documents, Harman contends, are beyond the scope of documents subject to disclosure under the rationale of

Nitinol. To the extent that a dispute remains regarding Harman's obligation to produce documents identified on its privilege log, Harman may, if it so chooses, disclose the disputed documents to MIT's counsel without waiving its right to assert a privilege with respect to those documents, in an effort to resolve the dispute. MIT shall notify the court promptly if the parties are unable to resolve any such dispute.

    4.    By **May 8, 2006**, Harman shall identify to MIT the scope of the proposed trial testimony of its opinion counsel, Attorney Meredith Addy. MIT shall notify the court promptly if a dispute remains concerning the need for additional discovery regarding Attorney Addy's opinion.

    / s / Judith Gail Dein  
    Judith Gail Dein  
    United States Magistrate Judge

DATED: May 1, 2006