UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 05-10990-DPW |
| HARMAN INTERNATIONAL INDUSTRIES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## SUPPLEMENTAL ORDER ON
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### BACKGROUND

On May 1, 2006, this court entered an order (Docket No. 72) defining the scope of the attorney-client and work product discovery which must be produced in light of Harman's reliance on an advise of counsel defense to MIT's willful infringement claim. As noted in that order, at the time Harman had not yet defined the scope of the proposed trial testimony of its opinion counsel, Attorney Meredith Addy. (Order at ¶ 4). Harman defined the scope of such proposed testimony in a letter dated May 8, 2006 as follows:

> (1) Facts regarding the communications that Ms. Addy had with MIT and its representatives during the time period prior to the filing of suit.
>
> (2) Facts regarding the communications that Ms. Addy had with Harman personnel, prior to the filing of suit, that related to the issues of non-infringement, invalidity, and unenforceability of the patent-in-suit, including the factual circumstances surrounding such communications.

> Ms. Addy will not be testifying as an expert witness as to the opinions or conclusions expressed in her opinion letter.

Based on this letter, MIT contends that the scope of discovery should be broader than that previously ordered by the court. The prior order had limited discovery in accordance with <u>Nitinol Med. Tech., Inc. v. AGA Med. Corp.</u>, 135 F. Supp. 2d 212 (D. Mass. 2000). For its part, Harman contends that the limitations on discovery set forth in <u>Nitinol</u> and the recent Federal Circuit decision of <u>In re Echostar Comm. Corp.</u>, ___ F.3d ___ 2006 WL 1149528 at *1 (C.A. Fed. May 1, 2006), should apply, despite the fact that counsel is expected to testify concerning the information on which Harman allegedly relied.

The parties have not identified any cases specifically addressing the scope of discovery where the attorney, and not the client, is testifying about the advice of counsel defense. This court finds that by placing the attorney on the stand, Harman is asking the jury directly to assess counsel's credibility, and is expanding the focus of the inquiry beyond just what the client knew and believed. See <u>Nitinol</u>, 135 F. Supp. 2d at 219 ("The inquiry should focus on what [the infringer] knew about its counsel's 'independence, skill and competence to provide the opinions, what [the client] knew about the nature and extent of analyses performed by the firm, and what [the client] knew and had concluded about the credibility, value and reasonableness of the opinion.'") (quoting <u>Thorn EMI N. Am., Inc. v. Micron Tech., Inc.</u>, 837 F. Supp. 616, 621 (D. Del. 1993)). Consequently, the jury must now assess whether the attorney is truthfully testifying as to the scope of information which had been imparted. The contents of the attorney's file becomes very

relevant to this inquiry. This is true even though the attorney is not specifically being designated as an "expert." Therefore, this court finds that while the scope of attorney-client communications remains unchanged, the scope of documents for which the attorney work product privilege may be claimed must be reassessed.

## **ANALYSIS**

The limitation on disclosure of attorney work product as defined by <u>Nitinol</u> and cases relied on therein, and as the <u>Echostar</u> court recognizes, is based on the principle that "if a legal opinion or mental impression was never communicated to the client, then it provides little if any assistance to the court in determining whether the accused knew it was infringing, and any relative value is outweighed by the policies supporting the work-product doctrine." <u>Echostar</u>, 2006 WL 1149528 at *8. As the <u>Echostar</u> court held further in requiring disclosure basically consistent with the prior order of this court:

> when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused. This waiver of both the attorney-client privilege and the work-product immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.

In the instant case, by identifying Ms. Addy as a trial witness, Harman is asking the jury to find credible her testimony as to what information had been imparted to Harman. Obviously, if there is information in her files which is inconsistent with or even

broader than the information she contends was disclosed, it would call into question the veracity of Ms. Addy's testimony as to what was disclosed.  Moreover, by having Ms. Addy testify as to what opinions she communicated to Harman, Harman has made extremely relevant the opinion and mental impression work product which may be contained in Ms. Addy's files.  "It would be irrational to assume that there could be no relationship between what counsel really thought (as reflected in their private papers) and what counsel in fact communicated to the client."  Mosel Vitelic Corp. v. Micron Tech., Inc., 162 F. Supp. 2d 307, 312 (D. Del. 2000) (internal citation and punctuation omitted).  For these reasons, if Harman intends to call Ms. Addy has a trial witness, there is a substantial need for MIT to obtain her work product, including that relating to her opinions and mental impressions.  See also Mushroom Assoc. v. Monterey Mushrooms, Inc., 1992 WL 442892, at *5 (N.D. Cal. May 19, 1992) (since "knowing what the attorney thought about infringement bears directly on the defendants' advice of counsel defense," the defendants have waived their work product immunity by asserting an advice of counsel defense); Novartis Pharm. Corp., AG v. Eon Labs Manuf., Inc., 206 F.R.D. 396, 399 (D. Del. 2002) ("In the Court's view, it is critical for the patentee to have a full opportunity to probe, not only the state of mind of the infringer, but also the mind of the infringer's lawyer upon which the infringer so firmly relied."  By asserting advice of counsel defense, infringer waived the work product privilege).[1]

---

[1] While Mosel, Mushroom Assoc. and Novartis were not limited to situations where the attorney is called as a witness, this court believes that the broad waiver should only apply where the attorney testifies.

Finally, the fact that Harman has asserted that it does not intend to call Ms. Addy as an expert witness is unpersuasive. By having Ms. Addy testify as to the opinions she communicated to Harman without designating her as an expert, Harman is in effect calling her as an expert without allowing her to be cross-examined. This is not appropriate.

## **ORDER**

Within seven (7) days of the date of this Order, Harman shall inform MIT if it intends to call Ms. Addy as a witness. If so, in addition to the production ordered on May 1, 2006, Harman shall be deemed to have waived the attorney work product privilege as to the issues of infringement, validity and enforceability of the patent-in-suit for the time period prior to the filing of the suit. If further definition of the scope of the waiver is required, the parties shall each file a proposed order within fourteen (14) days of the date of this order.

If Harman does not intend to call Ms. Addy as a witness, the production of information shall be governed by the order of May 1, 2006.

DATED: May 19, 2006

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge