# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, | ) ) ) |
| Defendant. | ) ) ) ) |

Civil Action No. 05-10990-DPW

Magistrate Judge Judith G. Dein

## HARMAN'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

On July 7, 2006, in response to Harman's Motion to Compel (Docket Number 84) and more than three weeks after the close of fact discovery, MIT produced 128 documents, amended its privilege log to provide additional information as to numerous entries, and for the first time, claimed attorney-client privilege as to an additional twenty (20) documents for which it had previously claimed only work product protection. This supplemental production of documents and MIT's supplemental amendment of its privilege log, came despite MIT's May 8 assurance to Harman that it had "undertaken a full review of its privilege logs" and its June 12 representation to Harman that it had thoroughly reviewed its entries and the parties had reached an impasse. MIT's production and revised log demonstrate that Harman's Motion to Compel was necessary and proper to ensure that MIT produced responsive documents to which Harman is entitled. Harman attempted in good faith to resolve these privilege log issues, and, in fact, delayed the filing of its motion when MIT asked Harman to wait for further action pending its production of its June supplemental log and the parties' additional discussions thereafter. Harman should not

be penalized for meeting its obligations to meet and confer in good faith to resolve the issues before seeking the Court's assistance.

Most importantly, in its Opposition (Docket Number 90), MIT fails to address the substantive concerns raised by Harman throughout the meet and confer process and in the pending Motion to Compel. Specifically, MIT failed to demonstrate that the documents sought by Harman were created "in anticipation of litigation," failed to show that MIT and NEC had a common legal interest in the prosecution of the '685 patent, and produced many documents from its log with substantial redactions (listed on its new July 7 log as "non-responsive") while assuring the Court that it was removing other documents previously withheld as "non-responsive." *See, e.g.,* Exhibit A (to be filed separately under seal); *see also* MIT's July 7, 2006 Revised Privilege Log (attached herein as Exhibit F).

Pursuant to this Court's July 17, 2006 Order granting Harman's Motion to File a Reply in Support of its Motion to Compel, Harman hereby respectfully submits this reply.

**I.     More Than Two Months After The Parties First Met and Conferred on this Issue, MIT Untimely Volunteers to Produce Documents, Removes Documents From Its Log, and Asserts New Claims of Privilege.**

In its Opposition, MIT states that "[i]n responding to Harman's motion, MIT has carefully reviewed the withheld documents and in the interest of simplifying the issues presented, MIT is removing a number of the documents Harman has requested." MIT, however, should have performed such a "careful review" *prior to* the close of fact discovery, as well as in response to Harman's dispute of MIT's privilege claims. Furthermore, the documents produced on July 7 do not resolve Harman's concerns, as many of these documents for which MIT has now dropped its claim of work product protection have now been largely redacted on the basis

- 2 -

that the information is "non-responsive."[1]  Furthermore, MIT has removed entire entries from its log in response to Harman's motion, but has not produced them, claiming only now that they are non-responsive.  Accordingly, Harman respectfully requests the court to order MIT to produce these documents.

Moreover, MIT, also for the first time, asserts attorney client privilege over 20 documents because it "inadvertently failed to add the basis of withholding including attorney-client privilege."  Opposition at 5.  MIT's failure to review and properly designate these 20 documents as protected under attorney-client privilege until *after* Harman filed its Motion to Compel further demonstrates the compelling need for Harman's motion.  Because MIT failed to assert this privilege at any point during the two months and multiple revisions of its log, Harman respectfully requests that this Court deny MIT's efforts to assert attorney client privilege at this late juncture.

## II.    MIT Has Not Met Its Burden Of Proving That The Licensing Documents It Withholds Are Protected Work Product

Harman's motion to compel seeks documents for which MIT has not met its burden in claiming work product protection.[2]  MIT's claim that it "has not argued that all of its licensing-related documents were *per se* created in anticipation of litigation" is belied by the fact that many of the entries Harman disputes are described only generically as prepared in anticipation of litigation "in the context of licensing negotiations" and that MIT has consistently refused to provide any additional basis for its claim.  *See* Motion to Compel at 3.  Furthermore, MIT's July

---

[1]    Harman notes that MIT makes no mention of these redactions in its representation to the Court that these documents would be produced.  *See* Opposition at 2, n. 1.

[2]    MIT attempts to divert this Court's attention to irrelevant issues including, for example, whether Harman's counsel anticipated litigation.  Whether Harman anticipated litigation is not at issue in this motion.  Instead, the issue is whether MIT has met its burden to demonstrate that the documents in question – *those authored by MIT or its representatives* – were prepared in anticipation of litigation.

7 supplemental production of documents, indicating that MIT has now dropped its privilege claims, includes many documents with prior descriptions that mirror those of documents still remaining on its log. Such a blanket description is insufficient to support a claim of privilege.[3]

Instead of listing such blanket descriptions, "[a] party seeking to assert that materials were prepared in anticipation of litigation must state with some specificity which litigation was anticipated, and what nexus exists between the anticipated litigation and the contents of the materials in question or the motivation for their creation." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 146 (D. Mass. 2004). Documents are not considered "prepared in anticipation of litigation" where litigation was threatened primarily to coerce the development of a licensing relationship. *Minebea Co., Ltd. v. Papst*, 229 F.R.D. 1, 4 (D.D.C. 2005).

MIT first argues that documents created in the course of its assertion of the patent against Harman are "classic work product." MIT, however, fails to demonstrate factually that each of these documents was prepared "in anticipation of litigation." If such documents were prepared in the context of license negotiations with Harman, and not "in anticipation of litigation," the fact that litigation eventually arose does not change the unprotected nature of these documents. To continue to withhold these documents, MIT must show that the documents were prepared "in anticipation of litigation," and MIT has not done so.[4]

---

[3]    For example, Entry Nos. 300-310 produced by MIT in its Opposition were described as "E-mail internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations." This exact same description serves as the basis for MIT's continued withholding of certain documents including but not limited to Entry Nos. 246, 248, 249, 273 and 274.

[4]    As an example, MIT claims in its Opposition that Entry No. 465 is a document created during the course of its patent assertion against Harman, and describes the document as authored by Robert Swartz and "containing his impressions relating to patent infringement." Mr. Swartz was engaged by MIT "to *commercialize* several MIT-owned patents … [f]rom 2003 through March of 2005 … engaged in *license negotiations* with Harman." *See* Decl. of Jack Turner at 2 (emphasis added) (filed herein as Exhibit B). Mr. Swartz's employment contract with MIT only provides for his services in the licensing context and he is compensated on this basis; nowhere does his contract contemplate his potential legal services or legal advising to MIT regarding the infringement of its patents. *See* Exhibit K to Harman's Motion to Compel (Docket Entry 84) (filed under seal). Neither the

As to documents created during negotiations with third parties, MIT has similarly failed to demonstrate that the documents were created in anticipation of litigation. In fact, information provided in MIT's Opposition clearly demonstrates that certain of the discussed documents were not prepared in anticipation of litigation. For example, in its Opposition, MIT identifies the third parties involved in the various negotiations for which the documents were created. Included within that list are documents created during the license negotiations with GoThere. MIT provides no explanation as to how documents relating to license negotiations with GoThere could have been created "in anticipation of litigation." GoThere was an equity-based start-up company, involving both Jack Turner (of MIT's Technology Licensing Office) and Christopher Schmandt (one of the inventors of the patent at issue). GoThere never made any products and thus could not be accused of infringing MIT's patents. MIT has not demonstrated a "subjective belief that litigation was a real possibility" and makes no attempt to explain how such documents anticipated litigation.[5] *In re Grand Jury Subpoena*, 220 F.R.D. at 147. MIT would apparently have this Court believe that MIT was truly anticipating suing its own professor and its own inventors' start-up company. This is not credible.

---

description of Entry No. 465, nor that in MIT's revised privilege log issued on July 7 (providing no date, listing no recipients, and described as "[h]andwritten document prepared in anticipation of litigation in the context of license negotiations") provides any information to show that the document was in anticipation of litigation.

[5]    As another example, MIT lists the following documents as relating to Zexel, a potential licensee: Entry Nos. "168, 169, 170, 227, 231, 243-258, 259, 261, 265, 268, 272, 273, 274, 330 540." But MIT only attempts to demonstrate that three of these documents were created in anticipation of litigation. The remaining documents are described broadly and without specificity: "…these documents all relate to MIT's interest in licensing its patent to Zexel, and thus relate to licensing and enforcement strategies in that regard." Opposition at 8. Thus, MIT apparently again relies upon an underlying premise that licensing negotiations are *per se* in anticipation of litigation, a claim MIT has admitted is improper through its production of other such documents. *See* Opposition at 4 (noting that "it has produced a number of them.").

MIT appears, once again, to confuse the different types of privilege, providing the following explanation for its claim of work product protection: "relating to licensing strategy and reflecting legal advice previously provided" … and "relate to license strategy and reflect legal advice previously provided." *See* Opposition at 9.

MIT next argues (but cites no legal support) that "only what was ultimately offered to third parties in the licensing context. . . could be relevant, at all, to the issue of royalty." Opposition at 8.  MIT provides the following explanation as to why these documents are not relevant: "They relate to MIT's views as to the strategy and compromises that should be made in licensing and litigating its patents." Opposition at 8.  In so saying, MIT has precisely established the relevance of these documents.  Documents relating to MIT's views as to licensing strategy and compromises made therein are relevant to Harman's reasonable royalty analysis under *Georgia Pacific*, which identifies a patentee's licensing practices as one of the pertinent factors considered by courts in determining reasonable royalty under a hypothetical negotiation.  *See Brunswick Corp. v. United States*, 36 Fed. Cl. 204, 211 (Ct. Cl. 1996) (citing *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).  Moreover, MIT did not withhold these documents on relevance grounds, only privilege.  MIT's new-found relevance argument should be disregarded, as relevancy is an issue for trial, not discovery.

Finally, MIT argues that "to obtain work-product documents, Harman must convince this Court that is has a substantial need for the materials and is unable to obtain a substantial equivalent by other means." Opposition at 3.  However, this represents an improper effort to shift the burden of proof to Harman.  The burden first rests with MIT to prove that the documents are properly protected work-product.  Since the documents sought are not work product, Harman need not make any such showing.

### III.    MIT's Incorrectly Claims that Harman is Withholding Similar Documents.

Once again, MIT raises new issues in its Opposition without having first met and conferred with Harman as required by the Federal and Local Rules.  In doing so, MIT misstates both the facts and the law in arguing that Harman is "withholding dozens of the same types of documents it seeks by its motion." Opposition at 9.  The documents sought by Harman relate to

license negotiations for which Harman disputes MIT's claim of **work product** protection. On the other hand, the documents now sought by MIT are those withheld by Harman as **attorney-client communications**, and were so logged. MIT's argument that "[a]pparently, Harman contends that if its licensing agent is an attorney, all the documents become privileged" fails to comprehend that such documents – seeking, rendering or reflecting the legal advice of an attorney – are privileged as **attorney-client** communications. Furthermore, MIT's reliance on Rule 26(b)(3), which deals with work product protection, does not affect Harman's proper claim of attorney-client privilege. *See In re the Regents of the University of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996) ("It is well established that the attorney-client privilege is not limited to actions taken and advice obtained in the shadow of litigation.").[6] The fact is, documents "seeking, rendering or reflecting the legal advice of an attorney" are protected as attorney-client communications, even if such legal advice occurred during licensing negotiations.

## IV. Documents Shared By MIT With NEC Are Not Protected By The Common Interest Doctrine.

Harman's motion further seeks to compel documents that MIT shared with NEC, the sponsor of James Davis' thesis work, because MIT waived the attorney-client privilege by sharing the communications with NEC, a third party. *See United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997) (attorney-client privilege is waived by voluntary disclosure of private communications to a third party).

MIT argues that it shared a common interest with NEC, and thus communications shared with NEC remain privileged, but MIT fails to meet its burden to demonstrate that a common

---

[6] MIT's argument that "[i]f Harman's in-house licensing agents, Hart and Peracchio, happen to be lawyers, it doesn't mean that their business related documents suddenly obtain some higher level of protection" also fails to support its claim that Harman is withholding similar documents as these documents were identified as attorney-client privileged and reflect legal advice sought or rendered.

legal interest existed. MIT has not shown that NEC was represented by the same attorney as MIT during the prosecution of the patent at issue or that MIT and NEC were somehow joint clients during the patent prosecution. *See In re Regents of the Univ. of California*, 101 F.3d at 1389 (citing *Simpson v. Motorists Mutual Ins. Co.*, 494 F.2d 850, 855 (7th Cir. 1974) ("When the same attorney represents the interests of two or more entities on the same matter, those represented are view as joint clients for purposes of privilege."). Nor has MIT shown that the documents sought are communications between NEC and MIT for the purposes of obtaining legal advice. *See In re Columbia*, 293 F.3d 289, 294 (6th Cir. 2002) (stating that the attorney-client privilege "applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice").

Documents recently produced by MIT in response to Harman's motion further demonstrate that NEC played no role in the original filing of the patent application and in fact sought to license the Back Seat Driver solely for the opportunity to commercialize. *See* Exhibit C (to be filed separately under seal). (This document, created months after the patent application was filed, follows a meeting between NEC's Phil Rittmueller and the inventors, and reflects NEC's decision at that time to proceed with the commercialization of the invention, requests information as to where MIT stood in the patent application process, and confirms that NEC would seek a license.)

Although MIT argues that NEC was "more than a typical non-exclusive licensee" and had "more than a bare nonexclusive license," it has shown only that MIT and NEC potentially shared a commercial interest, not an identical legal interest. The fact that NEC, as a sponsor had the opportunity to obtain a non-exclusive license did not (and MIT has not demonstrated that it did) create an identical legal interest. Courts generally require that the interest be "an identical

legal interest *as opposed to a solely commercial interest.*"  *MPT, Inc. v. Marathon Labels, Inc.*, No. 1:04 CV 2357, 2006 WL 314435, at *6 (N.D. Ohio Feb. 9, 2006) (emphasis added) (citing *In re Regents of the Univ. of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996)).[7]  Even if both NEC, and MIT had a commercial interest in the successful issue of the patent (because NEC sought to obtain a non-exclusive license to the Back Seat Driver and to manufacture products under that license) that interest was different, not identical.  A non-exclusive licensee, by definition, does not have identical legal interests to the patentee, because the non-exclusive licensee lacks certain property rights including, for example, the right to exclude.  NEC's sponsorship and non-exclusive license therefore created a *different* and purely *commercial* interest in the patent.  This difference was recognized by the Federal Circuit, which held in *In re Regents of California* that "a patentee and a nonexclusive licensee do not share identical legal interests."  *See In re Regents of California*, 101 F.3d at 1390.

Furthermore, even though NEC sponsored the research for the Back Seat Driver, NEC as well as *all other* sponsors of MIT's Media Lab have a right to license not just the patent at issue, but *any* patent which is conceived and reduced to practice by the Media Lab during such sponsorship.  *See* MIT Media Lab Sponsors Website, *available at* http://www.media.mit.edu/sponsors/ip/html (attached herein as Exhibit D).  Indeed, on its website, the Media Lab touts its "**intellectually open environment** . . in which each sponsor is entitled to acquire non-exclusive licensing rights to all intellectual property that is conceived, developed, or reduced to practice."  *See id*. (emphasis in original).  The research agreement

---

7    *See also Oak Indus. v. Zenith Indus.*, No. 86 C 4302, 1988 WL 79614, at *4 (N.D. Ill. July 27, 1988) ("The key consideration is that the nature of the interest must be identical, not similar, and be legal, **not solely commercial**" (emphasis added)) (citing Duplan v. Deering Milliken, 397 F. Supp. 1146, 1172 (D.C.C. 1975)); United States v. BDO Siedman, LLP, 368 F. Supp. 2d 858, 861 (N.D. Ill. 2005) (noting that the common interest doctrine applies "where the information protected from disclosure has been shared with a third party that is involved in a joint defense effort or strategy.  Furthermore, the asserted common interest must be legal and not merely commercial or financial.).

between MIT and NEC also reflects this "intellectually open environment," as the agreement gives NEC the right to a non-exclusive license to *any* Media Lab invention that is conceived or reduced to practice during NEC's sponsorship, and not just the Back Seat Driver. *See* NEC Research Agreement at ¶ 8(B) (filed under seal as Exhibit R to Harman's Motion to Compel (Docket Number 84)).

This standard provision in MIT's sponsorship agreements demonstrates the absence of an exclusive licensing relationship with NEC because NEC, as well as all other of the dozens of Media Lab sponsors, are entitled to the royalty-free non-exclusive license of any Media Lab invention. Should this Court decide to find an identical legal interest here, such a finding would broadly entitle MIT to claim an "identical legal interest" with *all* of its Media Lab sponsors at *any* time during their sponsorship of *any* Media Lab patent. Such a broad finding would be contrary to the well-established rule that privilege must be narrowly construed. *See, e.g., In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996) ("Because the privilege reduces the amount of discoverable information during the course of a lawsuit, it must be narrowly construed."). NEC's interest in the Back Seat Driver was different from MIT's, similar to other sponsors, and was purely commercial in nature. As such, MIT cannot claim – and has failed to show – an identical legal interest with NEC, and has thus waived its privileged communications by disclosing them to NEC, a third party having no identical legal interests.

## V.    MIT's Failure To Previously Produce Documents Improperly Withheld As Privileged Prejudices Harman.

Finally, MIT questions whether its withholding of these documents actually prejudices Harman in the preparation of its case. MIT's improper withholding of documents regarding licensing with third-parties relates directly to Harman's ability to assess reasonable royalties in its defense against MIT's damages claims. Furthermore, by way of example, MIT's recent

production includes a statement by Jack Turner regarding the interpretation of claims,[8] *see* Exhibit E (to be filed under seal), as well as documents concerning a royalty free license to the Back Seat Driver, *see* Exhibit A (to be filed under seal).[9] Such documents are clearly related to claim construction and reasonably royalty analysis and are responsive to Harman's document requests.

Harman respectfully requests the assistance of this Court in compelling MIT to produce documents for which it has not demonstrated privilege or work product protection.

---

[8]  Harman is unable at this late date, five months after Mr. Turner's deposition, to question him in this regard.

[9]  Unfortunately, the one line that is present indicates a discussion of a royalty free license, but the surrounding text has been redacted as "non-responsive."

Dated: July 21, 2006                    Respectfully submitted,

                                         /s/ Craig D. Leavell
                                        Robert J. Muldoon, Jr., BBO# 359480
                                        James W. Matthews, BBO# 560560
                                        Edward S. Cheng, BBO# 634063
                                        Courtney A. Clark, BBO# 651381
                                        **SHERIN AND LODGEN, LLP**
                                        101 Federal Street
                                        Boston, MA  02110

                                        William A. Streff Jr., P.C.
                                        Craig D. Leavell
                                        Michelle A.H. Francis
                                        Ann H. Chen
                                        **KIRKLAND & ELLIS LLP**
                                        200 E. Randolph Dr.
                                        Chicago, IL  60601
                                        (312) 861-2000 (phone)
                                        (312) 861-2200 (fax)

                                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **HARMAN'S REPLY IN SUPPORT OF ITS**

**MOTION TO COMPEL DISCOVERY** was sent by electronic-mail this 21st day of July,

2006, addressed to counsel for MIT as follows:

> Steven M Bauer
> Proskauer Rose LLP
> One International Place, 22nd Floor
> Boston, MA  02110-2600
> Email:  sbauer@proskauer.com
>
> *Counsel for Plaintiff MIT*

/s/ Ann H. Chen
One of the Attorneys for Harman

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 1:05-CV-01481<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF JOHN H. TURNER, JR. FILED IN SUPPORT OF
DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE TRANSFER,
PLAINTIFF HARMAN INTERNATIONAL INDUSTRIES' COMPLAINT**

I, John H. Turner, Jr., state:

1.      I am Associate Director of the Technology Licensing Office of the Massachusetts Institute of Technology ("MIT").

2.      I am familiar with the facts of the above-captioned case, and submit this declaration as support for MIT's Motion To Dismiss, Or In The Alternative Transfer, Plaintiff Harman International Industries' Complaint.

3.      Defendant MIT is a non-profit educational and research institution organized under the corporate laws of the Commonwealth of Massachusetts with a principal place of administration in Cambridge, Massachusetts.

1

4.     MIT employs approximately 12,500 employees who work at MIT's facilities in Cambridge and Lexington, Massachusetts. Over 10,000 students currently attend MIT at its Cambridge, Massachusetts campus. All of MIT's senior management and executives work in MIT's facilities in Massachusetts. All licensing of MIT's patent rights is controlled and supervised by MIT's employees in Massachusetts. MIT's counsel is located in Boston.

5.     As a non-profit educational organization, litigation expenses are a significant issue for MIT, and the burden of litigating in a foreign forum such as the Northern District of Illinois would be extremely onerous and costly.

6.     MIT is the exclusive owner of U.S. Patent No. 5,177,685, entitled "Automobile Navigation System Using Real Time Spoken Driving Instructions," which issued on January 5, 1993 (the "'685 patent"). The two inventors listed on the face of the '685 patent, James R. Davis and Christopher M. Schmandt, assigned all rights, title and interest in the patent to MIT. On information and belief, Mr. Schmandt currently resides in Massachusetts, and Mr. Davis currently resides in Canada.

7.     Robert Swartz, an independent contractor, has been working to commercialize several MIT-owned patents, including the '685 patent, for the past several years.

8.     From 2003 through March of 2005, Mr. Swartz and others at MIT were engaged in license negotiations with Harman.

9.     On information and belief, neither Mr. Swartz nor any other person on behalf of MIT ever threatened litigation, or expressed to Harman that MIT was planning to sue Harman at any time during the approximately two years of license negotiations.

2

10.     On the morning of March 14, 2005, Harman executives and counsel traveled to Cambridge, Massachusetts, to meet with MIT executives including myself on behalf of the Technology Licensing Office. Among those attending the meeting on MIT's behalf, in addition to myself, were Mr. Swartz, Robert Fadel (Director of Finance for the MIT Media Laboratory), Walter Bender (Executive Director and Senior Research Scientist for the MIT Media Laboratory), and Thomas Sadtler (Associate Director at the MIT Media Laboratory). Among those attending the meeting on Harman's behalf were Edwin C. Summers (Vice President and General Counsel for Harman), Robert P. Hart (Chief Intellectual Property Counsel for Harman), Dr. Tim Bast (European IP Counsel for Harman), John Peracchio (Senior Vice President, Business Administration & Legal Affairs of Harman/Becker Automotive Systems (a Harman subsidiary)), Kevin L. Brown (Senior Vice President and Chief Financial Officer of Harman/Becker Automotive Systems (a Harman subsidiary)), and Meredith Martin Addy, Esq. (Intellectual Property Attorney of the law firm Brinks Hofer Gilson & Lione, counsel for Harman). The purpose of this meeting was to continue the ongoing license negotiations. At no time during the meeting did MIT threaten to file suit against Harman. At no time during the meeting did any Harman representative mention anything about filing a lawsuit against MIT. At the close of that meeting, Harman executives shook hands with the MIT representatives present, and expressed that Harman would get back to MIT about discussing the potential for taking a license to MIT's '685 patent "within a week or two."

11.     Rather than continuing the negotiations as it had stated it would, Harman filed the current declaratory judgment action on the very same March 14, 2005 morning it was meeting with MIT.

3

12.     On May 12, 2005, MIT filed suit against Harman in the United States District Court for the District of Massachusetts, alleging that certain Harman products infringe the '685 patent.

I declare under the penalty of perjury that the foregoing is true and accurate and that this Declaration was executed on May 13, 2005.

_____
John H. Turner, Jr.
Associate Director
Technology Licensing Office
Massachusetts Institute of Technology

4

# EXHIBIT D



MIT Media Lab

· sponsorship overview
· getting value from sponsorship
· intellectual property & patents
· current sponsor list
· spin-offs
· fellows
· sponsor collaborations

· sponsors only: insite

about us · academics · **sponsors** · research · publications · events · people · contact us

## Intellectual Property and United States Patents

The Media Laboratory is unique among laboratories, centers, and research programs at MIT in that full sponsors of the Laboratory have the opportunity to share in all of its intellectual property, license-fee free and royalty-free. Non-sponsors are precluded from making use of the Laboratory's developments for at least two years after technical disclosure is made to MIT and Media Lab sponsors.

As a result, the Laboratory is an **intellectually open environment** where ideas are readily exchanged, and is a community in which each sponsor is entitled to acquire non-exclusive licensing rights to all intellectual property that is conceived, developed, or reduced to practice. Over the years, this policy has fostered a large number of unexpected and highly successful solutions that have led to new technologies and products, greatly benefiting both sponsors and the world community.

 Download current Media Lab United States Patents listing
(PDF, 37 pages)

Browse or search a sortable list of issued patent applications
(Sponsors Only)

## Contact Information

Geoff Wilson, Contracts and Intellectual Property Administrator
617.253.5695
617.258.6264 fax

MIT Media Lab
Building E15-229
20 Ames Street
Cambridge, MA  02139 USA

Email the Intellectual Property office through our Contact Us page.

# EXHIBIT F

MASSACHUSETTS INSTITUTE OF TECHNOLOGY v. HARMAN INTERNATIONAL INDUSTRIES, INC.
United States District Court, District of Massachusetts
Civil Action No. 05-10990 DPW

July 7, 2006

## PRIVILEGE LOG OF PLAINTIFF MASSACHUSETTS INSTITUTE OF TECHNOLOGY

Please Note: This is a log identifying all documents withheld from the document productions to date in the above-captioned litigation. We expressly incorporate herein and continue to maintain all assertions of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 1. | 02/25/92 | John J. Hynes | B. Jean Weidemier, Esq. | | Attorney-client communication reflecting request for legal advice re: patent prosecution | AC | 1 |
| 2. | 10/02/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | Penny Blaisdell; Diane Gaylor; Robert Greene; John Hynes; John Preston; Philip Rittmueller | Attorney-client communication reflecting provision of legal advice in the course of prosecution of US Patent 5,177,685 | AC | 1 |
| 3. | 08/23/91 | Nicholas Negroponte | John Preston | John Hynes; Robert Greene | Letter and memorandum internal to MIT personnel prepared in anticipation of litigation re: license negotiations; (reflecting legal advice previously provided in the context of patent prosecution) | AC/WP | 5 |
| 4. | 07/15/91 | B. Jean Weidemier, Esq. | John Hynes | Irene Abrams | Memorandum reflecting provision of legal advice re: license agreement and negotiations | AC/WP | 1 |

Page 1 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 5. | 07/26 | Secretary for Irene Abrams | Irene Abrams | | MIT internal communication reflecting request for legal advice in the course of patent prosecution | AC | 1 |
| 6. | 07/10/91 | Philip Rittmueller | B. Jean Weidemier, Esq. | Gerry Kenney, Esq.; Guy Shoup, Esq. | Document containing confidential communication reflecting request for legal advice with privileged handwritten notations regarding foreign patent application rights | AC | 2 |
| 7. | 05/24/91 | B. Jean Weidemier, Esq. | Philip Rittmueller | John Hynes; Robert Greene | Document with handwritten notations containing confidential communication reflecting legal advice in response to request for legal advice prepared in the course of prosecution of US Patent 5,177,685; produced in redacted form as Bates nos. MIT 06572-06577 | AC/WP | 2 |
| 8. | 03/27/91 | B. Jean Weidemier, Esq. | | | Document with handwritten notations reflecting response to request for legal advice regarding license negotiations prepared in anticipation of litigation; produced in redacted form as Bates nos. MIT 06578-06579 | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 9. | 02/11/91 | B. Jean Weidemier, Esq. | | | Memo to file re: patent prosecution and license agreement terms reflecting attorney strategy in response to request for legal advice | AC/WP | 2 |
| 10. | 11/28/90 | B. Jean Weidemier, Esq. | | | Attorney privileged handwritten notations and attorney working draft reflecting legal advice concerning license negotiations prepared in anticipation of litigation; produced in redacted form as Bates nos. MIT 06580-06583 | WP | 4 |
| 11. | | | | | Produced in its entirety as Bates no. MIT 06584-05687 | | |
| 12. | | | | | Produced in its entirety as Bates no. MIT 05557 | | |
| 13. | | | | | Produced in its entirety as Bates no. MIT 05558 | | |
| 14. | | | | | Produced in its entirety as Bates no. MIT 05559-05559A | | |
| 15. | 07/29/92 | Secretary for John Hynes | John Hynes | | Internal MIT memorandum reflecting substance of communication with MIT's counsel | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 3 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 16. | 03/18/05 | Karin Rivard, Esq. | Jack Turner; Robert Swartz; Tom Sadtler; Walter Bender | Lita Nelsen; Alice P. Gast | Emails and communications re: Harman lawsuit against MIT reflecting provision of legal advice and attorney strategy in anticipation of litigation (remainder of documents previously logged as Entry No. 16 now logged as Entry Nos. 760–765). | AC/WP | 3 |
| 17. | 08/06/91 | John Hynes | Robert Greene | | Email internal to MIT personnel and handwritten document prepared in anticipation of litigation in the context of license negotiations; (email with handwritten annotations reflecting legal advice previously provided) | AC/WP | 2 |
| 18. | 04/27/92 | Sam Pasternack, Esq. | John Hynes | | Attorney-client communication re: office action response reflecting provision of legal advice and attorney strategy | AC/WP | 10 |
| 19. | 09/03/91 | John T. Preston | Nicholas Negroponte | | Internal MIT memorandum reflecting substance of communication with MIT's counsel regarding patent prosecution | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 4 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 20. | 08/30/91 | B. Jean Weidemier, Esq. | John Hynes | | Internal MIT memorandum reflecting provision of legal advice re: patent prosecution, communications with outside counsel and attorney strategy | AC/WP | 2 |
| 21. | 05/24/91 | B. Jean Weidemier, Esq. | Philip Rittmueller | John Hynes; Robert Greene | Attorney-client communications reflecting legal advice in the course of prosecution of US Patent 5,177,685; produced in redacted form as Bates no. MIT 06588 | AC | 1 |
| 22. | 09/10/91 | Robert Greene | John Hynes | Penny Blaisdell; Rebecca Prendergast | Correspondence reflecting substance of communication with MIT's counsel regarding patent prosecution | AC | 1 |
| 23. | 10/02/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | Penny Blaisdell; Diane Gaylor; Robert Greene; John Hynes; John Preston; Philip Rittmueller | Attorney-client communication reflecting provision of legal advice in the course of prosecution of US Patent 5,177,685 | AC | 1 |
| 24. | 03/02/92 | John Hynes | Nicholas Negroponte | John Hynes; Rebecca Prendergast; Susan A. Browne; Penny Blaisdell; Robert Greene | Internal MIT email reflecting substance of communication with MIT's counsel regarding patent prosecution | AC | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 5 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 25. | 11/27/ | Secretary to John Preston | John Preston | | Internal MIT memorandum/handwritten notations reflecting communication with MIT's counsel regarding patent prosecution and attaching attorney-client correspondence regarding same | AC | 4 |
| 26. | 08/28/89 | B. Jean Weidemier, Esq. | Robert Greene | | Internal MIT attorney-client communication reflecting provision of legal advice concerning patent prosecution | AC/WP | 1 |
| 27. | 11/28/90 | B. Jean Weidemier, Esq. | H. Hoshino | Philip Rittmueller; John Hynes | Communications with attorney; handwritten notations reflecting provision of legal advice regarding license negotiations prepared in anticipation of litigation; Produced in redacted form as Bates nos. MIT 06589-06595 | AC/WP | 7 |
| 28. | 11/30/90 | John Hynes | B. Jean Weidemier, Esq. | | Handwritten notations re: attorney-client communications concerning patent prosecution and license negotiations and reflecting request for legal advice | AC/WP | 1 |

Page 6 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 29. | 11/28/90 | B. Jean Weidemier, Esq. | H. Hoshino | Philip Rittmueller; John Hynes | Communications with attorney; handwritten notations reflecting provision of legal advice regarding license negotiations prepared in anticipation of litigation; Produced in redacted form as Bates nos. MIT 06596-06599 | AC/WP | 4 |
| 30. | 02/06/91 | John Hynes | B. Jean Weidemier, Esq. | | Internal MIT email reflecting request for legal advice re: patent prosecution and license negotiations | AC/WP | 1 |
| 31. | 02/06/91 | John Hynes | B. Jean Weidemier, Esq. | | Internal MIT communications reflecting request for legal advice re: patent prosecution | AC | 2 |
| 32. | 02/11/91 | John Hynes | | | Handwritten notes of conversation with counsel re: license agreement terms and patent prosecution reflecting request for and provision of legal advice in anticipation of litigation | WP | 4 |
| 33. | 08/06/91 | Robert Greene | John Hynes | Nicholas Negroponte; Robert Greene | Internal MIT e-mail containing a confidential communication referring to legal advice previously provided regarding patent prosecution | AC | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 34. | | | | | Produced in its entirety as Bates nos. MIT 06600-06601 | | |
| 35. | | | | | Removed from the log as duplicative of Entry No. 39. | | |
| 36. | 07/10/91 | Philip Rittmueller | B. Jean Weidemier, Esq. | Gerry Kenney, Esq.; Guy Shoup, Esq. | Attorney client communications reflecting request for legal advice with privileged handwritten notations regarding foreign patent application rights | AC | 2 |
| 37. | 07/05/89 | James R. Davis; Christopher M. Schmandt | | | Documentation concerning patent prosecution prepared at the direction of MIT's counsel | AC | 14 |
| 38. | 03/04/92 | Rebecca Prendergast | Irene Abrams | Rebecca Prendergast | MIT internal communications regarding documentation prepared at the direction of and reflecting communication with MIT's counsel concerning patent prosecution | AC | 6 |
| 39. | 05/24/91 | B. Jean Weidemier, Esq. | Philip Rittmueller | John Hynes; Robert Greene | Attorney-client communications reflecting provision of legal advice in the course of prosecution of US Patent 5,177,685. Produced in redacted form as Bates No. MIT 06602. | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 8 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 40. | 08/16/91 | Philip Rittmueller | Nicholas Negroponte; Robert Greene | | Memorandum with handwritten notations reflecting communication with MIT's counsel regarding patent prosecution | AC | 3 |
| 41. | 10/02/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | Penny Blaisdell; Diane Gaylor; Robert Greene; John Hynes; John Preston; Philip Rittmueller | Attorney-client communications reflecting provision of legal advice regarding patent prosecution | AC | 2 |
| 42. | 04/23/91 | MIT Personnel | | | Handwritten notes re: conversations with counsel reflecting legal advice regarding patent prosecution | AC | 1 |
| 43. | 02/25/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | | Attorney-client correspondence reflecting provision of legal advice regarding patent prosecution | AC | 1 |
| 44. | 02/20/92 | John Hynes | Philip Rittmueller | | Correspondence reflecting legal advice previously given by MIT's counsel re: patent prosecution | AC | 1 |
| 45. | 03/24/92 | Secretary to John Hynes | John Hynes | | Communication with MIT's counsel and attaching memorandum to in-house counsel reflecting provision of legal advice concerning patent prosecution | AC | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 9 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 46. | 03/02/92 | John Hynes | Nicholas Negroponte | John Hynes; Rebecca Prendergast; Susan Browne; Penny Blaisdell; Robert Greene | Handwritten notation and internal MIT e-mail reflecting communication with MIT's counsel re: patent prosecution | AC | 4 |
| 47. | 04/21/ | Secretary for Nicholas Negroponte | Nicholas Negroponte | | Handwritten notations reflecting provision of legal advice previously give by counsel re: patent prosecution | AC | 3 |
| 48. | 02/06/91 | John Hynes | B. Jean Weidemier, Esq. | jho@media-lab.media.mit.edu | Internal MIT communications and handwritten notations reflecting request for legal advice re: patent prosecution | AC | 3 |
| 49. | 06/28/91 | Susan Browne | John Hynes | | Internal MIT memorandum reflecting communication with MIT's counsel re: patent prosecution | AC | |
| 50. | 12/16/94 | Steven J. Frank, Esq. | Robert Greene | | Attorney-client communication reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation | AC/WP | 5 |
| 51. | | John J. Hynes | | | Handwritten notations reflecting legal advice provided by MIT's counsel re: patent prosecution | AC | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 10 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 52. | 06/24/96 | Bob Bloomberg | Jack Turner; Nikki J. Borman | lynn@media; lauren; jamesb@media | Internal MIT communications re: documents prepared at the direction of counsel concerning patent prosecution | AC | 2 |
| 53. | 02/20/92 | John Hynes | B. Jean Weidemier, Esq. | | Attorney-client communications and handwritten notations reflecting provision of legal advice and communications with MIT's outside counsel re: patent prosecution | AC | 7 |
| 54. | 02/10/92 | Diane Gaylor | B. Jean Weidemier, Esq. | Nikki Borman; John Hynes | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 12 |
| 55. | 07/08/92 | Sam Pasternack, Esq. | B. Jean Weidemier, Esq. | Philip Rittmueller; Brian D. Ogonowsky, Esq. | Attorney client communications reflecting provision of legal advice regarding patent prosecution | AC | 2 |
| 56. | | | | | Produced in its entirety as Bates No. MIT 06845-06846 | | |
| 57. | 12/09/94 | Robert Greene | Steven J. Frank, Esq. | | Attorney-client correspondence requesting legal advice concerning licensing in anticipation of litigation | AC | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 11 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 58. | 03/30/05 | Karin Rivard, Esq. | | | Attorney handwritten notes re: Harman lawsuit against MIT and communications with outside counsel reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 14 |
| 59. | 3/24/03 | Karin Rivard, Esq. | | | Attorney handwritten notations on 3/24/03 letter from Robert Swartz to Wendelin Wiedeking re: offer to license '685 patent reflecting provision of legal advice, attorney strategy in anticipation of litigation | AC/WP | 2 |
| 60. | 03/23/05 | Karin Rivard, Esq. | | | Handwritten notes re: Harman lawsuit against MIT reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 4 |
| 61. | 03/25/05 | Karin Rivard, Esq. | Magdalen Christian | | Internal MIT communications re: Harman lawsuit against MIT reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 5 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 62. | 03/18/05 | Tom Sadtler | Robert Fadel | | MIT internal communication reflecting privileged communications with MIT counsel concerning the current lawsuit against MIT reflecting provision of legal advice and attorney strategy | AC/WP | 4 |
| 63. | 09/05/91 | Secretary for Irene Abrams | Irene Abrams | | Handwritten notation reflecting legal advice previously given by counsel re: prosecution | AC | 1 |
| 64. | 09/05/91 | Irene Abrams | B. Jean Weidemier, Esq. | | Handwritten notation reflecting request for legal advice re: patent prosecution | AC | 1 |
| 65. | 08/28/91 | Irene Abrams | B. Jean Weidemier, Esq. | | Handwritten notation reflecting request for legal advice re: patent prosecution | AC | 1 |
| 66. | 07/15/91 | B. Jean Weidemier, Esq. | John Hynes | Irene Abrams | Internal MIT memorandum reflecting provision of legal advice and strategy re: license agreement | AC/WP | 5 |
| 67. | 05/10/91 | Sam Pasternack, Esq. | John T. Preston | Nikki Borman; John Hynes | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 68. | 06/10/91 | B. Jean Weidemier, Esq. | Diane Gaylor | John Preston; Philip Rittmueller | Attorney client communications reflecting provision of legal advice in the course of patent prosecution | AC | 1 |

Page 13 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 69. | 02/25/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | Nikki Borman; John Hynes | Attorney client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 70. | 12/03/90 | B. Jean Weidemier, Esq. | | | Attorney handwritten notations reflecting provision of legal advice and communications with MIT counsel re: patent prosecution | AC | 1 |
| 71. | 08/21/90 | Dorene M. Sorensen | Diane Gaylor | | Attorney-client correspondence reflecting request for legal advice re: patent prosecution | AC | 3 |
| 72. | 05/24/90 | Jim Davis | John Preston | Christopher M. Schmandt; Robert Greene | Internal MIT communication concerning request for legal advice from MIT's counsel re: patent prosecution | AC | 1 |
| 73. | 09/22/89 | B. Jean Weidemier, Esq. | | | Attorney handwritten notations reflecting provision of legal advice re: patent prosecution | AC/WP | 1 |
| 74. | 06/13/90 | John T. Preston | Sam Pasternack, Esq. | | Attorney-client correspondence requesting legal advice re: patent prosecution | AC | 1 |
| 75. | 08/28/89 | B. Jean Weidemier, Esq. | Robert Greene | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 76. | 07/31/89 | B. Jean Weidemier, Esq. | | | Attorney handwritten notations reflecting provision of legal advice re: patent prosecution | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 14 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 77. | 07/12/89 | B. Jean Weidemier, Esq. | | | Attorney handwritten notations containing a confidential communication reflecting provision of legal advice re: patent prosecution | AC/WP | 1 |
| 78. | 01/22/92 | B. Jean Weidemier, Esq. | | | Handwritten notations containing a confidential communication reflecting communications with outside counsel requesting legal advice re: patent prosecution | AC/WP | 1 |
| 79. | 02/10/92 | Diane Gaylor | B. Jean Weidemier, Esq. | Nikki Borman; John Hynes | Attorney-client correspondence and handwritten notations reflecting provision of legal advice re: patent prosecution | AC/WP | 3 |
| 80. | 06/16/92 | Donna Baranski-Walker | Carl Accardo | | Communications re: confidentiality agreements, patent license agreements, and patent prosecution reflecting request for legal advice; Email draft document prepared in anticipation of litigation (remainder of documents previously logged as Entry No. 80 now logged as Entry Nos. 766-775). | WP | 3 |

Page 15 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 81. | 09/24/96 | David Geist | Sam Pasternack, Esq. | | Attorney-client communications reflecting provision of legal advice re: license agreement negotiations | AC/WP | 1 |
| 82. | 07/26/99 | Jack Turner | Bruce Bullock | Carolyn Beaty | Email re: patent license agreement and agreement strategy reflecting provision of legal advice in anticipation of litigation; Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 83. | 07/13/92 | Donna Baranski-Walker | James R. Davis | John Hynes | Internal MIT communications reflecting communication with MIT counsel re: patent prosecution | AC | 1 |
| 84. | 07/13/92 | Donna Baranski-Walker | Taro Hoshino | John Hynes | Correspondence reflecting substance of a communication with counsel reflecting provision of legal advice concerning patent prosecution | AC | 1 |
| 85. | 07/13/92 | Donna Baranski-Walker | Christopher M. Schmandt | John Hynes | Internal MIT communications reflecting communication with MIT counsel re: patent prosecution | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 16 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 86. | 03/24/05 | Robert Swartz | Jack Turner; Karin Rivard, Esq.; Walter Bender | | Internal MIT communications re: current litigation with Harman reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 2 |
| 87. | 11/22/96 | Sam Pasternack, Esq. | David Geist | | Attorney-client correspondence reflecting provision of legal advice during prosecution | AC | 1 |
| 88. | 09/09/96 | Sam Pasternack, Esq. | David Geist | | Attorney-client correspondence and handwritten notations reflecting provision of legal advice pertaining to license negotiations in anticipation of litigation | AC/WP | 3 |
| 89. | 06/27/96 | David Geist | Sam Pasternack, Esq. | Jack Turner | Attorney-client correspondence requesting legal advice pertaining to license negotiations in anticipation of litigation | AC/WP | 1 |
| 90. | 03/07/96 | Sam Pasternack, Esq. | Jack Turner | | Attorney-client correspondence and handwritten notation re: issued patent reflecting provision of legal advice and attorney strategy pertaining to license negotiations in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 91. | 06/21/96 | Michelle O'Shea | Jarmila Hrbek | | Internal MIT communications regarding documentation prepared at the request for MIT counsel concerning patent prosecution | AC | 1 |
| 92. | 03/24/05 | Robert Swartz | Jack Turner; Karin Rivard, Esq.; Walter Bender | | Internal MIT communications concerning current Harman litigation reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 2 |
| 93. | | | | | Produced in its entirety as Bates Nos. MIT 05574 | | |
| 94. | | MIT Personnel / Counsel | | | Draft abstract of patent application reflecting attorney questions to inventor | AC/WP | 1 |
| 95. | | | | | Produced in its entirety as Bates Nos. MIT 05575 | | |
| 96. | 07/05/89 | James R. Davis; Christopher M. Schmandt | | | Documentation concerning patent prosecution prepared at the direction of MIT's counsel | AC | 7 |
| 97. | 10/25/90 | Diane C. Gaylor | John T. Preston | | Attorney-client correspondence providing legal advice re: patent prosecution | AC | 4 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 18 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 98. | 06/02/00 | MIT TLO (Michelle) | MIT TLO | | Internal MIT TLO document reflecting legal advice given during patent prosecution / maintenance Produced in redacted form as Bates No. MIT 06836-06843. | AC | 1 |
| 99. | 04/12/96 | David Geist | Sam Pasternack, Esq. | | Attorney-client correspondence re: issued patent requesting legal advice in anticipation of litigation | AC | 14 |
| 100. | 08/02/90 | Diane Gaylor | James R. Davis | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 101. | 07/26/90 | Diane Gaylor | James R. Davis | | Attorney-client correspondence and handwritten notation providing legal advice regarding patent prosecution | AC | 41 |
| 102. | 06/27/96 | David Geist | Sam Pasternack, Esq. | | Letter containing a confidential communication requesting legal advice concerning license negotiations in anticipation of litigation | AC/WP | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 19 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 103. | 05/06/96 | Jack Turner; David Geist | Robert Bloomberg | Nicholas Negroponte; Christopher Schmandt; Sandy Pentland; Pattie Maes; Andy Lippman; Robert Greene | Memorandum internal to MIT personnel prepared in anticipation of litigation re: license negotiations; (memo reflecting legal advice of MIT counsel relating to the '685 patent) | AC/WP | 3 |
| 104. | 04/05/96 | David Geist | Sam Pasternack, Esq. | | Letter containing a confidential communication reflecting request of legal advice re: license negotiations in anticipation of litigation | AC/WP | 3 |
| 105. | | Jack Turner | | | Handwritten notation reflecting communication with MIT counsel concerning license negotiations prepared in anticipation of litigation (redacted handwritten notes by an attorney reflecting the attorney's mental impressions regarding the '685 patent);<br><br>Produced in redacted form as Bates Nos. MIT 02110 – MIT 02111 | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 20 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 106. | 03/07/96 | Sam Pasternack, Esq. | Jack Turner | | Letter containing a confidential communication reflecting provision of legal advice and attorney strategy re: licensing in anticipation of litigation | AC/WP | 4 |
| 107. | 03/05/96 | David Geist | Sam Pasternack, Esq. | | Letter containing a confidential communication requesting legal advice re: license negotiations prepared in anticipation of litigation | AC/WP | 3 |
| 108. | 08/16/90 | Diane Gaylor | John Preston | | Letter containing a confidential communication reflecting provision of legal advice re: patent prosecution | AC | 54 |
| 109. | 06/21/91 | Jim Davis | Sam Pasternack, Esq. | | Letter containing a confidential communication re: patent prosecution reflecting request for legal advice | AC | 1 |
| 110. | 06/27/90 | William J. Hagen | Diane Gaylor | | Letter containing a confidential communication responding to previous communication from counsel re: patent prosecution | AC | 3 |
| 111. | 06/13/90 | John T. Preston | Sam Pasternack, Esq. | | Letter containing a confidential communication requesting legal advice re: patent prosecution | AC | 7 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 21 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 112. | | | | | Produced in its entirety as Bates Nos. MIT 06847-06854 | | |
| 113. | 08/13/96 | Sam Pasternack, Esq. | David Geist | | Attorney-client correspondence providing legal advice and reflecting attorney strategy re: license negotiations prepared in anticipation of litigation | AC/WP | 2 |
| 114. | 07/26/92 | David Laurence Hall | Choate, Hall & Stewart | | Attorney-client correspondence re: patent prosecution reflecting response to previous communication from counsel | AC | 1 |
| 115. | 07/27/92 | Diane Gaylor | David Laurence Hall | | MIT internally prepared document prepared at the direction of counsel re: prosecution | WP | 2 |
| 116. | 05/05/92 | Diane Gaylor | Philip Rittmueller | | Attorney-client communications reflecting provision of legal advice regarding patent prosecution | AC | 1 |
| 117. | 05/04/92 | Peter Murphy | Diane Gaylor | | Handwritten notation prepared in response to privileged communication from counsel re: patent prosecution | AC | 2 |
| 118. | 04/27/92 | Diane Gaylor | Keith, American Legal Services | | Correspondence and handwritten notation reflecting provision of legal advice re: patent prosecution | AC | 4 |

Page 22 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 119. | | Diane Gaylor | Judy N. Filamond | | Attorney-client correspondence and handwritten notation reflecting provision of legal advice prepared in the course of patent prosecution | AC | 1 |
| 120. | 04/27/92 | Brian D. Ogonowsky, Esq. | Diane Gaylor | Philip Rittmueller | Attorney-client communications reflecting provision of legal advice concerning patent prosecution | AC | 2 |
| 121. | 04/27/92 | Sam Pasternack, Esq. | John Hynes | | Attorney-client correspondence re: patent prosecution providing legal advice and attorney strategy | AC | 11 |
| 122. | 04/27/92 | Diane Gaylor | Brian D. Ogonowsky, Esq. | | Attorney-client communications reflecting provision of legal advice concerning patent prosecution | AC | 2 |
| 123. | 04/22/92 | Secretary for Sam Pasternack, Esq. | Sam Pasternack, Esq. | | Choate Internal handwritten message reflecting provision of legal advice re: patent prosecution | WP | 1 |
| 124. | 06/10/91 | B. Jean Weidemier, Esq. | Diane Gaylor | John Preston; Philip Rittmueller | Attorney-client communications reflecting provision of legal advice concerning patent prosecution | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 23 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 125. | 03/20/92 | MIT Personnel | Sam Pasternack, Esq. | | Handwritten notation reflecting request for legal advice from Sam Pasternack, Esq. re: patent prosecution | AC | 1 |
| 126. | 03/04/92 | Irene Abrams | Diane Gaylor | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 2 |
| 127. | 02/10/92 | Diane Gaylor | B. Jean Weidemier, Esq. | Nikki Borman; John Hynes | Attorney-client correspondence and handwritten notations reflecting the provision of legal advice re: patent prosecution | AC | 11 |
| 128. | 07/23/91 | Diane Gaylor | Brian D. Ogonowsky, Esq. | | Attorney-client communications reflecting provision of legal advice concerning patent prosecution | AC | 1 |
| 129. | 08/01/91 | Irene Abrams | Sam Pasternack, Esq. | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 130. | 06/14/91 | Diane Gaylor | | | Memorandum reflecting provision of legal advice re: patent prosecution concerning communication with MIT's counsel | AC | 1 |
| 131. | 07/08/91 | Diane Gaylor | John T. Preston | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 24 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 132. | 05/10/91 | Sam Pasternack, Esq. | John T. Preston | Nikki Borman; John Hynes | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 133. | 11/14/90 | Sam Pasternack, Esq. | John T. Preston | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 134. | 10/30/90 | John T. Preston | Diane Gaylor | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 135. | 10/25/90 | Diane Gaylor | John T. Preston | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 1 |
| 136. | 08/23/90 | MIT Personnel | Diane Gaylor | | Memorandum containing a confidential communication reflecting request for legal advice re: patent prosecution | AC | 3 |
| 137. | 08/21/90 | Dorene M. Sorenson | Diane Gaylor | | Attorney-client correspondence reflecting response to previous communication from MIT counsel re: patent prosecution | AC | 1 |
| 138. | 08/16/90 | Diane Gaylor | James R. Davis | | Attorney-client correspondence reflecting provision of legal advice re: patent prosecution | AC | 6 |

Page 25 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 139. | 10/02/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | Penny Blaisdell; Diane Gaylor; Robert Greene; John Hynes; John Preston; Philip Rittmueller | Attorney-client communications reflecting provision of legal advice concerning patent prosecution | AC | 1 |
| 140. | 02/25/91 | B. Jean Weidemier, Esq. | Sam Pasternack, Esq. | Nikki Borman; John Hynes | Attorney-client communication re: reporting instructions reflecting provision of legal advice concerning patent prosecution | AC | 1 |
| 141. | 09/24/96 | David Geist | Sam Pasternack, Esq. | | Attorney-client communication reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 142. | 11/22/96 | Sam Pasternack, Esq. | David Geist | | Attorney-client communication reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation | AC/WP | 13 |
| 143. | 03/15/93 | Sam Pasternack, Esq. | Jarmila Hrbek | | Attorney-client correspondence reflecting provision of legal advice regarding patent prosecution | AC | 2 |
| 144. | 07/08/92 | Sam Pasternack, Esq. | B. Jean Weidemier, Esq. | Philip Rittmueller; Brian D. Ogonowsky, Esq. | Attorney-client communications reflecting provision of legal advice concerning patent prosecution | AC | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 26 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 145. | 08/09/90 &ongoing | Sam Pasternack, Esq. | | | Checklist re: pending patent application reflecting provision of legal advice | AC | 1 |
| 146. | 11/22/96 | Sam Pasternack, Esq. | David Geist | | Attorney-client communication reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation | AC/WP | 4 |
| 147. | 09/09/96 | Sam Pasternack, Esq. | | | Draft correspondence containing a confidential communication with handwritten notes re: license negotiations prepared in anticipation of litigation | WP | 2 |
| 148. | 06/27/96 | David Geist | Sam Pasternack, Esq. | Jack Turner | Letter containing a confidential communication reflecting request for legal advice re: license negotiations prepared in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 27 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 149. | 03/07/96 | Sam Pasternack, Esq. | Jack Turner | | Letter with hand written notes re: issued patent and license reflecting provision of legal advice prepared in anticipation of litigation attaching correspondence to S. Kobayashi with privileged handwritten notations, produced in redacted form as MIT 01934-1935 | AC/WP | 2 |
| 150. | 06/21/96 | Michelle O'Shea | Jarmila Hrbek | | Internal MIT communications reflecting documentation prepared at the direction of counsel concerning patent prosecution | AC | 5 |
| 151. | 05/06/96 | Jack Turner; David Geist | Robert Bloomberg | Nicholas Negroponte; Christopher Schmandt; Sandy Pentland; Pattie Maes; Andy Lippman; Robert Greene | Memorandum internal to MIT personnel, handwritten notation prepared in anticipation of litigation re: license negotiations; (memo and handwritten notes reflecting legal advice of MIT counsel relating to the '685 patent) | AC/WP | 4 |
| 152. | 03/24/05 | Robert Swartz | Jack Turner; Karin Rivard, Esq.; Walter Bender | | Internal MIT Email re: Harman litigation reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 28 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 153. | 05/04/05 | Robert Swartz | Steven Bauer, Esq. | | Email re: Harman litigation reflecting provision of legal advice in anticipation of litigation | AC/WP | 1 |
| 154. | 05/04/05 | Robert Swartz | Steven Bauer, Esq. | | Email reflecting request for legal advice, attaching previously produced correspondence between Harman/Harman's counsel and MIT | AC/WP | 23 |
| 155. | 05/04/05 | Robert Swartz | Steven Bauer, Esq. | | Emails and handwritten notation re: Harman litigation reflecting provision of legal advice in anticipation of litigation | AC/WP | 1 |
| 156. | 05/06/05 | Proskauer Rose LLP | | | Claim analysis reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 2 |
| 157. | 05/11/05 | Proskauer Rose LLP | | | Claim analysis reflecting provision of legal advice and attorney strategy in anticipation of litigation | AC/WP | 10 |
| 158. | 05/05/05 | John Pint, Esq. | | | Notes on website print-out reflecting provision of legal advice and attorney strategy in anticipation of litigation Produced in redacted form as Bates Nos. MIT 02118 – MIT 02123 | AC/WP | 5 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 159. | 05/05/05 | John Pint, Esq. | | | Notes on website print-out reflecting provision of legal advice and attorney strategy in anticipation of litigation Produced in redacted form as Bates Nos. MIT 02124 – MIT 02126 | AC/WP | 2 |
| 160. | 05/05/05 | John Pint, Esq. | | | Notes on website print-out reflecting provision of legal advice and attorney strategy in anticipation of litigation Produced in redacted form as Bates Nos. MIT 02127 – MIT -2129 | AC/WP | 1 |
| 161. | 05/05/05 | John Pint, Esq. | | | Notes on website print-out reflecting provision of legal advice and attorney strategy in anticipation of litigation Produced in redacted form as Bates Nos. MIT 02130 – MIT 02132 | AC/WP | 1 |
| 162. | 05/05/05 | John Pint, Esq. | | | Notes on website print-out reflecting provision of legal advice and attorney strategy in anticipation of litigation Produced in redacted form as Bates Nos. MIT 02133 – MIT 02141 | AC/WP | 4 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 163. | 12/17/03 | Jack Turner | Walter R. Bender | | Email reflecting request for legal advice prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 164. | 03/04/96 | David Geist | Denise Lynch | Jack Turner | MIT Internal communications reflecting communications with MIT attorney requesting legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 165. | | | | | Produced in its entirety as Bates No. MIT 06855 | | |
| 166. | 07/31/95 | Jack Turner | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 2 |
| 167. | | | | | Produced in its entirety as Bates No. MIT 06856 | | |
| 168. | 01/28/97 | Jack Turner | David Geist | | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 2 |
| 169. | 01/28/97 | Bob Bloomberg | David Geist | Jack Turner Liz Yonda | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 170. | 01/28/97 | David Geist | Bob Bloomberg | Jack Turner | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 31 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 171. | 04/11/97 | David Geist | Denise Lynch | Jack Turner | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 18 |
| 172. | 07/26/99 | Jack Turner | Bruce Bullock | TLO File Carolyn Beaty | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 173. | 07/26/99 | Bruce Bullock | Jack Turner | TLO File Carolyn Beaty | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 174. | | | | | Removed from Privilege Log | NR | |
| 175. | | | | | Produced in its entirety as Bates No. MIT! 06857 | WP | 1 |
| 176. | 10/25/00 | TLODBA | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 177. | 02/26/01 | Jack Turner | Rick Cahaly | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 2 |
| 178. | 11/27/00 | TLODBA | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 179. | 12/28/00 | TLODBA | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

Page 32 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 180. | 01/25/01 | TLODBA | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 181. | 02/26/05 | TLODBA | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 182. | | | | | Produced in redacted form as Bates No. MIT 06858-06859 | NR | 2 |
| 183. | | | | | Produced in redacted form as Bates No. MIT 06860-06861 | NR | 1 |
| 184. | | | | | Removed from Privilege Log | NR | |
| 185. | | | | | Produced in redacted form as Bates No. MIT 06862-06864.001 | NR | 4 |
| 186. | | | | | Produced in redacted form as Bates No. MIT 06865 | NR | 1 |
| 187. | | | | | Produced in redacted form as Bates No. MIT 06866 | NR | 1 |
| 188. | | | | | Produced in redacted form as Bates No. MIT 06867 | NR | 1 |
| 189. | | | | | Produced in redacted form as Bates No. MIT 06868-06869 | NR | 2 |

Page 33 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 190. | | | | | Produced in Redacted form as Bates No. MIT 06870 | NR | 1 |
| 191. | | | | | Produced in redacted form as Bates No. 06871-06873.001 | NR | 3 |
| 192. | 08/13/04 | Jack Turner | Robert Swartz; Robert D. Fadel | | Internal MIT communications reflecting request for legal advice from MIT counsel re: patent prosecution | AC | 1 |
| 193. | 08/20/04 | Jack Turner | Robert Swartz; Robert D. Fadel | Dan O'Brien | Internal MIT communications reflecting request for legal advice from MIT counsel re: patent prosecution | AC | 1 |
| 194. | | | | | Produced in redacted form as Bates No. 06874 | NR | 1 |
| 195. | 09/27/04 | Jack Turner | Dan O'Brien | Denise M. Vaillancourt | Email requesting information for the purpose of rendering legal advice in the course of prosecution of patent | AC | 2 |
| 196. | 10/19/04 | Jack Turner | Robert Swartz | TLO File | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations; (email reflecting legal advice from attorney Joe Grear relating to licensing) | AC/WP | 2 |
| 197. | 08/13/04 | Robert Swartz | Jack Turner | | Internal MIT communications reflecting request for legal advice from MIT counsel re: patent prosecution | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 34 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 198. | 08/20/04 | Robert Swartz | Jack Turner | Robert Swartz; Robert D. Fadel; Dan O'Brien | Internal MIT communications reflecting request for legal advice from MIT counsel re: patent prosecution | AC | 2 |
| 199. | 08/24/04 | Robert D. Fadel | Jack Turner | Dan O'Brien; Robert Swartz | Email containing a confidential communication reflecting legal advice previously provided re: patent prosecution | AC | 2 |
| 200. | 09/27/04 | Dan O'Brien | Jack Turner | | Email requesting information for the purpose of rendering legal advice in the course of prosecution of patent | AC | 3 |
| 201. | | | | | Produced in its entirety as Bates No. MIT 06875 | | |
| 202. | 03/18/05 | Jack Turner | Tom Sadtler | Jack Turner | Internal MIT emails re: incorporating communications with MIT inside and outside counsel regarding Harman's lawsuit against MIT prepared in anticipation of litigation | AC/WP | 4 |
| 203. | 03/18/05 | Karin Rivard, Esq. | Jack Turner; Robert Swartz; Tom Sadtler; Walter Bender | Lita Nelsen; Alice P. Gast | Emails re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in anticipation of litigation | AC/WP | 3 |
| 204. | | | | | Produced in its entirety as Bates No. MIT 06876 | | |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 35 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 205. | 02/02/95 | Robert Greene | Jack Turner | John J. Hynes; Christopher M. Schmandt; Robert Greene | Memorandum and Email and document prepared in anticipation of litigation re: license negotiations | WP | 5 |
| 206. | 06/28/91 | Susan Browne | John J. Hynes | | Internal MIT memorandum reflecting communications with counsel regarding patent prosecution | AC | 2 |
| 207. | 06/28/91 | Susan Browne | John J. Hynes | | Internal MIT memorandum reflecting communications with counsel regarding patent prosecution | AC | 2 |
| 208. | 04/26/91 | Robert Greene | John J. Hynes | Robert Greene | Email re: prototype reflecting request for legal advice | AC | 1 |
| 209. | 09/22/03 | Robert Swartz | Teresa Kratman | | Internal MIT email regarding communications with counsel reflecting provision of legal advice concerning license negotiations prepared in anticipation of litigation; (email reflecting request for information by attorney Keith Vogt in order to render legal advice) | AC/WP | 1 |
| 210. | | | | | Produced in its entirety as Bates No. MIT 06877 | | |

Page 36 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 211. | 09/10/91 | Nicholas Negroponte | John J. Hynes | p@hq.media.mit.edu; v@hq.media.mit.edu; Robert Greene | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 212. | 09/30/91 | Robert Greene | Penny Blaisdell | Nicholas Negroponte; Robert Greene | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations;(reflects legal advice from attorney J. Weidemier) | AC/WP | 2 |
| 213. | 08/23/91 | Nicholas Negroponte | John Preston | John J. Hynes; Robert Greene | Memorandum internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 214. | 08/16/91 | Philip Rittmueller | Nicholas Negroponte; Robert Greene | | Memorandum reflecting communication with MIT's counsel regarding patent prosecution | AC | 2 |
| 215. | 08/16/91 | Philip Rittmueller | Nicholas Negroponte; Robert Greene | | Memorandum with handwritten notations reflecting communication with MIT's counsel regarding patent prosecution | AC | 2 |
| 216. | 05/24/90 | Jim Davis | John Preston | Christopher M. Schmandt; Robert Greene | Internal MIT email reflecting request for legal advice from counsel regarding patent prosecution | AC | 1 |
| 217. | | | | | Produced in its entirety as Bates No. MIT 06878-6879 | | |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 37 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 218. | | | | | Produced in its entirety as Bates No. MIT 05583 | | |
| 219. | | | | | Produced in its entirety as Bates No. MIT 05584 | | |
| 220. | | | | | Produced in its entirety as Bates No. MIT 06880-06882 | | |
| 221. | | | | | Produced in its entirety as Bates No. MIT 06883 | | |
| 222. | | | | | Produced in its entirety as Bates No. MIT 06884 | | |
| 223. | | | | | Produced in its entirety as Bates No. MIT 06885 | | |
| 224. | 12/08/93 | Jack Turner | John J. Hynes | | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 225. | | MIT Personnel | John J. Hynes | | Handwritten notation reflecting request to obtain legal advice from outside counsel re: patent prosecution | AC | 2 |
| 226. | 02/15/95 | David Geist | Aaron Bobick | | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 227. | 01/28/97 | Robert Bloomberg | David Geist | Jack Turner; Liz Yonda | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 2 |
| 228. | | | | | Produced in its entirety as Bates No. MIT 06886-06887 | | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 38 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 229. | 09/23/03 | Teresa Kratman | Robert Swartz | | Document internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (email providing information requested by attorney Vogt for the purpose of rendering legal advice) | AC/WP | 3 |
| 230. | | | | | Produced in its entirety as Bates No. MIT 06888 | | |
| 231. | 01/28/97 | David Geist | Robert Bloomberg | Jack Turner; David Geist | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 232. | 12/23/94 | Nicholas Negroponte | John J. Hynes; Jack Turner; Nicholas Negroponte; Robert Greene | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (email reflecting legal advice relating to licensing) | AC/WP | 4 |
| 233. | 12/23/94 | Jack Turner | Nicholas Negroponte; Robert Greene; John J. Hynes | | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 234. | | | | | Produced in its entirety as Bates No. MIT 06889 | | |
| 235. | | | | | Produced in its entirety as Bates No. MIT 06890 | | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 39 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 236. | 12/03/92 | MIT Personnel/Counsel | | | Handwritten notations re: issued patent reflecting request to obtain legal advice and attorney strategy re: patent prosecution | AC | 1 |
| 237. | | | | | Produced in its entirety as Bates No. MIT 06891 | | |
| 238. | | | | | Produced in its entirety as Bates No. MIT 06892-06893 | | |
| 239. | 04/12/95 | David Geist | Jack Turner | | Memorandum containing a confidential communication reflecting legal advice previously provided re: license negotiations; (memo reflecting legal advice previously provided relating to prosecution of the '685 patent) | AC/WP | 1 |
| 240. | 07/31/95 | Jack Turner | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 2 |
| 241. | 05/19/03 | Robert Swartz | Walter Bender; Christopher M. Schmandt; Christopher M. Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations (remainder of documents previously logged as Entry No. 241 now logged as Entry Nos. 776-781). | WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 40 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 242. | 05/12/04 | Jack Turner | | | File and notes re: patent prosecution reflecting work product in anticipation of litigation; Produced as Bates No. MIT 05585 | WP | 1 |
| 243. | 05/31/96 | Jack Turner | Robert Bloomberg | lynn@media.mit.edu; Robert Greene; Sandy Pentland; Pattie Maes; David Geist; Christopher M. Schmandt | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 244. | 05/31/96 | Robert Bloomberg | Jack Turner | lynn@media.mit.edu; Robert Greene; Sandy Pentland; Pattie Maes; David Geist; Christopher M. Schmandt | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 245. | 05/30/96 | Nicholas Negroponte | Robert Bloomberg | Jack Turner; David Geist; Christopher M. Schmandt | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 246. | 05/30/96 | Robert Bloomberg | Nicholas Negroponte | David Geist; Jack Turner; Christopher M. Schmandt | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 247. | 05/18/96 | Nicholas Negroponte | Robert Bloomberg | David Geist; Robert Greene | Email internal to MIT personnel with handwritten notations prepared in anticipation of litigation in the context of license negotiations; (email with handwritten notes reflecting legal advice relating to licensing) | AC/WP | 1 |
| 248. | 05/16/96 | Robert Bloomberg | Nicholas Negroponte | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 249. | 05/16/96 | Robert Bloomberg | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 250. | 05/16/96 | Jack Turner | Robert Bloomberg | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 251. | 05/16/96 | Nicholas Negroponte | Robert Bloomberg | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 252. | 05/12/95 | Robert Bloomberg | Robert Greene | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 42 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 253. | 05/12/96 | Robert Greene | Robert Bloomberg | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 254. | 05/10/96 | Robert Bloomberg | Robert Greene | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 255. | 05/10/96 | Robert Greene | Robert Bloomberg; Nicholas Negroponte; Robert Greene; Christopher M. Schmandt; Pattie Maes; Andy Lippman; Sandy Pentland | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 256. | 05/10/95 | Robert Bloomberg | Nicholas Negroponte | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 257. | 05/10/96 | Robert Bloomberg | Nicholas Negroponte | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 258. | 05/09/95 | Robert Bloomberg | Nicholas Negroponte; Robert Greene; Christopher M. Schmandt; Sandy Pentland; Pattie Maes; Andy Lippman | lynn@media | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 43 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 259. | 05/02/95 | Robert Greene | Nicholas Negroponte | Robert Greene; Christopher M. Schmandt; John Hynes | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 260. | | | | | Produced in redacted form as Bates No. MIT 06894 | NR | 1 |
| 261. | 04/10/95 | David Geist | Robert Greene | John Hynes; Christopher M. Schmandt | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 4 |
| 262. | | | | | Produced in its entirety as Bates No. MIT 06895 | | |
| 263. | | | | | Produced in its entirety as Bates No. MIT 06896-06900 | | |
| 264. | 08/16/95 | Robert Greene | Nicholas Negroponte | Robert Greene | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 3 |
| 265. | 05/02/95 | Robert Greene | Nicholas Negroponte | Robert Greene; Christopher M. Schmandt; John Hynes | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 266. | | | | | Produced in its entirety as Bates No. MIT 6901 | | |
| 267. | | | | | Produced in its entirety as Bates No. MIT 06902 | | 1 |

Page 44 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 268. | 04/11/97 | David Geist | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 269. | | | | | Produced in its entirety as Bates No. MIT 06903 | | |
| 270. | | | | | Produced in its entirety as Bates No. MIT 06904 | | |
| 271. | | | | | Produced in its entirety as Bates No. MIT 06905 | | |
| 272. | 05/30/96 | Robert Bloomberg | Nicholas Negroponte | David Geist; Jack Turner; Christopher M. Schmandt | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 273. | 05/20/96 | David Geist | Jack Turner | David Geist; Robert Greene | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 274. | 05/20/96 | Robert Bloomberg | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 275. | | | | | Produced in its entirety as Bates No. MIT 06906 | | |
| 276. | | | | | Removed from Privilege Log | NR | |
| 277. | 08/16/95 | Robert Greene | David Geist | Jack Turner; John Hynes | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 45 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 278. | 11/13/02 | Robert Swartz | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 279. | 11/13/02 | Robert Swartz | Jack Turner | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 280. | 11/13/02 | Jack Turner | Walter Bender | Jack Turner | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 281. | | | | | Produced in its entirety as Bates No. MIT 06907 | | |
| 282. | | | | | Produced in its entirety as Bates No. MIT 06908 | | |
| 283. | | | | | Produced in its entirety as Bates No. MIT 06909 | | |
| 284. | | | | | Produced in its entirety as Bates No. MIT 06910 | | |
| 285. | | | | | Produced in its entirety as Bates No. MIT 06911 | | |
| 286. | | | | | Produced in its entirety as Bates No. MIT 06912 | | |
| 287. | | | | | Produced in its entirety as Bates No. MIT 06913 | | |
| 288. | | | | | Produced in its entirety as Bates No. MIT 06914 | | |
| 289. | | | | | Removed from Privilege Log | NR | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 290. | 03/11/05 | Geoff Wilson | Robert Swartz | Walter Bender | Internal MIT communications reflecting request for legal advice from counsel concerning continued prosecution of patent | AC | 2 |
| 291. | | | | | Produced in its entirety as Bates No. MIT 06915 | | |
| 292. | | | | | Produced in its entirety as Bates No. MIT 06916-06917 | | |
| 293. | | | | | Produced in its entirety as Bates No. MIT 06918-06919 | | |
| 294. | | | | | Produced in its entirety as Bates No. MIT 06920 | | |
| 295. | | | | | Produced in its entirety as Bates No. MIT 06921 | | |
| 296. | | | | | Produced in its entirety as Bates No. MIT 06922 | | |
| 297. | | | | | Produced in its entirety as Bates No. MIT 06923-6924 | | |
| 298. | | | | | Produced in its entirety as Bates No. MIT 06925-06926 | | |
| 299. | | | | | Produced in its entirety as Bates No. MIT 06927-06928 | | |
| 300. | | | | | Produced in its entirety as Bates No. MIT 06929 | | |
| 301. | | | | | Produced in its entirety as Bates No. MIT 06930-06932 | | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 47 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 302. | | | | | Produced in its entirety as Bates No. MIT 06933-06936 | | |
| 303. | | | | | Produced in its entirety as Bates No. MIT 06937-06939 | | |
| 304. | | | | | Produced in its entirety as Bates No. MIT 06940-06942 | | |
| 305. | | | | | Produced in its entirety as Bates No. MIT 06943 | | |
| 306. | | | | | Produced in its entirety as Bates No. MIT 06944-06946 | | |
| 307. | | | | | Produced in its entirety as Bates No. MIT 06947-06948 | | |
| 308. | | | | | Produced in its entirety as Bates No. MIT 06949-06951 | | |
| 309. | | | | | Produced in its entirety as Bates No. MIT 06952 | | |
| 310. | | | | | Produced in its entirety as Bates No. MIT 06953-06954 | | |
| 311. | | | | | Produced in its entirety as Bates No. MIT 06955-06956 | | |
| 312. | | | | | Produced in its entirety as Bates No. MIT 06957-06958 | | |
| 313. | | | | | Produced in its entirety as Bates No. MIT 06959 | | 1 |
| 314. | | | | | Produced in its entirety as Bates No. MIT 06960 | | |

Page 48 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 315. | | | | | Produced in its entirety as Bates No. MIT 06961-06962 | | |
| 316. | | | | | Produced in its entirety as Bates No. MIT 06963 | | |
| 317. | | | | | Produced in its entirety as Bates No. MIT 06964-06966 | | |
| 318. | | | | | Produced in its entirety as Bates No. MIT 06967-6968 | | |
| 319. | | | | | Produced in its entirety as Bates No. MIT 06969-06970 | | |
| 320. | | | | | Produced in its entirety as Bates No. MIT 06971-06973 | | |
| 321. | | | | | Produced in its entirety as Bates No. MIT 06974-06975 | | |
| 322. | | | | | Produced in its entirety as Bates No. MIT 06976-06977 | | |
| 323. | | | | | Produced in its entirety as Bates No. MIT 06978-06979 | | |
| 324. | | | | | Produced in its entirety as Bates No. MIT 06981-06987 | | |
| 325. | | | | | Produced in its entirety as Bates No. MIT 06988-06989 | | |
| 326. | | | | | Produced in its entirety as Bates No. MIT 06990-06991 | | |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 49 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 327. | | | | | Removed from Privilege Log | NR | |
| 328. | 05/06/96 | Jack Turner; David Geist | Robert Bloomberg | | Memorandum internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (memo and handwritten notes reflecting legal advice of MIT counsel relating to the '685 patent) | WP | 5 |
| 329. | 12/17/03 | Jack Turner | Walter Bender | | Communication internal to MIT drafted in the course of license negotiations prepared in anticipation of litigation; produced in redacted form as Bates nos. MIT 06612-06647 (remainder of documents previously logged as Entry No. 329 now logged as Entry Nos. 782-785). | WP | 1 |
| 330. | 05/02/95 | Robert Greene | Nicholas Negroponte | | Email, letter and document internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 4 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 50 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 331. | | David Geist | | | Document internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (reflects legal advice previously provided relating to the '685 patent) | AC/WP | |
| 332. | 08/17/05 | Robert Swartz | John Pint, Esq. | | Email re: claim chart analysis reflecting request for legal advice in the course of current litigation | AC/WP | 7 |
| 333. | 12/23/94 | John Hynes | Nicholas Negroponte | John Hynes; Jack Turner; Robert Greene | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 334. | 12/23/94 | Robert Greene | Nicholas Negroponte | John Hynes; Jack Turner | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (email reflecting legal advice relating to licensing) | AC/WP | 1 |
| 335. | | Jack Turner | Karin Rivard, Esq. | | Handwritten notation re: Harman reflecting provision of legal advice in anticipation of current litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 336. | 03/31/05 | Walter Bender | Jack Turner | | Email internal to MIT personnel with handwritten notations prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 337. | | Jack Turner | | | Handwritten notes containing confidential information reflecting provision of legal advice re: strategizing for license negotiations; (handwritten notes reflecting discussions with counsel in context of litigation with Harman) | AC/WP | 2 |
| 338. | | | | | Produced as Bates nos. MIT 05586-05587 | | |
| 339. | 08/21/95 | Robert Greene | David Geist | Jack Turner; John Hynes; Robert Greene | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 340. | 05/04/05 | Robert Swartz | Steven Bauer, Esq. | | Email reflecting request for legal advice, attaching previously produced correspondence between Harman/Harman's counsel and MIT | AC/WP | 17 |
| 341. | 04/04/05 | Charlie Call, Esq. | Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 52 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 342. | 04/04/05 | Christopher M. Schmandt | Sam Pasternack, Esq.; Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 343. | 04/05/05 | Christopher M. Schmandt | Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in anticipation of litigation; Email internal to MIT personnel prepared in the course of current litigation in the context of license negotiations | AC/WP | 1 |
| 344. | 04/04/05 | Sam Pasternack, Esq. | Jack Turner; Christopher M. Schmandt | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 2 |
| 345. | 04/05/05 | Charlie Call, Esq. | Jack Turner; Christopher M. Schmandt; Sam Pasternack, Esq. | Ann Marie Flaherty; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 346. | 04/05/05 | Sam Pasternack, Esq. | Jack Turner; Christopher M. Schmandt | Ann Marie Flaherty; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 53 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 347. | 04/12/05 | Christopher M. Schmandt | Jack Turner | Sam Pasternack, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 348. | 04/12/05 | Sam Pasternack, Esq. | Christopher Schmandt; Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 2 |
| 349. | 04/12/05 | Sam Pasternack, Esq. | Christopher M. Schmandt; Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 2 |
| 350. | 04/12/05 | Christopher M. Schmandt | Sam Pasternack, Esq.; Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 351. | 05/04/05 | Christopher M. Schmandt | Steven Bauer, Esq. | Jack Turner; Robert Swartz | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 352. | 05/04/05 | Steven Bauer, Esq. | Christopher M. Schmandt | Jack Turner; Robert Swartz | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 353. | 05/04/05 | Christopher M. Schmandt | Steven Bauer, Esq. | Jack Turner; Robert Swartz | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 354. | 05/03/05 | Robert Swartz | Jack Turner | Steven Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 2 |
| 355. | 05/04/05 | Steven Bauer, Esq. | Christopher M. Schmandt | Jack Turner; Robert Swartz | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 2 |
| 356. | 05/04/05 | Christopher M. Schmandt | Steven Bauer, Esq. | Jack Turner; Robert Swartz | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 357. | 05/04/05 | Robert Swartz | Steven Bauer, Esq. | Christopher M. Schmandt; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 358. | 05/04/05 | Steven Bauer, Esq. | Christopher M. Schmandt; Robert Swartz; | Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 55 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 359. | 05/04/05 | Christopher M. Schmandt | Steven Bauer, Esq.; Robert Swartz | Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 360. | 05/04/05 | Karin Rivard, Esq. | Christopher M. Schmandt | Steven Bauer, Esq.; Robert Swartz; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 361. | 05/04/05 | Robert Swartz | Christopher M. Schmandt | Steven Bauer, Esq.; Karin Rivard, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice and attorney strategy in the course of current litigation | AC/WP | 1 |
| 362. | | MIT Personnel/Counsel | | | Handwritten notations re: Harman's lawsuit against MIT reflecting request for legal advice in the current litigation | AC/WP | 1 |
| 363. | 07/25/03 | Steve Brown | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in anticipation of litigation | AC/WP | 2 |
| 364. | | | | | Produced in its entirety as Bates nos. MIT 06648-06649 | | |
| 365. | | | | | Produced in its entirety as Bates nos. MIT 06650-06651 | | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 366. | | | | | Produced in its entirety as Bates nos. MIT 06652-06653 | | |
| 367. | 08/13/03 | Steve Brown | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in anticipation of litigation | AC/WP | 2 |
| 368. | | | | | Produced in its entirety as Bates nos. MIT 06654-06655 | | |
| 369. | | | | | Produced in its entirety as Bates nos. MIT 06656-06657 | | |
| 370. | 03/17/05 | Steven Bauer, Esq. | Karin Rivard, Esq.; Ben Palleiko | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 371. | 03/17/05 | Ben Palleiko | Steven Bauer, Esq. | Karin Rivard, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 372. | 03/17/05 | Steven Bauer, Esq. | Ben Palleiko | Karin Rivard, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 373. | | | | | Produced in its entirety as Bates no. MIT 06658 | | |
| 374. | 03/17/05 | Mark DiVincenzo, Esq. | Karin Rivard, Esq. | Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 375. | 03/17/05 | Karin Rivard | Mark DiVincenzo, Esq. | Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 376. | 03/18/05 | Jack Turner | Karin Rivard, Esq. | Lita Nelsen; Robert Swartz; Tom Sadtler; Walter Bender | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 377. | 03/18/05 | Karin Rivard, Esq. | Tom Sadtler | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 4 |
| 378. | 03/18/05 | Karin Rivard, Esq. | Jack Turner; Robert Swartz; Tom Sadtler | Lita Nelsen; Alice Gast | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 379. | 03/21/05 | Jack Turner | Robert Swartz | Karin Rivard, Esq.; Ann Marie Flaherty; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 380. | 03/22/05 | Ann Marie Flaherty | Robert Swartz | Karin Rivard, Esq.; Ann Marie Flaherty; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 381. | 03/22/05 | Robert Swartz | Ann Marie Flaherty | Karin Rivard, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 58 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 382. | 03/22/05 | Ann Marie Flaherty | Robert Swartz | Karin Rivard, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 383. | 03/24/05 | Robert Swartz | Jack Turner; Karin Rivard, Esq.; Walter Bender | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 384. | 03/25/05 | Karin Rivard, Esq. | Magdalen Christian | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 385. | 03/28/05 | Jack Turner | Alice Gast | Lita Nelsen; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 386. | 03/28/05 | Robert Swartz | Walter Bender; Karin Rivard, Esq.; Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 387. | 03/29/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Alice Gast; Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 388. | 03/29/05 | Mark DiVincenzo, Esq. | Karin Rivard, Esq. | Alice Gast; Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 59 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 389. | 03/26/05 | Alice Gast | Mark DiVincenzo, Esq.; Karin Rivard, Esq. | Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 390. | 03/29/05 | Mark DiVincenzo, Esq. | Alice Gast; Karin Rivard, Esq. | Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 391. | 03/29/05 | Karin Rivard, Esq. | Alice Gast | Mark DiVincenzo, Esq.; Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 392. | 03/29/05 | Mark DiVincenzo, Esq. | Karin Rivard, Esq.; Alice Gast | Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 393. | 03/29/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Alice Gast; Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 4 |
| 394. | 03/29/05 | Mark DiVincenzo, Esq. | Karin Rivard, Esq. | Richelle Nessralla, Esq.; Alice Gast; Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 4 |
| 395. | 03/29/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Richelle Nessralla, Esq.; Alice Gast; Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 4 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 396. | 03/29/05 | Alice Gast | Mark DiVincenzo, Esq.; Karin Rivard, Esq. | Jack Turner; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 5 |
| 397. | 03/30/05 | Alice Gast | Karin Rivard, Esq. | Jack Turner; Lita Nelsen; Alice Gast | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 398. | 03/31/05 | Lita Nelsen | Alice Gast | Karin Rivard, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 399. | 03/31/05 | Jack Turner | Alice Gast | Karin Rivard, Esq.; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 400. | 03/31/05 | Jack Turner | Walter Bender | Lita Nelsen; Alice Gast; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 401. | 03/31/05 | Richelle Nessaralla, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 402. | 03/31/05 | Karin Rivard, Esq. | Lita Nelsen; Jack Turner; Alice Gast | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |

Page 61 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 403. | 03/31/05 | Alice Gast | Jack Turner | Karin Rivard, Esq.; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 404. | 04/05/05 | Jack Turner | Christopher M. Schmandt; Sam Pasternack, Esq.; Charlie Call, Esq. | Ann Marie Flaherty; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 405. | 04/05/05 | Charlie Call, Esq. | Jack Turner; Christopher M. Schmandt; Sam Pasternack, Esq. | Ann Marie Flaherty; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 1 |
| 406. | 04/05/05 | Sam Pasternack, Esq. | Jack Turner; Christopher M. Schmandt; Charlie Call, Esq. | Ann Marie Flaherty; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |
| 407. | 04/08/05 | Robert Swartz | Karin Rivard, Esq. | | Email internal to MIT personnel re: Harman litigation against MIT prepared in the course of current litigation reflecting request for legal advice | AC/WP | 1 |
| 408. | 04/08/05 | Robert Swartz | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 62 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 409. | 04/08/05 | Alice Gast | Walter Bender | Adele Santos; Robert A. Brown Jack Turner; Lita Nelsen; Alice Gast | Email internal to MIT personnel re: Harman's lawsuit against MIT prepared in the course of current litigation in the context of license negotiations | WP | 2 |
| 410. | 04/08/95 | Lita Nelsen | Jack Turner; Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 411. | 04/08/05 | Lita Nelsen | Alice Gast | Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 412. | 04/20/05 | Jack Turner | Mark DiVincenzo, Esq. | Karin Rivard, Esq.; Alice Gast; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 413. | 04/20/05 | Mark DiVincenzo, Esq. | Jack Turner | Karin Rivard, Esq.; Alice Gast Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 3 |
| 414. | 04/21/05 | Jack Turner | Mark DiVincenzo, Esq. | Karin Rivard, Esq.; Alice Gast; Lita Nelsen | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 63 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 415. | 04/25/05 | Mark DiVincenzo, Esq. | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 3 |
| 416. | 04/25/05 | Richelle Nessralla, Esq. | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |
| 417. | 04/26/05 | Jack Turner | Karin Rivard, Esq. | Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 418. | 04/26/05 | Karin Rivard, Esq. | Steven M. Bauer, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 419. | 04/26/05 | Karin Rivard, Esq. | Richelle Nessralla, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |
| 420. | 04/26/05 | Karin Rivard, Esq. | Jack Turner | | Email re: Harman's lawsuit against MIT provision of legal advice in the course of current litigation | AC/WP | 2 |
| 421. | 04/26/05 | Richelle Nessralla, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 64 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 422. | 04/26/05 | Richelle Nessralla, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |
| 423. | 04/26/05 | Richelle Nessralla, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 1 |
| 424. | 04/26/05 | Steven M. Bauer, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |
| 425. | 04/26/05 | Steven M. Bauer, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 3 |
| 426. | 04/27/05 | Jack Turner | Steven M. Bauer, Esq. | Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 427. | 04/27/05 | Steven M. Bauer, Esq. | Jack Turner | Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of for legal advice in the course of current litigation | AC/WP | 4 |
| 428. | 04/27/05 | Steven M. Bauer, Esq. | Jack Turner | Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 4 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 65 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 429. | 04/29/05 | Steven M. Bauer, Esq. | Jack Turner; Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 430. | 04/29/05 | Karin Rivard, Esq. | Jack Turner | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 431. | 04/29/05 | Karin Rivard, Esq. | Magdalen Christian | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 1 |
| 432. | 04/29/05 | Jack Turner | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 433. | 04/29/05 | Karin Rivard, Esq. | Steven M. Bauer, Esq.; Mark DiVincenzo, Esq. | Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 434. | 04/29/05 | Steven M. Bauer, Esq. | Karin Rivard, Esq.; Mark DiVincenzo, Esq. | Jack Turner | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 2 |
| 435. | 04/29/05 | Mark DiVincenzo, Esq. | Steven M. Bauer, Esq.; Karin Rivard, Esq. | Jack Turner | Email re: Harman's lawsuit against MIT reflecting provision legal advice and strategy in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 436. | 04/29/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Steven M. Bauer, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting request for legal advice and strategy in the course of current litigation | AC/WP | 3 |
| 437. | 04/29/05 | Mark DiVincenzo, Esq. | Karin Rivard, Esq. | Steven M. Bauer, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 3 |
| 438. | 04/29/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | Steven M. Bauer, Esq.; Jack Turner | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 3 |
| 439. | 05/03/05 | Jack Turner | Steven M. Bauer, Esq. | Christopher M. Schmandt; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 440. | 05/04/05 | Steven M. Bauer, Esq. | Christopher M. Schmandt; Robert Swartz | Jack Turner Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 2 |
| 441. | 05/10/05 | Steven M. Bauer, Esq. | Jack Turner; Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 442. | 05/11/05 | Karin Rivard, Esq. | Steven M. Bauer, Esq. | Jack Turner | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 2 |
| 443. | 05/11/05 | Jack Turner | Kimberly A. Mottley, Esq. | Steven M. Bauer, Esq.; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 2 |
| 444. | 05/11/05 | Jack Turner | Kimberly A. Mottley, Esq. | Steven M. Bauer, Esq.; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 2 |
| 445. | 05/11/05 | Kimberly A. Mottley, Esq. | Jack Turner | Steven M. Bauer, Esq.; Karin Rivard, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 2 |
| 446. | 05/12/05 | Karin Rivard, Esq. | Kimberly A. Mottley, Esq. | Jack Turner; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and strategy in the course of current litigation | AC/WP | 3 |
| 447. | 05/12/05 | Kimberly A. Mottley, Esq. | Karin Rivard, Esq. | Jack Turner; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 448. | 05/12/05 | Karin Rivard, Esq. | Kimberly A. Mottley, Esq. | Jack Turner; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 3 |
| 449. | 05/12/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice and strategy in the course of current litigation | AC/WP | 4 |
| 450. | 05/12/05 | Karin Rivard, Esq. | Kimberly A. Mottley, Esq. | Jack Turner; Steven M. Bauer, Esq.; Mark DiVincenzo, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and strategy in the course of current litigation | AC/WP | 1 |
| 451. | 05/12/05 | Kimberly A. Mottley, Esq. | Karin Rivard, Esq.; Jack Turner; Mark DiVincenzo, Esq. | Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 2 |
| 452. | 05/12/05 | Karin Rivard, Esq. | Kimberly A. Mottley, Esq. | Jack Turner; Mark DiVincenzo, Esq.; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 3 |
| 453. | 05/12/05 | Karin Rivard, Esq. | Kimberly A. Mottley, Esq. | Jack Turner; Mark DiVincenzo, Esq.; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice and strategy in the course of current litigation | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 69 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 454. | 05/12/05 | Karin Rivard, Esq. | Mark DiVincenzo, Esq. | | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 1 |
| 455. | 05/12/05 | Jack Turner | Karin Rivard, Esq.; Kimberly A. Mottley, Esq. | Mark DiVincenzo, Esq.; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting request for legal advice in the course of current litigation | AC/WP | 3 |
| 456. | 05/12/05 | Kimberly A. Mottley, Esq. | Jack Turner; Karin Rivard, Esq. | Mark DiVincenzo, Esq.; Steven M. Bauer, Esq. | Email re: Harman's lawsuit against MIT reflecting provision of legal advice and strategy in the course of current litigation | AC/WP | 4 |
| 457. | 05/12/05 | Kimberly A. Mottley, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 3 |
| 458. | 05/12/05 | Karin Rivard, Esq. | Richelle Nessralla, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 1 |
| 459. | 05/12/05 | Karin Rivard, Esq. | Kimberly A. Mottley, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 1 |
| 460. | 05/12/05 | Kimberly A. Mottley, Esq. | Karin Rivard, Esq. | | Email re: Harman's lawsuit against MIT reflecting provision of legal advice in the course of current litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 461. | | | | | Produced in redacted form as Bates No. MIT 06992-06993 | NR | 2 |
| 462. | | | | | Produced in its entirety as Bates No. MIT 06994-07008 | | |
| 463. | | | | | Produced in its entirety as Bates No. MIT 07009-07029 | | |
| 464. | | | | | Produced in its entirety as Bates No. MIT 007030-07053 | | |
| 465. | | Robert Swartz | | | Handwritten document prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 466. | | Charles Call, Esq. | | | Chart reflecting legal advice and strategy in anticipation of litigation | AC/WP | 2 |
| 467. | | | | | Produced in its entirety as Bates nos. MIT 06659-06660 | | |
| 468. | | Robert Swartz | Bruce Bullock | | Document internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 2 |
| 469. | 2/14/92 | Irene Abrams | John Hynes | | Internal MIT memorandum reflecting communication with MIT counsel re: patent prosecution | AC | 1 |
| 470. | | | | | Produced in its entirety as Bates No. MIT 07054 | | |

Page 71 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 471. | 11/14/01 | Robert Swartz | | | Document internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 11 |
| 472. | 10/5/04 | Charles Call, Esq. | Robert Swartz | | Email requesting information for purpose of rendering legal advice re: license negotiations in anticipation of litigation | AC/WP | 1 |
| 473. | 10/5/04 | Charles Call, Esq. | Robert Swartz | | Email requesting information for rendering legal advice re: license negotiations in anticipation of litigation | AC/WP | 1 |
| 474. | 10/5/04 | Charles Call, Esq. | Robert Swartz | | Email requesting information for rendering legal advice re: license negotiations in anticipation of litigation | AC/WP | 7 |
| 475. | 10/5/04 | Charles Call, Esq. | Robert Swartz | | Email reflecting legal advice re: license negotiations in anticipation of litigation | AC/WP | 1 |
| 476. | 10/6/04 | Charles Call, Esq. | Robert Swartz | Christopher M. Schmandt | Email reflecting legal advice re: license negotiations in anticipation of litigation | AC/WP | 1 |
| 477. | 10/6/04 | Charles Call, Esq. | Robert Swartz | Christopher M. Schmandt | Email reflecting legal advice re: license negotiations in anticipation of litigation | AC/WP | 1 |
| 478. | 10/6/04 | Charles Call, Esq. | Christopher M. Schmandt | Robert Swartz | Email requesting information for purpose of rendering legal advice in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 72 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 479. | 10/16/04 | Charles Call, Esq. | Robert Swartz; Christopher M. Schmandt | | Email rendering legal advice in context of license negotiations in anticipation of litigation | AC/WP | 19 |
| 480. | 10/19/04 | Charles Call, Esq. | Christopher M. Schmandt; Robert Swartz | | Email requesting information for purpose of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 481. | 10/19/04 | Charles Call, Esq. | Christopher M. Schmandt | Robert Swartz | Email rendering legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 482. | 10/21/04 | Charles Call, Esq. | Robert Swartz | Christopher M. Schmandt | Email rendering legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 2 |
| 483. | 10/28/04 | Charles Call, Esq. | Robert Swartz | | Email rendering legal advice in context of licensing negotiations in anticipation of litigation Produced in redacted form as Bates No. MIT 04851 | AC/WP | 1 |
| 484. | 11/5/04 | Charles Call, Esq. | Robert M. McClure | Robert Swartz | Email rendering legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 485. | 11/11/04 | Charles Call, Esq. | Robert M. McClure | Robert Swartz | Email rendering legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 73 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 486. | | Charles Call, Esq. | | | Draft letter reflecting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 13 |
| 487. | 11/15/04 | Charles Call, Esq. | Robert Swartz | | Email requesting information for purpose of rendering legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 2 |
| 488. | | Charles Call, Esq. | | | Draft letter reflecting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 25 |
| 489. | 11/5/04 | Charles Call, Esq. | Robert M. McClure | Robert Swartz; Charles Call, Esq. | Email rendering legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 490. | 11/8/04 | Robert M. McClure | Charles Call, Esq., Robert Swartz | | Email referring to legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 491. | 11/12/04 | Robert M. McClure | Charles Call, Esq. | Robert Swartz | Email referring to legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 3 |
| 492. | | Charles Call, Esq. | | | Draft letter to client reflecting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 25 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 493. | | Robert Swartz | | | Document reflecting strategy prepared in anticipation of litigation internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 6 |
| 494. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email providing information for purpose of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 495. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email reflecting request for legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 496. | 10/9/04 | Robert Swartz | Charles Call, Esq. | Christopher M. Schmandt | Email referring to request for information for purpose of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 497. | 10/9/04 | Robert Swartz | Charles Call, Esq. | | Email referring to request for information for purpose of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 498. | 10/16/04 | Robert Swartz | Charles Call, Esq. | Christopher M. Schmandt | Email referring to request for information for purpose of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 4 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 75 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 499. | 10/20/04 | Robert Swartz | Charles Call, Esq. | | Email referring to request for information for purpose of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 2 |
| 500. | 11/15/04 | Robert Swartz | Charles Call, Esq. | | Email referring to legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 2 |
| 501. | 11/11/04 | Robert Swartz | Charles Call, Esq. | | Email referring to legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 502. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email responding to request for information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 503. | 11/16/04 | Robert Swartz | Charles Call, Esq. | | Email requesting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 504. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email requesting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 2 |
| 505. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email providing information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |

Page 76 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 506. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email responding to request for information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 507. | 10/6/04 | Robert Swartz | Charles Call, Esq. | | Email providing information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 508. | 11/4/04 | Robert Swartz | Charles Call, Esq. | Robert M. McClure | Email providing information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 509. | 11/12/04 | Robert Swartz | Charles Call, Esq. | | Email responding to legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 510. | 7/9/04 | Robert Swartz | Joseph Grear, Esq.; Keith Vogt, Esq. | | Email providing information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 511. | 7/9/04 | Robert Swartz | Joseph Grear, Esq.; Keith Vogt, Esq. | | Email providing information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 512. | 9/19/03 | Robert Swartz | Keith Vogt, Esq. | | Email responding to request for information for purposes of obtaining legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 513. | 1/6/04 | Robert Swartz | Keith Vogt, Esq. | | Chart requesting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 514. | 3/2/04 | Robert Swartz | Keith Vogt, Esq. | | Email requesting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 515. | 10/5/04 | Robert Swartz | Charles Call, Esq. | | Email requesting legal advice in context of licensing negotiations in anticipation of litigation | AC/WP | 1 |
| 516. | | Robert Swartz | | | Draft correspondence reflecting provision of legal advice prepared in anticipation of litigation re: license negotiations | WP | 3 |
| 517. | | Robert Swartz | | | Handwritten document prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 518. | | Robert Swartz | | | Handwritten document prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 519. | | Robert Swartz | | | Handwritten document prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 78 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 520. | | Robert Swartz | | | Handwritten document prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 521. | | Robert Swartz | | | Document with handwritten notations prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 522. | | Robert Swartz | | | Email internal to MIT personnel with handwritten notations prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 523. | | Robert Swartz | | | Handwritten notes reflecting provision of legal advice re: licensing negotiations prepared in anticipation of litigation | WP | 2 |
| 524. | | Robert Swartz | | | Handwritten notations providing information for the purpose obtaining legal advice in the context of license negotiations; Produced in redacted form as Bates No. MIT 04092 – MIT 04179 | AC | 6 |
| 525. | 3/24/93 | John T. Preston | Dr. James R. Davis; Christopher M. Schmandt; John Hynes | | MIT internal communications reflecting communication with MIT counsel re: patent prosecution; Produced as Bates Nos. MIT 04073 – MIT 04082 | AC | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 526. | 3/15/93 | Sam Pasternack, Esq. | John T. Preston | | Attorney-client communication with handwritten notes reflecting provision of legal advice re: patent prosecution; Produced in redacted form as Bates No. MIT 04083 | AC | 1 |
| 527. | | Robert Swartz | | | Handwritten notations providing information for the purpose obtaining legal advice, in the context of license negotiations Produced in redacted form as Bates Nos. MIT 02422 – MIT 02436 | AC | 2 |
| 528. | | Robert Swartz | | | Handwritten notes reflecting provision of legal advice in anticipation of litigation, in the context of license negotiations; Produced in redacted form as Bates Nos. MIT 02420 – MIT 02421 | WP | 2 |
| 529. | | Robert Swartz | | | Handwritten notes reflecting provision of legal advice in anticipation of litigation in the context of license negotiations; Produced in redacted form as Bates No. MIT 02419 | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 530. | | | | | Produced in its entirety as Bates No. MIT 07066-07076 | | |
| 531. | | | | | Produced in its entirety as Bates No. MIT 07077-07079 | | |
| 532. | | | | | Produced in its entirety as Bates No. MIT 07080-07084 | | |
| 533. | | | | | Formerly produced in redacted form as Bates Nos. MIT 01674 – MIT 01706; produced in its entirety as Bates nos. MIT 06668-06700 | | |
| 534. | | | | | Formerly produced in redacted form as Bates Nos. MIT 01715 - 01748; Produced in its entirety as Bates nos. MIT 06701-06734 | | |
| 535. | | Karin Rivard, Esq. | | | Attorney draft agreement containing handwritten notes; Produced in redacted form as Bates Nos. MIT 01288 – MIT 01293 | AC/WP | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 536. | | MIT personnel | Robert Schwartz | | Document drafted at the direction of counsel containing confidential non-responsive information; Produced in redacted form as Bates nos. MIT 01391-01397 (remainder of documents previously logged as Entry No. 536 now logged as Entry Nos. 800-802). | Non-responsive | 2 |
| 537. | | Jack Turner | Karin Rivard, Esq., Steven M. Bauer, Esq. | Lita Nelsen | E-mail containing non-responsive attorney-client communication sent in anticipation of litigation Produced in redacted form as Bates Nos. MIT 00141 – MIT 00144 | AC/WP/ | 1 |
| 538. | | John Pint, Esq. | | | Document with handwritten notes reflecting legal advice in anticipation of litigation Produced in redacted form as Bates Nos. MIT 02113 – MIT 02117 | AC/WP | 5 |
| 539. | | MIT Personnel | | | Handwritten notes requesting legal advice in anticipation of litigation Produced in redacted form as Bates No. MIT 01301 | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 82 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 540. | | David Geist | | | Handwritten notations providing information for the purpose of obtaining legal advice, prepared in the context of license; Produced in redacted form as Bates Nos. MIT 01168 – MIT 01169 | WP | 1 |
| 541. | 3/2/04 | Keith Vogt, Esq. | Robert Swartz | | Email reflecting legal advice regarding license negotiations prepared in anticipation of litigation Produced in redacted form as Bates No. MIT 05568 | AC/WP | 1 |
| 542. | 2/26/05 | Robert Swartz | Thomas Sadtler; Charles Call, Esq.; Christopher Schmandt; Walter Bender | | Email containing a confidential communication providing information for purpose of obtaining legal advice re: license negotiations prepared in anticipation of litigation Produced in redacted form as Bates No. MIT 05578 – MIT 05579 | AC/WP | 1 |
| 543. | 11/30/04 | John H. Turner, Jr. | Robert Swartz | Karin Rivard, Esq. | Email reflecting legal advice concerning license negotiations prepared in anticipation of litigation Produced in its entirety as Bates No. MIT 07085 | AC/WP | 1 |
| 544. | | | | | | | |
| 545. | 2/11/04 | Keith Vogt, Esq. | Chris Schmandt | Robert Swartz; Joseph A. Grear, Esq.; mmstadlaw@aol.com | Email reflecting legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 83 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 546. | 2/11/04 | Keith Vogt, Esq. | Chris Schmandt | Joseph A. Grear, Esq.; mmstadlaw@aol.com; Robert Swartz | Email requesting information for purpose of rendering legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 547. | 2/11/04 | Keith Vogt, Esq. | Robert Swartz | | Email of attorney-client correspondence reflecting legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 548. | 9/16/03 | Keith Vogt, Esq. | Robert Swartz | Joseph A. Grear, Esq. | Email requesting information for purpose of rendering legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 549. | | | | | Produced in its entirety as Bates No. MIT 07086 | | |
| 550. | | | | | Produced in its entirety as Bates No. MIT 07087 | | |
| 551. | | | | | Produced in its entirety as Bates No. MIT 07088 | | |
| 552. | | | | | Produced in its entirety as Bates No. MIT 07089 | | |
| 553. | | | | | Produced in its entirety as Bates No. MIT 07090 | | |
| 554. | | | | | Produced in its entirety as Bates No. MIT 07091-07092 | | |
| 555. | | | | | Produced in its entirety as Bates No. MIT 07093 | | 1 |
| 556. | | | | | Produced in its entirety as Bates No. MIT 07094 | | |

Page 84 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 557. | 2/28/05 | Tom Sadtler | Robert Swartz | Charles Call, Esq.; Walter R. Bender | Email requesting legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 558. | 1/18/05 | Robert Swartz | Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 559. | 1/18/05 | Chris Schmandt | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 560. | 11/14/04 | Chris Schmandt | Robert Swartz | Charles Call, Esq. | Email requesting legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 561. | 11/13/04 | Chris Schmandt | Robert Swartz | Charles Call, Esq. | Email containing a confidential communication responding to legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 562. | 10/19/04 | Robert Swartz | Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 563. | 10/16/04 | Chris Schmandt | Charles Call, Esq.; Robert Swartz | | Email providing information for purposes of obtaining legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 564. | 10/12/04 | Robert Swartz | Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 565. | 10/9/04 | Robert Swartz | Charles Call, Esq. | Chris Schmandt | Email responding to legal advice concerning license negotiations prepared in anticipation of litigation | AC/WP | 1 |
| 566. | 9/19/04 | Robert Swartz | Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 567. | 8/23/04 | Robert Swartz | Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 568. | 8/23/04 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 569. | | | | | Removed from Privilege Log | NR | |
| 570. | | | | | Produced in its entirety as Bates No. MIT 07095 | | |

Page 86 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 571. | 7/23/04 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel concerning license negotiations prepared in anticipation of litigation; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |
| 572. | | | | | Produced in its entirety as Bates No. MIT 07096 | | |
| 573. | | | | | Produced in its entirety as Bates No. MIT 07097 | | |
| 574. | 6/24/04 | Robert Swartz | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 1 |
| 575. | 5/20/04 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |
| 576. | | | | | Produced in its entirety as Bates No. MIT 07098 | | 1 |
| 577. | | | | | Produced in its entirety as Bates No. MIT 07099 | | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 578. | 3/26/04 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |
| 579. | | | | | Produced in its entirety as Bates No. MIT 07100 | | |
| 580. | | | | | Produced in its entirety as Bates No. MIT 07101 | | |
| 581. | | | | | Produced in its entirety as Bates No. MIT 07102 | | |
| 582. | | | | | Produced in its entirety as Bates No. MIT 07103 | | |
| 583. | 2/19/04 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |
| 584. | | | | | Produced in its entirety as Bates No. MIT 07104 | | |
| 585. | | | | | Produced in its entirety as Bates No. MIT 07105 | | |
| 586. | 2/12/04 | Robert Swartz | Chris Schmandt; Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 587. | 2/12/04 | Chris Schmandt | Robert Swartz; Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 588. | | | | | Removed from Privilege Log | NR | |
| 589. | 1/6/04 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |
| 590. | 12/21/03 | Robert Swartz | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 591. | | | | | Produced in its entirety as Bates nos. MIT 06661-06663 | | |
| 592. | | | | | Produced in its entirety as Bates No. MIT 07106 | | |
| 593. | | | | | Produced in its entirety as Bates No. MIT 07107 | | |
| 594. | | | | | Produced in its entirety as Bates No. MIT 07108-07109 | | |
| 595. | 12/15/03 | Robert Swartz | Teresa Kratman | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 89 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 596. | 12/15/03 | Teresa Kratman | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 2 |
| 597. | | | | | Produced in its entirety as Bates nos. MIT 06664-06665 | | |
| 598. | 12/15/03 | Robert Swartz | Walter Bender | Deb Cohen; Teresa Kratman; Chris Schmandt; | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 599. | | | | | Produced in its entirety as Bates No. MIT 07110 | | |
| 600. | 12/13/03 | Chris Schmandt | Walter Bender | Deb Cohen; Robert Swartz; Teresa Kratman | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 601. | | | | | Produced in its entirety as Bates no. MIT 06666 | | |
| 602. | | | | | Produced in its entirety as Bates no. MIT 06667 | | |
| 603. | 8/22/03 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 604. | 7/24/03 | Robert Swartz | Walter Bender; Chris Schmandt | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (emails reflecting discussions with Harman and with MIT's counsel relating to licensing) | AC/WP | 2 |
| 605. | 5/7/03 | Chris Schmandt | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 606. | 2/28/03 | Chris Schmandt | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 607. | 2/28/03 | Walter Bender | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 608. | 2/11/03 | Robert Swartz | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 609. | 2/11/03 | Walter Bender | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 610. | 2/11/03 | Robert Swartz | Walter Bender | | Email, letter draft document internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 2 |
| 611. | | | | | Produced in its entirety as Bates No. MIT 07111 | | |
| 612. | 9/11/01 | Bruce Bullock | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 613. | 9/10/01 | Robert Swartz | Bruce Bullock | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 614. | 9/7/01 | Robert Swartz | Bruce Bullock | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 615. | 9/7/01 | Bruce Bullock | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 616. | 9/6/01 | Robert Swartz | Bruce Bullock | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 617. | | | | | Produced in its entirety as Bates No. MIT 07112 | | |

Page 92 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 618. | | | | | Produced in its entirety as Bates No. MIT 07113 | | |
| 619. | 12/15/99 | John H. Turner, Jr. | tlofile@mit.edu; Andrew Barry | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 6 |
| 620. | 7/26/99 | Bruce Bullock | John H. Turner, Jr. | tlofile@mit.edu; Carolyn Beaty | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 621. | 7/26/99 | John H. Turner, Jr. | Bruce Bullock | tlofile@mit.edu; Carolyn Beaty | Email internal to MIT personnel prepared in anticipation of litigation re: license negotiations | WP | 1 |
| 622. | | Samuel Pasternack, Esq. | | | Handwritten notations containing a confidential communication reflecting provision of legal advice concerning patent prosecution; produced in redacted form as Bates No. MIT 05719 | AC/WP | 1 |
| 623. | 11/22/96 | Samuel Pasternack, Esq. | David Geist | | Letter containing a confidential communication reflecting provision of legal advice reflecting request for legal advice concerning license negotiations; produced in redacted form as Bates Nos. MIT 05746-5748 | AC/WP | 1 |
| 624. | 06/27/96 | David Geist | Samuel Pasternack, Esq. | | Letter containing a confidential communication reflecting request for legal advice in | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 93 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | the context of license negotiations; produced in redacted form as Bates Nos. MIT 057490-05751 | | |
| 625. | 11/22/96 | Samuel Pasternack, Esq. | David Geist | | Letter with handwritten notations containing a confidential communication reflecting request for legal advice in the context of license negotiations; produced in redacted form as Bates Nos. MIT 05746-5748 | AC/WP | 1 |
| 626. | 03/07/96 | Samuel Pasternack, Esq. | John H. Turner, Jr. | | Letter with handwritten notations containing a confidential communication reflecting provision of legal advice re: license negotiations; produced in redacted form as Bates Nos. MIT 06011-06014 | AC/WP | 1 |
| 627. | 04/05/96 | David Geist | Samuel Pasternack, Esq. | | Letter containing a confidential communication reflecting provision of legal advice in the context of license negotiations; produced in redacted form as Bates Nos. MIT 06032-06034 | AC/WP | 1 |
| 628. | 04/12/96 | David Geist | Samuel Pasternack, Esq. | | Letter providing information for the purpose of obtaining legal advice in the context of | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 94 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | license negotiations; produced in redacted form as Bates Nos. MIT 06035-06047 | | |
| 629. | 04/27/92 | John Hynes | Samuel Pasternack, Esq. | | Letter containing a confidential communication reflecting request for legal advice in the course of prosecution of patent | AC | 11 |
| 630. | 04/27/92 | Diane Gaylor | Brian Ogonowsky, Esq. | | Letter containing a confidential communication reflecting provision of legal advice regarding patent prosecution; produced in redacted form as Bates Nos. MIT 06109-06119 | AC | 1 |
| 631. | | Samuel Pasternack, Esq. | | | Document with attorney handwritten notations containing a confidential communication reflecting provision of legal advice; produced in redacted form as Bates Nos. MIT 06123-06125 | AC | |
| 632. | | Samuel Pasternack, Esq. | | | Agreement with attorney handwritten notations regarding license negotiations prepared in anticipation of litigation; produced in redacted form as Bates Nos. MIT 06126-06130 | AC/WP | 1 |
| 633. | 07/08/92 | Samuel Pasternack, Esq. | Jean Weidemier, Esq. | Philip Rittmueller | Attorney-client | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | Brian Ogonowsky, Esq. | correspondence reflecting provision of legal advice regarding patent prosecution; produced in redacted form as Bates Nos. 06156-06157 | | |
| 634. | | David Geist | Samuel Pasternack, Esq. | | Letter with handwritten notations containing a confidential communication reflecting request for legal advice in the context of license negotiations; produced in redacted form as Bates Nos. MIT 06158-06159 | AC/WP | 1 |
| 635. | 03/05/96 | David Geist | Samuel Pasternack, Esq. | | Attorney-client communications re: license negotiations reflecting request for legal advice in the context of license negotiations; produced in redacted form as Bates Nos. MIT 06160-06162 | AC/WP | 1 |
| 636. | | Diane Gaylor | Judy Filamond | | Document with attorney handwritten notations rendering legal advice in the course of prosecution of patent | AC | 1 |
| 637. | | Samuel Pasternack, Esq. | | | Draft document containing a confidential communication reflecting provision of legal advice in the course of prosecution of patent | AC | 14 |
| 638. | | Samuel Pasternack, Esq. | | | Draft document | AC | 14 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | containing a confidential communication reflecting provision of legal advice in the course of prosecution of patent | | |
| 639. | | Samuel Pasternack, Esq. | | | Draft document with attorney handwritten notations containing a confidential communication reflecting provision of legal advice in the course of prosecution of patent | AC | 15 |
| 640. | | Samuel Pasternack, Esq. | | | Handwritten document with attorney handwritten notations containing a confidential communication re: license negotiations | WP/AC | 1 |
| 641. | | Samuel Pasternack, Esq. | | | Handwritten document with attorney handwritten notations containing a confidential communication reflecting provision of legal advice in the course of prosecution of patent | AC | 1 |
| 642. | 06/90 | James Davis | Samuel Pasternack, Esq. | | Fax with handwritten notations containing a confidential communication and reflecting a request for legal advice in the course of prosecution of patent | AC | 3 |
| 643. | 10/25/90 | Jennifer Ramsay for Diane Gaylor | John Preston | | Attorney-client communications | AC | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 97 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | rendering legal advice in the course of prosecution of patent | | |
| 644. | 06/10/91 | Jean Weidemier, Esq. | Diane Gaylor | John Preston Philip Rittmueller | Attorney-client communication rendering legal advice in the course of prosecution of patent | AC | 1 |
| 645. | 03/20/92 | Samuel Pasternack, Esq. | | | Attorney-client communications with attorney handwritten notations reflecting request for legal advice re: license negotiations prepared in anticipation of litigation in the course of prosecution of patent | AC/WP | 1 |
| 646. | 03/22/92 | Samuel Pasternack, Esq. | | | Attorney-client communications with attorney handwritten notations reflecting request for legal advice in the course of prosecution of patent | AC | 2 |
| 647. | 04/27/92 | Brian Ogonowsky, Esq. | Diane Gaylor | Philip Rittmueller | Attorney-client communications reflecting provision of legal advice and responding to previous attorney-client communications concerning patent prosecution | AC | 1 |
| 648. | 04/27/92 | Diane Gaylor | Keith (Last name unknown) | | Communication by agent of MIT requesting information for the purpose of rendering legal | AC | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 98 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | advice in the course of prosecution of patent | | |
| 649. | 08/12/92 | Diane Gaylor | | | Document referring to a confidential communication rendering legal advice in the course of prosecution of patent | AC | 1 |
| 650. | 03/07/96 | Samuel Pasternack, Esq. | John H. Turner, Jr. | | Attorney-client communications reflecting provision of legal advice re: license negotiations | AC/WP | 4 |
| 651. | | Samuel Pasternack, Esq. | | | Patent with attorney handwritten notations reflecting provision of legal advice re: time billed | AC | 22 |
| 652. | | Samuel Pasternack, Esq. | | | Draft patent claims with attorney handwritten notations in the course of prosecution of patent | AC | 8 |
| 653. | | Samuel Pasternack, Esq. | | | Draft patent claims with attorney handwritten notations in the course of prosecution of patent | AC | 53 |
| 654. | | Samuel Pasternack, Esq. | | | Draft patent claims with attorney handwritten notations in the course of prosecution of patent | AC | 53 |
| 655. | | Samuel Pasternack, Esq. | | | Draft document created in the course of providing legal advice re: patent prosecution | AC | 2 |
| 656. | | Samuel Pasternack, Esq. | | | Draft document created in the course of providing legal advice re: patent | AC/WP | 5 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | prosecution | | |
| 657. | | Samuel Pasternack, Esq. | | | Draft document with attorney handwritten notations created in the course of providing legal advice re: patent prosecution | AC/WP | |
| 658. | | James Davis | Samuel Pasternack, Esq. | | Draft document providing information for the purpose of obtaining legal advice re: patent prosecution | AC/WP | |
| 659. | | Samuel Pasternack, Esq. | | | Draft document with attorney handwritten notations created in the course of providing legal advice re: patent prosecution | AC/WP | 130 |
| 660. | | Samuel Pasternack, Esq. | | | Draft document created in the course of providing legal advice re: patent prosecution | AC/WP | 3 |
| 661. | 06/21/90 | James Davis | Samuel Pasternack, Esq. | | Draft document created in the course of providing legal advice re: patent prosecution | AC/WP | 18 |
| 662. | 06/21/90 | MIT | Samuel Pasternack, Esq. | | Attorney-client communications reflecting provision of legal advice in the course of patent prosecution produced in redacted form as MIT 05654-05655 | AC | 2 |
| 663. | 10/02/91 | Jean Weidemier, Esq. | Samuel Pasternack, Esq. | Penny Blaisdell Diane Gaylor Robert Greene | Attorney-client communications reflection provision of | AC | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 100 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | legal advice concerning patent prosecution | | |
| 664. | 10/06/04 | MIT Personnel | Charles Call, Esq. | John Hynes John Preston Philip Rittmueller | Attorney-client communications reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation; Produced in redacted form as Bates nos. MIT 06541-06547 | AC/WP | 7 |
| 665. | 10/05/04 | Robert Swartz | Charles Call, Esq. | | Attorney-client communications reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation; Produced in redacted form as Bates no. MIT 06548 | AC/WP | 1 |
| 666. | 10/28/04 | Charles Call, Esq. | Robert Swartz | | Attorney-client communications reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation; Produced in redacted form as Bates no. MIT 06549 | AC/WP | 1 |
| 667. | 02/26/05 | Robert Swartz | Thomas Sadtler Charles Call, Esq. Christopher M. Schmandt Walter Bender | | Attorney-client communications reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation; | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 101 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | Produced in redacted form as Bates nos. MIT 06550-06551 | | |
| 668. | 02/28/05 | Thomas Sadtler | Robert Swartz | Charles Call, Esq. Walter Bender | Attorney-client communications reflecting provision of legal advice re: license negotiations prepared in anticipation of litigation; Produced in redacted form as Bates nos. MIT 06552-06554 | AC/WP | 3 |
| 669. | 10/06/04 | MIT Personnel | Charles Call, Esq. | | Attorney-client communications requesting legal advice in the course of license negotiations; Produced in redacted form as Bates nos. MIT 06555-06567 | AC/WP | |
| 670. | 10/13/04 | MIT Personnel | Charles Call, Esq. | | Attorney-client communications requesting legal advice in the course of license negotiations; Produced in redacted form as Bates nos. MIT 06568-06571 | AC/WP | 4 |
| 671. | 01/20/05 | MIT Personnel | Charles Call, Esq. | | Attorney-client communications requesting provision of legal advice in course of license negotiations | AC/WP | 10 |
| 672. | | Charles Call, Esq. | | | Document with attorney handwritten notations reflecting provision of | WP | 165 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 102 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 673. | | Charles Call, Esq. | | | legal advice in course of license negotiations | | |
| 674. | 01/21/05 | | Charles Call, Esq. | | Draft document reflecting request for legal advice in course of patent prosecution | AC | 4 |
| 675. | 11/16/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 676. | 11/15/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 677. | 11/15/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 3 |
| 678. | 11/15/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 2 |
| 679. | 11/15/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| | 11/15/04 | Charles Call, Esq. | Christopher M. Schmandt Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 680. | 11/14/04 | Christopher M. Schmandt | Robert Swartz | Charles Call, Esq. | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 681. | 11/13/04 | Christopher M. Schmandt | Robert Swartz | Charles Call, Esq. | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 2 |
| 682. | 11/12/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 683. | 11/12/04 | Robert M. McClure | Charles Call, Esq. | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 4 |
| 684. | 11/11/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 685. | 11/11/04 | Robert M. McClure | Charles Call, Esq. | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 686. | 11/11/04 | Charles Call, Esq. | Robert M. McClure | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 687. | 11/11/04 | Charles Call, Esq. | Robert M. McClure | Robert Swartz | Email of attorney-client | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 104 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | communications requesting provision of legal advice in the context of licensing negotiations | | |
| 688. | 11/08/04 | Robert M. McClure | Charles Call, Esq. Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 689. | 11/05/04 | Robert M. McClure | Charles Call, Esq. | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 690. | 11/05/04 | Charles Call, Esq. | Robert M. McClure Charles Call, Esq. | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 691. | 11/05/04 | Charles Call, Esq. | Robert M. McClure Charles Call, Esq. | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 2 |
| 692. | 11/05/04 | Charles Call, Esq. | Robert M. McClure | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 2 |
| 693. | 11/04/04 | Robert Swartz | Charles Call, Esq. | Robert M. McClure | Email providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 694. | 10/21/04 | Charles Call, Esq. | Robert Swartz | Christopher M. Schmandt | Email of attorney-client communications | AC/WP | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 105 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | requesting provision of legal advice in the context of licensing negotiations | | |
| 695. | 10/20/04 | Robert Swartz | Charles Call, Esq. | | Email referring to legal advice previously provided in the context of licensing negotiations | AC/WP | 1 |
| 696. | 10/19/04 | Christopher M. Schmandt | Charles Call, Esq. Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 697. | 10/19/04 | Christopher M. Schmandt | Charles Call, Esq. | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 698. | 10/19/04 | Charles Call, Esq. | Christopher M. Schmandt Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 699. | 10/19/04 | Charles Call, Esq. | Christopher M. Schmandt | Robert Swartz | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 700. | 10/18/04 | Robert Swartz | Charles Call, Esq. Christopher M. Schmandt | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 701. | 10/16/04 | Robert Swartz | Charles Call, Esq. | Christopher M. Schmandt | Email of attorney-client communications providing information for purpose of obtaining legal | AC/WP | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 106 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | advice in the context of licensing negotiations | | |
| 702. | 10/16/04 | Christopher M. Schmandt | Charles Call, Esq. Robert Swartz | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 2 |
| 703. | 10/16/04 | Christopher M. Schmandt | Charles Call, Esq. Robert Swartz | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 704. | 10/16/04 | Charles Call, Esq. | Christopher M. Schmandt Robert Swartz | | Email of attorney-client communications reflecting provision of legal advice in the context of licensing negotiations | AC/WP | 3 |
| 705. | 10/09/04 | Robert Swartz | Charles Call, Esq. | Christopher M. Schmandt | Email of attorney-client communications reflecting provision of legal advice in the context of licensing negotiations | AC/WP | 2 |
| 706. | 10/09/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of license negotiations | AC/WP | 2 |
| 707. | 10/07/04 | Christopher M. Schmandt | Charles Call, Esq. | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of license negotiations | AC/WP | 3 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 107 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 708. | 10/07/04 | Charles Call, Esq. | Christopher M. Schmandt | | Email of attorney-client communications reflecting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 709. | 10/06/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of license negotiations | AC/WP | 1 |
| 710. | 10/06/04 | Christopher M. Schmandt | Charles Call, Esq. Robert Swartz | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 711. | 10/06/04 | Christopher M. Schmandt | Charles Call, Esq. | | Email of attorney-client communications made in preparation of confidential communication reflecting provision of legal advice in the context of license negotiations | AC/WP | 1 |
| 712. | 10/06/04 | Christopher M. Schmandt | Charles Call, Esq. | Robert Swartz | Email of attorney-client communications reflecting request for legal advice in the context of license negotiations | AC/WP | 1 |
| 713. | 10/06/04 | Christopher M. Schmandt | Charles Call, Esq. | | Email of attorney-client communications made in preparation of confidential communication reflecting provision of legal advice in the context of license | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 108 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | negotiations | | |
| 714. | 10/06/04 | Charles Call, Esq. | Robert Swartz | Christopher M. Schmandt | Email of attorney-client communications reflecting provision of legal advice in the context of license negotiations | AC/WP | 1 |
| 715. | 10/06/04 | Charles Call, Esq. | Christopher M. Schmandt | | Email of attorney-client communications reflecting provision of legal advice in the context of license negotiations | AC/WP | 1 |
| 716. | 10/06/04 | Charles Call, Esq. | Christopher M. Schmandt | Robert Swartz | Email of attorney-client communications requesting information for purpose of rendering legal advice in the context of license negotiations | AC/WP | 1 |
| 717. | 10/06/04 | Charles Call, Esq. | Christopher M. Schmandt | | Email of attorney-client communications requesting information for purpose of rendering legal advice in the context of license negotiations | AC/WP | 1 |
| 718. | 10/05/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 719. | 10/05/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 720. | 10/05/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 109 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | | |
| 721. | 10/05/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 2 |
| 722. | 10/05/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications referring to legal advice previously provided in the context of licensing negotiations | AC/WP | 2 |
| 723. | 10/05/04 | Robert Swartz | Charles Call, Esq. | | Email of attorney-client communications requesting provision of legal advice in the context of licensing negotiations | AC/WP | 2 |
| 724. | 10/05/04 | Christopher M. Schmandt | Robert Swartz | Charles Call, Esq. | Email of attorney-client communications providing information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 725. | 10/05/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications requesting information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 726. | 10/05/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications requesting information for | AC/WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| | | | | | purpose of rendering legal advice in the context of licensing negotiations | | |
| 727. | 10/05/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications requesting information for purpose of obtaining legal advice in the context of licensing negotiations | AC/WP | 1 |
| 728. | 10/05/04 | Charles Call, Esq. | Robert Swartz | | Email of attorney-client communications rendering provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 729. | | Charles Call, Esq. | | | Draft document reflecting request for legal advice in the context of licensing negotiations | WP | 6 |
| 730. | | Charles Call, Esq. | | | Draft document reflecting provision of legal advice and attorney strategy and mental impressions in the context of licensing negotiations | WP | 10 |
| 731. | | Charles Call, Esq. | | | Draft document reflecting provision of legal advice and attorney strategy and mental impressions in the context of licensing negotiations | WP | 9 |
| 732. | | Charles Call, Esq. | | | Draft document reflecting provision of legal advice and attorney strategy and mental impressions in the context of licensing negotiations | WP | 9 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 111 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 733. | | Charles Call, Esq. | | | Memorandum reflecting provision of legal advice in the context of licensing negotiations | AC/WP | 1 |
| 734. | | Charles Call, Esq. | | | Document with handwritten annotations Attorney working copy of Davis Thesis, reflecting request for legal advice in the context of licensing negotiations | WP | 2 |
| 735. | | Charles Call, Esq. | | | Document with handwritten annotations reflecting request for legal advice in the context of licensing negotiations | WP | 83 |
| 736. | 6/90-12/96 | Samuel Pasternack, Esq. | | | Document containing attorney billing records reflecting work done during prosecution and license negotiations | AC/WP | 12 |
| 737. | 12/2/88 | Hidehiro Matsumoto | Jim Davis | Christopher Schmandt | Produced in its entirety as Bates Nos, MIT 04359-04361 | | 3 |
| 738. | 1/28/89 | Jim Davis | hovy@venera.isi.edu | Jim Davis | Email communication not related to the patent in suit Produced in redacted form as Bates Nos. MIT 04361-04362 | NR | 2 |
| 739. | 2/13/1989 | Jim Davis | chin@ceta.ics.hawaii.edu | | Email communication not related to the patent in suit Produced in redacted form as Bates Nos. MIT 04362-04363 | NR | 2 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 740. | 2/13/89 | David Chin | Jim Davis | | Email communication not related to the patent in suit<br><br>Produced in redacted form as Bates No. MIT 04363 | NR | 1 |
| 741. | 3/23/89 | Jim Davis | Christopher Schmandt | | Email communication not related to the patent in suit<br><br>Produced in redacted form as Bates Nos. MIT 04363-04364 | NR | 2 |
| 742. | 5/17/89 | Barry Arons | Christopher Schmandt<br>Jim Davis | | Produced in its entirety as Bates No. MIT 04365 | | 1 |
| 743. | 7/3/89 | Jim Davis | Christopher Schmandt | | Produced in its entirety as Bates Nos, MIT 04366-04367 | | 2 |
| 744. | 7/12/89 | Jim Davis | Christopher Schmandt | | Produced in its entirety as Bates Nos, MIT 04367 - 04368 | | 2 |
| 745. | 8/12/89 | David Chapman | Jim Davis | | Produced in its entirety as Bates Nos. MIT 04368-04369 | | 2 |
| 746. | 8/30/89 | Jim Davis | | | Produced in its entirety as Bates No. MIT 04369 | | 1 |
| 747. | 9/1/89 | Sucharita Gopal | Jim Davis | | Email communication not related to the patent in suit<br><br>Produced in redacted form as Bates No. MIT 04369 | NR | 1 |
| 748. | 3/29/90 | Jim Davis | Jim Davis | | Produced in its entirety as Bates No. MIT 04370 | | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 749. | 3/29/90 | Jim Davis | Fuqua | | Email communication not related to the patent in suit Produced in redacted form as Bates Nos. MIT 04370-04371 | NR | 2 |
| 750. | 4/26/90 | Jim Davis | Christopher Schmandt | | Produced in its entirety as Bates Nos. MIT 04371-04372 | | 2 |
| 751. | 5/24/90 | Jim Davis | Jim Davis | | Produced in its entirety as Bates No. MIT 04372 | | 1 |
| 752. | 7/22/90 | Rodney Hoffman | | | Email communication not related to the patent in suit Produced in redacted form as Bates Nos. MIT 04372-04373 | NR | 2 |
| 753. | 8/28/90 | Jim Davis | Jim Davis | Christopher Schmandt | Produced in its entirety as Bates No. MIT 04373 | | 1 |
| 754. | 8/28/90 | Jim Davis | Jim Davis | Christopher Schmandt | Produced in its entirety as Bates No. MIT 04373 | | 1 |
| 755. | 10/30/90 | Jim Davis | bsd/bsd.mail | Christopher Schmandt | Produced in its entirety as Bates No. MIT 04374 | | 1 |
| 756. | 10/30/90 | Jim Davis | Walter Ronmac Muriel Bolt dbk | | Email containing confidential communication reflecting legal advice Produced in redacted form as Bates No. MIT 04374 | NR | 1 |
| 757. | 11/29/90 | cgant@media-lab.media.mit.edu | Jim Davis | cgant@media-lab.media.mit.edu | Produced in its entirety as Bates No. MIT 04374 | | 1 |
| 758. | 2/7/91 | Jussi Karlgren | Jim Davis | | Produced in its entirety as Bates Nos. MIT 04374-04375 | | 2 |

Page 114 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 759. | 4/24/91 | Jeff Helgesen | | | Email communication not related to the patent in suit Produced in redacted form as Bates Nos. MIT 04375-04376 | NR | 2 |
| 760. | 12/13/03 | Chris Schmandt | Walter Bender | deco@media.mit.edu; Robert Swartz; tkratman@media.mit.edu | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 761. | 11/18/03 | Chris Schmandt | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (email reflecting discussion with counsel in which legal advice was provided) | AC/WP | 1 |
| 762. | 7/23/04 | Chris Schmandt | Robert Swartz | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 763. | | | | | Produced in its entirety as Bates No. MIT 07114-07115 | | |
| 764. | | | | | Produced in its entirety as Bates No. MIT 07116 | | |
| 765. | | | | | Produced in its entirety as Bates No. MIT 07117-07119 | | 1 |
| 766. | | | | | Produced in its entirety as Bates No. MIT 07120-07122 | | |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 115 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 767. | | | | | Produced in its entirety as Bates No. MIT 07123 | | |
| 768. | 5/18/92 | Alla Skorokhod | Carl Accardo | Donna Baranski-Walker | Letter internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 769. | 3/4/92 | Irene Abrams | Diane Gaylor | | Faxed communication reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 770. | 3/4/92 | MIT Accounting Office | MIT TLO | Irene Abrams Nikki Borman Denise Vaillancourt Jean Weidemier, Esq. | Billing record reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 771. | 3/4/92 | Rebecca Prendergast | Irene Abrams | Rebecca Prendergast | Email reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 772. | 2/27/92 | Irene Abrams | John Hynes | Jean Weidmier; Rebecca Pendergast | Letter reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 773. | 2/25/92 | John Hynes | Jean Weidemier | | Letter reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 774. | 2/20/92 | John Hynes | Philip Rittmueller | | Letter reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 775. | 2/14/92 | Irene Abrams | John Hynes | | Letter reflecting request for legal advice in course of patent prosecution | AC | 1 |
| 776. | | | | | Produced in its entirety as Bates No. MIT 07124 | | |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 116 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 777. | 2/28/03 | Robert Swartz | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 778. | | | | | Produced in its entirety as Bates No. MIT 07125 | | |
| 779. | 2/11/03 | Robert Swartz | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 780. | | | | | Produced in its entirety as Bates No. MIT 0712607128 | | |
| 781. | | | | | Produced in its entirety as Bates No. MIT 07129-07132 | | |
| 782. | 9/22/05 | Robert Fadel | Walter Bender | Nia Lewis Felice Gardner | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations; (post-suit email reflecting advice of outside counsel regarding discovery) | AC/WP | 2 |
| 783. | 2/23/04 | Deb Cohen | Felice Gardner | Robert D. Fadel | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |

Page 117 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 784. | 12/22/03 | Deb Cohen | Walter Bender | Teresa Kratman Joseph Robens Robert D. Fadel | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | WP | 1 |
| 785. | 1/28/04 | John P. Callinan | Walter Bender | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations | NR | 2 |
| 786. | | | | | Produced in its entirety as Bates No. MIT 07133 | | |
| 787. | | | | | Produced in its entirety as Bates No. MIT 07134-07135 | | |
| 788. | | | | | Produced in its entirety as Bates No. MIT 07136 | | |
| 789. | | | | | Produced in its entirety as Bates No. MIT 07137 | | |
| 790. | | | | | Produced in its entirety as Bates No. MIT 07138-07139 | | |
| 791. | 3/11/05 | Robert D. Fadel | Geoff Wilson | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 1 |
| 792. | 3/8/05 | Robert Swartz | Robert Fadel | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 1 |

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

Page 118 of 120

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 793. | 3/11/05 | Geoff Wilson | Robert D. Fadel | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 2 |
| 794. | | | | | Produced in its entirety as Bates No. MIT 07140 | | |
| 795. | 3/11/05 | Geoff Wilson | Robert D. Fadel | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 1 |
| 796. | 3/11/05 | Robert D. Fadel | Geoff Wilson | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 1 |
| 797. | | | | | Produced in its entirety as Bates No. MIT 07141 | | |
| 798. | 3/11/05 | Geoff Wilson | Robert D. Fadel | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 1 |
| 799. | 3/11/05 | Robert D. Fadel | Geoff Wilson | | Email internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations. | WP | 1 |
| 800. | 10/5/00 | Robert Swartz | Bruce Bullock | | Memorandum containing non-responsive information | NR | 1 |

Page 119 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive

| ENTRY NO. | DATE | AUTHOR | RECIPIENTS | OTHER RECIPIENTS | DESCRIPTION | PRIV. ASSERTED | PAGES |
|---|---|---|---|---|---|---|---|
| 801. | 10/6/00 | Robert Swartz | Bruce Bullock | | Memorandum concerning prosecution activities and licensing in context of license negotiations in anticipation of litigation | AC/WP | 1 |
| 802. | 7/20/00 | Robert Swartz | Bruce Bullock | | Document containing non-responsive information | NR | 3 |
| 803. | 6/99 | MIT TLO | MIT | | Internal MIT document reflecting legal advice and attorney work product re: development and use of intellectual property in the context of patent prosecution and license negotiations | AC/WP | 22 |

Page 120 of 120

AC = Attorney-Client Privileged
WP = Work Product Protected
NR = Non-Responsive