UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | Civil Action No. 05-10990-DPW<br><br>Magistrate Judge Judith G. Dein |

## HARMAN'S OPPOSITION TO MIT'S "CONDITIONAL" MOTION TO COMPEL DISCOVERY

MIT misstates both the facts and the law in its "conditional" Motion to Compel (Docket Number 91), in which MIT claims to seek the "same" categories of documents from Harman that Harman seeks in its own Motion to Compel, filed on June 16, 2006 (Docket Number 84). MIT's Motion to Compel demonstrates its failure to comprehend the difference between the two privileges of work product and attorney-client communication. Harman's motion seeks documents for which MIT asserted *work-product* privilege but has not shown that they were created in anticipation of litigation, as required by Federal Rule of Civil Procedure 26(b)(3). On the other hand, MIT's motion seeks documents Harman has listed on its privilege log as *attorney-client communication*. Even if the documents sought by both parties involve licensing, the nature of each document is factually distinct. And, in this case, MIT is not entitled to the documents listed in its Motion to Compel because these documents are properly attorney-client communications, and Harman has supported its claim on its log.

I.  **Background Facts**

On June 16, 2006, Harman filed its currently pending Motion to Compel documents withheld by MIT (Docket Number 84). Despite two months of discussions between the parties clearly setting forth the basis for Harman's motion and MIT's supplemental production of logs which failed to cure the disputed issues, MIT *for the first time* in its Opposition to Harman's motion complained that Harman "demands these documents from MIT, while withholding dozens of the same types of documents it seeks by its motion." *See* MIT's Opposition to Harman's Motion to Compel at 9 (Docket Entry No. 90). MIT then sought from the Court: "If the Court decides that documents created by MIT's licensing representatives were created primarily for business purposes, as Harman has argued, MIT should be given the opportunity to review Harman's similar documents to determine whether Harman's in-house counsels were acting as business representatives or legal representatives." MIT's Opposition at 10, fn. 4.

During the parties' subsequent conference on July 13, 2006, Harman agreed to address MIT's request for relief in its Opposition (filed six days prior) but objected to MIT's failure, once again, to meets its obligations under the federal and local rules to confer with Harman before seeking relief from this Court. MIT then filed the instant conditional motion.

II. **MIT Incorrectly Claims that Harman is Withholding "Similar Documents."**

MIT's claim that "Harman demands these licensing-related documents from MIT, while withholding dozens of the same types of documents it seeks by its motion on its own privilege log" misstates both the facts and the law. *See* MIT's Motion to Compel at 1.

*First,* the privilege asserted by Harman is distinct from that asserted by MIT. The documents sought by Harman's pending Motion to Compel are documents generated during license negotiations for which Harman disputes MIT's claim of **work product** protection and for which MIT has refused to provide any support for its claims that the documents were generated

"in anticipation of litigation." On the other hand, the documents now sought by MIT are those for which privilege has been asserted by Harman as ***attorney-client communications***.[1] During the parties' one and only conference call in this regard on July 13, 2006, Harman addressed MIT's claim, pointing out that each of the documents sought by MIT is a document for which Harman asserted attorney-client privilege, not work product protection. MIT's argument that "[a]pparently, Harman contends that if its licensing agent is an attorney, all the documents become privileged" fails to comprehend that those documents sought by MIT seek, render or reflect the legal advice of an attorney, and are therefore privileged not as work product but as ***attorney-client*** communications.

MIT's reliance on Federal Rule of Civil Procedure 26(b)(3), which addresses work product protection, does not affect Harman's proper claim of attorney-client privilege. *See In re the Regents of the University of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996) ("It is well established that the attorney-client privilege is not limited to actions taken and advice obtained in the shadow of litigation.").[2] It is axiomatic that documents "seeking, rendering or reflecting the legal advice of an attorney" are protected as attorney-client communications, even if such legal advice was sought for issues relating to licensing.

***Second,*** the nature of the documents sought by MIT is distinct from the documents sought by Harman, as is demonstrated by a review of Harman's privilege log, attached to MIT's Motion to Compel (Docket Number 91) as Exhibit A, which provides specific descriptions in

---

[1] In some cases, where the documents were prepared in anticipation of litigation, Harman has also claimed work product protection. All documents sought by MIT in its conditional Motion to Compel, however, were claimed by Harman as protected attorney-client communications.

[2] MIT's argument that "[i]f Harman's in-house licensing agents, Hart and Peracchio, happen to be lawyers, it doesn't mean that their business related documents suddenly obtain some higher level of protection" also fails to support its claim that Harman is withholding similar documents, as these documents were identified as attorney-client privileged and reflect legal advice sought or rendered.

support of its claim of attorney-client privilege, including which attorney was involved, the date of the communication, and the nature of the communication.[3] Unlike Harman's descriptions, MIT's own descriptions set forth on its privilege logs –including its most recent July 7, 2006 log (attached to Harman's Reply (Docket Number 95) as Exhibit F) – fail to demonstrate MIT's claim that the documents sought by Harman in its motion to compel were prepared in anticipation of litigation, a burden which MIT must meet. For instance, the documents that are the subject of Harman's motion to compel include documents for which work product protection has been asserted under a generic description. In particular, MIT provides the description, "E-mail internal to MIT personnel prepared in anticipation of litigation in the context of license negotiations," for many documents, including but not limited to Entries 261, 264, 265, 272, 273, 274, 277, 278, 279, 280, 558, 559 and 562. This same exact description was provided for documents that MIT has since admitted are not protected, and has indeed subsequently produced (*e.g.* Entries 300-310).

### III. MIT Did Not Meet Its Obligation to Confer with Harman Before Filing Its Conditional Motion to Compel

MIT first raised the issues here in its Opposition (filed on July 7, 2006) without having met and conferred with Harman. The fact that, after Harman pointed out MIT's failure to meet and confer, MIT subsequently filed the instant "conditional" Motion to Compel (the text of which is largely copied from its Opposition) should not be seen to cure MIT's failure to meet its obligations to meet and confer.

---

[3] For example, Harman's descriptions include: Entry No. 24 "Correspondence between in-house and outside counsel relating request by R. Swartz for a meeting and not concerning non-infringement, invalidity or unenforceability" or Entry No. 280 "Communication seeking legal advice concerning Zeevi patent and potential litigation."

Specifically, Local Rule 37.1(a) requires that "[b]efore filing any discovery motion…counsel for each of the parties shall confer *in good faith to narrow the areas of disagreement to the greatest possible extent.*" MIT's repeated past failures to confer with Harman before seeking the assistance of this Court is improper and wastes the resources of this Court and Harman. *See, e.g.,* Harman's Reply in Support of its Motion to Compel (Docket Number 81 (noting that MIT raises new discovery issues in its opposition brief without having conferred with Harman); Harman's Response to MIT's Motion to Compel (Docket Number 69) (objecting to MIT's premature filing of a motion to compel privileged documents while Harman was reviewing and revising its log, at MIT's request and in an effort to resolve the issues).

For the foregoing reasons, Harman respectfully requests that this Court deny MIT's conditional Motion To Compel Production Of Licensing Documents Withheld On Harman's Privilege Log.

Dated: July 27, 2006

Respectfully submitted,

/s/ Craig D. Leavell
Robert J. Muldoon, Jr., BBO# 359480
James W. Matthews, BBO# 560560
Edward S. Cheng, BBO# 634063
Courtney A. Clark, BBO# 651381
**SHERIN AND LODGEN, LLP**
101 Federal Street
Boston, MA 02110

William A. Streff Jr., P.C.
Craig D. Leavell
Michelle A.H. Francis
Ann H. Chen
**KIRKLAND & ELLIS LLP**
200 E. Randolph Dr.
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing HARMAN'S OPPOSITION TO MIT'S "CONDITIONAL" MOTION TO COMPEL was filed through the ECF system on July 27, 2006 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ann H. Chen
One of the Attorneys for Harman