UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) ) | NO. 05-10990-DPW |
| HARMAN INTERNATIONAL INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER ON MOTIONS TO COMPEL DISCOVERY

This matter came before the court for argument on Harman's Motion to Compel Discovery (Docket No. 84) and MIT's Motion to Compel Production of Licensing Documents (Docket No. 91). After consideration of the parties' written submissions and oral arguments, it is hereby ORDERED as follows:

1. Harman's Motion to Compel Discovery (Docket No. 84) is ALLOWED IN PART and DENIED IN PART as follows:

    (a) With respect to the documents for which MIT has claimed a joint defense privilege with NEC, MIT shall produce documents containing substantive information to the court for in camera review by **August 21, 2006**. MIT shall produce "non-substantive" documents relating to NEC to Harman by **August 21, 2006**. Production of such documents shall not constitute a waiver of the attorney-client privilege.

(b)   With respect to the documents which MIT contends are protected under the work product doctrine, it is hereby ordered as follows:

(i)   Production of the documents shown on MIT's privilege log that reflect communications about potential licensees and which predate any written discussions of litigation will not constitute a waiver of the work product doctrine. Said documents shall be produced to Harman by **August 8, 2006**. These documents shall include communications with and about "Go There."

(ii)   MIT shall produce to the court for in camera review by **August 8, 2006** all remaining documents in this category for which it continues to claim work product protection. The court shall rule on the production of all such documents except those relating to Harman by August 11, 2006. If MIT so desires, it may produce the Harman documents to the court by **August 21, 2006**.

(c)   MIT shall review the documents it has produced in redacted form to confirm that they are appropriately redacted by **August 14, 2006**. Similarly, MIT shall confirm that the documents for which it previously claimed a privilege but which it now contends are non-responsive are, in fact, non-responsive by **August 14, 2006**.

     2.    MIT's Motion to Compel Production of Licensing Documents (Docket No. 91) is ALLOWED IN PART and DENIED IN PART. Harman shall review the disputed documents to determine whether to continue to assert the attorney-client privilege. To the extent that Harman continues to claim the privilege for these documents, they will be produced to the court for in camera review by **August 21, 2006**. Any documents over which Harman is no longer asserting the privilege shall be produced to MIT by **August 21, 2006**.

Any documents submitted to the court for in camera review may be accompanied by a brief statement describing why the documents are protected.

                                                     / s / Judith Gail Dein  
                                                     Judith Gail Dein  
                                                     United States Magistrate Judge

DATED: August 3, 2006