UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiff, <br><br> v. <br><br> HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED, <br><br> Defendant. | Civil Action No. 05-10990-DPW <br><br> Magistrate Judge Judith Dein |

**JOINT MOTION FOR WITHDRAWAL OF MIT'S MOTION TO COMPEL, FOR SUPPLEMENTATION OF EXPERT REPORTS AND FOR EXTENSION OF SCHEDULE**

Plaintiff, Massachusetts Institute of Technology ("MIT") and Defendant, Harman International Industries, Inc. ("Harman"), submit this joint motion requesting that the Court: (1) allow MIT to withdraw its Motion to Compel; (2) allow MIT to supplement its expert reports to take into account new evidence produced by Harman in August and September 2006, and allow Harman to rebut any supplementation; and (3) amend this Court's Scheduling Order, pursuant to the agreed proposed schedule set forth below. Counsel for the parties conferred on September 26, 2006, and thereafter.

**I.   Motion to Withdraw MIT's 9/5/06 Motion to Compel**

MIT requests leave to withdraw its motion to compel filed on September 5, 2006 as docket entry No. 103, for the reasons discussed more fully in Section II below. Harman assents.

## II. Motion for Limited Supplementation of Expert Reports

The parties have reached an agreement concerning Harman's identification of previously produced documents and production of limited additional documents, as requested by MIT as part of its Motion to Compel. The parties' agreement is memorialized in correspondence between counsel, which is incorporated into this Motion and any resulting Order by reference. *See* September 21 and 22 J. Edwards Letters to J. Baron, attached as Ex. A. Pursuant to their agreement, Harman has identified in its production certain documents which MIT sought in its Motion to Compel, but had trouble locating. Harman will also produce additional documents, which have been specially prepared at MIT's request (without waiving any privileges or objections), which show the software versions used to create the Navigation CD's for each Accused Product. Harman will also search for additional versions of Harman specification documents, referred to as "ME_NAV", "MU_DST," "MU_POI" and "ME_WID" in HAR279688, as well as sufficient, non-privileged, existing documentation to show which versions of these specifications were used in production of the Accused Products. Harman will provide a working sample of the Mercedes W211 product, and MIT will pay Harman for that product in advance by tendering to Harman a deposit in the form of an attorney's check or certified funds for $5,000. Harman will order the production of the sample on an expedited basis. Typically, production of a sample takes approximately 6-8 weeks. After the sample order is complete or Harman is able to ascertain the final cost for the sample, whichever comes first, Harman will refund to MIT any excess remaining from MIT's deposit. Furthermore, Harman will, at its option, either produce the specific versions of the source code for various modules at MIT's request, or shall agree and stipulate that a version which has been produced is representative of all versions for purposes of an infringement analysis.

Harman has agreed that MIT may supplement its expert reports based on any new evidence first produced by Harman in August or September 2006. The parties have also agreed that Harman may supplement its rebuttal expert reports to address any or all of MIT's supplementation. To facilitate this, the parties have agreed that MIT will file its supplemental expert reports, as agreed in the proposed schedule set forth in Section III below. Afterward, Harman will file its supplemental rebuttal expert reports, as agreed in the proposed schedule. The parties shall reserve any objections to the original or supplemental expert reports until the time allowed for Motions in Limine or *Daubert* Motions, as appropriate. The parties also reserve the right to conduct additional expert depositions, to the extent reasonably required as a result of the supplementation. Any additional expert depositions will be strictly limited in scope to the supplementation. The parties will file any appropriate motions based upon their objections during the time allowed for *Daubert* Motions or Motions in Limine, as applicable.

### III.   Joint Proposed Schedule

Pursuant to the parties' Agreement, as reflected above, the parties have also agreed to a revised proposed schedule as set forth below. The parties respectfully request this Court amend its current Scheduling Order to reflect this mutually agreed proposed schedule, which follows.

| ACTIVITY | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| CLOSE OF FACT DISCOVERY | June 16, 2006 | September 27, 2006 |
| SUPPLEMENTAL EXPERT REPORTS | NONE | October 20, 2006 |
| SUPPLEMENTAL EXPERT REBUTTAL REPORTS | NONE | November 3, 2006 |
| CLOSE OF EXPERT DISCOVERY | September 15, 2006 | November 3, 2006 |
| DISPOSITIVE MOTIONS | September 29, 2006 | November 3, 2006 |

| | | |
|---|---|---|
| **& *DAUBERT* MOTIONS** | | |
| **OPPOSITIONS TO DISPOSITIVE & *DAUBERT* MOTIONS** | October 13, 2006 | December 1, 2006 |


Dated: September 27, 2006

Massachusetts Institute of Technology,

*By its attorneys,*


/s/ Steven M. Bauer
Steven M. Bauer, BBO #542531
Kimberly A. Mottley, BBO #651190
Jacob K. Baron, BBO #652568
John W. Pint, BBO #660548
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9600 (phone)
(617) 526-9899 (fax)

Respectfully submitted,

Harman International Industries, Inc.,

*By its attorneys,*


/s/ Courtney A. Clark
Robert J. Muldoon, BBO #359480
James W. Matthews, BBO #560560
Edward S. Cheng, BBO #634063
Courtney A. Clark, BBO #651381
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000 (phone)
(617) 646-2222 (fax)

William A. Streff Jr., P.C.
Craig D. Leavell
Michelle A. H. Francis
Jamal M. Edwards
Colleen Garlington
Joanna Belle Gunderson
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

# EXHIBIT A

Case 1:05-cv-10990-DPW    Document 109-2    Filed 09/27/2006    Page 1 of 7

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Jamal M. Edwards
To Call Writer Directly:
312.861.3143
jedwards@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312.660.0616

September 22, 2006

**By Electronic Mail**

Jacob K. Baron, Esquire
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

   Re: *MIT v. Harman*, 05-10990 DPW (D. Mass)

Dear Jake:

  As promised, Harman is pleased to provide the following information further to my letter yesterday concerning MIT's Special Requests. As a preliminary matter, I note that many of the documents cited below in the "Versions Produced" column of Table A. are rather large documents, which include additional information beyond that implied by a particular document's title. In fact, many of the documents appear to overlap, particularly those referring to Destination Entry and POI Selection. We also found a very large document (HAR 179715-180066) which is the MMI Navigation Specification containing information relating to Destination Entry, POI Entry and Navigation. The document's filename is an exact match with the filename cited in Exhibit G to MIT's 9/5/06 Motion to Compel.

  Please review the documents and information identified below and confirm the information is sufficient as soon as possible. We are available this afternoon between 1:00 and 5:00 p.m. CST to discuss this information with you, as agreed.

# KIRKLAND & ELLIS LLP

Jacob Baron, Esq.
September 22, 2006
Page 2

### A. Documents Previously Produced in Response to MIT's Special Request 1

Below please find the responsive documents we have been able to identify, as of this writing, in Harman's current production. Harman reserves the right to continue to search for and identify additional documents.

| Token | Document Title | Version Cited | Versions Produced | Filename |
|---|---|---|---|---|
| MU_DST | MMI-Specification for Series 211 USA, Navigation Destination Entry | 1.7 | v.1.10 (HAR 179715 – 180066<br><br>v.2.04 HAR 279830-279985<br><br>v. 2.08 HAR 179197-179362; HAR 181353-181543<br><br>HAR 180089 (graphical illustration) | 08_Navigation_USA_App1.flo |
| MU_POI | MMI-Specification for Series 211 USA, POI-Selection | 1.3 | v.1.10 (HAR 179715 - 180066<br><br>v. 2.04 HAR 279830-279985<br><br>v. 2.08 HAR 179197-179362; HAR 181353-181543 | 08_Navigation_USA_App2.flo |
| ME_NAV | Specification for the MMI, Series 211 ECE Highline, Navigation | 1.7 | v.1.10 HAR 179715 – 180066<br><br>v. 2.04 HAR 279830-279985<br><br>v. 2.08 HAR 179197-179362; HAR 181353-181543 | 08_Navigation.doc |
| ME_WID | Specification for the MMI, Series 211 ECE Highline, Widgets | 1.0 | We do not believe this document is relevant or response. It refers to "widgets." We are nonetheless searching for these documents. | 08_Widgets.doc |

In addition, we have located the following additional 211 navigation specifications:

- Midline: Pflichtenheft Navigation BR211 Midline          (HAR 592829-592864)
- Lastenheft Navigation Mid Class BR211 v 1.5          (HAR 043782-043899)
- Pflichtenheft Navigation BR211 Midline fur BR 211 Midline   (HAR 043903-043938)
- Pflichtenheft Navigation Modul (6059) High Class BR211 v. 1.7 (HAR 180444-180474)

2

# KIRKLAND & ELLIS LLP

Jacob Baron, Esq.
September 22, 2006
Page 3

**B.  Example of NAVCD Version Information**

We are pleased to provide an example of the NAVCD Version Information, which can be generated by our Hamburg office from Harman's various databases. We have enclosed an example for the Audi D3, named "Version Info (Audi D3).PDF"

As agreed, Harman is willing to generate the same information for each of the other Accused Products, to the extent the information is available in Harman's databases. We will need MIT's confirmation that MIT is willing to accept this information and honor the proposed agreement, before Harman will order the collection of this information.

**C.  Identification of Accused Products for Which We Can Provide Final Specification Information**

We are still in the process of collecting this information, which may require consultation with multiple databases and/or Harman employees. We hope to have additional information on Monday.

It appears that the type of final, comprehensive information you are seeking may be found in the larger documents already produced, such as HAR 179715 – 180066. Please confirm.

Please contact me directly with any questions. Also, please let me know when you'd like to speak later this afternoon to discuss.

Very truly yours,

Jamal M. Edwards

cc:   Robert J. Muldoon, Esq.

ATTACHMENT: Version Info (Audi D3).PDF

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Jamal M. Edwards
To Call Writer Directly:
312.861.3143
jedwards@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312.660.0616

September 21, 2006

**By Electronic Mail**

Jacob K. Baron, Esquire
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

Re: *MIT v. Harman*, 05-10990 DPW (D. Mass)

Dear Jake:

Thank you for agreeing to confer with me today to discuss a final resolution to the parties' discovery disputes. Harman believes its has met its obligation concerning document production. Nonetheless, in the interest of moving forward with the merits of this case, Harman is willing to address MIT's request for clarification and additional information, as stated in your electronic message to me on Tuesday. Specifically, you requested:

(1) The documents referenced in HAR279681-HAR279729 as: "MU_DST," "MU_POI," "ME_NAV" and "ME_WID;"

(2) "documentation that shows which version of Harman's software and which version of Harman's documentation goes with each of the accused products as shipped;"

(3) the complete document regarding the PCM2 Cayenne, as referenced in HAR 280720-767; and

(4) the final specification documents, showing which versions of the relevant specifications are used for each product in production. (You requested this today, and Harman is willing to oblige, subject to the conditions set forth herein).

As I stated in my letter to you yesterday, the document described in item (3) has already been produced in its entirety at HAR 280720-823.

# KIRKLAND & ELLIS LLP

Jacob Baron, Esq.
September 21, 2006
Page 2


      Harman is pleased to discuss a firm and final agreement to resolve the parties' remaining discovery disputes, as the court has admonished us to do. Subject to the conditions which follow, Harman will agree to search for and produce the requested documents and information (described in Items (1) (2) and (4) above) (the "MIT Special Requests") to the extent it has not already been produced. Harman will also identify by bates ranges any of the documents responsive to the MIT Special Requests that have already been produced, to the extent we are able to easily locate in our production. Otherwise, Harman reserves the right to reproduce those documents.

      Harman's agreement to search for and produce documents and information responsive to the MIT Special Requests is contingent upon MIT's agreement to withdraw its September 5th Motion to Compel, and is further contingent upon MIT's agreement that **fact discovery between the parties is closed** after Harman's production of documents and information in response to MIT's Special Requests, as provided herein. Notwithstanding anything else to the contrary, Harman reserves the right to seek additional or further discovery from third parties, as permitted by the applicable rules.

      Further, as a courtesy, Harman will:

(a) identify by bates range, the previously produced documents responsive to MIT's Special Request (1) above, to the extent Harman is able to locate them;

(b) provide an example of the information Harman can collect and provide in response to MIT's Special Request (2); and

(c) identify which products for which Harman is likely to have documents responsive to MIT's Special Request (4) above.

# KIRKLAND & ELLIS LLP

Jacob Baron, Esq.
September 21, 2006
Page 3

      We expect to be able to provide at least the information described in (a) and (b) above tomorrow.

      Please contact me directly with any questions. I look forward to speaking to you tomorrow, after you receive Harman's information.

                                            Very truly yours,

                                            Jamal M. Edwards

cc:    Robert J. Muldoon, Esq.