IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>    Defendant. | Civil Action No.: 05-10990 DPW<br><br>Magistrate Judge Judith G. Dein |

**PLAINTIFF'S UNOPPOSED MOTION
FOR LEAVE TO FILE MOTIONS TO COMPEL**

Pursuant to the Court's November 29, 2006 Order (DI 118) requiring MIT to first seek leave from the court before filing motions to compel prior expert testimony, MIT hereby respectfully requests that leave.

In particular, MIT requests an order that:

1. MIT may serve a discovery subpoena on Ropes & Gray's Boston office for the same materials previously subpoenaed from Ropes & Gray's New York office; and

2. MIT may thereafter move to compel production of Dr. Vellturo's expert reports and deposition and trial transcripts, first in this court, and thereafter in other courts, as may be appropriate.

Defendant Harman International Industries, Inc. ("Harman") does not oppose MIT's motion.

**I.     Background Facts**

Between November 15 and November 17, 2006, MIT served subpoenas on twenty law firms relating to eleven cases in which Dr. Vellturo had previously been hired as an expert witness.  Because Dr. Vellturo has served as a damages expert in a large number of cases, MIT sought to narrow its subpoenas, to a set of specifically identified prior opinions issued by Dr. Vellturo -- those cases in which Dr. Vellturo issued a report on behalf of a Plaintiff or patentee -- MIT's role in this litigation -- or cases in which there is a related technology.  MIT is entitled to know whether Dr. Vellturo employs the same methodology when representing a plaintiff/patentee versus an accused infringer/defendant, and he cannot hide his theories behind claims of confidentiality.

After the November 29 hearing before this Court, MIT and Harman agreed jointly to contact the subpoenaed parties and, in a spirit of cooperation, offered to accept the subpoenaed materials with confidential information redacted in the first instance, to allow MIT to determine whether additional information might even be necessary.  A letter reflecting this offer and compromise was sent to all of the subpoenaed parties on December 8, 2006.  A copy is attached at Exhibit A.

In response, only two law firms provided copies of expert reports submitted by Dr. Vellturo, relating to two of the eleven cases from which MIT is seeking materials.  Some of the subpoenaed parties, however, have expressed a willingness to produce the materials but are reluctant to do so because of fear that they will be charged with violating the respective protective orders in force in each case.  Other parties, such as Ropes & Gray, have refused to even negotiate the production of any materials, citing confidentiality obligations, protective order prohibitions and undue burden.

**II.     First Motion To Compel**

In order to streamline the process with the hope of discharging a majority of the subpoenas with a single motion, MIT intends to file a first motion to compel against subpoenaed firm Ropes & Gray in this Court. Ropes & Gray was retained in seven of the eleven cases from which MIT is seeking Dr. Vellturo's expert reports. If Ropes & Gray produces the information MIT is seeking, additional motions to compel in other jurisdictions may not be necessary. MIT has received redacted expert reports for two of the seven cases in which Ropes & Gray attorneys were involved, from two other law firms, but Ropes, representing a number of different entities, has refused voluntarily to produce any of Dr. Vellturo's expert materials relating to the five cases remaining.

MIT originally served a subpoena for the seven reports on Ropes & Gray's New York office, because the lawyers who were involved in the seven cases for Ropes & Gray appeared to be located in New York. At first, on November 29, 2006, Christopher J. Harnett, a New York-based Ropes & Gray partner, served written objections to the subpoena citing confidentiality obligations, protective order prohibitions and undue burden.

After MIT offered to accept materials with confidential information redacted, on December 15, 2006, William L. Patton, a Boston-based Ropes & Gray partner, responded to MIT's compromise letter advising MIT that Ropes & Gray *does* have materials responsive to the subpoenas, but advising that Ropes & Gray would not turn over the subpoenaed materials.

Because 1) this Court is most knowledgeable about the issues; 2)Ropes & Gray is based in Boston and subject to this Court's subpoena power; and 3) a partner in Ropes &

Gray's Boston office is apparently taking the lead in the response to the subpoena; MIT, without opposition from Harman, now seeks leave to re-serve its subpoena in this district (after the close of fact discovery), so that this Court will have jurisdiction over the motion to compel.

The proposed motion here would be most efficient, because with one motion, the Court will have jurisdiction to resolve five cases[1] for which MIT is seeking Dr. Vellturo's past reports and testimony transcripts. To the extent MIT can get the information it needs from this one law firm, the remaining subpoenas will be discharged and motions to compel in other jurisdictions will be unnecessary.

The matters that would be resolved by this one motion are:

1. *Milliken & Company v. Mohawk Industries, Inc.*, 7:02-cv-3631-HMH (DSC)
   *Milliken & Company v. Shaw Industries Group, Inc.*, 7:02-cv-3632-HMH (DSC)
   *Milliken & Company v. Interface, Inc.*, 7:02-cv-3633-HMH (DSC)

   Plaintiff Milliken retained Dr. Vellturo as a damages expert in this multi-party case in which Plaintiff Milliken sued three defendants for infringement of a patent. MIT issued subpoenas to five law firms seeking a copy of Dr. Vellturo's expert report and transcripts of testimony. One defendant, Mohawk, expressed a willingness to produce the materials but has declined citing concerns expressed by Plaintiff's local counsel. Ropes & Gray was counsel for plaintiff and apparently has the documents.

2. *Robert Bosch GMBH v. TRW Automotive, Inc. et al.*, 2:03-cv-00045-FJM (D. Ari)

   Defendant TRW retained Dr. Vellturo in this patent case dealing with electronic control systems for airbags in automobiles. MIT seeks Dr. Vellturo's expert reports and testimony transcripts because this case involves technology used by the auto industry. Ropes & Gray was counsel for defendant TRW.

---

[1] Ropes & Gray attorneys were retained in seven of the eleven cases. MIT has received materials relating to two of those seven cases from different law firms. MIT would like Ropes & Gray to produce materials for the remaining five cases.

3.  *Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.*, 2:01-cv-09871-RGK-RC (C.D. Cal.)

    Patentee Katz retained Dr. Vellturo in this patent infringement case relating to telecommunications technology. Ropes & Gray was counsel for Katz.

4.  *Advanced Technology Materials v. Praxair, Inc.*, 1:03-cv-05161-RO (SDNY); *Praxair, Inc. v. ATMI Inc., et al.*, 1:03-cv-01158-SLR (D. Del.)

    Praxair retained Dr. Vellturo. In response to MIT's subpoena, Ted Mlynar of the Kramer Levin firm sent a letter to Christopher Harnett of Ropes & Gray on November 29 advising that ATMI had given permission for Kramer Levin to produce materials in redacted form. The letter also advised that confidential designations for the Praxair materials may not be applicable because the confidentiality was waived when Praxair placed the information in the public record during trial. MIT is not aware of any response from Ropes & Gray. Ropes & Gray is counsel for Praxair.

5.  *Massachusetts Eye and Ear Infirmary v. Novartis Opthalmics, Inc. and QLT, Inc.; QLT, Inc. v. Massachusetts Eye and Ear Infirmary, Evangelos S. Gragoudas, M.D. and Joan W. Miller, M.D.; The General Hospital Corporation v. Massachusetts Eye and Ear Infirmary, Evangelos S. Gragoudas, M.D. and Joan W. Miller, M.D.*, 1:01-cv-10747-WGY (D. Mass.)

    Plaintiff Mass. Eye and Ear retained Dr. Vellturo in this action relating to laser technology. Ropes & Gray is counsel for Plaintiff Mass. Eye and Ear.

### III.    Additional Motions to Compel

MIT has also worked cooperatively with Harman's counsel regarding the other subpoenas. Harman's counsel also does not oppose MIT's request for leave to file motions to compel against one or more of the remaining parties who have refused to produce documents responsive to MIT's subpoenas. MIT, however, intends to defer filing the motions until after the motion against Ropes & Gray is heard here, because that may set a protocol that the other parties may be willing to sign on to.

MIT therefore requests permission to file motions to compel relating to the following cases in which Dr. Vellturo submitted an expert report:

1. *The Toro Company v. White Consolidated Industries, Inc. and WCI Outdoor Products, Inc.*, 4:95-cv-00656-DWF-AJB (D. Minn.)

   Plaintiff Toro retained Dr. Vellturo in this action relating to electronic blower vacuums. Merchant & Gould P.C. was counsel for Plaintiff Toro. Fried Frank, Harris, Shriver & Jacobson LLP was counsel for Defendant White Consolidated Indus.

2. *Tessera, Inc. v. Micron Technologies, Inc. et al.*, 2:05-cv-00094-JDL (E.D. Tex.)

   Plaintiff Tessera retained Dr. Vellturo in this case relating semiconductor technology. Irell & Manella is counsel for Tessera. Jones Day is counsel for Defendant Micron. Kirkland & Ellis is counsel for Defendant Infineon

## **CONCLUSION**

For the foregoing reasons, MIT respectfully requests permission to serve a subpoena on Ropes & Gray's Boston office issued by the District of Massachusetts requesting copies of Dr. Vellturo's expert reports and testimony transcripts. Thereafter, MIT will bring its motion to compel before this Court.

MIT also requests leave to file motions to compel -- seeking copies of Dr. Vellturo's expert reports and testimony transcripts on the parties referred to above in Section III.

**Compliance with Local Rules 7.1**

MIT's counsel discussed the matters raised by MIT's motion with Harman's counsel, and Harman's counsel does not oppose the relief requested.

January 30, 2007

Respectfully submitted,

Massachusetts Institute of
Technology,
By its Attorneys,

/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
Jacob K. Baron (BBO# 652568)
Kimberly A. Mottley (BBO#651190)
John W. Pint (BBO# 660548)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
Phone:  617-526-9600
Fax:     617-526-9899

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2007, I caused a copy of the forgoing document to be served upon counsel of record for Harman International Industries by electronic means using the Court's ECF system.

   /s/ Steven M. Bauer
         Steven M. Bauer

# EXHIBIT A

Case 1:05-cv-10990-DPW    Document 120-2    Filed 01/30/2007    Page 1 of 3

**PROSKAUER ROSE LLP**

One International Place
Boston, MA 02110-2600
Telephone 617.526.9600
Fax 617.526.9899

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Jacob K. Baron
Attorney at Law

Direct Dial 617.526.9886
jbaron@proskauer.com

December 8, 2006

**BY ELECTRONIC MAIL**

Re:   *MIT v. Harman Int'l Indus., Inc.*, No. 06-10990-DPW

Dear Counsel:

The parties in the above-referenced litigation have come to an agreement regarding the subpoenas issued by MIT to your law firm.

We would like to offer a solution to objections posed regarding confidentiality. We offer the following:

1. All materials produced pursuant to the subpoenas will be treated as outside attorneys-eyes-only, unless those materials are non-confidential (e.g., trial transcripts).

2. All materials produced pursuant to the subpoenas will be subject to the protective order (attached) entered in the MIT/Harman litigation.

3. If the MIT/Harman protective order is somehow objectionable, MIT's attorneys are willing review and, if appropriate, sign on to the protective orders for each case in which materials are available for production. Harman will sign on to the applicable protective orders, if and only if, MIT notifies Harman of its intent to use certain protected documents, and Harman elects to review the documents. Until that time, you may produce protected documents to MIT only, while Harman reserves it right to request copies of select documents if notified by MIT as described above.

4. MIT and Harman are willing to accept redacted copies of expert reports (redacting specific sensitive financial information), in the first instance, to determine if there is more disclosure that would be necessary or appropriate.

5. MIT and Harman are willing to discuss any other measures designed to alleviate confidentiality concerns.

PROSKAUER ROSE LLP

December 8, 2006
Page 2

      Because the Boston court has ruled that the subpoenas were timely and MIT and Harman have agreed to limit the scope of MIT's subpoenas to include only signed expert reports, and deposition and trial transcripts, we hope that we can have your comments and concerns regarding production and confidentiality by December 15, 2006. Also, we are prepared to discharge those parties who do not have materials responsive to MIT's subpoenas and we will consider a proposal to avoid duplicative production of materials -- we are only seeking one set of each responsive document.

                                                    Very truly yours,

                                                    Jacob K. Baron

cc:    Jamal M. Edwards, Esq.
        Robert J. Muldoon, Esq.

Attachment