IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>    Defendant. | Civil Action No.: 05-10990 DPW<br><br>Magistrate Judge Judith G. Dein |

**MIT'S MOTION TO COMPEL COMPLIANCE
WITH ITS SUBPOENA SERVED ON ROPES & GRAY LLP**

Pursuant to Rule 45 and 26 of the Federal Rules of Civil Procedure, Massachusetts Institute of Technology ("MIT") hereby respectfully requests compliance with its subpoena issued to Ropes & Gray LLP ("Ropes") on February 1, 2007.

The relevant facts are as follows:

1.      At a November 29, 2006 hearing, this Court agreed that the subpoenaed materials are relevant and discoverable.[1]  MIT seeks these materials in connection with a patent infringement case pending in the United States District Court for the District of Massachusetts -- *Massachusetts Institute of Technology v. Harman International Industries, Inc.*, No. 05-10990 DPW ("the MIT/Harman Case").  In the MIT/Harman Case, Dr. Vellturo issued an expert report on behalf of Harman regarding damages.  MIT is seeking information regarding the methodologies used by Dr. Vellturo in providing his expert opinion in other cases.

---

[1]    By way of background, MIT issued subpoenas to a number of law firms seeking expert reports written by Dr. Vellturo and testimony transcripts of Dr. Vellturo.  In response to the issuance of the subpoenas, Defendant Harman filed a motion for a protective Order (DI 115) and MIT opposed (DI 116).  The Court heard argument on Harman's motion (and an earlier filed MIT motion) on November 29, 2006.

2. After working out a procedure with Harman, MIT attempted to resolve the subpoenas with the subpoenaed parties. MIT was able to obtain three expert reports and one deposition transcript from two of the subpoenaed parties relating to two of the eleven cases from which MIT was seeking materials. The other parties refused to produce any materials.

3. Ropes happens to have materials relating to five cases in which MIT is seeking materials. So, in order to streamline the process, MIT sought to reissue a subpoena to Ropes' Boston office, under this Court's subpoena power (DI 120).

4. On January 31, 2007, the Court granted MIT's motion (DI 120) and MIT issued a subpoena to Ropes on February 1, 2007 (Exh. A).[2]

5. Ropes responded to MIT's subpoena on February 12, 2007, objecting to the production of Dr. Vellturo's expert reports and testimony transcripts citing confidentiality concerns, protective order prohibitions and undue burden (Exh. B). Ropes does not dispute that it has the requested materials.

6. Telephone conferences were held between a Ropes partner and an MIT outside attorney attempting to resolve the subpoena. MIT advised Ropes that the materials would be shielded by the protective order in this case and MIT represented that the materials would be held on an outside attorneys-eyes-only basis. Ropes maintained that it could not turn over the subpoenaed materials without the permission of the third parties whose confidential information was implicated

---

[2] Exhibits attached to this Motion are referred to as "Exh. __."

-2-

-3-

7. Ropes' position is that it is merely a custodian of the subpoenaed materials. Ropes says it needs some kind of permission to produce the documents. It is believed that a motion to compel and court order will help move the process along.

8. MIT therefore seeks an Order compelling Ropes to produce the subpoenaed materials on an outside attorneys-eyes-only basis.

9. Without waiving the objections stated in its earlier motion for a protective order (DI 115), Harman does not oppose this motion.

**CONCLUSION**

For the foregoing reasons, MIT respectfully requests that this Court order Ropes & Gray to produce copies of Dr. Vellturo's expert reports and testimony transcripts.

**Compliance with Local Rule 7.1**

Counsel for MIT spoke with counsel for Harman on several occasions regarding this motion, including on March 15, 2007.  Without waiving it earlier objections from its motion for a protective order (DI 115), Harman does not oppose MIT's motion.

Counsel for MIT spoke with Ropes & Gray partner William Patton regarding this motion on a few occasions, including on March 16, 2007.  Ropes & Gray continues to be unwilling to produce the subpoenaed materials, therefore, this motion is necessary.

March 16, 2007

Respectfully Submitted,

Massachusetts Institute of
Technology,
By its Attorneys,

/s/ *Steven M. Bauer*
Steven M. Bauer (BBO# 542531)
Jacob K. Baron (BBO# 652568)
Kimberly A. Mottley (BBO#651190)
John W. Pint (BBO# 660548)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
Phone:  617-526-9600
Fax:     617-526-9899

-5-

## CERTIFICATE OF SERVICE

      I certify that on March 16, 2007, I caused a copy of the forgoing document to be served upon counsel of record for Harman International Industries by electronic means using the Court's ECF system and on the following individuals as indicated.


William L. Patton, Esq. (by Fax and First Class Mail)
Ropes & Gray LLP
One International Place
Boston, MA 02110


                                      /s/ *Steven M. Bauer*
                                          Steven M. Bauer

EXHIBIT A

# Issued by the
# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Massachusetts Institute of Technology | SUBPOENA IN A CIVIL CASE |
| V. | Case Number: 05-10990-DPW<br>District of Massachusetts |
| Harman International Industries, Inc. | |

TO:    William L. Patton, Esq.
       ROPES & GRAY LLP
       One International Place
       Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE<br>PROSKAUER ROSE LLP<br>Attn: Jacob K. Baron, Esq.<br>One International Place<br>Boston, MA 02110<br>-OR- such other location as agreed upon by counsel | DATE AND TIME<br>2/15/07 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature] | DATE<br>2/1/07 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

Jacob K. Baron, Esq. (attorney for plaintiff), PROSKAUER ROSE LLP, One International Place, Boston, MA 02110

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# **SCHEDULE A**

Any and all expert reports signed by, and transcripts of deposition and/or trial testimony given by, Dr. Christopher A. Vellturo, in the following cases:

1.  *Milliken & Company v. Mohawk Industries, Inc.*, 7:02-cv-3631-HMH (DSC)
    *Milliken & Company v. Shaw Industries Group, Inc.*, 7:02-cv-3632-HMH (DSC)
    *Milliken & Company v. Interface, Inc.*, 7:02-cv-3633-HMH (DSC)

2.  *Robert Bosch GMBH v. TRW Automotive, Inc. et al.*, 2:03-cv-00045-FJM (D. Ari)

3.  *Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.*, 2:01-cv- 09871-RGK-RC (C.D. Cal.)

4.  *Advanced Technology Materials v. Praxair, Inc.*, 1:03-cv-05161-RO (SDNY); *Praxair, Inc. v. ATMI Inc., et al.*, 1:03-cv-01158-SLR (D. Del.)

5.  *Massachusetts Eye and Ear Infirmary v. Novartis Opthalmics, Inc. and QLT, Inc.; QLT, Inc. v. Massachusetts Eye and Ear Infirmary, Evangelos S. Gragoudas, M.D. and Joan W. Miller, M.D.; The General Hospital Corporation v. Massachusetts Eye and Ear Infirmary, Evangelos S. Gragoudas, M.D. and Joan W. Miller, M.D.*, 1:01-cv-10747-WGY (D. Mass.)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | TIME | |
|---|---|---|---|
| SERVED | 2 February 2007 | 12:32 PM | Ropes & Gray LLP<br>1 International Pl.<br>Boston, MA 02110 |

William Patton, Esq. c/o Adina Kling — In-hand

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Marc A. Moson | Process Server |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    5 February 2007
                      DATE

SIGNATURE OF SERVER
Marc A. Moson, Process Server

ADDRESS OF SERVER
11 Beacon Street, Suite 720
Boston, MA 02108

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT B



ROPES & GRAY LLP
ONE INTERNATIONAL PLACE   BOSTON, MA 02110-2624   617-951-7000   F 617-951-7050
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

February 12, 2007

William L. Patton
617-951-7572
William.Patton@ropesgray.com

**VIA FACSIMILE AND U.S. MAIL**

Jacob K. Baron
Proskauer Rose LLP
One International Place
Boston, MA  02110

Re:   <u>MIT v. Harman International Industries., Inc., Civil Action No.05-10990 -DPW</u>

Dear Mr. Baron:

I enclose our Objections to the subpoena served on Ropes & Gray in the above matter on February 1, 2007. I will give you a call later this week to discuss the matter further. As I think you know, the materials in question are subject to protective orders.

Very truly yours,

*Bill Patton*

William L. Patton

WLP:jmm
Enclosure

10365489_1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>   Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INC.,<br><br>   Defendant. | Civil Action No. 05-10990-DPW |

### OBJECTION OF ROPES & GRAY LLP TO RULE 45 SUBPOENA

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Ropes & Gray LLP ("Ropes & Gray") hereby objects to the subpoena for the production of documents directed to it and which was served on February 1, 2007 ("the Subpoena") as follows:

1. Ropes & Gray objects to the Subpoena on the ground that it is overbroad and unduly burdensome. In particular, the Subpoena requests documents that are difficult, costly, and time-consuming to locate, retrieve, transport, and/or assemble. To the extent the subpoena seeks documents also sought from other non-parties, it is duplicative, and any request for separate, redundant, or prior production from Ropes & Gray is unduly burdensome or serves purposes only of harassment.

2. Ropes & Gray objects to the date and time for production specified in the Subpoena as unreasonable and unduly burdensome, as it demands production within 14 days, and seeks the production of documents that are confidential and the subject of protective orders and which can not be produced without notification to and authorization from the entities whose confidential information would be divulged by production.

3. Ropes & Gray objects to the Subpoena to the extent it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Ropes & Gray objects to the Subpoena to the extent that it seeks documents that are subject to the attorney-client privilege, the work-product doctrine, or are otherwise privileged or protected on any ground.

5. Ropes & Gray objects to the Subpoena to the extent that it seeks documents that contain confidential or sensitive business, commercial, or proprietary information and documents that are subject to protective orders.

3301200_1

-2-

6. Ropes & Gray, as a non-party, reserves all its rights under the Protective Order in place in this litigation and will produce responsive materials that it is authorized to produce, if any, in accordance with its terms.

7. Ropes & Gray reserves the right to make additions or revisions to these objections.

                                               **Ropes & Gray LLP**

                                               *[signature]*
                                               William L. Patton
                                               Ropes & Gray LLP
                                               One International Place
                                               New York, NY 02110
                                               (617) 951-7000

Dated: February 9, 2007

3301200_1