**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | Civil Action No. 05-10990-DPW |

**HARMAN'S MOTION FOR SUMMARY JUDGMENT THAT CLAIMS 1, 42, AND 45 OF THE '685 PATENT ARE INVALID UNDER 35 U.S.C. § 102(b) DUE TO PUBLIC USE**

Pursuant to FED. R. CIV. P. 56, defendant Harman now moves for summary judgment that claims 1, 42 and 45 of U.S. Patent No. 5,177,685 ("the '685 Patent"), the only asserted claims of the sole patent-in-suit, are invalid under 35 U.S.C. § 102(b) due to the statutory "public use" bar to patentability. The undisputed facts show that:

- From May to July of 1989, fifty persons other than the inventors (including students and third party corporate representatives from various corporations) used the subject matter of claims 1, 42, and 45 to drive around the Boston area.
- None of the persons who used the Back Seat Driver signed confidentiality agreements.
- Each of the subject matters of claims 1, 42 and 45 had been reduced to practice at the time of the invalidating uses.

These undisputed facts demonstrate that the subject matters of claims 1, 42, and 45 were used by third parties, with no obligation of confidentiality, for their natural and intended use, prior to the critical date. Furthermore, as the subject matters of claims 1, 42, and 45 were

reduced to practice, as a matter of law, there can be no experimental use exception. Together these facts allow no other conclusion than that claims 1, 42, and 45 are invalid due to prior use. Therefore, Harman respectfully requests that this Court enter summary judgment in its favor as to claims 1, 42, and 45 on Count I, Harman's Counterclaim for "Declaration of Invalidity." *See* Harman's 5/2/2007 Second Amended Answer, Counterclaims & Reliance on Jury Demand, at p. 10. (Count I) Because invalidity constitutes a complete, affirmative defense to MIT's claim for infringement, Harman also respectfully requests that this Court enter summary judgment in its favor as to Count I of MIT's Amended Complaint and dismiss this case in its entirety.

In support of this motion, Harman relies on the accompanying memorandum, which sets out the undisputed facts and legal authorities, along with the exhibits filed herewith.

WHEREFORE, Harman respectfully requests that this Court enter judgment in favor of Harman on Count I of Harman's Counterclaims and Count I of MIT's Amended Complaint.

**COMPLIANCE WITH LOCAL RULE 7.1**

Harman's counsel discussed the issues raised in this motion with MIT's counsel on July 24, 2007. During that conference call, the parties agreed that an impasse had been reached as to this issue. As the parties have been unable to resolve the issues, Harman respectfully requests the Court's assistance.

**REQUEST FOR ORAL ARGUMENT**

Furthermore, pursuant to Local Rule 7.1, Harman respectfully requests oral argument in conjunction with this motion.

Date: July 25, 2007

Respectfully submitted,

/s/ Courtney A. Clark
Robert J. Muldoon, Jr., BBO# 359480
Courtney A. Clark, BBO# 651381
SHERIN AND LODGEN, LLP
101 Federal Street
Boston, MA 02110

William A. Streff, Jr., P.C.
Michelle A.H. Francis
Craig D. Leavell
Jamal M. Edwards
Colleen M. Garlington
Joanna Belle Gunderson
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Defendant*
*Harman International Industries, Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 25, 2007.

/s/ Courtney A. Clark
Courtney A. Clark