IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>Defendant. | Civil Action No. 05-10990-DPW |

**HARMAN'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT AS TO INVALIDITY.**

Pursuant to FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1), Harman International Industries Incorporated respectfully objects to the Honorable Magistrate Judge's March 26, 2008 Report and Recommendation on Cross-Motions For Summary Judgment As To Invalidity (the "R&R") as follows:

**1. STATEMENT FROM REPORT AND RECOMMENDATION:**

"Given the fact that the finished thesis was not signed until just a few days before the critical date, Harman has not established by clear and convincing evidence that Mr. Rittmueller received the thesis prior to the critical date." R&R at 25.

"What is missing, however, is clear and convincing evidence that the final thesis, signed on August 4, 1989, was disseminated without restriction prior to the critical date of August 9, 1989." R&R at 26.

**HARMAN'S OBJECTION:**

Harman respectfully submits that the record before the court includes clear and convincing evidence of dissemination of Davis' thesis, including to Ms. Streeter and Mr. Rittmueller, prior to the critical date. *See* Docket Entry No. 165, Harman's Response to MIT's Statement of Fact ("HRMF") No. 61; *citing* Docket Entry No. 133, Exhibit 2, at 111-276; Docket Entry No. 133, Exhibit 3 at 187; Docket Entry No. 133, Exhibit 4 at 53. Harman respectfully submits that the date that the thesis was signed is not determinative of whether the thesis as a whole was accessible and distributed, especially as the evidence of record establishes that a complete, partially signed copy of the thesis was attached, for example, to the inventor's July 31, 1989 Final Report to Mr. Rittmueller. *See* Docket Entry No. 133, Exhibit 3 at 187; *see also* Docket Entry No. 133, Exhibit 19. The copy attached to the report bears the signatures of one, but not all, of the three persons who by August 4, 1989 signed the final copy. *Id.* Thus, for example, the copy attached to the July 31, 1989 Final Report clearly pre-dates Dr. Davis' August 4, 1989 signature. Resolving all inferences in Harman's favor, at worst, a question of fact exists.

On MIT's cross-motion for summary judgment, all factual inferences are to be drawn in favor of Harman. *See Med. Instrumentation and Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1220 (Fed. Cir. 2003). MIT is not entitled to any favorable inferences here, especially where it failed to preserve and produce **any evidence** regarding the dissemination of the thesis, information that MIT and the inventors possessed and controlled and had a duty to preserve extending back until at least 1989, when MIT asserts it was anticipating litigation regarding the '681 Patent. *See* Docket Entry No. 90, at p. 6; *see also* Docket Entry No. 95, Exhibit F. In any event, at the very least, there is evidence demonstrating the dissemination of the thesis, prior to

the critical date, without restriction; and that evidence is sufficient to raise a genuine issue of fact regarding the public accessibility of the thesis prior to the critical date.

## 2. STATEMENT FROM REPORT AND RECOMMENDATION:

"Harman relies on a flyer announcing that the defense would take place on May 26, 1989. (R&R at 26).

"Harman has not put forth any other evidence placing the thesis defense prior to the critical date." (R&R at 26)

## HARMAN'S OBJECTIONS:

Harman respectfully submits that the record demonstrates only one date for Jim Davis' defense of his thesis. Harman's Ex. 5 describes Davis' thesis defense. MIT authenticated Ex. 5: "[t]he May 26, 1989 draft was created at a time when Jim Davis thought he might be able to graduate in June of 1989." *See* Docket Entry No. 165, HRMF No. 20. Therefore, the document is authentic and not hearsay under FED. R. EVID. § 801(d)(2)(A) (statement of a party opponent).

MIT has not proffered any evidence to demonstrate that Davis' thesis defense occurred on any other specific date. *See* Docket Entry No. 165, HRMF No. 66; *see also* Docket Entry No. 160, Exhibit 24 at ¶ 7; Docket Entry No. 160, Exhibit 21 at ¶ 6. MIT does not deny that the public was invited to the defense. *Id.* Davis and Schmandt's naked declaration that the thesis defense did not occur as shown in the May 26, 1989 flyer is alone insufficient to create a question of fact regarding whether the thesis defense occurred on May 26, 1989. *See* Docket Entry No. 160, Exhibit 24 at ¶ 7; Docket Entry No. 160, Exhibit 21, at ¶6. Similarly unavailing are Davis' and Schmandt's unsupported declarations, that the thesis defense occurred sometime "in the fall" or "late summer of 1989." *See* Docket Entry No. 160, Exhibit 24 at ¶ 7; Docket Entry No. 160, Exhibit 21, at ¶6. Both Davis and Schmandt would have participated in the thesis

3

00213107.DOC /

defense and had documents identifying when it occurred – particularly if the May 26th document is, as they profess, a draft.  Yet, they and MIT have all failed to preserve and produce any documents regarding the thesis defense, leaving Harman to discover such facts from a third party.  MIT is, thus, not entitled to any favorable inferences on this point either, where it failed to preserve and produce any evidence regarding the thesis defense, information to which was exclusively in MIT and the inventors  possession, custody or control.  In any event, at the very least, there is question of fact regarding the public nature of the thesis defense and when it actually occurred.

### **CONCLUSION**

For these reasons, Harman respectfully objects to and requests that this Court not adopt the Honorable Magistrate Judge's March 26, 2008 Report and Recommendation as it relates to MIT's Cross-Motion for Partial Summary Judgment under §102 (b) as to the issue of the public accessibility of the thesis.


Date:   April 16, 2008                    Respectfully submitted,

                                          /s/ Courtney A. Clark
                                          Robert J. Muldoon, Jr., BBO# 359480
                                          Courtney A. Clark, BBO# 651381
                                          SHERIN AND LODGEN, LLP
                                          101 Federal Street
                                          Boston, MA  02110

4

00213107.DOC /

William A. Streff Jr., P.C.
Michelle A.H. Francis
Craig D. Leavell
Jamal M. Edwards
Colleen M. Garlington
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

*Attorneys for Defendant*
*Harman International Industries, Incorporated*

## I.   CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 16, 2008.

/s/ Courtney A. Clark
Courtney A. Clark