IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED,<br><br>    Defendant. | Civil Action No.: 05-10990 DPW |

**MIT'S RESPONSE TO HARMAN'S OBJECTION TO THE
REPORT AND RECOMMENDATION ON MIT'S MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY BASED ON DR. DAVIS' THESIS OR DEFENSE**

Harman objects to two findings within the March 26, 2008 Report and Recommendation issued by Magistrate Judge G. Dein *granting* MIT's cross-motion for summary judgment that neither thesis drafts nor the inventor's thesis defense invalidate the '685 Patent.[1]

The Report and Recommendation found that Harman failed to prove by clear and convincing evidence two facts on which Harman bore the burden of proof. Harman's objections to these two statements are simply repetition of the arguments Harman previously made both in opposition to MIT's motion *and* in Harman's motion for summary judgment of unenforceability (Dkt. No. 133, at 2-4; Dkt. No. 150, at 5-7) This Court adopted the Magistrate Judge's recommendation regarding Docket No. 133; the arguments Harman makes here are repetitive

---

[1] MIT previously submitted its opposition to the portion of the Report and Recommendation recommending allowance of Harman's motion for summary judgment of patent invalidity due to public use (and denying MIT's cross-motion on that issue). (Dkt. No. 173, at 1-2, 45; Dkt. No. 176)

thereto.[2]  (Dkt. No. 173, at 41-45)  Therefore, MIT respectfully requests the Court adopt the portion of the Report and Recommendation granting MIT's motion, without amendment.

**1.    Harman Has Insufficient Evidence to Show That Davis'
        Thesis Was Publicly Disseminated Before The Critical Date.**

Harman takes issue with the following statements in the Report and Recommendation:

- "Given the fact that the finished thesis was not signed until just a few days before the critical date, Harman has not established by clear and convincing evidence that Mr. Rittmueller received the thesis prior to the critical date." (R&R at 25).

- "What is missing, however, is clear and convincing evidence that the final thesis, signed on August 4, 1989, was disseminated without restriction prior to the critical date of August 9, 1989." (R&R at 26).

Section 102 of Title 35 defines what is "prior art" that can invalidate a patent. Copies of inventor Jim Davis' Ph.D. thesis can only invalidate the '685 Patent if the copies constituted a "printed publication" before the critical date. 35 U.S.C. § 102(b). The thesis can only be deemed a "printed publication" if Harman can show with clear and convincing evidence that the thesis was "publicly accessible." *In re Klopfenstein*, 380 F.3d 1345, 1348 (Fed. Cir. 2004). The Magistrate Judge concluded that Harman's evidence, *construed in Harman's favor*, does not show that the thesis was "publicly accessible."

---

[2]     Harman has been filing its summary judgment motions *in seriatim*. First, it filed a motion for summary judgment that the '685 Patent was unenforceable due to alleged fraud that MIT committed on the Patent Office regarding, *inter alia*, Dr. Davis' Ph.D. thesis. (Dkt. No. 132, at 1) ("Harman's unenforceability motion"). This Court denied Harman's unenforceability motion because, *inter alia*, Harman failed to demonstrate, by clear and convincing evidence not subject to factual dispute, that Dr. Davis' thesis was "publicly accessible" before the critical date and that MIT or the inventors intended to deceive the Patent Office. (Dkt. No. 168)
    Prior to the order denying Harman's unenforceability motion, Harman filed a second summary judgment motion (the one at issue in this Report and Recommendation) seeking to invalidate the patent claims based on alleged public use of the invention before the critical date. (Dkt. No. 153) ("Harman's invalidity motion")  MIT opposed Harman's invalidity motion and filed its own cross-motion for partial summary judgment, asking for a finding, *inter alia*, that the Ph.D. thesis drafts and thesis defense could not invalidate the patent. (Dkt. No. 159, *see* Dkt. No. 173, at 2, n. 1)

Harman agues, without any support, that "the record before the court includes clear and convincing evidence of dissemination of Davis' thesis…prior to the critical date." (Dkt. No. 177, at 2)  But, although Harman's lawyers argue this, they fail to cite to clear and convincing evidence to support the argument.  Harman fails to point to admissible evidence of *public* dissemination of Davis' thesis <u>*before*</u> the critical date, ignoring throughout their argument that the *only* evidence of any disclosure of Davis' thesis before it was shelved in MIT's library was to close, trusted colleagues who understood the obligation to keep Davis' thesis private until after the thesis was published.

So, for example, Harman argues that "a complete, partially signed copy of the thesis was attached, for example, to the inventor's July 31, 1989 Final Report to Mr. Rittmueller," who was the research sponsor, NEC's, representative.  (Dkt. No. 177, at 2)  What Harman <u>*fails*</u> to mention, however, is that it's argument is entirely speculative, because Mr. Rittmueller *testified*, unequivocally, that he <u>*did not*</u> receive a copy of Davis' thesis until <u>*after*</u> the thesis was published in the MIT Library.[3]  (Dkt. No. 159, at 19; Dkt. No. 160, at 13)  Harman has no evidence to the contrary.  All the evidence shows is that, although the "Final Report" transmitting the thesis to Mr. Rittmueller was *dated* July 31, 1989, there is no evidence at all that the Final Report was sent or received on that date.  (*Id.*)  On this record, Harman has failed to prove the thesis was disseminated prior to the critical date.

Harman also argues its lawyer's speculation that MIT distributed Davis' thesis "without restriction" prior to the critical date.  But, although Harman might argue "dissemination without restriction," in fact, the only <u>*evidence*</u> it offers shows that any dissemination that *might* have occurred, was limited to a few close colleagues of Davis who recognized an implied obligation to

---

[3]  It is undisputed that Davis' thesis was signed August 4, 1989, and was not shelved in MIT's library until February 1990, after the critical date.

3

keep the thesis private until Davis published it -- namely, Davis' research sponsor and a colleague of Davis' thesis committee member at BellCore. (Dkt. No. 159, at 19-20; Dkt. No. 160, at 12-13) Indeed, in this case, this Court has already found that:

> there is evidence that there was a cultural norm among those who received copies [of Davis' thesis] to keep them confidential…[t]here is certainly no clear and convincing evidence at this juncture that the circumstances were such that the recipients believed they were free to further publicize or use the contents of the thesis.

(Dkt. No. 168, at 16)

The same analysis applies with respect to the "public accessibility" of the thesis for invalidity purposes as for the inequitable conduct analysis.[4] Because Harman cannot show by clear and convincing evidence, as a matter of law, that the thesis was distributed prior to the critical date, this finding should be adopted.

**2.    Harman Has Failed To Show That Davis' Thesis Defense Occurred Before The Critical Date.**

Harman also objects to the following statements from the Report and Recommendation:

- "Harman relies on a flyer announcing that the defense would take place on May 26, 1989." (R&R at 26).

- "Harman has not put forth any other evidence placing the thesis defense prior to the critical date." (R&R at 26).

Again, Harman appears to be rearguing positions the Court has previously considered and dismissed. Harman argues that a *draft* flyer produced by a former MIT student *definitively* proves that Davis's thesis defense took place on the date listed therein, May 26, 1989. What

---

[4] One final point requires brief mention. Harman uses its Objections to collaterally attack MIT regarding document preservation, arguing MIT "failed to preserve and produce any evidence regarding the dissemination of the thesis." (Dkt. No. 177, at 2) Harman has lodged this allegation before, and the Court has considered and rejected the argument. (*See* Dkt. No. 168, at 21) ("the failure to keep a draft notice or copies of correspondence over a decade old can be due to innocent reasons and do not lead inexorably to a sinister conclusion.")

Harman fails to point out is that there is *no* evidence "authenticating" the flyer or suggesting that the thesis defense in fact took place on that date.[5] Indeed, although the thesis defense occurred almost 20 years ago and there is no calendar entry confirming its exact date, MIT submitted, and Harman ignores, *affirmative* evidence demonstrating that the thesis defense did *not* occur on the date on the flyer:

- Inventor and thesis advisor Chris Schmandt's uncontradicted and unrebutted testimony that, "Jim actually defended his thesis in late summer of 1989, and he graduated in September 1989. While I do not remember the exact room in which the thesis defense took place, I do remember that the thesis defense did not take place in the room identified on the draft flyer, namely E15-283a of the Media Lab, because Jim defended his thesis in a larger room." (Dkt. No. 160-25, at ¶ 7 (Exhibit 24 to MIT's SOF))

- Inventor and thesis author Jim Davis's uncontradicted and unrebutted testimony that he "was not prepared to defend [his] thesis on May 26, 1989. The 'flyer' inviting the 'public' to attend was a draft, as can be seen from the handwritten corrections and various typos in the flyer. I may have thought at one time that my thesis would be ready to defend on May 26, 1989, but in fact, it was not ready to defend until sometime later in the summer. My original goal was to graduate in June of 1989, which explains why I would have wanted to defend my thesis in May." (Dkt. No. 160-22, at ¶ 6 (Exhibit 21 to MIT's SOF))

Harman is simply wrong on the law when it argues that <u>MIT</u> must prove the precise date, time, room, and number of attendees of Davis' thesis defense. MIT has submitted sufficient evidence to prove that the thesis defense did not take place before the critical date. With that, the burden shifted to Harman to prove by clear and convincing evidence of an earlier date.[6] Clearly, an unauthenticated draft document and wild speculation cannot rise to clear and convincing

---

[5] In fact, as set forth in earlier briefing, the student who produced this draft flyer to Harman's counsel is now a partner at Kirkland & Ellis, Harman's counsel's law firm. Yet, Harman has not submitted *any* affidavit as to the source of the document or suggesting that the thesis defense actually occurred on the date on the flyer, and Harman has represented that it will not call the student to testify at trial. (Dkt. No. 171, at 9-10)

[6] Harman also attacks the inventors' declarations as contradictory to deposition testimony. However, it is undisputed that Harman's counsel produced the draft flyer after both Davis and Schmandt were deposed, and therefore, neither Davis nor Schmandt were presented with the flyer during their depositions. The Magistrate Judge rejected this contention, as well.

evidence that a thesis defense occurred prior to the critical date. The Magistrate Judge agreed. MIT respectfully requests the Court adopt this finding without amendment.

## CONCLUSION

For all the reasons stated herein, this Court should adopt that portion of Magistrate Judge Dein's Report and Recommendation granting MIT's cross-motion for summary judgment of no invalidity based due to the inventor's thesis or defense without amendment.

May 2, 2008

Respectfully Submitted,

Massachusetts Institute of Technology,
By its Attorneys,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO# 542531)
Jacob K. Baron (BBO# 652568)
Kimberly A. Mottley (BBO# 651190)
John W. Pint (BBO# 660548)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
Phone:  617-526-9600
Fax:    617-526-9899

## **CERTIFICATE OF SERVICE**

  I certify that on May 2, 2008, I caused a copy of the forgoing document to be served upon counsel of record for Harman International Industries via the Court's ECF system.

               */s/ Steven M. Bauer*
               Steven M. Bauer