**PROSKAUER ROSE LLP**

One International Place
22nd Floor
Boston, MA 02110-2600
Telephone 617.526.9600
Fax 617.526.9899

BOCA RATON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Steven M. Bauer**
Member of the Firm

Direct Dial 617.526.9700
sbauer@proskauer.com

July 10, 2008

**By Electronic Filing**

The Honorable Douglas P. Woodlock
United States District Court
For the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02110

    Re:    **Massachusetts Institute of Technology v. Harman International Industries, Inc. Civil No. 05-10990-DPW**

Dear Judge Woodlock:

    I write on behalf of Plaintiff MIT in response to your request at the July 2, 2008 hearing for letter briefing on the procedural issues surrounding your consideration of the cross-motions for summary judgment filed by MIT and Harman relating to Harman's allegations that MIT's patent was "in public use" more than a year before the patent application was filed.

    As we understand the issue, the Court asked: When deciding a summary judgment motion in a case like ours in which the standard of proof on the issue under review is higher than a mere preponderance of the evidence – here, "clear and convincing" – how does the Court weigh the evidence to determine whether there is a question that needs to be presented to the jury? As the Court noted, the same issue would be raised in other contexts, such as criminal matters where the standard for an issue may be "beyond a reasonable doubt." We believe the Court asked specifically, by way of example and for hypothetical discussion only, whether, if the Court were to find that there were no genuine issue of material fact, and if the Court believed that the evidence did not rise to the level of "clear and convincing evidence" but believed there was sufficient evidence to give the question of "public use" to the jury under a "preponderance of the evidence standard," whether the Court's weighing of the evidence itself usurps the role of the jury in the case.

PROSKAUER ROSE LLP

July 10, 2008
Page 2

We believe that the seminal case dealing with this issue is the Anderson v. Liberty Lobby case decided by the United States Supreme Court in 1986. 477 U.S. 242 (1986). In Anderson, the Court stated that, on summary judgment, "the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id., 477 U.S. at 254. As the Court stated therein:

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. …
>
> [T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Munson, supra*, 14 Wall., at 448.
>
> In terms of the nature of the inquiry, this is no different from the consideration of a motion for acquittal in a criminal case, where the beyond-a-reasonable-doubt standard applies and where the trial judge asks whether a reasonable jury could find guilt beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 318-319, 99 S.Ct. 2781, 2788-2789, 61 L.Ed.2d 560 (1979). Similarly, where the First Amendment mandates a "clear and convincing" standard, the trial judge in disposing of a directed verdict motion should consider whether a reasonable factfinder could conclude, for example, that the plaintiff had shown actual malice with convincing clarity.

Anderson, 477 U.S. at 250, 252.

The Federal Circuit addressed this same issue in 2001 in the patent context in Eli Lilly & Co. v. Barr Labs.:

> When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would

**PROSKAUER ROSE LLP**

July 10, 2008
Page 3

> pertain at a trial on the merits. Under the patent statutes, a patent enjoys a presumption of validity, which can be overcome only through clear and convincing evidence. Thus, a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise. Alternatively, a moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent.

251 F.3d 955, 962 (Fed. Cir. 2001) (internal citations omitted). See also National Presto Industries v. West Bend Co., 76 F.3d 1185, 1189 (Fed. Cir. 1996) ("In deciding a motion for summary judgment of invalidity the burden of proof must be considered.").

As to the issue of whether and when the Court should decline to rule in favor of either party, but instead refer the issue to the jury, the Supreme Court in Anderson stated as follows:

> If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed. …
>
> If he [the Judge in a criminal case] concludes that upon the evidence there must be … a doubt in a reasonable mind, he must grant the motion [to acquit]; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter. This view is equally applicable to a civil case to which the 'clear and convincing' standard applies.

Anderson, 477 U.S. at 250, 253-54.

One important difference between our case and the hypothetical discussed by the Supreme Court in the excerpt above (e.g., a criminal case involving a decision on guilt which was an issue of fact), is that here, the issue on review – whether MIT's activities amounted to putting the invention "in public use" – is a question of *law* based on underlying facts which here are not in dispute. See American Seating Co. v. USSC Group, Inc., 514 F.3d 1262, 1267 (Fed. Cir. 2008) ("[w]hether a patent is invalid for public use is a question of law based on underlying facts"). Here, the only *factual* dispute is whether there were 14 unique test subjects, 50 unique test subjects, or some number in-between (that is, whether the 50 reported "subjects" included repetitive tests of the same individuals just as the airlines count "passengers" based on "seats sold" and not unique individuals). MIT suggests that the exact number of subjects is not a *material* fact in dispute, given that there is no factual dispute that every one of the uses were for

PROSKAUER ROSE LLP

July 10, 2008
Page 4

the inventors to evaluate and refine their invention. (While we also take issue with the Magistrate Judge's conclusory statement that "MIT took no steps to limit or control the dissemination of information about the invention to participants in the field trials," we believe that all parties recognize, given the large number of undisputed underlying facts showing the steps taken to preserve the secrecy of the details of the invention, that this was not so much a finding of fact that needs objection, as an overstatement relating solely to the lack of a confidentiality agreement. (Docket Entry No. 173, pp. 2, 14.))

Thus, we believe that the answer to your question is that, if you decide that there are no genuine disputes of material facts related to the issue of public use, you may properly weigh the quantum of evidence for sufficiency (but not deciding the facts) to decide whether those facts warrant a legal conclusion that there is or is not "clear and convincing" evidence that an objective test subject riding in the car with the inventors would have "justifiably come[] to believe" the inventions were in the public domain or freely available. American Seating, 514 F.3d at 1267. Where competing motions for summary judgment have been filed, and if the Court finds no underlying genuine dispute of material fact, the Court gets to weigh the facts through the eyes of the "reasonable juror," to decide whether in the Court's opinion that reasonable juror *could* conclude that the evidence was clear and convincing of the ultimate fact. If the Court does not believe that a reasonable juror could conclude that Harman's evidence was "clear and convincing" of the ultimate fact (even if the Court believes that there would be sufficient evidence to give the question to the jury under a lower "preponderance of the evidence" standard, the Court may grant MIT's motion and deny Harman's motion for summary judgment. The reasons to present this issue to the jury would be for a decision on a genuine dispute of an underlying material fact (which here there is none) or because the Court believes the issue of whether the evidence rises to the level of "clear and convincing" is, in the Court's view, a close one, and the Court would like an advisory opinion from the jury on the ultimate legal finding.

We hope this supplemental research helped.

Very truly yours,

*[signature]*

Steven M. Bauer

cc: Counsel of Record (by ECF notification)